Nancy M. Erfle, OSB No. 902570
nerfle@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

Taylor T. Daly (admitted *pro hac vice*)
Taylor.daly@nelsonmullins.com
Brandee J. Kowalzyk (admitted *pro hac vice*)
Brandee.kowalzyk@nelsonmullins.com
Richard B. North, Jr. (admitted *pro hac vice*)
Richard.north@nelsonmullins.com
Shaniqua L. Singleton (admitted *pro hac vice*)
Shaniqua.singleton@nelsonmullins.com
Philip M. Busman (admitted *Pro Hac Vice*)
Phil.busman@nelsonmullins.com
James F. Rogers (admitted *pro hac vice*)
jim.rogers@nelsonmullins.com
Elizabeth C. Helm (admitted *pro hac vice*)
kate.helm@nelsonmullins.com
Mark R. Nash, admitted *Pro Hac Vice*
Mark.nash@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

    *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JUSTIN PETERSON,<br><br>            Plaintiffs,<br><br>    vs.<br><br>C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.<br><br>            Defendants. | Case No. 3:19-cv-01701-MO<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION ON ALLOCATION OF TIME AT TRIAL** |

DEFENDANTS' MOTION FOR RECONSIDERATION ON ALLOCATION OF TIME AT TRIAL - Page 1 of 7

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3852
Facsimile : (503) 616-3600

Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard'), pursuant to F.R.C.P. 60(b)(6), seek reconsideration of the Court's Ruling (Dkt. 177) regarding allocation of trial hours that gives Plaintiff 50% more time than Bard. Bard respectfully shows that this allocation prejudices Bard and does not afford Bard with the time necessary to present the evidence to defend Plaintiff's claims and to meet its burden of proof on its affirmative defense.

## ARGUMENT AND CITATION TO AUTHORITIES

### I.  An Equal Allocation Is Reasonable and Fair.

Bard does not object to time limits at trial, and it recognizes the Court's need and ability to impose reasonable time limits. *See Monotype Corporation, PLC v. International Typeface Corp.*, 43 F. 3d 443 (9th Cir. 1994); *McNight v. General Motors Corp.*, 908 F. 2d 104 (7th Cir. 1990), superseded by statute on other grounds as stated in *Humphries v. CBOCS West, Inc.*, 474 F.3d 387 (7th Cir. 2007). However, the allocation must also be reasonable and fair. As Judge Nathaniel Gorton recognized in discussing time limits at trial in a products liability case, "Although plaintiffs have the burden of proof, generally it takes just about as long to describe how a product is not dangerous as it does to describe how it caused the injury, etc."[1] That circumstance is compounded in this case because Bard has the burden of proof on its comparative negligence defense. Judge Campbell recognized the need for an equitable distribution of time in the MDL bellwether trials involving Bard IVC filters. All three trials had time limits imposed, and Judge Campbell allocated the parties' time roughly 52% for the plaintiff and 48% for the defendant.[2] (*See Booker*, MDL 2641, Doc. 9415 (allocating 27 hours to

---

[1] Time Limits in Civil Jury Trials, Civil Jury Project at NYU School of Law, https://civiljuryproject.law.nyu.edu/time-limits-in-civil-jury-trials/ (last accessed May 2, 2021).

[2] In *Booker*, Bard had an affirmative defense involving non-party fault under Georgia law. In *Hyde* and *Jones*, Bard did not assert any affirmative defenses, yet the MDL court still allocated the time roughly 52/48.

---

| | |
|---|---|
| DEFENDANTS' MOTION FOR RECONSIDERATION ON ALLOCATION OF TIME AT TRIAL - Page 2 of 7 | **GORDON REES SCULLY MANSUKHANI, LLP** <br> 1300 SW Fifth Avenue, Suite 2000 <br> Portland, OR  97201 <br> Telephone:  (503) 382-3852 <br> Facsimile :  (503) 616-3600 |

plaintiff and 25 hours to Bard); *Jones*, MDL 2641, Doc. 11011 (allocating 28 hours to plaintiff and 27 hours to Bard); *Hyde*, MDL 2641, Doc. 11871 (allocating 33 hours to plaintiff and 30 hours to Bard).)[3]

Many courts recognize that an equal allocation of time is reasonable and appropriate. In *Monotype*, a complicated declaratory and injunctive relief case involving allegations of breach of licenses and claims for tortious interference, including third party claims, the court "divided the time equally among the parties." *Monotype*, 43 F.3d at 451. The time limits were challenged, and on appeal, the Ninth Circuit held that the trial court did not abuse its discretion. *See id.* Similarly, in *Tersigni v. Wyeth – Ayerst Pharmaceuticals, Inc.*, Civil Action No. 11–10466–RGS, 2014 WL 793983 (D. Mass. Feb. 28, 2014), the court set time limits in a diet drug products liability case that had been remanded from an MDL, and it allocated equal time to the parties. *See id.* at *2. Similarly, courts in the Ninth Circuit have split time equally between the parties. In *Feiman v. City of Santa Monica*, Case No. CV 12–3549 JGB (JCx), 2014 WL 12703729 (C.D. Cal. July 18, 2014), the court allocated equal time to parties in a false imprisonment and intentional infliction of emotional distress case. Likewise, in *Lauffs v. Carr*, Case No. 04CV0809 WQH (WMC), 2006 WL 8455417 (S.D. Cal. Nov. 30, 2006), a case involving breach of contract, fraud, and negligence claims, the court allocated equal time to the parties. Lastly, in *Philadelphia Insurance Co. v. Ohana Control Systems, Inc.*, Civil No. 17-00435-SOM-RT, 2020 WL 2025351 (D. Haw. 2020), a case involving allegations of breach of contract and misrepresentation, the court-imposed time limits after the trial started, finding that each side had used approximately the same amount of time, and allocated the remaining time equally between the parties. *See id.* at *3; *see also Moon Express, Inc. v. Intuitive Machines, LLC*, No. CV 16-344-LPS, 2017 WL 6380750, at *3 (D. Del. Dec. 14, 2017) ("The amount of trial time allocated to each side will be equal.").

---

[3] Bard acknowledges that it requested a 55/45 allocation at the pretrial conference, but based on Plaintiff's claims, Bard's burden of proof and the case law addressing allocation of time, Bard requests a 50-50 allocation.

DEFENDANTS' MOTION FOR RECONSIDERATION ON ALLOCATION OF TIME AT TRIAL - Page 3 of 7

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3852
Facsimile : (503) 616-3600

## II. Bard Will Be Prejudiced by the Unequitable Time Allocation and Cannot Adequately Present Its Case.

Bard will be significantly prejudiced by the Plaintiff being afforded 10 more hours in a trial consisting of 50 hours than Bard (i.e., 50% more time than Bard), and cannot adequately present the necessary evidence to defend the claims asserted and to meet its burden of proof on the comparative negligence claim under the time allocated. While Bard cannot anticipate all of the evidence that will be impacted by the imbalance in the time allocation, Bard raises the following significant concerns:

*First*, Plaintiff has made it clear that he intends to try this case based on the first-generation Bard Recovery filter. (*See* Pl.'s Trial Memorandum (Dkt. 96) at 8-10.) This is consistent with the approach the plaintiffs took in the MDL trials involving the Eclipse Filter, *Jones* and *Hyde*, both of which had similar evidentiary landscapes as this case (e.g., evidence regarding Recovery cranial migration deaths were excluded). Although this case involves Bard's fourth-generation filter—the Eclipse—Bard will be forced to spend considerable time explaining the differences between the Recovery and the Eclipse, and rebutting Plaintiff's many allegations regarding a filter (the Recovery) that Plaintiff did not receive.

For example, Plaintiff has designated from over 20 depositions taken in the MDL and other IVC filter lawsuits, which Bard estimates to be at least 10 hours of testimony. Substantial portions of the testimony designated by Plaintiff relate to the Recovery. Bard has no intention of calling most of the witnesses from whom such testimony was designated (and did not make affirmative designations), but had to designate testimony (and thus use its trial time) for completeness and to prevent Plaintiff from presenting his case through out of context "soundbites."

*Second*, Plaintiff's medical history, both before and after implant of his filter, is very complicated. As part of its burden on the comparative negligence claim, Bard is entitled to show

DEFENDANTS' MOTION FOR RECONSIDERATION ON ALLOCATION OF TIME AT TRIAL - Page 4 of 7

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3852
Facsimile : (503) 616-3600

that Plaintiff's injuries were caused by his medical conditions unrelated to the filter and that Plaintiff's own actions impacting his medical care and condition.[4] Bard must present this evidence in addition to defending the design and warnings of the product.

*Third*, at the pretrial conference Plaintiff made it clear that he intends to try this negligence case on a theme of "what Bard did not do," including Bard did not conduct a randomized clinical trial, did not report adverse events to the FDA, and did not recall the filter. As a result, as Judge Gorton recognizes, Bard has to address (and spend trial time) each of those claims, even if they are unfounded.

*Fourth*, Plaintiff, in his Trial Memorandum (Dkt. 96 at 13) indicated that he intends to present evidence about marketing discussions within Bard about the naming of the Eclipse Filter. Bard believes the testimony is irrelevant to the claims, but if is allowed, Bard has to also present testimony (and use trial time) to explain the context.

*Finally*, Bard cannot fully estimate what testimony it will have to forego presenting because of the disparity in the time allocation, but it anticipates that it will have to significantly (and reluctantly) reduce important testimony it planned to present, as well as substantially reduce cross-examination time.

## CONCLUSION

For the foregoing reasons, Bard respectfully asks this Court to reconsider its ruling allocating Plaintiff 50% more time than Bard. Bard asks that this Court divide the 50 hours of trial time equally amongst the parties, consistent with the approach outlined in the authorities above. In the alternative, Bard asks that this Court divide the trial time 55% for Plaintiff and 45% for Bard. *See Jun Yu v. Idaho State Univ.*, No. 4:15-CV-00430-REB, 2019 WL 501457, at *2 (D. Idaho Feb. 8, 2019) (in an employment discrimination case where the plaintiff requested 2/3rds

---

[4] That necessarily means that Bard will have questions of fact witnesses that it would likely not question without the comparative negligence defense.

of the trial time, the court, recognizing the plaintiff has the burden of proof and must meet the defenses of the defendant, ordered trial time be divided 55% to the plaintiff and 45% to the defendant).[5]

Dated: May 2, 2021.

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Nancy M. Erfle*
Nancy M. Erfle, OSB No. 902570
nerfle@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97201
Telephone: (503) 382-3852
Facsimile: (503) 616-3600

Taylor T. Daly (admitted *pro hac vice*)
Taylor.daly@nelsonmullins.com
Brandee J. Kowalzyk (admitted *pro hac vice*)
Brandee.kowalzyk@nelsonmullins.com
Richard B. North, Jr. (admitted *pro hac vice*)
Richard.north@nelsonmullins.com
Shaniqua L. Singleton (admitted *pro hac vice*)
Shaniqua.singleton@nelsonmullins.com
Philip M. Busman (admitted *Pro Hac Vice*)
Phil.busman@nelsonmullins.com
James F. Rogers (admitted *pro hac vice*)
jim.rogers@nelsonmullins.com
Elizabeth C. Helm (admitted *pro hac vice*)
kate.helm@nelsonmullins.com
Mark R. Nash, admitted *Pro Hac Vice*
Mark.nash@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA  30363

*Attorneys for Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

---

[5] Bard understands that if its motion is denied, it will be necessary to preserve the issue of undue curtailment of trial time throughout the trial. *See McNight*, 908 F.2d at 115 ("If General Motors had preserved the issue of undue curtailment of trial time, we would reverse and order a new trial. But it has not preserved it, and this time its waiver is fatal.").

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone: (503) 382-3852
Facsimile : (503) 616-3600

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of this document to be filed on the 2nd day of May, 2021, via the CM/ECF filing system which will transmit a service copy of the same to all counsel of record.

Dated: May 2, 2021.          GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Nancy M, Erfle*
Nancy M. Erfle, OSB No. 902570
nerfle@grsm.com

DEFENDANTS' MOTION FOR RECONSIDERATION ON ALLOCATION OF TIME AT TRIAL - Page 7 of 7

1201436/58104879v.1

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97201
Telephone:  (503) 382-3852
Facsimile :  (503) 616-3600