IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**JUSTIN PETERSON,**

                 Plaintiff,                        No. 3:19-cv-01701-MO

    v.

                                                  ORDER

**C R BARD INCORPORATED; and BARD PERIPHERAL VASCULAR INCORPORATED,**

                 Defendants.


**MOSMAN, J.,**

      I have reviewed the parties' Master Chart of Deposition Designations and Objections

[ECF 169]. My rulings are reflected in the attached table.

      IT IS SO ORDERED.

      DATED this _3rd_ day of May, 2021.


                                        *Michael W. Mosman*
                                      MICHAEL W. MOSMAN
                                      United States District Judge

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | Altonaga, Bill 10/22/2013 | | (green) | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery filter and actions taken regarding that filter. Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2. The testimony is largely focused on alleged "bad acts" relating to the Recovery filter. | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 6:18-6:22 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 7:06-8:04 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 8:11-8:16 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 9:11-9:13 Start at "CETEC" | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 10:08-10:13 Start at "I guess". | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 14:04-14:09 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 33:17-34:10 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 71:24-72:07 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 72:11-73:23 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 86:02-86:19 | Sustain | Rule 403 - there is no failure to recall claim in this case. | The Defendants argue and imply through testimony that FDA must consent to their corrective actions and this testimony addresses that argument. |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 87:03-87:04 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 87:06 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 87:18-87:22 | (green) | | |
| DEF COUNTER | Altonaga, Bill 10/22/2013 | 90:15-90:22 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 90:23-91:06 | (green) | | |
| DEF COUNTER | Altonaga, Bill 10/22/2013 | 91:13-91:16 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 92:18-92:24 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 96:17-96:23 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 99:11-99:19 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 103:06-103:19 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 103:22-104:20 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 105:05-105:07 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 107:06-107:10 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 109:19-110:05 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 113:02-113:06 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 116:20-116:23 Starting at "We talked" | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 117:08-117:13 | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 118:17-118:22 Starting at "and we" | (green) | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 124:18-125:18 | (green) | | |
| DEF COUNTER | Altonaga, Bill 10/22/2013 | 124:18-125:14 | Sustain | FRE 403: testimony is already contained in Plaintiff's affirmatives so results in undue delay, waste of time and needless presentation of cumulative evidence | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 125:22-126:03 | (green) | | |
| DEF COUNTER | Altonaga, Bill 10/22/2013 | 126:01-126:03 | Sustain | FRE 403 testimony is already contained in Plaintiff's affirmatives so results in undue delay, waste of time and needless presentation of cumulative evidence | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 135:20-136:18 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 137:02-137:22 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 138:04-138:21 | Overrule | (138:17-21) Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture and further perforation in the future. The potential complication is relevant as Mr. Peterson is at risk of it due to the filter perforating his IVC. |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 142:10-142:17 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 149:08-150:11 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 152:06-152:14 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 152:16-152:20 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 152:24-153:11 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 153:17-153:20 | | | |
| DEF COUNTER | Altonaga, Bill 10/22/2013 | 154:05-154:12 | Overrule | FRE 403: The answer to the question posed is not designated. Accordingly, the question is not relevant and is misleading. | |
| DEF COUNTER | Altonaga, Bill 10/22/2013 | 155:04-155:10 | Overrule | FRE 403: The question answered by the witness is not designated. Accordingly, the answer is not relevant and is misleading as the corresponding question isn't designated. | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 157:19-158:06 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 158:10-158:21 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 158:23-159:03 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 160:23-161:06 Start at " never" | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 168:05-168:09 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 168:12-168:13 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 169:21-170:04 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 170:07-170:10 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 170:12-170:13 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 179:07-179:13 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 179:20-180:07 | | | |
| DEF COUNTER | Altonaga, Bill 10/22/2013 | 180:21-180:22 | | | |
| PL COUNTER TO COUNTER | Altonaga, Bill 10/22/2013 | 180:23-181:06 | Sustain | Rule 602, Witness does not have personal knowledge of the document. | |
| DEF COUNTER | Altonaga, Bill 10/22/2013 | 182:04-182:06 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 243:16-243:18 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 243:20-244:01 | | | |
| PL AFFIRM | Altonaga, Bill 10/22/2013 | 251:03-251:06 | | | |

Altongaga 10.22.13

3

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | | | | Defendants object to the presentation of any and all deposition testimony from Dr. Asch pursuant to Rules 401, 402, and 403. Dr. Asch's only involvement was in conducting a clinical trial involving the Recovery filter prior to its clearance by FDA in 2003. This case does not involve the Recovery filter -- it involves the G2X filter, which was Bard's first two generations after the Recovery filter as the predicate. All G2 filter is not pertinent to the G2X filter, particularly given that Bard conducted a clinical trial known as the Everest filter, which involved the second generation/G2 filter, years after Dr. Asch's study and years before Mr. Peterson's filter was ever placed. Given that Dr. Asch's testimony pertains only to the Recovery filter and issues related thereto, this testimony is irrelevant and any provative value is outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | In response to this objection The Plaintiffs adopt and incorporate by reference his response in opposition to C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s Motion in Limine to Exclude Testimony and Evidence of Recovery Filter Migration Deaths and in support. Bard chose to market the Eclipse filter using the $10(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse filter, trace their design history to the filter and the defects in the filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with his position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 12:09-13:06 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Eclipse filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with his position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 13:16-14:22 | | | |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 15:06-16:09 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). As demonstrated herein above the testimony from this witness is relevant to the defect in the design of the filter and Bard's negligence. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 16:13-16:15 beginning with "Yes, there were..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). As demonstrated herein above the testimony from this witness is relevant to the defect in the design of the filter and Bard's negligence. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 17:09-17:24 beginning with "Why was this..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). As demonstrated herein above the testimony from this witness is relevant to the defect in the design of the filter and Bard's negligence. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 18:07-18:14 | Overrule | 18:12-18:14-Rule 611(c) Leading question of witness on direct; Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). As demonstrated herein above the testimony from this witness is relevant to the defect in the design of the filter and Bard's negligence. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 18:16-18:17 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). As demonstrated herein above the testimony from this witness is relevant to the defect in the design of the filter and Bard's negligence. |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 19:02-19:09 | Overrule | FRE 801 & 802: hearsay | |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 19:24-21:06 beginning with "would you call..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). As demonstrated herein above the testimony from this witness is relevant to the defect in the design of the filter and Bard's negligence. |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 22:04-23:06 | | | |

Asch 5.2.16

4

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 23:07-23:09 | Overrule | Rule 611 assumes facts not in evidence; Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). The question does not assume that purpose of study was to obtain FDA clearance - just asks if he was told this; in any event, other testimony and evidence will establish that this study was in fact conducted for and included as part of Bard's submission for FDA 510(k) clearance (e.g., Vieting Deposition, 25:13-27:20 Exhibit 212 (Bard's 510(k) submission including Asch data); 182:9-186:16 As demonstrated herein above the testimony from this witness is relevant to the defect in the design of the filter and Bard's negligence. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 23:11-24:03 | Overrule | 24:01-24:02-Rule 611(c) Leading question of witness on direct; Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). As demonstrated herein above the testimony from this witness is relevant to the defect in the design of the filter and Bard's negligence. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 24:05-26:02 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. 26:08-28:13-Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. 28:10-28:12. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). Asch thought he could submit to FDA to get clearance for the Recovery; testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See report of Dr. Hull. |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 25:18-26:20 subject to objection | Overrule | FRE 403: testimony is already contained in Plaintiff's affirmatives so results in undue delay, waste of time and needless presentation of cumulative evidence | |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 26:08-28:13 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. 26:08-28:13-Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. 28:10-28:12. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). The testimony involves the study submitted to FDA to get clearance for the Recovery; testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See report of Dr. Hull. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 28:15-29:15 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). The testimony involves the study submitted to FDA to get clearance for the Recovery; testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 29:22-30:14 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). The testimony involves the study submitted to FDA to get clearance for the Recovery; testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 31:05-31:10 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rule 611(c) Leading question of witness on direct | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony involves the study submitted to FDA to get clearance for the Recovery; testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. Not a leading question; witness is identified with adverse party. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 31:12-32:03 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness is identified with adverse party . The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21). As demonstrated herein above the testimony from this witness is relevant to the defect in the design of the filter and Bard's negligence. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 32:13-37:09 beginning with "Dr. Asch…" | Overrule | 36:05-37:09-Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently; See report of Dr. Hull. |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 34:15-34:21 subject to objection | Sustain | FRE 403: testimony is already contained in Plaintiff's affirmatives so results in undue delay, waste of time and needless presentation of cumulative evidence |  |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 37:16-38:02 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. 37:16-37:18 (Additional objection) Rule 611(c) Leading question of witness on direct. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unduly Prejudicial. Testimony regarding other incidents or lawsuits is not relevant because there is no showing of substantial similarity. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. Not a leading question (answer not suggested by question), witness is identified with adverse party. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. The negligent design, testing and development of the Recovery filter was substantially similar to the negligent design, testing and development of the filter at issue and thus substantially similar failures occurred - migration, fracture, and perforation. Defendants therefore misconstrue, in the meaning of "conditions operating to produce the prior failures." |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 38:07-38:17 |  |  |  |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 38:18-39:01 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unduly Prejudicial. Testimony regarding other incidents or lawsuits is not relevant because there is no showing of substantial similarity. | Plaintiff adopts and incorporates his response stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. The negligent design, testing and development of the Recovery filter was substantially similar to the negligent design, testing and development of the GħZX filter and thus substantially similar failures occurred - migration, fracture, and perforation. Defendants therefore misconstrue, in the meaning of "conditions operating to produce the prior failures." |

Asch 5.2.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 39:12-40:05 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unduly Prejudicial. Testimony regarding other incidents or lawsuits is not relevant because there is no showing of substantial similarity. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns Fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. The negligent design, testing and development of the Recovery filter was substantially similar to the negligent design, testing and development of the GitrX filter and thus substantially similar failures occurred – migration, fracture, and perforation. Defendants therefore misconstrue, in the meaning of "conditions operating to produce the prior failures." |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 40:02-40:05 subject to objection | Sustain | FRE 403: testimony is already contained in Plaintiff's affirmatives so results in undue delay, waste of time and needless presentation of cumulative evidence | |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 40:19-40:20 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns Fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. The negligent design, testing and development of the Recovery filter was substantially similar to the negligent design, testing and development of the filter at issue and thus substantially similar failures occurred – migration, fracture, and perforation. Defendants therefore misconstrue, in the meaning of "conditions operating to produce the prior failures." |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 40:22-41:06 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. 41:04-41:06. Rule 611(c) Leading question of witness on direct. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. Not a leading question (answer not suggested by question), witness is identified with adverse party. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns Fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 41:08-41:21 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. 41:08. Rule 611(c) Leading question of witness on direct. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. Not a leading question (answer not suggested by question), witness is identified with adverse party. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns Fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 42:12-42:19 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns Fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |

7

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 43:10-44:13 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns Fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 44:19-45:01 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns Fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 45:03-45:11 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 45:11 Mischaracterizes testimony at 45:03-45:10. Rule 611(c) Leading question of witness on direct. Rules 401, 402, 403 – Testimony related to Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. Not a leading question (answer not suggested by question); witness is identified with adverse party. The witness was paid by Bard to perform a study he is being questioned about (14:11-14.; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. The negligent design, testing and development of the filter at issue and thus substantially similar to the negligent design, testing and development of the filter at issue and thus substantially similar failures occurred – migration, fracture, and perforation. Defendants therefore misconstrue, in the meaning of "conditions operating to produce the prior failures." |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 45:13-46:22 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. 46:15-46:22-Rules 401, 402 and 403. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); The testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 49:24-50:03 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 50:12-50:18 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 56:13-56:20 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 57:10-57:12 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 57:21-58:03 | Sustain | FRE 401, 402 & 403: not relevant; FRE 608: evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked. | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 58:11-58:14 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 60:02-60:04 | Overrule | FRE 401, 402 & 403: whether this witness still implants filters is not relevant to this case. he has not been designated as an expert | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 61:22-62:04 | Overrule | FRE 401, 402 & 403: which filters this witness used and when is not relevant to this case. he has not been designated as an expert | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 62:14-62:19 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 64:24-65:04 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 65:12-65:15 | Overrule | FRE 701: opinion testimony by lay witness. | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 65:18-70:02 | Overrule | 65:18-67:18: FRE 401, 402 & 403: relevance; 66:19-4: FRE 801 & 802: hearsay; 67:5,18 & 69:22-70:2: FRE 701: opinion testimony by lay witness; 65:18-67:18: FRE611(b): beyond scope of direct | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 70:17-71:16 | Overrule | 71:13-19: assumes facts not in evidence | |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 72:18-73:01 beginning with "you do not know" | Overrule | Rule 401, 402 and 403 | The testimony is relevant as the safety and effectiveness of the IVC filter is at issue. |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 73:09-73:19 | Overrule | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 75:15-76:02 end at "is clear" | Overrule | 75:21-76:2: FRE 701: opinion testimony by lay witness; FRE 401, 402 & 403: this witness's opinion not relevant; optional completeness: need to add last sentence of answer at 76:3-5. | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 80:10-80:13 | Overrule | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 81:14-87:19 | Overrule | 82:2-84:10 & 86:20-87:19 : FRE 701: opinion testimony by lay witness; 86:20-87:19: lack of foundation; FRE 602; FRE 403 - see 86:19-19 (witness testifies his opinion on cause of this migration was a hypothesis and he did not know for certain); if 87:15- 19 is played, 87:20-88:7 should be added as optional completeness | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 88:08-88:16 | Overrule | 88:8-12: FRE 701: opinion testimony by lay witness | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 88:21 | Overrule | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 89:06-89:23 | Overrule | 88:8-12: FRE 701: opinion testimony by lay witness | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 90:02-92:11 | Overrule | 90:3-6, 90:15-19, 90:23-91:3 & 92:2-11: FRE 701: opinion testimony by lay witness; 92:8-11: FRE 601, lack of foundation and calls for speculation as to what medical community knew; FRE 401, 402 & 403: whether migration was a known complication of other filters is not relevant | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 92:13 | Overrule | FRE 701: opinion testimony by lay witness; FRE 601, lack of foundation and calls for speculation as to what medical community knew; FRE 401, 402 & 403: whether migration was a known complication of other filters is not relevant. | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 92:15-94:05 | Overrule | 92:15-19: statements/testimony by counsel that are not relevant and not part of question; 93:23-94:5 | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 94:07 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 94:09-94:18 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 95:05-96:08 subject to objection | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 96:10-96:12 subject to objection | Sustain | optional completeness: add 96:13-19 | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 96:20-100:13 subject to objection | Sustain | 98:21-24 & 99:7-16: FRE 602, lack of foundation & FRE 401, 402 & 403: not relevant | |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 105:21-106:02 subject to objection | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 106:03-106:13 subject to objection | Overrule | 106:3-6 & 10-13: FRE 401, 402 & 403, which filters this witness used is not relevant to this case; he has not been designated as an expert | |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 110:06-110:24 beginning with "who" | | | |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 111:17-112:01 | | | |
| | Asch, Murray R. M.D. 05/02/2016 | 111:17-112:01 beginning with "did they" | | | |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 115:04-115:11 beginning with "So if Bard..." Redact "causing deaths and" at line 7 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21). The testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |

9

Asch 5.2.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 115:13-115:24 Redact "deaths" from line 22 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. Not a leading question (answer not suggested by question); witness is identified with adverse party. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21). The testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 116:02-116:14 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21). The testimony is relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. The testimony is relevant to the issue of consumer expectations. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 116:16-116:23 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21). The testimony is relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. The testimony is relevant to the issue of consumer expectations. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 117:01-117:05 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24; Ex. 209 [Dr. Asch's published article discloses research was supported by Bard]). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21). The testimony is relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. The testimony is relevant to the issue of consumer expectations. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 118:08-118:13 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 611(c) Leading question of witness on direct. Rules 401, 402, and 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402, and 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. Not a leading question (answer not suggested by question); witness is identified with adverse party 601/602 & 612; witness knows if he was told this; re 611; other evidence establishes that Bard's consultant had made this determination (e.g., BPVE-01-01019821- 25, Ex. 17 to Gillette deposition). |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 118:15-119:02 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 611(c) Leading question of witness on direct. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402, and 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. Not a leading question (answer not suggested by question); witness is identified with adverse party 601/602 & 612; witness knows if he was told this; re 611; other evidence establishes that Bard's consultant had made this determination (e.g., BPVE-01-01019821- 25, Ex. 17 to Gillette deposition). |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 118:16-119:02 begin with "In fact," | Sustain | answer designated with no question; FRE 602; lack of foundation; hearsay; FRE 401, 402 & 403 | |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 119:18-119:21 beginning with "This is" | | | |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 120:01-120:12 beginning with "It clearly" | | | |

Asch 5 2 16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 121:04-121:14 | | | |
| Pl COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 121:16-121:21 | | | |
| Pl COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 121:23-122:04 | | | |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 122:12-122:19 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (141:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony explains why Dr. Asch thought he could trust Bard to deal with design issues (see 41:19-21); testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 122:22-123:15 beginning with "What is scientific..." | | | The testimony is not hearsay. The witness is not testifying about an out of court statement |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 127:13-127:17 | Overrule | Rules 801/802 Testimony is hearsay | The testimony is not hearsay. The witness is not testifying about an out of court statement |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 127:19-127:20 | Overrule | Rules 801/802 Testimony is hearsay | |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 130:06-130:08 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (141:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony relates the design of the Bard filters and the qualifications of Dr Asch |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 130:10 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (141:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony Bard's knowledge of the study. |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 132:23-133:01 | | | |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 133 03 | | | |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 133:13-134:02 beginning with "you clearly" | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (141:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony relates the design of the Bard filters and the qualifications of Dr Asch |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 136:21-136:22 | Overrule | Rule 601, 602 and 612 - the witness does not have personal knowledge of the document. This is an internal Bard document that the witness has not seen. | There is an error in the citation the Document is designated at 135:21-135:22. It refers to the description of the witness' research study that Bard included in its Bard's 510(k) submission to the FDA and asks the author if Bard has accurately represented the study to the FDA. The witness has knowledge of the study he performed for Bard, its purpose and limitations and is well qualified to comment on whether the document is accurate. |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 137:05-137:14 | Overrule | Rule 601, 602 and 612 - the witness does not have personal knowledge of the document. This is an internal Bard document that the witness has not seen. | It refers to the description of the witness' research study that Bard included in its Bard's 510(k) submission to the FDA and asks the author if Bard has accurately represented the study to the FDA. The witness has knowledge of the study he performed for Bard, its purpose and limitations and is well qualified to comment on whether the document is accurate. The testimony does not violate the court's ruling |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 137:20 | Overrule | Rule 601, 602 and 612 - the witness does not have personal knowledge of the document. This is an internal Bard document that the witness has not seen. | It refers to the description of the witness' research study that Bard included in its Bard's 510(k) submission to the FDA and asks the author if Bard has accurately represented the study to the FDA. The witness has knowledge of the study he performed for Bard, its purpose and limitations and is well qualified to comment on whether the document is accurate. |
| Pl AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 137:22-138:08 | Overrule | Rule 601, 602 and 612 - the witness does not have personal knowledge of the document. This is an internal Bard document that the witness has not seen. | It refers to the description of the witness' research study that Bard included in its Bard's 510(k) submission to the FDA and asks the author if Bard has accurately represented the study to the FDA. The witness has knowledge of the study he performed for Bard, its purpose and limitations and is well qualified to comment on whether the document is accurate. The testimony does not mention what was written in the 510(k) submission before marketing of the filter and does not mention cephalad migration deaths caused by the Recovery filter. |

Asch 5.2.16

Asch 5.2.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 138:10-138:11 | Overrule | Rule 601, 602 and 612 - the witness does not have personal knowledge of the document. This is an internal Bard document that the witness has not seen. | It refers to the description of the witness' research study that Bard included in its Bard's 510(k) submission to the FDA and asks the author if Bard has accurately represented the study to the FDA. The witness has knowledge of the study he performed for Bard, its purpose and limitations and is well qualified to comment on whether the document is accurate. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 138:13-138:16 | Overrule | Rule 601, 602 and 612 - the witness does not have personal knowledge of the document. This is an internal Bard document that the witness has not seen. | It refers to the description of the witness' research study that Bard included in its Bard's 510(k) submission to the FDA and asks the author if Bard has accurately represented the study to the FDA. The witness has knowledge of the study he performed for Bard, its purpose and limitations and is well qualified to comment on whether the document is accurate. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 139:10-140:05 beginning with "we have...." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about [14:11-14; 110:6-24]; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard]). The testimony concerns perforation. Perforation is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 142:05-142:09 beginning with "wouldn't you" | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about [14:11-14; 110:6-24]; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard]). The testimony concerns perforation. Perforation is certainly at issue in this case. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 142:11-142:13 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about [14:11-14; 110:6-24]; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard]). The testimony concerns perforation. Perforation is certainly at issue in this case. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 145:12-145:15 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about [14:11-14; 110:6-24]; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard]). The testimony concerns perforation. Perforation is certainly at issue in this case. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 145:22-146:01 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about [14:11-14; 110:6-24]; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard]). The testimony concerns perforation. Perforation is certainly at issue in this case. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 146:20-147:02 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about [14:11-14; 110:6-24]; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard]). The testimony realizes the findings by Dr. Asch. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 147:04 Ending with "Absolutely" | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about [14:11-14; 110:6-24]; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard]). The testimony realizes the findings by Dr. Asch. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 150:10-150:20 | Sustain | Lacks foundation. Rule 701. Testimony is expert opinion by a lay witness. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about [14:11-14; 110:6-24]; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard]). The testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| PL.AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 160:17-161:04 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Further, Judge Campbell recognized in the MDL, what Dr. Asch wants to share is not relevant. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about [14:11-14; 110:6-24]; Ex. 209 (Dr. Asch's published article discloses research was supported by Bard]). The testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 164:07-164:10 beginning with "I want" | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. What Dr. Asch wants to share with the jury is not relevant. As a witness, his role is to answer the questions posed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony realizes the findings by Dr. Asch. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 164:12-165:24 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. What Dr. Asch wants to share with the jury is not relevant. As a witness, his role is to answer the questions posed. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony realizes the findings by Dr. Asch. |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 168:18-168:22 | Overrule | FRE 602 & lack of foundation: see 71:11-13 - witness has not reviewed this document | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 169:03-169:10 | Overrule | FRE 602 & lack of foundation: see 71:11-13 - witness has not reviewed this document and has no basis to testify as to what Bard told the FDA) | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 169:19-169:22 | Overrule | FRE 602 & lack of foundation: see 71:11-13 - witness has not reviewed this document and has no basis to state what the FDA was advised of) | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 170:11-171:24 ends at "do not". | Sustain | FRE 611(b): beyond the scope of direct examination; 170:18-171:21: counsel is reading from document that witness does not recall seeing (171:22-24): hearsay; lack of personal knowledge; FRE 602; FRE 401, 402 & 403. | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 173:07-174:02 end at "Asch" | Sustain | FRE 611(b): beyond the scope of direct examination; counsel is reading from document that witness has no personal knowledge of: hearsay; lack of personal knowledge. FRE 602. FRE 401, 402 & 403 | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 174:09-174:13 | Sustain | FRE 611(b): beyond the scope of direct examination; counsel is reading from document that witness has no personal knowledge of: hearsay; lack of personal knowledge: FRE 602; FRE 401, 402 & 403 | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 175:05-175:18 | Sustain | FRE 611(b): beyond the scope of direct examination | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 176:03-176:05 | Sustain | FRE 611(b): beyond the scope of direct examination; counsel is reading from document that witness has no personal knowledge of (see 175:8-13): hearsay; lack of personal knowledge FRE 602; FRE 401, 402 & 403 | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 176:09-176:18 | Sustain | FRE 611(b): beyond the scope of direct examination; counsel is reading from document that witness has no personal knowledge of (see 175:8-13): hearsay; lack of personal knowledge: FRE 602; FRE 401, 402 & 403; optional completeness: add 176:19-177:6 | |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 176:19-177:06 | Sustain | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 178:02-178:18 begin at "You" | Sustain | 178:2-10: FRE 701: opinion testimony by lay witness | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 178:23 | Overrule | optional completeness: add 178:21 which was part of the question | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 182:13-182:14 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 182:23-183:11 | | | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 184:07-184:15 subject to objection | | FRE 611(b): beyond the scope of direct examination; counsel is reading from document that witness does not recall seeing (185:16-23): hearsay; lack of personal knowledge: FRE 602; FRE 401, 402 & 403 | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 184:21-185:04 subject to objection Redact 185:21-"and/or death." | Overrule | FRE 602 & lack of foundation: see 71:11-13 - witness has not reviewed this document and has no basis to state what was in Bard's submission to the FDA) | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 185:12-186:14 subject to objection | Sustain | FRE 611(b): beyond the scope of direct examination; 185:16-23: counsel is reading from document that witness does not recall seeing (185:24-186:2): hearsay; lack of personal knowledge: FRE 602; FRE 401, 402 & 403; 186:11-14: counsel is testifying and witness is agreeing without personal knowledge: lack of personal knowledge: FRE 602 | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 187:02-187:04 | Sustain | FRE 611(b): beyond the scope of direct examination; counsel is testifying and witness is agreeing without personal knowledge: lack of personal knowledge: FRE 602; hearsay | |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 191:14-191:24 beginning with "You would" | Overrule | No exhibit marked. 401, 402 and 403. Witness is testifying about a document that is not admitted in evidence. | The document will be admitted in evidence at the time of trial. |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 193:15-193:17 | Overrule | FRE 701: opinion testimony by lay witness; FRE 401, 402 & 403: whether another manufacturer's filter has complications is not relevant. | |
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 196:04-197:04 | | | |

Asch 5.2.16

13

14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Asch, Murray R. M.D. 05/02/2016 | 197:18-197:22 subject to objection | Overrule | FRE 701: opinion testimony by lay witness; FRE 401, 402 & 403 | |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 199:24-200:10 | Sustain | This designation violates the Court's ruling on the MILs involving Recovery migration deaths. | This is the same testimony Judge Campbell permitted in the Jones' trial in response to Bard's soliciting testimony from the witness that he continued to use the Recovery filter after performing his study. (See 106:03-106:13, herein and bench conference from Jones' transcript 326:01-330:03 and subsequent testimony from 330:06-342:08). |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 200:12-200:13 | | | |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 200:21-201:05 beginning with "At" | | | |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 201:18-202:07 | Sustain | 401, 402, 403. The doctor's "feelings" are not relevant. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony relates the Dr. Asch's experience with Bard. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 202:09-202:11 | Sustain | No exhibit marked. 401, 402 and 403. Witness is testifying about a document that is not admitted in evidence. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony relates the Dr. Asch's experience with Bard and the Bard filters. |
| PL COUNTER TO COUNTER | Asch, Murray R. M.D. 05/02/2016 | 206:17-208:01 | | | |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 208:13-208:21 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 208:23-209:18 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. | Plaintiff adopts and incorporates his response to the Defendants' objections stated at Row 2 as though fully set forth herein. The witness was paid by Bard to perform a study he is being questioned about (14:11-14; 110:6-24); Ex. 209 (Dr. Asch's published article discloses research was supported by Bard)). The testimony also concerns migration and fracture. Fracture is certainly at issue in this case and evidence of the issues related to migration are relevant to assess all the risks posed by the design in evaluating whether it was unreasonably dangerous and whether Bard acted negligently. See Report of Dr. Hull. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 210:02-210:16 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony goes toward the relationship between Bard, its employees, and Dr. Asch. The testimony futher goes toward the credibility of Bards' employees when testifying about Dr. Asch. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 210:23-210:24 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony goes toward the relationship between Bard, its employees, and Dr. Asch. The testimony futher goes toward the credibility of Bards' employees when testifying about Dr. Asch. |
| PL AFFIRM | Asch, Murray R. M.D. 05/02/2016 | 211:02-211:04 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony goes toward the relationship between Bard, its employees, and Dr. Asch. The testimony futher goes toward the credibility of Bards' employees when testifying about Dr. Asch. |

Asch 5.2.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Asch, Murray 05/16/2018 | 300:16-300:24 stop after "filter" | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 301:01-301:05 | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 302:17-307:15 | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 307:19 | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 307:24-308:23 | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 308:24 stop after 557 | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 309:04-311:25 | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 312:03-314:05 start with "Do you..." | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 314:10-319:18 | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 320:07-322:03 | | | |
| DEF AFFIRM | Asch, Murray 05/16/2018 | 322:10-325:19 | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 330:06-331:04 | Sustain | Rules 401, 402 and 403. 330:18-22 Rule 801 - Hearsay | This is the same testimony Judge Campbell permitted in the Jones trial in response to Bard's soliciting testimony from the witness that he continued to use the Recovery filter after performing his study. (See bench conference from Jones transcript 326:01-330:03 and subsequent testimony from 330:06-342:08). |
| PL COUNTER | Asch, Murray 05/16/2018 | 331:15-333:02 | Sustain | Rules 401, 402 and 403. 330:18-22 Rule 801 - Hearsay | This is the same testimony Judge Campbell permitted in the Jones trial in response to Bard's soliciting testimony from the witness that he continued to use the Recovery filter after performing his study. (See bench conference from Jones transcript 326:01-330:03 and subsequent testimony from 330:06-342:08). |
| PL COUNTER | Asch, Murray 05/16/2018 | 333:03-333:03 "Display Exhibit" | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 333:06-333:17 | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 333:20-334:08 | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 334:20-335:12 | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 335:17-335:19 Starting with "This is"; | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 337:10-337:21 | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 337:24-337:25 "Display Exhibit" only | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 338:02-338:14 | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 338:21-340:12 | | | |
| PL COUNTER | Asch, Murray 05/16/2018 | 340:20-341:05 | | | |

Asch 5.16.18

15

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 10:09-10:10 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 10:16-10:22 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 10:23-11:05 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 11:06-11:11 beginning "and when..." | | | |
| PL COUNTER TO COUNTER | Baird, Brett 06/09/2016 | 34:01-34:11 | | | |
| PL COUNTER TO COUNTER | Baird, Brett 06/09/2016 | 35:18-35:25 | | | |
| PL COUNTER TO COUNTER | Baird, Brett 06/09/2016 | 36:03-36:12 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 41:06-42:06 beginning "So and..." | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 46:11-47:09 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 47:10-47:17 | Sustain | Objection: relevance (FRE 401/402). | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 63:24-64:04 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 64:23-65:19 | Sustain | Objection to lines 66:13 (beginning "when attorneys...") 15 ("...national TV") under FRE 402, 403 as irrelevant and because any probative value outweighed by the danger of prejudice, as discussed in Plaintiffs' omnibus Motion in Limine concerning lawyer advertising. Further, the testimony is non-responsive to the question asked. | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 66:13-66:18 | Overrule | The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by prejudicial effect. | The designated testimony lays the foundation for use of a relevant, admissible exhibit with the witness; it has no tendency to cause confusion or prejudice. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony is relevant and is not outweighed by any prejudicial development. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 67:14-68:16 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 69:08-69:15 beginning "So lets." | Overrule | Rules 401, 402, 403. The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by prejudicial effect. | The designated testimony lays the foundation for use of a relevant, admissible exhibit with the witness; it has no tendency to cause confusion or prejudice. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design and marketing history and the defects in the Eclipse design only can be understood in the context of the entire filter-line development. Testimony is relevant and is not outweighed by any prejudicial effect. |
| PL AFFIRM | Baird, Brett 06/09/2016 | 70:03-71:07 | Overrule | Rules 401, 402, 403. The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by prejudicial effect. | The designated testimony lays the foundation for use of a relevant, admissible exhibit with the witness; it has no tendency to cause confusion or prejudice. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design and marketing history and the defects in the Eclipse design only can be understood in the context of the entire filter-line development. Testimony is relevant and is not outweighed by any prejudicial effect. |
| PL AFFIRM | Baird, Brett 06/09/2016 | 72:16-73:12 | Overrule | Rules 401, 402, 403. The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by prejudicial effect. | The testimony is relevant to consumer expectations; see generally Plaintiff's Response to Bard's MIL, discussing the relevance of (and lack of prejudice in) sales/marketing information about the Recovery Filter to consumer expectations for the G2 family. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 73:15-73:24 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 74:08-74:20 | Overrule | Rules 401, 402, 403. The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by prejudicial effect. | See response to 72:16-73:12, above. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 75:08-75:16 | Sustain | Objection to lines 14-16 under FRE 402, 403 as described in Plaintiffs' omnibus motion in limine seeking exclusion of evidence about lawyer advertising. | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 75:21-76:18 beginning "you told..." | | | |

Baird 6.9.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 77:15-78:11 | Sustain | (78:1-78:11) Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403. The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 601/602: The witness testified to his familiarity with Dr. Lynch in connection with Dr. Lynch's role as a key opinion leader for Bard's marketing activities (76 9-18; see also 46:1-47 9) for which the witness had responsibility (11:6-11). The witness has sufficient personal knowledge to answer all questions in the designated pages/lines here. See also, generally, Plaintiffs' Response to Defendants' MIL regarding personal knowledge. FRE 612: to the extent the testimony involves a writing used to refresh recollection, Bard was provided a copy of that writing. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. The Eclipse filter trace its design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding theG2 filter's complications is relevant and is not outweighed by any prejudicial effect. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 78:12-78:13 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 78:25-79:03 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403. The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 601/602: The witness testified to his familiarity with Dr. Lynch in connection with Dr. Lynch's role as a key opinion leader for Bard's marketing activities (76 9-18; see also 46:1-47 9) for which the witness had responsibility (11:6-11). The witness has sufficient personal knowledge to answer all questions in the designated pages/lines here. See also, generally, Plaintiffs' Response to Defendants' MIL regarding personal knowledge. FRE 612: to the extent the testimony involves a writing used to refresh recollection, Bard was provided a copy of that writing. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. The Eclipse filter trace its design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding theG2 filter's complications is relevant and is not outweighed by any prejudicial effect. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| PL AFFIRM | Baird, Brett 06/09/2016 | 79:07-79:22 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403. The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 601/602: The witness testified to his familiarity with Dr. Lynch in connection with Dr. Lynch's role as a key opinion leader for Bard's marketing activities (76 9-18; see also 46:1-47 9) for which the witness had responsibility (11:6-11). The witness has sufficient personal knowledge to answer all questions in the designated pages/lines here. See also, generally, Plaintiffs' Response to Defendants' MIL regarding personal knowledge. FRE 612: to the extent the testimony involves a writing used to refresh recollection, Bard was provided a copy of that writing. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. The Eclipse filter trace its design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding theG2 filter's complications is relevant and is not outweighed by any prejudicial effect. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 79:23-80:14 beginning "If you…" ending "…total complaints." | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403. The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by any prejudicial effect. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 601/602: The witness testified to his familiarity with Dr. Lynch in connection with Dr. Lynch's role as a key opinion leader for Bard's marketing activities (76:9-18; see also 46:1-47:9) for which the witness had responsibility (11:6-11). The witness has sufficient personal knowledge to answer all questions in the designated pages/lines here. See also, generally, Plaintiffs' Response to Defendants' MIL regarding personal knowledge. FRE 612: to the extent the testimony involves a writing used to refresh recollection, Bard was provided a copy of that writing. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. The Eclipse filter trace its design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding theG2 filter's complications is relevant and is not outweighed by any prejudicial effect.) The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 80:14-80:18 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 80:25-81:11 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403. The document does not pertain to the Eclipse filter, which is the filter at issue in this case. Thus, any possible relevance, which is denied, is outweighed by any prejudicial effect. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 601/602: The witness testified to his familiarity with Dr. Lynch in connection with Dr. Lynch's role as a key opinion leader for Bard's marketing activities (76:9-18; see also 46:1-47:9) for which the witness had responsibility (11:6-11). The witness has sufficient personal knowledge to answer all questions in the designated pages/lines here. See also, generally, Plaintiffs' Response to Defendants' MIL regarding personal knowledge. FRE 612: to the extent the testimony involves a writing used to refresh recollection, Bard was provided a copy of that writing. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. The Eclipse filter trace its design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding theG2 filter's complications is relevant and is not outweighed by any prejudicial effect.) The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| PL AFFIRM | Baird, Brett 06/09/2016 | 82:04-82:18 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | FRE 601/602: The witness testified to his familiarity with Dr. Lynch in connection with Dr. Lynch's role as a key opinion leader for Bard's marketing activities (76:9-18; see also 46:1-47:9) for which the witness had responsibility (11:6-11). The witness has sufficient personal knowledge to answer all questions in the designated pages/lines here. See also, generally, Plaintiffs' Response to Defendants' MIL regarding personal knowledge. FRE 612: to the extent the testimony involves a writing used to refresh recollection, Bard was provided a copy of that writing. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. The Eclipse filter trace its design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding theG2 filter's complications is relevant and is not outweighed by any prejudicial effect.) The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 82:24-83:05 | Sustain | FRE 611: question is improperly compound; FRE 602: question seeks speculation outside witness's personal knowledge; FRE 402: whether witness personally ever "thought about that" is irrelevant to any matter in issue. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 83:08-84:05 | Sustain | Answer is non-responsive. FRE 408: improper testimony about Bard's character for "vigilance" in order to prove action in conformity therewith. FRE 602: witness lacks personal knowledge sufficient to testify that Bard was "vigilant" in capturing complications (having just testified that the complaint process was outside the scope of his experience in marketing), lacks foundation to testify about FDA "thresholds" or that Bard "abides by" FDA thresholds, and lacks foundation to testify about what doctors have access to know. | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 91:25-92:17 | Overrule | (92:9-92:17) Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | FRE 401/402/403: The testimony is relevant to consumer expectations; see generally Plaintiffs' Response to Bard's MIL discussing the relevance of (and lack of prejudice in) sales/marketing information about the Recovery Filter to consumer expectations for the G2 family. Testimony regarding theG2 filter s complications is relevant and is not outweighed by any prejudicial effect. The complications and Bard's knowledge of the complications are relevant to the Plaintiff's claims. FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 92:21-93:25 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | FRE 401/402/403: The testimony is relevant to consumer expectations; see generally Plaintiffs' Response to Bard's MIL discussing the relevance of (and lack of prejudice in) sales/marketing information about the Recovery Filter to consumer expectations for the G2 family. Testimony regarding theG2 filter s complications is relevant and is not outweighed by any prejudicial effect. The complications and Bard's knowledge of the complications are relevant to the Plaintiff's claims. FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 93:01-93:07 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 93:08-99:25 beginning "nothing specific..." | Overrule | (93:13-93:25) Rules 801/802. Document contains hearsay; testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 94:24-95:06 | Overrule | Rules 801/802. Document contains hearsay; testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 95:23-96:02 beginning "this is..." | Overrule | Rules 801/802. Document contains hearsay; testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 96:24-97:05 | Overrule | Rules 801/802. Document contains hearsay; testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 97:06-97:15 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 97:25-98:04 | Overrule | Rules 801/802. Document contains hearsay; testimony is hearsay. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 101:06-101:08 | Sustain | FRE 402/403: Testimony regarding lawyer advertising is irrelevant and prejudicial for the reasons discussed in Plaintiff's omnibus motion in limine. | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 101:18-101:23 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |

20

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 102:12-102:16 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 103:04-103:06 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 103:11-103:15 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 104:05-104:07 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 105:05-105:10 beginning "And you..." | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 105:21-106:16 beginning "what's the..." | Overrule | Rules 801/802. Testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 107:02-107:09 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 107:13-107:22 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 107:23-108:07 | Overrule | Rules 801/802. Testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 108:11-108:15 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 108:18-109:03 | Overrule | Rules 801/802. Testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 109:08-109:21 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 109:24 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 110:01-110:16 | Overrule | Rules 801/802. Testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 110:22-111:02 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 112:11-112:16 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 112:24-114:02 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 114:04-114:18 beginning "Question 6 says..." | Overrule | Rules 801/802. Testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 115:07-115:09 beginning "what does..." | Overrule | Rule 611 compound question. Rules 801/802. Testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 115:13 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 115:14-115:15 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 115:21-115:22 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 116:17-118:09 | Overrule | Rules 801/802 Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 119:02-119:05 | Sustain | Improper designation of question with no answer by the witness; the lawyer's question is not evidence. | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 119:13-119:22 beginning "It goes..." | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 119:25-120:02 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 125:06 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 125:09-125:10 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 125:12-125:18 beginning "what did..." | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 127:15-127:22 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 127:25-128:06 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 128:10-128:15 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 128:18 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 128:23-128:24 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 129:02 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 129:04-129:07 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 129:10-129:16 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 129:19-129:25 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 130:03 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 130:05-130:10 | Sustain | Not responsive to any pending question. | |
| PL COUNTER TO COUNTER | Baird, Brett 06/09/2016 | 152:21-153:03 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 153:16-154:12 | Overrule | Rules 801/802 Testimony is hearsay | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 156:11-157:09 beginning "So let's..." ending "prophylactically" | | Rules 801/802. Testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 157:14-157:22 | Overrule | Rules 801/802. Testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Baird employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |

Baird 6.9.16

22

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Baird, Brett 06/09/2016 | 157:23-158:19 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 158:20-158:25 | Overrule | Rules 801/802. Testimony is hearsay. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 159:24-160:03 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 160:06-160:12 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 162:17-163:02 | Overrule | Rules 801/802. Testimony is hearsay. Rules 401-402, 403. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| PL AFFIRM | Baird, Brett 06/09/2016 | 163:05-163:25 | Overrule | Rules 801/802. Testimony is hearsay. Rules 401-402, 403. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 164:12-165:21 | Overrule | FRE 402, 403: testimony about advocacy groups guidelines is irrelevant and any probative value is outweighed by the danger of confusion of the issues, and prejudice, as discussed in Plaintiff's Omnibus motion in limine. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 166:20-170:19 | Overrule | FRE 402, 403: testimony about advocacy groups guidelines is irrelevant and any probative value is outweighed by the danger of confusion of the issues, and prejudice, as discussed in Plaintiff's Omnibus motion in limine. FRE 402: The witness's testimony concerning the details of the SIR Guidelines is not relevant to any matter at issue because the witness is unable to explain whether or to what extent these were used with customers (166:10-11). | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 171:05-171:11 | Overrule | FRE 402, 403: testimony about advocacy groups guidelines is irrelevant and any probative value is outweighed by the danger of confusion of the issues, and prejudice, as discussed in Plaintiff's Omnibus motion in limine. FRE 602: The witness lacks knowledge to offer testimony as to whether the SIR guidlines were available to Bard's customers; FRE 702: he is not qualified as an expert to offer opinion testimony on this matter. | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 180:08-180:14 | Overrule | Rules 801/802. Testimony is hearsay. Rules 401-402, 403. | FRE 801/802: None of the questions or answers in this designation are hearsay under FRE 801(c) because none is an out-of-court statement offered to prove the truth of the matter asserted; further, even if interpreted as hearsay, the statements made by Bard employees about matters within the scope of their employment are non-hearsay under FRE 801(d)(2)(D). The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 180:15-180:19 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 180:19-181:05 Starting with "What" | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 181:08-182:07 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 182:08-182:15 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 182:16-182:25 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 183:01-183:13 | | | |

Baird 6.9.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 183:25-184:16 | Overrule | | FRE 401, 402, 403: the testimony is relevant to whether Bard acted as a reasonably prudent manufacturer, given the information it had received from its key opinion leader, Dr. Lynch (see 76 9:1-8; see also 46:11-47:9). The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 190:11-190:19 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 190:22-190:23 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 191:09 | Sustain | Improper designation of a single snippet from a line of testimony, without a question. FRE 402/403: Testimony about lawyer advertising ought to be excluded as explained in Plaintiff's omnibus motion in limine. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 203:09-203:23 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 204:12-205:12 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 205:15-205:16 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 207:12-207:25 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 208:15-209:24 | Overrule | FRE 602/702: (208: 21-23) The witness, who is a marketing employee, lacks personal knowledge of Bard's testing processes and FDA requirements and lacks expertise to testify as an expert on these subjects. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 210:14-210:16 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 211:24-212:03 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 234:03-234:17 | Overrule | Rules 801/802. Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802. The testimony in question does not elicit hearsay under 801(d)(2) and because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 234:18-234:25 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 235:10-237:10 beginning, "under methods..." | Overrule | Rules 801/802. Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802. The testimony in question does not elicit hearsay because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 240:03-240:11 | Overrule | Rules 801/802. Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802. The testimony in question does not elicit hearsay because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |

Baird 6.9.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 240:14-240:24 | Sustain | Rules 801/802. Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Testimony regarding Filters "Killing People" is inflammatory and overly prejudicial. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802: The testimony in question does not elicit hearsay under 801(d)(2) and because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |
| | Baird, Brett 06/09/2016 | 241:06-241:09 | Sustain | Rules 801/802. Testimony is hearsayRules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Testimony regarding Filters "Killing People" is inflammatory and overly prejudicial. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802: The testimony in question does not elicit hearsay under 801(d)(2) and because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 241:10-241:21 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 241:24-242:09 | Overrule | FRE 602/701: The witness lacks personal knowledge or expert qualifications to offer testimony about what information Bard provides to FDA, or to testify that Bard and the FDA work "as a team" to decide what is done with that information. | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 242:21-243:07 | Overrule | Rules 801/802. Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802: The testimony in question does not elicit hearsay under 801(d)(2) and because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 243:17-244:02 beginning "So you write.." | Overrule | Rules 801/802. Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802: The testimony in question does not elicit hearsay under 801(d)(2) and because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |
| PL AFFIRM | Baird, Brett 06/09/2016 | 244:20-247:18 | Overrule | Rules 801/802. Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802: The testimony in question does not elicit hearsay under 801(d)(2) and because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Baird, Brett 06/09/2016 | 248:02-248:07 beginning "So this..." | Overrule | Rules 801/802. Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802: The testimony in question does not elicit hearsay under 801(d)(2) and because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 248:08-249:11 | Sustain | Objection to the inclusion of lines 249 8-11, consisting of a question without any answer. | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 250:08-250:12 | Overrule | Rules 801/802. Testimony is hearsay. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of unfair prejudice. FRE 801/802: The testimony in question does not elicit hearsay under 801(d)(2) and because the testimony does not consist of out-of-court statements offered for the truth of the matter; further, the testimony concerns a document admissible under exceptions to the hearsay rule, including FRE 803(6) and 803(18). |
| DEF COUNTER | Baird, Brett 06/09/2016 | 250:13-250:25 | Overrule | FRE 402, 403: Testimony about SIR guidelines ought to be excluded for the reasons discussed in Plaintiff's omnibus motion in limine. FRE 602/702. The witness lacks personal knowledge or expert qualifications to testify about what information a manufacturer ought to consider in making a risk/benefit assessment regarding its product. | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 260:02-260:15 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 262:12-262:20 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 263:07-264:20 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 401, 402, 403: The testimony is relevant to Bard's knowledge of the properties of its IVC filter line and the hazards of its filter designs which were incorporated in, and formed the basis or predicate for, the Eclipse filter at issue. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt and embedment. His filter is still implanted and he is at risk for fracture in the future. It presents no danger of |
| PL AFFIRM | Baird, Brett 06/09/2016 | 264:23-265:13 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 265:14-266:24 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 267:10-268:07 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 268:10-268:11 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 320:10-320:20 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 323:07-323:13 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Testimony regarding payment from a party is relevant and goes toward the witness credibility. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 324:07-324:22 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 325:03-325:07 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Testimony regarding payment from a party is relevant and goes toward the witness credibility. |
| PL AFFIRM | Baird, Brett 06/09/2016 | 325:13-325:15 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. | Testimony regarding payment from a party is relevant and goes toward the witness credibility. |
| PL AFFIRM | Baird, Brett 06/09/2016 | 325:18-325:20 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. | Testimony regarding payment from a party is relevant and goes toward the witness credibility. |
| PL AFFIRM | Baird, Brett 06/09/2016 | 325:22-326:01 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. | Testimony regarding payment from a party is relevant and goes toward the witness credibility. |
| DEF COUNTER | Baird, Brett 06/09/2016 | 326:02-326:13 | | | |
| PL AFFIRM | Baird, Brett 06/09/2016 | 326:14-326:24 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. | Testimony regarding payment from a party is relevant and goes toward the witness credibility. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Baird, Brett 06/09/2016 | 328:12-331:09 (end at "at Bard.") | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 333:12-335:13 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 335:17-336:01 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 336:04-336:25 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 338:17-339:16 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 339:20-341:03 | Overrule | FRE 402: testimony regarding the organization of Bard's sales force, and the number of representatives Bard had, is not relevant to any matter in issue; FRE 403: any nominal probative value of this testimony is outweighed by the danger of time-wasting and confusion of the issues | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 341:05-341:16 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 341:19-343:08 | Overrule | [342:14-343:8] FRE 402/403 - testimony regarding advocacy guidelines should be excluded for the reasons explained in Plaintiff's omnibus motion in limine. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 346:05-348:15 | Overrule | [342:14-343:8] FRE 402/403 - testimony regarding advocacy guidelines should be excluded for the reasons explained in Plaintiff's omnibus motion in limine. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 349:07-351:06 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 351:09-355:06 | Sustain | [354:25-355:6] FRE 402/403: Objection to testimony about lawyer advertising for the reasons discussed in Plaintiff's omnibus motion in limine. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 355:09-358:09 | Overrule | [354:25-355:6] FRE 402/403: Objection to testimony about lawyer advertising for the reasons discussed in Plaintiff's omnibus motion in limine. [357:9-15]: FRE 602: Witness lacks personal knowledge to testify about whether Bard took complications seriously, tracked and reported them. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 358:11 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 366:21-367:16 | Sustain | FRE 402/403: whether the witness is aware of any such correction is irrelevant to any matter at issue; further, the questions assume matters not in evidence. To the extent the questions imply that the correction is in some way pertinent to the witness's prior testimony, any probative value in the witness' answers to the questions is outweighed by the danger of confusion and unfair prejudice. | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 368:07-369:02 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 369:04-369:20 | | | |
| DEF COUNTER | Baird, Brett 06/09/2016 | 369:23-370:17 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|----------|----------|--------------|--------|-----------|-------------------------|
| Pl AFFIRM | Carr, Robert 05/08/2007 | 5:04-5:08 | | | |
| Pl AFFIRM | Carr, Robert 05/08/2007 | 5:13-5:14 | | | |
| Pl AFFIRM | Carr, Robert 05/08/2007 | 5:25-6:01 | | | |
| Pl AFFIRM | Carr, Robert 05/08/2007 | 28:09-28:25 | | | |

Carr 5.8.07

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Carr, Rob 10/25/2013 | 31:12-31:25 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 32:02-32:07 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 32:13-32:15 | | | |
| DEF COUNTER | Carr, Rob 10/25/2013 | 32:16-33:05 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 33:06-33:08 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 33:15-33:25 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 34:02-34:04 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 34:10-34:13 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 40:17-40:23 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 47:19-47:25 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 48:05-48:14 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 51:16-51:19 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 51:22-51:25 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 52:02 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 52:05-52:06 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 57:12-57:14 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 57:24-57:25 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 58:02-58:03 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 60:13-60:19 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 70:15-70:25 | | | |
| DEF COUNTER | Carr, Rob 10/25/2013 | 71:02-72:05 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 76:20-76:25 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 77:02-77:08 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 90:07-90:09 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 90:12-90:15 | | | |
| DEF COUNTER | Carr, Rob 10/25/2013 | 90:16-90:21 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 10/25/2013 | 90:24-91:15 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 97:22-97:25 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 98:02-98:09 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 104:07-104:22 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 114:04-114:06 | | | |

Carr 10.25.13

29

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Carr, Rob 10/25/2013 | 114:07-115:02 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time." Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 115:15-115:18 | | | |
| DEF COUNTER | Carr, Rob 10/25/2013 | 115:19-115:21 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time." Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 117:11-117:22 | | | |
| DEF COUNTER | Carr, Rob 10/25/2013 | 118:11-118:25 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time." Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 120:12-120:20 | | Rule 602-Witness does not have personal knowledge of the document. See 118:11-25 and 122:11-123:10 | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 120:23-120:25 | | Rule 602-Witness does not have personal knowledge of the document. See 118:11-25 and 122:11-123:10 | The testimony of the witness establishes his knowledge under Rule 602. |
| PL AFFIRM | Carr, Rob 10/25/2013 | 121:02-121:04 | | Rule 602-Witness does not have personal knowledge of the document. See 118:11-25 and 122:11-123:10 | The testimony of the witness establishes his knowledge under Rule 602. |
| PL AFFIRM | Carr, Rob 10/25/2013 | 121:13-121:21 | | Rule 602-Witness does not have personal knowledge of the document. See 118:11-25 and 122:11-123:10 | The testimony of the witness establishes his knowledge under Rule 602. |
| PL AFFIRM | Carr, Rob 10/25/2013 | 122:07-122:10 | | Rule 602-Witness does not have personal knowledge of the document. See 118:11-25 and 122:11-123:10 | The testimony of the witness establishes his knowledge under Rule 602. |
| DEF COUNTER | Carr, Rob 10/25/2013 | 122:16-123:10 For Completeness | | The testimony of the witness establishes his knowledge under Rule 602. | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 123:11-123:24 ending with "different" | | Rule 602-Witness does not have personal knowledge of the document. See 118:11-25 and 122:11-123:10 | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 125:24-125:25 | | Rule 602-Witness does not have personal knowledge of the document. See 118:11-25 and 122:11-123:10 | The testimony of the witness establishes his knowledge under Rule 602. |
| PL AFFIRM | Carr, Rob 10/25/2013 | 126:02-126:25 | | Rule 602-Witness does not have personal knowledge of the document. See 118:11-25 and 122:11-123:10 | The testimony of the witness establishes his knowledge under Rule 602. |
| PL AFFIRM | Carr, Rob 10/25/2013 | 127 02 | | Rule 602-Witness does not have personal knowledge of the document. See 118:11-25 and 122:11-123:10 | The testimony of the witness establishes his knowledge under Rule 602. |
| DEF COUNTER | Carr, Rob 10/25/2013 | 149:14-149:18 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time." Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | The testimony of the witness establishes his knowledge under Rule 602. |
| DEF COUNTER | Carr, Rob 10/25/2013 | 149:21-149:23 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time." Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 10/25/2013 | 150:02-150:11 For Completeness | | FRE 106 only requires completeness that "in fairness ought to be considered at the same time." Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 150:12-150:15 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 150:18-150:20 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 165:02-165:04 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 165 07 | | | |
| PL AFFIRM | Carr, Rob 10/25/2013 | 193:05-193:25 | | | |

Carr 10.25.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Carr, Rob 11/05/2013 | 33:21-34:10 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 34:12-34:13 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 37:08-37:10 | Overrule | Rule 602: The witness does not have knowledge of the document. See; 38:1-2 | Under FRE 602 his testimony establishes his knowledge of the content and substance of the document. As for the Court's MIL order and Defendants objections based on a lack of personal knowledge, Plaintiff would show that Mr. Carr was in charge of the Rcovery filter for Bard from December 2002 until it was taken off the market. (Carr, 28:09- 28:24 - 05/08/2007). he remains employed at Bard and all of the information requested relates to Bard corporate documents related to IVC filter franchise and would fall within his scope of work. Thus, Mr. Carr plaintiff's counsel should be able to examined the witness regarding the contents of the documents and discuss his knowledge of events and data recorded in the corporate records. |
| PL AFFIRM | Carr, Rob 11/05/2013 | 37:16-37:24 | Overrule | Rule 602: The witness does not have knowledge of the document. See; 38:1-2 | Under FRE 602 his testimony establishes his knowledge of the content and substance of the document. In addition, as for the Court's MIL order and Defendants objections based on a lack of personal knowledge, Plaintiff would show that Mr. Carr was in charge of the Rcovery filter for Bard from December 2002 until it was taken off the market. (Carr, 28:09- 28:24 - 05/08/2007). he remains employed at Bard and all of the information requested relates to Bard corporate documents. related to IVC filter franchise and would fall within his scope of work. Thus, Mr. Carr plaintiff's counsel should be able to examined the witness regarding the contents of the documents and discuss his knowledge of events and data recorded in the corporate records. |
| DEF COUNTER | Carr, Rob 11/05/2013 | 38:01-38:02 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 40:14-40:22 | | Rule 602: The witness does not have knowledge of the document. See; 38:1-2 | Under FRE 602 his testimony establishes his knowledge of the content and substance of the document. In addition, as for the Court's MIL order and Defendants objections based on a lack of personal knowledge, Plaintiff would show that Mr. Carr was in charge of the Rcovery filter for Bard from December 2002 until it was taken off the market. (Carr, 28:09- 28:24 - 05/08/2007). he remains employed at Bard and all of the information requested relates to Bard corporate documents. related to IVC filter franchise and would fall within his scope of work. Thus, Mr. Carr plaintiff's counsel should be able to examined the witness regarding the contents of the documents and discuss his knowledge of events and data recorded in the corporate records. |
| PL AFFIRM | Carr, Rob 11/05/2013 | 41:11-41:15 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 44:05-44:10 | | | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 47:05-47:09 For Completeness | Sustain | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 54:14-54:23 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 56:01-56:07 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 56:09-56:10 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 56:16-57:04 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 58:11-58:23 | | | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 59:02-59:05 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 59:07-59:09 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 83:20-83:22 | | | |

Carr 11.5.13

31

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Carr, Rob 11/05/2013 | 83:24 Ending with "Yes." | Overrule | Incomplete answer. | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. |
| DEF COUNTER | Carr, Rob 11/05/2013 | 83:24 For Completeness | Sustain | Answer after "no" lacks personal knowledge and is speculative. | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 87:24-88:03 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 88:05 | | | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 88:07-88:08 For Completeness | Overrule | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 88:10-88:12 For Completeness | Overrule | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 113:08-113:14 | | | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 113:08-113:14 For Completeness | Sustain | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 113:19-113:21 For Completeness | Sustain | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 113:23-114:02 For Completeness | Overrule | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 114:04-114:05 For Completeness | Overrule | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 134:10-134:20 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 134:23 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 135:01-135:02 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 135:07-135:08 | | | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 135:10-135:12 For Completeness | Overrule | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 135:14 For Completeness | Overrule | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 135:15-135:19 | Overrule | Incomplete answer. Answer starts on 135:10-14 | FRE 106 only requires completeness that "In fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. |
| PL AFFIRM | Carr, Rob 11/05/2013 | 135:21-135:22 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 135:24-136:03 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 151:08-151:18 Redact 151:12-13 "Serious risks to include death? Up to death, yes." | Sustain | Rule 401, 402 and 403-there is no failure to recall claim in this case. | The fact the Bard did not recall their defective filters goes to Plaintiff's failure to warn claim and shows Bard did not act as a reasonable medical device manufacturer in the same or similar circumstances |
| PL AFFIRM | Carr, Rob 11/05/2013 | 151:20-151:22 | Sustain | Rule 401, 402 and 403-there is no failure to recall claim in this case. | The fact the Bard did not recall their defective filters goes to Plaintiff's failure to warn claim and shows Bard did not act as a reasonable medical device manufacturer in the same or similar circumstances |
| PL AFFIRM | Carr, Rob 11/05/2013 | 151:24-152:04 | Sustain | Rule 401, 402 and 403-there is no failure to recall claim in this case. | The fact the Bard did not recall their defective filters goes to Plaintiff's failure to warn claim and shows Bard did not act as a reasonable medical device manufacturer in the same or similar circumstances |

Carr 11.5.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Carr, Rob 11/05/2013 | 152:06-152:14 | Sustain | Rule 401, 402 and 403-there is no failure to recall claim in this case. | The fact the Bard did not recall their defective filters goes to Plaintiff's failure to warn claim and shows Bard did not act as a reasonable medical device manufacturer in the same or similar circumstances. |
| PL AFFIRM | Carr, Rob 11/05/2013 | 152:16-152:24 | Sustain | Rule 401, 402 and 403-there is no failure to recall claim in this case. | The fact the Bard did not recall their defective filters goes to Plaintiff's failure to warn claim and shows Bard did not act as a reasonable medical device manufacturer in the same or similar circumstances. |
| PL AFFIRM | Carr, Rob 11/05/2013 | 153 02 | Sustain | Rule 401, 402 and 403-there is no failure to recall claim in this case. | The fact the Bard did not recall their defective filters goes to Plaintiff's failure to warn claim and shows Bard did not act as a reasonable medical device manufacturer in the same or similar circumstances. |
| PL AFFIRM | Carr, Rob 11/05/2013 | 191:16-191:22 | | | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 192:12-192:16 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 192:18-192:22 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 193:11-193:15 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 193:17-193:20 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 193:24-194:02 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 194 05 beginning with "We..." | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 269:09-265:13 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 265:15-265:16 | | | |
| DEF COUNTER | Carr, Rob 11/05/2013 | 265:18-266:03 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 268:05-268:06 | Overrule | FRE 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15 | This document contains information that the witness should have known or had access to. In addition, under FRE 602 his testimony establishes his knowledge of the content and substance of the document. As for the Court's MIL order and Defendants objection based on a lack of personal knowledge, Plaintiff would show that Mr. Carr was deposed under FRCP 30(b)(6) and as a corporate representative he speaks for the corporation and is required to review sufficient documents and information to address the substance his testimony. "Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it, . . . the Rule 'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the [Rule] 30(b)(6) deposition.' In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence.' Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltds, 253 F.R.D. 524, 526 (C.D. Ca. 2008)(citing Sprint Comm'n Co., L.P. v. TheGlobe.com, Inc., 236 F.R.D.524, 527-528 (D. Kan. 2006). Thus, Mr. Carr can be required to testify from and based upon content of Bard corporate documents. |
| DEF COUNTER | Carr, Rob 11/05/2013 | 268:08-268:15 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Carr, Rob 11/05/2013 | 290:16-290:19 | Overrule | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15 | This document contains information that the witness should had known or had access to. In addition, under FRE 602 his testimony establishes his knowledge of the content and substance of the document. As for the Court's MIL order and Defendants objection based on a lack of personal knowledge, Plaintiff would show that Mr. Carr was deposed under FRCP 30(b)(6) and as a corporate representative he speaks for the corporation and is required to review sufficient documents and information to address the substance his testimony. "Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it, . . . the Rule 'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the [Rule] 30(b)(6) deposition.' In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence." Bd. of Trs. of Leland Stanford Junior Unv. v. Tyco Int'l Ltds, 253 F.R.D. 524, 526 (C.D. Ca. 2008)(citing  Sprint Comm'n Co., L.P. v. TheGlobe.com, Inc., 236 F.R.D.524, 527–528 (D. Kan. 2006). Thus, Mr. Carr can be required to testify from and based upon content of Bard corporate documents. |
| PL AFFIRM | Carr, Rob 11/05/2013 | 290:21-290:22 | Overrule | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15 | This document contains information that the witness should had known or had access to. In addition, under FRE 602 his testimony establishes his knowledge of the content and substance of the document. As for the Court's MIL order and Defendants objection based on a lack of personal knowledge, Plaintiff would show that Mr. Carr was deposed under FRCP 30(b)(6) and as a corporate representative he speaks for the corporation and is required to review sufficient documents and information to address the substance his testimony. "Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it, . . . the Rule 'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the [Rule] 30(b)(6) deposition.' In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence." Bd. of Trs. of Leland Stanford Junior Unv. v. Tyco Int'l Ltds, 253 F.R.D. 524, 526 (C.D. Ca. 2008)(citing  Sprint Comm'n Co., L.P. v. TheGlobe.com, Inc., 236 F.R.D.524, 527–528 (D. Kan. 2006). Thus, Mr. Carr can be required to testify from and based upon content of Bard corporate documents. |
| PL AFFIRM | Carr, Rob 11/05/2013 | 292:04-292:09 | Overrule | Rule 602-Witness is not familiar with the document and has not seen it before. See, 268:8-15. This exhibit violates the MIL on Recovery migration death. | This document contains information that the witness should had known or had access to. In addition, under FRE 602 his testimony establishes his knowledge of the content and substance of the document. As for the Court's MIL order and Defendants objection based on a lack of personal knowledge, Plaintiff would show that Mr. Carr was deposed under FRCP 30(b)(6) and as a corporate representative he speaks for the corporation and is required to review sufficient documents and information to address the substance his testimony. "Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it, . . . the Rule 'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the [Rule] 30(b)(6) deposition.' In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence." Bd. of Trs. of Leland Stanford Junior Unv. v. Tyco Int'l Ltds, 253 F.R.D. 524, 526 (C.D. Ca. 2008)(citing  Sprint Comm'n Co., L.P. v. TheGlobe.com, Inc., 236 F.R.D.524, 527–528 (D. Kan. 2006). Thus, Mr. Carr can be required to testify from and based upon content of Bard corporate documents. |

Carr 11.5.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Carr, Rob 11/05/2013 | 292:11 | Overrule | Rule 602- Witness is not familiar with the document and has not seen it before. See, 268:8-15 | This document contains information that the witness should had known or had access to. In addition, under FRE 602 his testimony establishes his knowledge of the content and substance of the document. As for the Court's MIL order and Defendants objection based on a lack of personal knowledge, Plaintiff would show that Mr. Carr was deposed under FRCP 30(b)(6) and as a corporate representative he speaks for the corporation and is required to review sufficient documents and information to address the substance his testimony. "Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it, . . . the Rule 'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the [Rule] 30(b)(6) deposition.' In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence." Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltds, 253 F.R.D. 524, 526 (C.D. Ca. 2008)citing Sprint Comm'n Co., L.P. v. TheGlobe.com, Inc., 236 F.R.D.524, 527–528 (D. Kan. 2006). Thus, Mr. Carr can be required to testify from and based upon content of Bard corporate documents. |
| PL AFFIRM | Carr, Rob 11/05/2013 | 293:04-293:20 beginning with "And did you..." Redact "death" (293:9), and "and filter embolization deaths" (293:11-13)293:19-20 | | | |
| PL AFFIRM | Carr, Rob 11/05/2013 | 293:22-293:24 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL BLANKET OBJECTION | | | | | Running response to defense objections regarding lack of personal knowledge and to the Court's MIL order. Plaintiff would show that Mr. Carr was deposed under FRCP 30(b)(6) and as a corporate representative he speaks for the corporation and is required to review sufficient documents and information to address the substance his testimony. "Notably, and because Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it, . . . the Rule 'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the [Rule] 30(b)(6) deposition.' In other words, personal knowledge of the designated subject matter by the selected deponent is of no consequence." *Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltd's*, 253 F.R.D. 524, 526 (C.D. Ca. 2008) citing *Spring Comm'n Co., L.P. v. TheGlobe.com, Inc.*, 236 F.R.D.524, 527–528 (D. Kan. 2006). Thus, Mr. Carr can be required to testify from and based upon content of Bard corporate documents. |
| PL AFFIRM | Carr, Rob 10/29/2014 | 32:02-32:04 | Overrule | Rule 611 compound question. Rule 611 assumes facts not in evidence. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. The question is vague and misleading, as it is not clear from the designation what brochure is being discussed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Eclipse rendered the Eclipse unreasonably dangerous. |
| PL AFFIRM | Carr, Rob 10/29/2014 | 32:07-32:08 | | Rule 611 compound question. Rule 611 assumes facts not in evidence. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. The question is vague and misleading, as it is not clear from the designation what brochure is being discussed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Eclipse rendered the Eclipse unreasonably dangerous. |
| DEF COUNTER | Carr, Rob 10/29/2014 | 32:10-32:19 For Completeness | Sustain | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 74:24-75:06 | | | |
| DEF COUNTER | Carr, Rob 10/29/2014 | 75:07-75:09 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 10/29/2014 | 75:12 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 78:15-78:23 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether the there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the failure to warn of the substantial risk of fracture, migration and death associated with the Eclipse rendered the Eclipse unreasonably dangerous. |
| PL AFFIRM | Carr, Rob 10/29/2014 | 79:14-79:16 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 79:20-80:03 | | | |
| DEF COUNTER | Carr, Rob 10/29/2014 | 80:04-80:06 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 10/29/2014 | 80:10-80:13 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 82:07-82:18 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 82:22-82:23 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 83:02-83:03 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 83:05-83:06 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 83:08-83:11 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 83:14-83:18 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Carr, Rob 10/29/2014 | 83:21 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 83:23-83:24 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 84:02 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 84:04-84:08 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 84:11 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 84:13-84:14 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 84:17 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 84:19-84:20 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 84:22-85:01 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 85:04 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 86:11-87:02 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 113:22-114:01 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 114:04-114:05 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 132:11-132:22 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 133:02 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 133:05-133:08 | | | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 134:07-134:18 | | | |
| DEF COUNTER | Carr, Rob 10/29/2014 | 134:19-135:03 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 10/29/2014 | 135:08-135:12 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Carr, Rob 10/29/2014 | 161:21-162:02 | | | |
| DEF COUNTER | Carr, Rob 10/29/2014 | 164:13-164:14 For Completeness Subject to objection | Sustain | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Carr, Rob 10/29/2014 | 166:20-166:24 For Completeness | Sustain | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |

37

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 12:01-12:17 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 12:24-13:03 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 14:07-14:23 Ending with "That s correct" | | | |
| DEF COUNTER | Chanduszko, Andrzej 09/22/2010 | 14:23-15:01 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 20:11-22:24 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 29:24-30:16 | | | |
| DEF COUNTER | Chanduszko, Andrzej 09/22/2010 | 30:17-30:25 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 31:23-32:15 | | | |
| DEF COUNTER | Chanduszko, Andrzej 09/22/2010 | 32:16-32:23 | | | |
| DEF COUNTER | Chanduszko, Andrzej 09/22/2010 | 35:12-35:16 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 56:09-56:20 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 84:04-84:20 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 85:07-85:23 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 86:05-86:10 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 86:23-87:06 | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 87:11-87:15 Starting at "Is" | | | |
| PL AFFIRM | Chanduszko, Andrzej 09/22/2010 | 92:22-93:11 | | | |

Chanduszko 9.22.10

38

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 10:06-10:07 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 14:25-15:19 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 19:25-20:05 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 27:12-27:20 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 27:21-27:25 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 31:17-31:21 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 27:12-27:20). | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 31:23 | Overrule | Plaintiff objects under Rule 403 as the testimony is wasting time. The same testimony is presented by Plaintiff on direct (See 32:16-32:19 and 32:22-32:23). | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 31:25 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 32:16-32:19 and 32:22-32:23). | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 32:16-32:19 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 32:22-32:23 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 34:11-34:13 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 32:16-32:19 and 32:22-32:23). | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 34:14-35:11 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 35:16-35:18 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 35:20-35:24 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 36:03-36:04 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 32:19 and 32:22-32:23). Subject to the Court's ruling on Plaintiff's objections this testimony would also be cumulative of Bard's offer of 31:17 – 31:21 31:23 & 31:23 | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 36:05-36:09 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 38:21-40:13 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 43:07-44:03 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 44:17-45:13 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 45:21-46:01 Ending with "Yes, that's correct." | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 46:07-46:08 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 46:17-47:07 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 48:11-48:14 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 51:14-51:20 Ending with "then you couldn't." | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 51:20-51:22 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 36:5 - 36:9). | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 51:23-52:07 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 60:16-60:20 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 60:25-61:06 Starting with "when you . . ." | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 68:03-68:05 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 68:07 | | | |

Chanduszko 10/10/2013

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 68:13-68:15 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 68:17-68:20 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 68:22-68:24 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 69:01 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 69:05-69:06 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 68:3 - 68:5, 68:7, 68:22 - 68: 24 & 69:1) and Bards' offer of 68:13 - 68:15 & 68:17 - 68:20. | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 69:08-69:09 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 68:3 - 68:5, 68:7, 68:22 - 68: 24 & 69:1) and Bards' offer of 68:13 - 68:15 & 68:17 - 68:20. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 70:13-70:19 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 70:21-71:06 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 71:07-71:14 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 71:1-71:6, 71:15-71:16, 71:19-71:24). | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 71:15-71:16 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 71:19 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 71:21-71:24 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 73:02-73:08 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 73:13-74:25 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 75:13-75:23 | Overrule | Plaintiff objects under Rule 611(b) as the testimony goes beyond the scope of direct examination. The Plaintiff also objects under Rule 403 as the limited probative value of the testimony, if any, is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. See, 76:20 -76:25. Plaintiff objects under Rule 602 the witness states he does not have the personal knowledge necessary to answer the question. See 76:4 - 76:8. The testimony is | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 76:13-76:22 | Overrule | Plaintiff objects under Rule 611(b) as the testimony goes beyond the scope of direct examination and Rule 602 as the witness lacks personal knowledge. See 76:4 - 76:8. The Plaintiff also objects under Rule 403 as the limited probative value of the testimony, if any, is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. See, 76:20 -76:25. The testimony is | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 8:102 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 81:04-81:15 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 82:01-82:07 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 82:21-83:03 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 83:17-83:22 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 84:15-84:20 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 84:22-84:23 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 84:25-85:08 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 85:15 - 84:20, 84:22 - 84:23, 85:14 - 85:16 & 85:19 - 86:2). | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 85:11-85:16 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 85:19-86:02 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 90:07-90:21 | | | |

Chanduszko 10.10.13

40

Chanduszko 10.10.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 90:23-90:25 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 111:08 | Overrule | [Exhibit 4 and testimony] Rules 601 & 602. Lack of foundation. Witness cannot verify he has seen the exhibit. (see 111:18) This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | The Recovery is the predicate device of the G2/G2X/Eclipse and information about the Recovery is relevant to the claims in this case. The witness was the project leader for the redesign of the Recovery filter. (341:4 - 351:1) Exhibit 4 is Bard's 510(k) submission for the Recovery filter. (111:21 - 112:5) and as such the information in the document is or should be within the knowledge of the witness. He does not have to have a recollection of reading the document the past to be examined about facts or information recorded in the document that are within his area knowledge or the which would be related to scope of his work for Bard. There is nothing in the rules of civil procedure that prevents a defendant's employee from be shown an exhibit and asked about its contents. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 111:16-111:18 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 111:21-112:05 | Overrule | [Exhibit 4 and testimony] Rules 601 & 602. Lack of foundation. Witness cannot verify he has seen the exhibit. (see 111:18) This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages | Plaintiff adopts and incorporates his response to objections to 111:8. In addition not all of the testimony is based upon the Exhibit. The question at 112:3 - 112:5 is directed to the witness' personal knowledge. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 112:10-112:12 | Overrule | [Exhibit 4 and testimony] Rules 601 & 602. Lack of foundation. Witness cannot verify he has seen the exhibit. (see 111:18) This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages | Plaintiff adopts and incorporates his response to objections to 111:8. In addition the testimony is not based upon the Exhibit. The testimony is based on the witness' personal knowledge. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 117:20-118:05 | Overrule | [Exhibit 4 and testimony] Rules 601 & 602. Lack of foundation. Witness cannot verify he has seen the exhibit. (see 111:18) This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed | The offer starts at 118:5. Plaintiff adopts and incorporates his response to objections to 111:8. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 118:21-119:19 | Overrule | [Exhibit 4 and testimony] Rules 601 & 602. Lack of foundation. Witness cannot verify he has seen the exhibit. (see 111:18) This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages | Plaintiff adopts and incorporates his response to objections to 111:8. In addition not all of the testimony is based upon the Exhibit. The questions and answers at 119:1 - 119:19 are based on the witness' personal knowledge. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 120:13-120:25 Ending with "about Bard" | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 120:25-121:03 begin with "Bard did" | Overrule | The Plaintiff objects to 120:25 - 121:1 specifically "Bard did not develop the filter," as that portion of the response is not responsive and under Rule 403 the testimony is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. See 76:20-76:25 | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 121:07-121:11 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 121:21-121:25 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 430. Distention is irrelevant to plaintiff's claims of fracture, perforation and tilt. Irrelevant and any probative value outweighed by prejudicial effect, particularly with punitive damages dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture s due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the G2X filter and are relevant to whether the G2X has a design defect. Fracture, migration, perforation and death are also dangers of the G2X filter that were known were known to Bard, in they failure to warn of the substantial risk of fracture, migration, perforation and death associated with the Recovery rendered the Recovery unreasonably dangerous. The witness' testimony is that he was involved in investigating why the Recovery filter migrated. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Chanduszko, Andrej 10/10/2013 | 122:19-122:23 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McKeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse filter has a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known were known to Bard, an they failure to warn of the substantial risk of fracture, migration, perforation and death associated with the Recovery rendered the Recovery filter unreasonably dangerous. The witness' testimony is that he was involved in investigating why the Recovery filter migrated. |
| PL AFFIRM | Chanduszko, Andrej 10/10/2013 | 125:02-125:15 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates her response to objections to 122:19-122:23. In addition testimony from the Project Leader for the redesign of the Recovery filter whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) that Bard never reached a conclusion as to what was causing migration is relevant to the Plaintiff claims of negligence, defective design. |
| PL AFFIRM | Chanduszko, Andrej 10/10/2013 | 126:09-127:20 Ending with "yes." | Overrule | (126:9-126:19)-Nonsensical. There is no question pending and statement from non-questioning counsel. Defendants object to the designation of an answer without a question. This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff amends the designation to include 126:3-126:9. The testimony involves the Recovery Filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McKeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known were known to Bard, an they failure to warn of the substantial risk of fracture, migration, perforation and death associated with the Recovery rendered the Recovery unreasonably dangerous. The witness' testimony is that he was involved in investigating why the Eclipse filter migrated. |
| DEF COUNTER | Chanduszko, Andrej 10/10/2013 | 127:20-127:21 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (see 127:16 – 127:20 ending with "Yes.") | |
| DEF COUNTER | Chanduszko, Andrej 10/10/2013 | 128:08-128:11 (subject to prior objection) | | | |
| PL AFFIRM | Chanduszko, Andrej 10/10/2013 | 129:11-129:14 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates her response to objections to 122:19 122:23 and 125:2-125:15. In addition the testimony is related to the recovery filter and testimony from the Project Leader for the redesign of the Recovery whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) that he has no recollection any individual working on: determining what was causing the filter to migrate is relevant to the Plaintiff claims of negligence. |
| PL AFFIRM | Chanduszko, Andrej 10/10/2013 | 129:23-130:04 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 122:19-122:23. |
| DEF COUNTER | Chanduszko, Andrej 10/10/2013 | 130:20-130:22 | Overrule | The Plaintiff objects under Rule 403 as the limited probative value of the testimony, if any, is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. See 76:20-76:25. | |
| PL AFFIRM | Chanduszko, Andrej 10/10/2013 | 132:05-132:11 Ending with "right word" | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McKeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse filter has a design defect. |
| DEF COUNTER | Chanduszko, Andrej 10/10/2013 | 132:10-132:22 | Sustain. Plaintiff shall withdraw 132:10-11. | The Plaintiff objects under Rule 403 as because the testimony presents a danger of confusing the issues and misleading the jury. To resolve any dispute regarding the testimony the Plaintiff will withdraw 132:10 - 132:11 from his designation. | |

Chanduszko 10.10.13

42

43

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 132:23-133:17 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery Filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 133:18-134:09 | Overrule | The Plaintiff objects under Rule 403 as the limited probative value of the testimony, if any, is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. Plaintiff also objects under Rule 602 as the witness lacks personal knowledge of the events the is testifying about. (See 134:6 - 134:9) | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 134:12-134:15 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery Filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 140:15-140:19 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 141:19-141:25 | Overrule | The Plaintiff objects under Rule 403 as the limited probative value of the testimony, if any, is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. Plaintiff also objects under Rule 602 as the witness lacks personal knowledge of the events he is testifying about. (See 141:21 - 141:25). The witness' testimony constitutes hearsay and hearsay within | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 150:24-152:09 | Overrule | Lack of foundation. Assumes facts not in evidence. This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery Filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 153:06-153:12 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery Filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 153:13-153:15 | Sustain | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is needless time. The same testimony is presented by Plaintiff on direct (See 153:6 - 153:12) | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 159:08-159:13 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery Filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 159:14-159:16 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 159:8 - 159:13). | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 159:24-160:03 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery Filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 163:14-163:22 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery Filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |

Chanduszko 10 10 13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 163:25-164:01 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 164:03-164:06 | Overrule | Plaintiff objects under Rule 602 the witness states he does not have the personal knowledge necessary to answer the question. The Plaintiff also objects under Rule 403 as the limited probative value of the testimony, if any, is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 164:08-164:12 | Overrule | Plaintiff adopts and incorporates his objections to 164:3 - 164:6. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 164:14-164:17 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 164:19-164:20 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 170:22-170:23 | Overrule | Plaintiff objects under Rule 602 the witness states he does not have the personal knowledge necessary to answer the question. | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 171:01-171:04 | Overrule | Plaintiff objects under Rule 602 the witness states he does not have the personal knowledge necessary to answer the question. | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 171:06-171:13 | Overrule | Plaintiff objects under Rule 602 the witness states he does not have the personal knowledge necessary to answer the question. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 171:23-172:02 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 172:03-172:07 | Sustain | Plaintiff objects under Rule 602 the witness states he does not have the personal knowledge necessary to answer the question. | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 172:10-172:12 | Sustain | Plaintiff objects under Rule 602 the witness states he does not have the personal knowledge necessary to answer the question. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 172:14-172:19 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 175:23-176:07 | Overrule | This testimony relates to cephalad migration in the Recovery Filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 183:13-184:02 Starting with "But did Bard" | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 184:04 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 184:06-184:13 | Sustain | The Plaintiff objects under Rule 403 as the limited probative value of the testimony, if any, is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. The testimony mistates the nature of the testing that is being discussed in the context of the deposition specifically the witness is asked if Bard tested for stresses placed on a tilted filter, the witness says yes but then admits the testing he referred to would not to would not examine the stress exerted on a tilted filter. See 184:7 - 184:20. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 190:20-191:07 | Overrule | This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 191:08-192:06 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 196:15 | Sustain | [Exhibit 6 and testimony) Rules 601 & 602. Lack of foundation. Witness is not familiar with the document (see 196:17-20). This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 196:17-196:20 | Sustain | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 196:24-197:03 Starting with "So as" | Sustain | [Exhibit 6 and testimony) Rules 601 & 602. Lack of foundation. Witness is not familiar with the document (see 196:17-20). This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. The Exhibit relates to information regarding the project to redesign the Recovery and the witness was the project lead. Plaintiff can use the exhibit to discuss the matters raised by his superiors regarding the scope of the work, specifications, the environment the redesigned filter will be exposed to, and specifically the migration resistance testing thought necessary for the project. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 197:19-198:08 Starting with "So let's" | Sustain | [Exhibit 6 and testimony) Rules 601 & 602. Lack of foundation. Witness is not familiar with the document (see 196:17-20). This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 196:24 - 197:3. The testimony at 198:1 -198:8 is based upon the witness' personal knowledge. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 198:25-199:11 | Sustain | [Exhibit 6 and testimony) Rules 601 & 602. Lack of foundation. Witness is not familiar with the document (see 196:17-20). This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 196:24 - 197:3. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 199:12-199:17 | Sustain | Plaintiff objects under Rule 602 the witness does not have the personal knowledge necessary to speculate as to the state of mind of another person. The Plaintiff objects under Rule 403 as the limited probative value of the testimony, if any, is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury | Plaintiff adopts and incorporates his response to objections to 196:24 - 197:3. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 199:22-199:24 | Sustain | [Exhibit 6 and testimony) Rules 601 & 602. Lack of foundation. Witness is not familiar with the document (see 196:17-20). This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 196:24 - 197:3. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 199:25-200:06 | Sustain | Plaintiff objects under Rule 602 the witness does not have the personal knowledge necessary to speculate as to the state of mind of another person. The Plaintiff objects under Rule 403 as the limited probative value of the testimony, if any, is outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury | |

Chanduszko 10.10.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 200:18-200:21 | Sustain | [Exhibit 6 and testimony] Rules 601 & 602. Lack of foundation. Witness is not familiar with the document (see 196:17-20). This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 196:24 - 197:3. The testimony at based upon the witness' personal knowledge without reference a specific document. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 200:22-200:25 | Overrule | Plaintiff objects under Rule 602 the witness states the does not have the personal knowledge necessary to answer the question. | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 201:02-201:08 | Overrule | Plaintiff objects under Rule 602 the witness states the does not have the personal knowledge necessary to answer the question. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 201:10-201:17 | Sustain | [Exhibit 6 and testimony] Rules 601 & 602. Lack of foundation. Witness is not familiar with the document (see 196:17-20). This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 196:24 - 197:3. The testimony is based upon the witness' personal knowledge without reference a specific document. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 201:19-201:20 | Sustain | [Exhibit 6 and testimony] Rules 601 & 602. Lack of foundation. Witness is not familiar with the document (see 196:17-20). This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 196:24 - 197:3. The testimony is based upon the witness' personal knowledge without reference a specific document. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 201:22-201:25 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 204:21-205:04 | Sustain | Rules 601, 602 & 612. Lack of foundation. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 196:24 - 197:3. The testimony is based upon the witness' personal knowledge. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 206:03-206:09 | Sustain | Rules 601, 602 & 612. Lack of foundation. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the Eclipse filter and are relevant to whether the Eclipse has a design defect. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 207:12-207:13 | Sustain | Rules 601, 602 & 612. Lack of foundation. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111 8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information as to the subject of the inquiry relates to migration of the Recovery filter and is or should be within the knowledge of the |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 208:06-208:11 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 209:01-209:03 | Overrule | Plaintiff objects under Rule 403 as the testimony is needlessly cumulative of prior testimony and is wasting time. The same testimony is presented by Plaintiff on direct (See 209:17 - 209:20) | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 226:01-226:20 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111 8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry relates to fatal migration of the Recovery filter and is or should be within the knowledge of the witness. Plaintiff will agree to add line 9 to complete the response. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 227:07-227:09 | Overrule | Rules 401, 402 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111 8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry relates to fatal migration of the Recovery filter and is or should be within the knowledge of the witness. Plaintiff will agree to add line 9 to complete the response. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 227:13-227:22 | Overrule | This document relates to cephalad migration of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111:8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry relates to fatal migration of the Recovery filter and is or should be within the knowledge of the witness. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 228:01-228:11 | Overrule | This document relates to cephalad migration of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111:8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry relates to fatal migration of the Recovery filter and is or should be within the knowledge of the witness. Plaintiff will agree to add line 9 to complete the response. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 229:04-229:10 | Overrule | This document relates to cephalad migration of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111:8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry relates to fatal migration of the Recovery filter and is or should be within the knowledge of the witness. Plaintiff will agree to add line 9 to complete the response. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 229:24-231:10 | Overrule | This document relates to cephalad migration of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111:8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry relates to fatal migration of the Recovery filter and is or should be within the knowledge of the witness. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 231:20-232:01 | Overrule | This document relates to cephalad migration of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111:8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry relates to fatal migration of the Recovery filter and is or should be within the knowledge of the witness. Plaintiff will agree to add line 9 to complete the response. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 234:23-235:11 | Overrule | This document relates to cephalad migration of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111:8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry relates to fatal migration of the Recovery filter and is or should be within the knowledge of the witness. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 235:16-236:04 | Sustain | Plaintiff objects under Rule 602 as the witness states he does not have the personal knowledge necessary to support his testimony. The witness states he did not doing the testing that is being discussed and he bases his testimony upon hearsay from unidentified declarants and he cannot identify any contemporary documents that support his recollections. The testimony includes hearsay under Rules 801(c) and 802. Plaintiff objects under Rule 701 as the testimony exceeds the scope of opinions permitted from a lay witness. | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 236:08-236:16 | Overrule | This document relates to cephalad migration of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111:8. The witness was the project leader for the redesign of the Recovery filter (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry relates to fatal migration of the Recovery filter and is or should be within the knowledge of the witness. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevenceand probative value of such testimony regarding the design process from the Recovery filter to the Eclispe and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 236:25-237:14 | Overrule | Plaintiff adopts and incorporates by reference his objections to 235:16 - 236:4. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 247:13 | Overrule | (Exhibit 11 and testimony) Rules 601, 602 & 612. No foundation. Witness not familiar with exhibit. (see 248:15-248:17) This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Plaintiff adopts and incorporates his response to objections to 111 8. The witness was the project leader for the redesign of the Recovery filter. (34:14 - 35:1) whose goal was to make the filter more migration resistant (34:14-35:1 and 35:16-35:24) the information that is the subject of the inquiry from is or should be within the knowledge of the witness. Exhibit 11 is the System Design Verification & Validation Test Report for G1A Recovery which is the redesigned Recovery filter which included migration resistance, fatigue and radial strength testing. |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 248:15-248:17 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 249:09-249:16 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | The G2 and Recovery is the predicate devices of the G2, G2X, and Eclipse and information about the G2 and Recovery is relevant to the claims in this case. The witness was the project leader for the redesign of the Recovery filter. (34:14 - 35:1). Exhibit 4 is Bard's 510(k) submission for the Recovery filter. (111:21 - 112:5) and as such the information in the document is or should be within the knowledge of the witness. He does not have to have a recollection of reading the document the past to be examined about facts or information recorded in the document that are within his area knowledge or the which would be related to scope of his work for Bard. There is nothing in the rules of civil procedure that prevents a defendant's employee from be shown an exhibit and asked about its contents. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 250:08-251:03 | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or the failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | The G2 and Recovery is the predicate devices of the G2, G2X, and Eclipse and information about the G2 and Recovery is relevant to the claims in this case. The witness was the project leader for the redesign of the Recovery filter. (34:14 - 35:1). Exhibit 4 is Bard's 510(k) submission for the Recovery filter. (111:21 - 112:5) and as such the information in the document is or should be within the knowledge of the witness. He does not have to have a recollection of reading the document the past to be examined about facts or information recorded in the document that are within his area knowledge or the which would be related to scope of his work for Bard. There is nothing in the rules of civil procedure that prevents a defendant's employee from be shown an exhibit and asked about its contents. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 252:09-252:20 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 253:16-253:25 | Overrule | This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture o due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the G2X filter and are relevant to whether the G2X has a design defect. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recoginized the relevenceand probative value of such testimony regarding the design process from the Recovery filter to the Eclispe and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 254:11-254:22 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 256:04-256:10 | Overrule | This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture o due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the G2X filter and are relevant to whether the G2X has a design defect. |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 256:21-256:23 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 261:10-261:18 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 261:18-261:22 | Sustain | Plaintiff objects under Rule 701 as the testimony exceeds the scope of opinions permitted from a lay witness. | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 261:25-262:03 | Sustain | Plaintiff objects under Rule 701 as the testimony exceeds the scope of opinions permitted from a lay witness. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 262:05-262:09 | Sustain | Plaintiff objects under Rule 701 as the testimony exceeds the scope of opinions permitted from a lay witness. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 262:18-263:04 Starting with "what did..." | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 263:05-263:17 | Sustain | Plaintiff objects under Rule 701 as the testimony exceeds the scope of opinions permitted from a lay witness. | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 267:01-267:08 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 268:11-268:14 Starting with "The arc" | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 268:18 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 268:23-270:06 Ending with "Correct" | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 270:06-270:08 | | | |
| DEF COUNTER | Chanduszko, Andrzej 10/10/2013 | 270:10 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 270:11-270:16 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 271:16-271:25 | | | |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 275:16-276:14 | Overrule | This testimony relates to cephalad migration in the Recovery filter, which is not an issue in this case. | The testimony involves the Recovery filter, the predicate device for the G2. Plaintiff is at significant risk of fracture o due to the perforation of her filter which is supported by Plaintiff's expert Dr. McMeeking. Plaintiff's experts, treating physicians and medical records establish that the filter perforated her IVC. Fracture, migration, perforation and death are risks involved in the use of the G2X filter and are relevant to whether the G2X has a design defect. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance and probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL AFFIRM | Chanduszko, Andrzej 10/10/2013 | 279:02-279:08 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL BLANKET OBJECTION** | | | | The trial deposition of Andrzej J. Chanduszko was suspended by agreement with intention to complete the deposition at a later date. Defendants completed their direct examination of Mr. Chanduszko and all that remains in Plaintiff's cross-examination. The deposition is scheduled to resume on April 29, 2020. Plaintiff reserve the right to further designate testimony completion of the deposition. | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 6:19-6:25 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 7:05-13:03 | Overrule | 10:18-11:2 - FRE 401 & 402-Relevance -the fact Mr. Chanduszko is named a patent holder on several unidentified patents is not relevant . 12:20-13:3 - FRE 702& FRCP 26(a)(2)(C)-Lack of foundation. Mr. Chanduszko states he is a mechanical engineer and has been designated as non-retained engineering expert. The question asks for the definition of medical term. Mr. Chanduszko is not a medical doctor. | Mr. Chanduszko's background and work experience are relevant. He is not offering an medical opinion, but is explaining the condition filters treat. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 13:12-14:04 | Overrule | FRE 702 & FRCP 26(a)(2)(C)-Lack of foundation. Mr. Chanduszko states he is a mechanical engineer and has been designated as non-retained engineering expert. Mr. Chanduszko is not a medical doctor. | He is not offering an medical opinion, but is explaining the condition filters treat. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 14:08-14:16 | Overrule | Lack of foundation. FRE 701 & FRCP 26(a)(2)(C)-Mr. Chanduszko states he is a mechanical engineer and has been designated as non-retained engineering expert. Mr. Chanduszko is not a medical doctor. | No objection made at time of testimony - relevant to plaitf's design claims |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 14:19-15:01 | Overrule | Lack of foundation. FRE 701 & FRCP 26(a)(2)(C)-Mr. Chanduszko states he is a mechanical engineer and has been designated as non-retained engineering expert. Mr. Chanduszko is not a medical doctor. | Explains witness involvement and knowledge base |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 15:05-15:07 | | | Explains witness involvement and knowledge base |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 15:10 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 15:12-16:06 | Overrule | FRE 401, &402 Relevance and FRE 403 - the witness testifies that he does not have "first hand knowledge" of what Bard verified regarding NMT's work but attest that he does now about NMT's work and he had confidence in it. The testimony is vague and confusing | Explains involvement and knowledge base |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 16:08-18:17 | Overrule | 18:15-18:17 - FRE 401, 402 -Vague and irrelevant - generic testimony as to post market conduct is not relevant. | Explains witness knowledge and Bard's process for designing a filter. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 18:19-20:03 | Overrule | 19:24-20:3: FRE 401, 402. Vague and irrelevant - generic testimony as to post market conduct was not specific Bard's IVC filters or any IVC filter is not relevant. | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 20:07-20:09 | Overrule | FRE 410, 402, 402 & 611(c) - leading and lacks proper foundation. There is no testimony that the witness has studied "all" IVC filters. | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 20:12-20:21 | Overrule | FRE 611(c) -leading | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 20:24-21:13 | Overrule | 21:11-21:13 - FRE 611(c)-leading | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 21:16-22:21 | Overrule | 21:16-21:20 Lack of foundation. Mr. Chanduszko has not established a proper basis for his statement as to what knowledge of others at Bard possessed. | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 23:05-23:09 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 23:12-23:18 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 24:02-27:09 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 27:16-28:09 starting with "no" | | | This is not a narrative. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 28:14-29:18 | | | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 29:23-31:07 | | | No lack of foundation - he is describing a document about which he has knowledge. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 31:17-34:03 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 34:13-34:15 | Overrule | FRE 611(c)-leading | Question is not leading. Question does not suggest the answer. A law witness can give an opinion about a matter about which has his knowledge. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 34:17-34:23 | Overrule | FRE 611(c)-leading | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 35:02-35:13 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 35:16-36:09 | Overrule | 36:6-36:09 - Responsiveness - thew witness was asked to identify "other goals" and he does not answer that specific question. | The testimony is responsive to the question. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 36:12-37:06 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 37:15-37:19 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 38:02-38:04 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 38:06-38:08 | Overrule | Responsiveness - the witness was asked how long it took to develop the G2 filter and he did not answer that question. | The testimony is responsive to the question. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 38:11-39:06 | Overrule | Responsiveness - the witness what activity or event took the most time in developing an IVC filter such as the G2 - everything after ""it depends on the filter"" is non-responsive. | The testimony is responsive to the question. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 39:16-39:20 | Overrule | The question is compound its asks for a response as to what work is in performed before the prototype is developed or after the prototype is developed leaving the witness the option to answer either question. | The question is not compound. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 39:24-40:17 | | | The witnesses is explaining a process and a document about which he has knowledge involving the design of Bard IVC filters |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 41:13-42:18 | | | The witnesses is explaining a process and a document about which he has knowledge involving the design of Bard IVC filters. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 42:21-44:02 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 44:16-45:03 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 47:04-47:18 | Overrule | 47:4-47:8 - FRE 403: The testimony at 31:17-32:22 duplicates the same testimony and the probative value. if any, is substantially outweighed by undue delay, wasting of time and/or needlessly presenting cumulative evidence. | No objection was made at the time of the testimony (and no prior testimony is identified). |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 47:22-50:23 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 51:03-51:23 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 52:03-52:15 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 53:06-53:11 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 53:21-55:11 | Overrule | 54:4-55:11 - The response exceeds the scope of the question - everything after "there was no need to perform that test" is non-responsive. | The testimony is responsive to the question. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 55:19-60:03 | Sustain | 55:19-55:23 - an answer without a question | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 60:05-60:11 | Overrule | Foundation - The witness has not established how he is knowledgeable with the specific test or the basis for his knowledge of the reason Bard had for performing for performing the test | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 60:14-60:21 | Overrule | Foundation - The witness has not established how he is knowledgeable with the specific test or the basis for his knowledge of the reason Bard had for performing for performing the test | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 78:02-78:12 | Overrule | 78:10-78:12 - Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter design or the ability to electropolish the filters prior to the Eclipse. | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 78:16-81:08 | Overrule | 80:17-81:08 - Responsiveness- the witness was asked what types of wire were tested and the does not identify the type of wire just the location on the wires that was tested | The testimony is responsive to the question. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 81:11-88:04 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 88:12-88:14 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter testing | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 88:18-89:23 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter testing | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 90:11-90:25 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter testing | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 91:04-91:10 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter testing | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 91:12-92:08 | Overrule | Responsiveness. Everything after "derived from a test on a Greenfield filter" exceeds the scope of the question asked. FRE 403- | The testimony is responsive to the question. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 92:12-93:15 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter testing | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 93:19-95:06 | | FRE 611(c)-leading. Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter testing. | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 95:13-95:14 | Overrule | FRE 611(c)-leading. Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter testing. | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 95:16-97:06 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the filter testing. | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 97:09-97:16 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 97:18-97:22 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter testing. | |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 97:25-98:07 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter testing. | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 98:09-98:14 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter design or the ability to electropolish the filters prior to the Eclipse. | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 98:16-98:19 | Overrule | Foundation -The witness has not established how he is knowledgeable with regard to the Eclipse filter design or the ability to electropolish the filters prior to the Eclipse. | |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 99:04-99:10 | Overrule | 99:8-99:10 -FRE 611(c)-leading - Assumes facts not in evidence that the new filters were "improved" filters. | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 99:13-101:09 | Overrule | 99:16-100:5 -FRE 401,402 -There is no relevance to whether all prototypes made it to market. 100:14-101:09 -FRE 401,402 -There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time. | Relevant to feasibility of alternative designs. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 101:15-101:16 | Overrule | There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time.C90 | Relevant to feasibility of alternative designs. Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 101:18-102:22 | Overrule | FRE 401, 402 -There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time C90 | Relevant to feasibility of alternative designs. Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 103:03-103:18 | Overrule | FRE 401, 402 - There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time. | Relevant to feasibility of alternative designs. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 103:25-104:02 starting with "what did" | Overrule | FRE 401,402 - There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time. | Relevant to feasibility of alternative designs. Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 104:04-106:05 | Overrule | FRE 401, 402 - There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time. | Relevant to feasibility of alternative designs. Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 106:07-107:09 | Overrule | FRE 401, 402 - There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time. | Relevant to feasibility of alternative designs. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 107:14-107:16 | Overrule | FRE 401, 402 - There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time. | Relevant to feasibility of alternative designs. Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 107:18-109:11 | Overrule | FRE 401, 402 - There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time. | Relevant to feasibility of alternative designs. Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 109:13-110:14 | Overrule | FRE 401, 402 - There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time. | Relevant to feasibility of alternative designs. The answer is responsive to the question. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 110:18-112:09 | Overrule | FRE 401, 402 - There is no relevance to the G3 testimony as is was not a predicate for the Eclipse or another filter. FRE 403 - The probative value , if any, is substantially outweighed by unfair prejudice, undue delay, and wasting of time. | Relevant to feasibility of alternative designs. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 112:16-112:19 | | | |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 113:16-116:19 | Overrule | 115:20-116:19 - Responsiveness. Everything after '"derived from a test on a Greenfield filter"" exceeds the scope of the question asked. FRE 403 -The testimony at 115:18-116:19 duplicates the same testimony and the probative value , if any, is substantially outweighed by undue delay, wasting of time and/or needlessly presenting cumulative evidence. | The testimony is responsive to the question. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 116:24-118:15 | | | |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 119:05-120:19 starting at Again | Overrule | 120:15-120:19 - FRE 611(c)-leading | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrej 11/06/2020 | 120:22-120:24 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 121:02-121:06 | | | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 121:10 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 121:12-121:15 | Overrule | FRE 611(c)-leading | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 121:21-121:24 | | | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 122:01-122:05 | Overrule | 122:3-122:5- FRE 611(c)-leading | Question is not leading. Question does not suggest the answer. |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 122_08 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 122:18-122:21 | | | |
| DEF AFFIRM | Chanduszko, Andrzej 11/06/2020 | 123:02-123:22 end at Thank you | | | |

Chanduszko 11.6.20

53

54

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | | | | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery filter and actions taken regarding that filter. Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2. The testimony is largely focused on alleged "bad acts" relating to the Recovery filter. | |
| PL AFFIRM | Ciavarella, David 03/01/2011 | 91:16-92:02 | | | |
| PL AFFIRM | Ciavarella, David 03/01/2011 | 93:03-95:04 | | | |
| PL AFFIRM | Ciavarella, David 03/01/2011 | 99:16-100 03 | | | |
| PL AFFIRM | Ciavarella, David 03/01/2011 | 110:24-112:05 | | | |
| PL COUNTER | Ciavarella, David 03/01/2011 | 111:10-112:05 | | | |
| PL COUNTER | Ciavarella, David 03/01/2011 | 112:06-112:22 | | | |
| PL AFFIRM | Ciavarella, David 03/01/2011 | 112:23-113:10 | | | |
| PL AFFIRM | Ciavarella, David 03/01/2011 | 121:25-122:10 end at "Yes." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Also to the extent the objection is overruled – incomplete and misleading answer. Complete answer is 122:11-12:13. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony involves the Recovery and the G2. The Recovery is the predicate device to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to if Bard acted as a reasonable medical device manufacturer, which are at issue. Everything after "yes" is non-responsive and the objection is made at 122:12-13 |
| DEF COUNTER | Ciavarella, David 03/01/2011 | 135:12-136:11 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 03/01/2011 | 136:13-138:04 "death" must be redacted on 136:15 and 137:17 | | | |
| DEF COUNTER | Ciavarella, David 03/01/2011 | 138:07-138:12 subject to objection | | | |
| PL AFFIRM | Ciavarella, David 03/01/2011 | 138:18-138:24 beginning with "Bard did not..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony involves the Recovery and the G2. The Recovery is the predicate device to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to if Bard acted as a reasonable medical device manufacturer, which are at issue. |
| DEF COUNTER | Ciavarella, David 03/01/2011 | 139:09-139:10 subject to objection | Overrule | Lack of foundation; calls for speculation; FRE 602 (lack of personal knowledge); Witness testified he does not have a specific recollection of "specific discussions about why there should or should not be a recall." 139:7-8; 137 5-9 ("there were so many of them for a while, and it was -- it was early on in my tenure there that I don't remember the details."). The recall decision was made by the VP of regulatory sciences after discussions that included the witness. 135:20-136:8. But the witness does not recall those discussions and he did not make the decision. The answer demonstrates that the witness is speculating: "I would conclude...". | |
| DEF COUNTER | Ciavarella, David 03/01/2011 | 139:12-140:04 subject to objection | Overrule | same objections as to 139 9 - 139:10, which are incorporated by reference here. | |

Ciavarella 3.1.11

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | | | | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery Filter and actions taken regarding that filter. Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2. The testimony is largely focused on alleged "bad acts" relating to the Recovery Filter. | |
| DEF COUNTER | Ciavarella, David 08/29/2012 | 5:06-5:11 | | | |
| PL AFFIRM | Ciavarella, David 08/29/2012 | 21:10-21:15 | | | |
| PL AFFIRM | Ciavarella, David 08/29/2012 | 35:17-36:05 Redact "filter death" (36:3) | | | |
| PL AFFIRM | Ciavarella, David 08/29/2012 | 36:08-36:19 Redact "death" (36:17) | | | |
| PL AFFIRM | Ciavarella, David 08/29/2012 | 39:25-40:12 | | | |
| PL AFFIRM | Ciavarella, David 08/29/2012 | 60:16 ending in "now to..." | Overrule | This testimony and document violate the MIL on Recovery migration deaths, unless the exhibit is properly redacted. This testimony and document violate the MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve death and does not involve the Recovery Filter. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropoligshing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to if Bard acted as a reasonable medical device manufacturer, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. The testimony addresses all failure modes; the witness testified that "all patients in whom a Recovery Filter is placed are potentially at risk for filter-associated adverse events." Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance and probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL AFFIRM | Ciavarella, David 08/29/2012 | 60:17 beginning with "your Health..." | Overrule | This testimony and document violate the MIL on Recovery migration deaths unless the exhibit. This testimony and document violate the MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve death and does not involve the Recovery Filter. | See response to objections to 60:16 above, which Plaintiff incorporates here. |
| PL AFFIRM | Ciavarella, David 08/29/2012 | 60:18-61:06 beginning with "December 17, 2004..." | Overrule | This testimony and document violate the MIL on Recovery migration deaths. This testimony and document violate the MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve death and does not involve the Recovery Filter. | See response to objections to 60:16 above, which Plaintiff incorporates here. |
| DEF COUNTER | Ciavarella, David 08/29/2012 | 61:07-61:10 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 08/29/2012 | 61:12-61:17 subject to objection | | | |
| PL COUNTER TO COUNTER | Ciavarella, David 08/29/2012 | 63:07-63:15 Redact "more deaths," (63:14) | | | |
| PL AFFIRM | Ciavarella, David 08/29/2012 | 67:09-68:07 beginning with "read to me on..." | Overrule | This testimony and document violate the MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve death and does not involve the Recovery Filter. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropoligshing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to if Bard acted as a reasonable medical device manufacturer, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| DEF COUNTER | Ciavarella, David 08/29/2012 | 68:08-68:12 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 08/29/2012 | 68:15-69:01 subject to objection | | | |

Ciavarella 8.29.12

55

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl COUNTER TO COUNTER | Ciavarella, David 08/29/2012 | 69:15-69:17 | | | |
| Pl COUNTER TO COUNTER | Ciavarella, David 08/29/2012 | 69:20-70:05 | | | |
| Pl COUNTER TO COUNTER | Ciavarella, David 08/29/2012 | 70:08 | | | |

Ciavarella 8.29.12

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | Ciavarella, David 11/12/2013 | 11:09-11:11 | | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery filter and actions taken regarding that filter. Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2. The testimony is largely focused on alleged "bad acts" relating to the Recovery filter. | The reference is not to cephalad migration death from the Recovery Filter. Judge Campbell recognized the relevance and probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10619) |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 13:12-13:19 beginning with "You've been with..." | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 36:14-37:03 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 42:22-43:08 | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 43:15-43:24 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 43:25-44:06 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 44:08-44:18 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 44:24-45:06 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 46:14-46:23 | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 57:02-57:16 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 58:23-59:12 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 60:09-61:17 | Overrule | FRE 403; Rules 601/602 & 701. Lacks foundation, witness does not have personal knowledge of subject matter; witness not an expert in this subject matter. | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 70:06-70:08 beginning with "you don't have." | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 70:11-70:13 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2014 | 77:01-77:09 | Sustain | Defendants object to line 77:01. Improper answer without a question designated. | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 80:04-80:13 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 83:06-83:08 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 83:11-83:16 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 84:10-84:15 beginning with "a medical doctor." | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter; calls for speculation by the witness. | Warnings and what medical professional knew or should have known directly relate to if Bard acted as a reasonable medical device manufacturer. Witness's job responsibility included review of product labeling, so he had to have knowledge of this subject to do his job. See, e.g., 20:7-14, see also 91:13-17; 92:18-24. Witness's job also included assessing as part of health hazard evaluation whether the risk is obvious to the implanting physician. 8/29/12 deposition at 60:16-61:6. Witness made decisions and recommendations with respect to the Recovery regarding implanting physician's role in integrating risk information and making decisions. 7/29/14 deposition at 164:24-165:6. Testimony designated by Bard establishes witness had knowledge of and was involved in warnings and the risk/benefit analysis of doctors related to same. E.g., 80:18-25. In fact, the witness conducted a focus group regarding how doctors evaluate the risk/benefit ratio with respect to the Recovery filter. See Bard's designation, 7/29/04 deposition at 140:1-19. Thus, witness has knowledge of this subject matter. The witness answered the question. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Ciavarella, David 11/12/2013 | 84:17-84:20 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Warnings and what medical professional knew or should have known directly relate to Bard acted as a reasonable medical device manufacturer. Witness's job responsibility included review of product labeling, so he had to have knowledge of this subject to do his job. See, e.g., 207:7-14, see also 91:13-17; 92:18-24. Witness's job also included assessing as part of health hazard evaluation whether the risk is obvious to the implanting physician. 8/29/12 deposition at 60:16-61:6. Witness made decisions and recommendations with respect to the Recovery regarding implanting physician's role in integrating risk information and making decisions. 7/29/14 deposition at 164:24-165:6. Testimony designated by Bard establishes witness had knowledge of and was involved in warnings and the risk/benefit analysis of doctors related to same. E.g., 80:18-25. In fact, the witness conducted a focus group regarding how doctors evaluate the risk/benefit ratio with respect to the Recovery filter. See Bard's designation, 7/29/04 deposition at 140:1-19. Thus, witness has knowledge of this subject matter. The witness answered the question. |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 84:22-85:03 subject to objection | Sustain in part. Add 86:07 and 86:08. | FRE 403: misleading and optional completeness: need to add witness answers to this at 85:16 & 86:8-8 (Witness says "I'm not sure." and "I don't know how to answer that question.") | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 86:08-86:16 begin at "whenever" | Sustain in part. Add 86:07 and 86:08. | FRE 403: misleading and optional completeness: need to add witness answers to this at 85:16 & 86:8-8 (Witness says "I'm not sure." and "I don't know how to answer that question.") | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 89:23-90:10 | Overrule | Lack of foundation. The witness cannot speak to what other device manufactures should or should not do. | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 90:12-90:16 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 90:24-91:17 beginning with "It has to..." | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 92:18-92:24 | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 94:11-95:01 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 104:16-104:18 beginning with "What is MAUDE?" | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 104:19-105:10 | Overrule | Rules 601/602 & 701. Lacks foundation, witness does not have personal knowledge of subject matter; witness not an expert in this subject matter. Witness repeatedly testified "probably" indicating lack of knowledge. | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 106:09-106:12 | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 106:15-106:23 | Overrule | 106:24-25; FRE 802: hearsay; Judge Campbell sustained this objection in the MDL Dkt. 10403 page 5. | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 126:18-127:01 beginning with "the..." | Overrule | This testimony is related to Recovery cephalad migrations. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter, cephalad migration, or death. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to if Bard acted as a reasonable medical device manufacturer, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 127:06-127:08 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 127:11-127:14 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 131:06-131:12 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 131:18-131:23 beginning with "one of the... " | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 154:11-155:17 beginning with "Why is a hard question..." | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 155:18-155:21 subject to objection | Overrule | FRE 401, 402, 403; testimony cut off in middle of question; improper testimony | |
| PL COUNTER TO COUNTER | Ciavarella, David 11/12/2013 | 155:22-156:02 | | | |
| PL COUNTER TO COUNTER | Ciavarella, David 11/12/2013 | 156:08-156:14 Theoretically | | | |

Ciavarella 11.12.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 156:24-157:03 beginning with "we do know..." | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 157:04-157:13 subject to objection | Overrule | Untimely designation pursuant to parties' agreement. | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 159:05-159:09 beginning with "we know..." ending with "Yes." | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 159:09 subject to objection | Overrule | Defendants have not moved for optional completeness. Nor would it be appropriate her. | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 159:15-160:02 beginning with "just comparing..." | | | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 161:21-162:05 | | | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 162:11-162:17 | | | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 168:06-168:09 | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 169:15-169:20 subject to objection Redact 169:18-20 | Sustain | FRE 401, 402, 403: no question asked; answer not responsive to statement by attorney; between attorney and witness - not proper testimony. | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 169:22-170:07 end at "patients" subject to objection | Sustain | FRE 401, 402, 403: no question asked, answer not responsive to statement by attorney; this is argument between attorney and witness - not proper testimony. No answer designated until after 3 more "questions" were asked. | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 170:21-170:23 subject to objection | Sustain | FRE 401, 402, 403: no question asked, answer not responsive to statement by attorney; this is argument between attorney and witness - not proper testimony. This is 3 lines of an answer with no question designated, after a back and forth argument between counsel and witness. | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 174:16-174:21 beginning with "by the..." Redact "and killing any body from 174:18-19 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter, cephalad migration, or death. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to if Bard acted as a reasonable medical device manufacturer, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. As redacted, the testimony does not reference cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 176:04-176:08 beginning with "the ..." | | | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 179:16-179:25 beginning with "eventually didn't..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter, cephalad migration, or death. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to if Bard acted as a reasonable medical device manufacturer, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. Migration is at issue in this case. |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 180:01-180:09 subject to objection | Overrule | FRE 403 | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 180:11-180:25 beginning with "I'm asking ." | | | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 181:05-181:08 | | | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 182:12-182:21 beginning with "you had..." | | | |
| PL. AFFIRM | Ciavarella, David 11/12/2013 | 184:25-185:11 | | | |

60

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Ciavarella, David 11/12/2013 | 186:05-186:11 beginning with "So, you know ..." | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 186:17-186:21 | | | |
| DEF COUNTER | Ciavarella, David 11/12/2013 | 186:23-186:25 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 250:02-250:05 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as such Bard acted as a reasonable medical device manufacturer, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. Witness's job responsibility included review of product labeling, so he had to have knowledge of this subject to do his job. See, e.g., 20:7-14; see also 91:13-17; 92:18-24. Witness's job also included assessing as part of health hazard evaluation whether the risk is obvious to the implanting physician. 8/29/12 deposition at 60:16-61:6. Witness made decisions and recommendations with respect to the Recovery regarding implanting physician's role in integrating risk information and making decisions. 7/29/14 deposition at 164:22-165:6. Testimony designated by Bard establishes witness had knowledge of and was involved in warnings and the risk/benefit analysis of doctors related to same. E.g., 80:18-25. In fact, the witness conducted a focus group regarding how doctors evaluate the risk/benefit ratio with respect to the Recovery filter. See Bard's designation, 7/29/04 deposition at 140:1-19. Thus, witness had knowledge of subject matter. |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 250:07-250:12 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | See response to objections to 250:02-250:05 above, which Plaintiff incorporates here. |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 250:14-250:15 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | See response to objections to 250:02-250:05 above, which Plaintiff incorporates here. |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 265:18-265:21 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 266:13-266:22 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 267:11-269:04 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 269:12-270:05 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 271:08-271:21 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 272:05-272:15 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 272:24-273:09 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 274:09-275:06 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 275:19-276:04 | | | |
| PL COUNTER TO COUNTER | Ciavarella, David 11/12/2013 | 276:05-277:05 (beginning with "when the") | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Ciavarella, David 11/12/2013 | 277:11-277:23 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 281:09-281:15 | Overrule | Duplicative-asked and answered-designated in a prior transcript. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the G2 filter, failure modes at issue, or use of a permanent filter. | Defendant's fail to identify where this testimony is designated in a prior transcript. Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and if Bard acted as a reasonable medical device manufacturer, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 282:02-282:08 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 283:05-283:14 | | | |
| PL COUNTER TO COUNTER | Ciavarella, David 11/12/2013 | 284:04-284:16 | | | |
| PL COUNTER TO COUNTER | Ciavarella, David 11/12/2013 | 299:09-300:07 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 359:14-359:20 beginning with "on this team...." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter, cephalad migration, fracture or a catastrophic event. | Testimony is not related to a particular filter or failure mode. The testimony shows that David Ciavarella was the only medical doctor evaluating filter failures and catastrophic events caused by Bard IVC filters. Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and if Bard acted as a reasonable medical device manufacturer, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 362:07-362:24 beginning with "you wrote...." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter, cephalad migration, or fracture. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Establishes that witness (medical director of Bard at time of Recovery) believes that it is not possible to predict which patient's filters will fracture, but that more frequent monitoring could prevent some adverse events by discovery of abnormal placements and/or of fractures. Despite witness's conveyance of this opinion to Bard, Bard has not communicated this to physicians, to the witness's knowledge. |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 363:08-363:16 | Overrule | This testimony relates to Recovery cephalad migration. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter, cephalad migration, or fracture. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Establishes that witness (medical director of Bard at time of Recovery) believes that it is not possible to predict which patient's filters will fracture, but that more frequent monitoring could prevent some adverse events by discovery of abnormal placements and/or of fractures. Despite witness's conveyance of this opinion to Bard, Bard has not communicated this to physicians, to the witness's knowledge. |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 364:04-365:02 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 366:01-367:05 | | | |
| PL AFFIRM | Ciavarella, David 11/12/2013 | 367:22-368:05 | | | |
| PL COUNTER TO COUNTER | Ciavarella, David 11/12/2013 | 371:23-372:03 | | | |
| PL COUNTER TO COUNTER | Ciavarella, David 11/12/2013 | 372.05 | | | |

Ciavarella 11.12.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | | | | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery filter and actions taken regarding that filter. Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2. The testimony is largely focused on alleged "bad acts" relating to the Recovery filter. | The references are not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevenceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10634) |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 45:23-46:07 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter or the Simon Nitinol Filter. Additionally, this testimony is duplicative of and cumulative of testimony previously designated from other depositions of this witness. | The testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2XEclipse. Any prejudice is not unfair. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 46:13-46:17 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter or the Simon Nitinol Filter. Additionally, this testimony is duplicative of and cumulative of testimony previously designated from other depositions of this witness. | The testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2XEclipse. Any prejudice is not unfair. |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 46:18-47:05 | | | |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 66:25-67:07 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | The testimony does not relate to a specific filter. Witness is identifying a document that he authored. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 67:18-68:04 beginning with "regardless of how…" | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | The witness is identifying a document. The testimony is not about a filter. The testimony is about the HHE, the purpose of the HHE, and who authored the HHE. Additionally, testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2XEclipse. Any prejudice is not unfair. |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 68:05-68:10 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 73:19-74:05 end at "have" subject to objection | Sustain | optional completeness: entire answer should be included | |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 75:15-75:21 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2XEclipse. Any prejudice is not unfair. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 77:16-77:23 Redact "and even potentially death" ("77:20-21) | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2XEclipse. Any prejudice is not unfair. |

Ciavarella 7.29.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Ciavarella, David 07/29/2014 | 79:17-80:05 beginning with "And you stated..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2XEclipse. Any prejudice is not unfair. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 90:11-90:25 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed.Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2XEclipse. Any prejudice is not unfair. |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 91:01-91:10 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 93:02-94:05 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 95:11-95:20 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 96:01 end at "me" subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 96:03-96:10 | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 109:07-111:21 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 114:03-114:12 subject to objection | | | |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 116:21-116:23 ending with "2004." | Overrule | This document and testimony violates the Court's ruling on the MIL regarding Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter, cephalad migration, or death. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2XEclipse. Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was axlited wlg redactions in Jones and Hyde. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 117:01-117:02 beginning with "That appears..." ending with "Evaluation" | Overrule | This document and testimony violates the Court's ruling on the MIL regarding Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter, migration, or death. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2XEclipse. Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was axlited wlg redactions in Jones and Hyde. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Ciavarella, David 07/29/2014 | 117:03-117:04 beginning with "Correct?" | Overrule | This document and testimony violates the Court's ruling on the MIL regarding Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve Recovery filter, cephalad migration, or death. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was aIitled wtig redactions in Jones and Hyde. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 117:09-117:15 beginning with "It appears..." Redact "and now ten reports associated with patient death." (117:12-13) | Overrule | This document and testimony violates the Court's ruling on the MIL regarding Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve Recovery filter, cephalad migration or death. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was aIitled wtig redactions in Jones and Hyde. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 117:16-118:05 beginning with "the..." | Overrule | This document and testimony violates the Court's ruling on the MIL regarding Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve Recovery filter, cephalad migration or death. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was aIitled wtig redactions in Jones and Hyde. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 118:06-119:01 beginning with "was he Dr..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve Recovery filter, cephalad migration or death. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was aIitled wtig redactions in Jones and Hyde. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 119:06-119:14 beginning with "what were..." ending with "overall." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve Recovery filter, cephalad migration or death. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevanceand probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was aIitled wtig redactions in Jones and Hyde. |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 119:25-120:01 SUBJECT TO OBJECTIONS RELATING TO LEHMANN REPORT | Taken Under Advisement | Addresses content of Lehmann report. If Plaintiff's designations on this report are deemed to be privileged, this should be, too. | |

Ciavarella 7.29.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Ciavarella, David 07/29/2014 | 120:11-120:16 SUBJECT TO OBJECTIONS RELATING TO LEHMANN REPORT | Taken Under Advisement | incomplete designation: only part of answer is designated. Addresses content of Lehman report: if Plaintiff's designations re this report are deemed to be privileged, this should be, too. | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 131:03-131:13 subject to objection | Sustain | Lack of foundation; FRE 602 (lack of personal knowledge); hearsay as to FDA statements; subject to objections, optional completeness: if played, entire answer should be included. | |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 135:02-135:25 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter and cephalad migration. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to consumer expectation, which are at issue. The G2/G2x/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance and probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was airlifted wig redactions in Jones and Hyde. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 137:10-138:13 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to consumer expectation, which are at issue. The G2/G2x/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 140:01-140:19 subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 142:03-142:04 end at "presentation" subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/28/2014 | 142:10-142:16 subjection to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 144:19-145:02 end at "this" subject to objection | Overrule | optional completeness: entire answer should be included | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 145:08-146:05 subject to objection | Sustain | FRE 802: hearsay Hearsay objection sustained by Judge Campbell. See MDL Doc. 12508 para. D.p. 6. No. 22 (holding 145:13-146:1 is hearsay). | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 148:22-149:14 begin at "But" subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 151:03-151:11 subject to objection | Sustain | FRE 802: hearsay; FRE 602 (lack of personal knowledge) | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 151:12-151:16 begin at "But no" Subject to objection | Sustain | FRE 802: hearsay; FRE 602 (lack of personal knowledge); subject to objections, optional completeness: "even death" needs to be included | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 152:20-152:21 end at "recall" Subject to objection | | | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 153:02-153:14 end at "be taken" Subject to objection | Sustain | optional completeness: entire answer should be included | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 156:08-156:19 Subject to objection | Sustain | 155:12-19: FRE 802: hearsay; FRE 602 (lack of personal knowledge) | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 156:25-157:06 end at "No" Subject to objection | Sustain | FRE 602 (lack of personal knowledge): witness does not remember without looking at meeting minutes (157:4-8); subject to objections, optional completeness: entire answer needs to be included. | |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 162:14-162:16 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony is the introduction of an exhibit. It does not involve a filter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Ciavarella, David 07/29/2014 | 163 08 ending with "is?" | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony is not about the Recovery filter. The testimony to identify what an exhibit is. Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 163:10-163.20 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony is not about the Recovery filter. The testimony to identify what an exhibit is. Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 164:15-165:06 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony is not about the Recovery filter. The testimony to identify what an exhibit is. Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 165:07-165:12 Subject to objection | Overrule | FRE 701 (improper opinion testimony by lay witness based on technical/legal knowledge) | |
| DEF COUNTER | Ciavarella, David 07/29/2014 | 165:23-166:06 This designation is made subject to the objection that Plaintiff s testimony violates the protective order entered in the MDL regarding the consultant report prepared by Dr. John Lehmann. If the objection is sustained, Bard withdraws this designation. | Overrule | FRE 701 (improper opinion testimony by lay witness based on technical/legal knowledge); | |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 167:05-167:17 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | The testimony is about the G2, the predicate device to the G2X and Eclipse. The G2, G2X, Eclipse are identical iecpt for a hook on top of the G2X and electropolishing for the Eclipse. |
| PL AFFIRM | Ciavarella, David 07/29/2014 | 168:12-170:06 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter, fracture, or cephalad migration. | Testimony is not about the Recovery filter. The testimony to identify what an exhibit is. Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |

Ciavarella 7.29.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL AFFIRM** | Ciavarella, David 07/29/2014 | 170:15-170:22 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter, fracture, or cephalad migration. | Testimony is not about the Recovery filter. The testimony to identify what an exhibit is. Testimony involves the Recovery, which is the predicate filter to the G2 and the G2 is the predicate device for the Eclipse. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| **PL AFFIRM** | Ciavarella, David 07/29/2014 | 171:12-171:14 beginning with "were you..." | Overrule | Cumulative and duplicative. This testimony is cumulative and duplicative of other testimony designated for this witness. | Defendants do not identified the duplicative testimony |
| **PL AFFIRM** | Ciavarella, David 07/29/2014 | 173:15-173:18 | | | |

Ciavarella 7.29.14

67

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | DeFord, John 06/02/2016 | 10:04-10:05 | | | |
| DEF AFFIRM | DeFord, John 06/02/2016 | 13:06-13:15 | | | |
| DEF AFFIRM | DeFord, John 06/02/2016 | 14:21-15:20 | | | |
| DEF AFFIRM | DeFord, John 06/02/2016 | 16:06-18:18 | | | |
| DEF AFFIRM | DeFord, John 06/02/2016 | 20:22-21:05 | | | |
| DEF AFFIRM | DeFord, John 06/02/2016 | 21:13-21:17 | | | |
| DEF AFFIRM | DeFord, John 06/02/2016 | 22:01-23:18 | | | |
| DEF AFFIRM | DeFord, John 06/02/2016 | 24:19-24:22 | | | |
| DEF AFFIRM | DeFord, John 06/02/2016 | 78:12-78:16 | | | |
| DEF AFFIRM | DeFord, John 06/02/2016 | 78:19-79:18 | | | |
| PL COUNTER | DeFord, John 06/02/2016 | 288:14-288:20 | | | |
| PL COUNTER | DeFord, John 06/02/2016 | 288:23-289:12 | | | |

DeFord 6.2.16

DeFord 8.15.19

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | DeFord, John 08/15/2019 | 7:16-16:09 | Overrule | [1] 11:7-16:09] FRE 401; not relevant. (16:07-16:09) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 16:12-21:11 | Overrule | (16:12-16:24) Lack of foundation; FRE 602. (16:25-17:07) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. Through the course of his career, the witness has had reason to keep abreast of medical literature and the medical community's experience as a whole with IVC filters in general and providing testimony regarding that experience and knowledge is directly relevant. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 21:14-22:16 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 22:19-24:01 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 24:04-24:07 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 24:09-24:18 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 24:21-26:01 | Overrule | (25:10-26:01) object to FDA testimony based on Plaintiff's anticipated 510k MIL. FRE 403- & 401 | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 26:04-26:12 | Overrule | (26:04-26:09) object to FDA testimony based on Plaintiff's anticipated 510k MIL FRE 403- & 401 | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 26:14-27:09 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 27:12-28:18 | Overrule | (28:16-28:18) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness is entitled to explain his answer. The witness has previously testified to his lengthy experience in the medical device industry and with IVC filters in general. He is speaking from personal knowledge of events that he was involved in. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 28:21-30:18 | Overrule | (28:21-29:21) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The testimony is directly responsive to the question asked. The witness is entitled to explain his answer. The witness has previously testified to his lengthy experience in the medical device industry and with IVC filters in general. He is speaking from personal knowledge of events that he was involved in. The witness is discussing facts that are well-established within the medical community and to which Plaintiff's own expert witnesses agree. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 30:20-30:25 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 31:23-32:10 | Overrule | (31:23-32:05) Lack of personal knowledge; FRE 602. speculation. Opinion testimony by a lay witness; FRE 701. (32:06-32:10) Lack of personal knowledge; FRE 602. speculation. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 32:13-32:20 | Overrule | (32:13-32:18) Lack of personal knowledge; FRE 602. speculation. Opinion testimony by a lay witness; FRE 701. (32:19-32:20) vague; unclear as to what "evolved over time" means. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The question is not vague. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 32:22-33:06 | Overrule | (32:22-32:24) vague: unclear as to what "evolved over time" means. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The question is not vague. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 33:11-33:25 | Overrule | (33:24-33:08) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in, as well as the medical literature that he is aware of on the topic of central venous pressure, which the Plaintiffs put directly at issue in this litigation. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 34:02-34:08 | Overrule | (34:02-34:08) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 37:03-37:14 | Overrule | (37:03-37:14) Lack of foundation, Lack of personal knowledge; FRE 602. Speculation. Opinion testimony by a lay witness; FRE 701. No scientific proof that filters including the Recovery filters save lives. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in, as well as the medical literature that he is aware of on the topic of central venous pressure, which the Plaintiffs put directly at issue in this litigation. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 38:14-39:17 | Overrule | (38:14-39:17) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | DeFord, John 08/15/2019 | 39:19-40:20 | Overrule | (39:19-40:16) Lack of foundation; FRE 602. Speculation. Narrative. (40:17-40:20) Lack of foundation; FRE 701. Speculation. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 40:23-42:16 | Overrule | (40:23-41:19) Lack of foundation; FRE 602. Speculation. Opinion testimony by a lay witness; FRE 701. (42:14-42:16) Leading. Lack of foundation; Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 42:19-43:18 | Overrule | (42:19-42:21) Leading. Lack of foundation; Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 50:08-50:12 | Overrule | (50:08-50:25) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 50:15-50:25 | Overrule | (50:08-50:25) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 51:01-51:05 | Overrule | (50:08-50:25) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 51:08-51:16 | Overrule | (51:01-51:12) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 51:18-52:19 | Overrule | (51:18-51:20) Lack of foundation; Lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. Speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 54:11-54:16 | Overrule | (54:11-54:16) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 54:19-55:06 | Overrule | (54:19-55:06) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 71:08-71:14 | Overrule | (71:08-71:14) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 71:16-72:02 | Overrule | (71:16-71:21) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (71:25-72:02) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 72:04-72:22 | Overrule | (71:04-72:22) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 72:25-74:08 | Overrule | (72:25-73:10) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (73:18-73:24) Object to FDA testimony based on Plaintiff's 510K MIL. FRE 403- & 401. (74:06-74:08) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |

DeFord 8.15.19

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | DeFord, John 08/15/2019 | 74:11-75:09 | Overrule | (74:11-74:16) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (75:06-75:09) Object to FDA testimony based on Plaintiff's 510k MIL, FRE 403- & 401. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. With respect to 510k/FDA evidence, Defendants incorporate by reference their response to Plaintiff's motion in limine. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 75:11-75:12 | Overrule | (75:11-75:12) Object to FDA testimony based on Plaintiff's 510k MIL, FRE 403- & 401 | Defendants incorporate by reference their response to Plaintiff's motion in limine. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 75:14-81:10 | Overrule | (75:14) Object to FDA testimony based on Plaintiff's 510k MIL, FRE 403- & 401. (77:10-77:15) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. (77:16-77:24) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. (77:25-78 06) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. (80:20-80:25) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. Defendants incorporate by reference their response to Plaintiff's motion in limine. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 81:13-82:02 | Overrule | (81:13-82:02) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. Defendants incorporate by reference their response to Plaintiff's motion in limine. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 82:05-82:06 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 82:10-82:25 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 83:03-83:14 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 83:19-84:14 | | | |
| DEF AFFIRM | DeFord, John 08/15/2019 | 84:24-87:11 | Overrule | (87:10-87:11) Lack of foundation; lack of personal knowledge; FRE 602. speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 87:14-87:19 | Overrule | (87:10-87:17) Lack of foundation; lack of personal knowledge; FRE 602. speculation. (87:18-87:19) Lack of foundation; lack of personal knowledge; FRE 602. speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 87:21-90:06 | Overrule | (87:21-87:22) Lack of foundation; lack of personal knowledge; FRE 602. speculation. (90 03-90 06) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 90:08-90:16 | Overrule | (90:08) Lack of foundation; FRE 602. (90:13-90:16) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 90:18-90:19 | Overrule | (90:18-90:19) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 90:22-90:25 | Overrule | (90:22) Lack of foundation; FRE 602. (90:23-90:25) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 91:02-92:08 | Overrule | (91:02) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |

DeFord 8.15.19

71

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | DeFord, John 08/15/2019 | 92:10-92:13 | Overrule | (92:12-92:13) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 92:15-95:13 | Overrule | (92:15-92:25) Lack of foundation; (94:01-94:06) Object to FDA testimony based on Plaintiff's 510k MIL FRE 403- & 401. (95:11-95:13) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. Misleading as the study had not concluded. FRE 403. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 95:16-96:02 | Overrule | (95:16-95:23) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. Misleading as the study had not concluded. FRE 403. (95:25-96:02) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. Assumes facts not in evidence. Leading. Counsel is testifying. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 96:04-96:24 | Overrule | (96:04-96:11) Lack of foundation; lack of personal knowledge; FRE 602. Opinion testimony by a lay witness; FRE 701. speculation. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 97:18-97:23 | Overrule | (97:21-97:23) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 98:01-98:07 | Overrule | (98:01-98:04) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (98:05-98:07) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 98:10-99:01 | Overrule | (98:10-98:16) Lack of foundation; FRE 602. (98:24-99:01) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 99:04-99:07 | Overrule | (99:04-99:07) Lack of foundation; FRE 602. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 99:09-99:13 | Overrule | (99:09-99:13) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 99:15-100:06 | Overrule | (99:15-99:17) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (100:05-100:06) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 100:08-100:14 | Overrule | (100:08-100:09) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (100:10-100:14) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 100:16-101:02 | Overrule | (100:16) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (100:17-100:23) Leading. Counsel is testifying. (100:24-101:02) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 101:04-101:08 | Overrule | (101:04) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (101:05-101:08) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| DEF AFFIRM | DeFord, John 08/15/2019 | 101:10-101:16 | Sustain | (101:10-101:16) Lack of foundation; FRE 602. Opinion testimony by a lay witness; FRE 701. (101:11-101:25) Relevance. FRE 401 | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |

DeFord 8.15.19

72

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | DeFord, John 08/15/2019 | 101:18-101:25 | Sustain | [101:18-101:25] Relevance. FRE 401 | The witness has previously testified to his lengthy experience in the medical device industry. He is speaking from personal knowledge of events that he was involved in. The Plaintiff has put these matters directly at issue in this litigation. Defendants are entitled to respond with a witness with extensive background and experience with these matters. |
| PL COUNTER | DeFord, John 08/15/2019 | 102:20-103:23 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 104:20-105:17 | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 105:18-105:24 | | The following testimony is designated by Defendants as necessary: 105:18-105:24 | |
| PL COUNTER | DeFord, John 08/15/2019 | 106:04-106:07 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 106:09-106:15 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 106:17-107:14 stopping at "Yeah" | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 107:13-107:14 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 108:05-108:22 stopping at "Correct" | Overrule | Object to the introduction of the article on the grounds that it is hearsay. Bard's designations at 86:01-90:06 do not address the content of the article (and it was not marked as an exhibit), but instead the circumstances surrounding it and Bard's interaction with the FDA. | Defendants discussed the Nicholson article at length on direct see 86:01-90:06 - Plaintiff's are cross exmining on the same article. Plaintiff is not seeking to introduce the article as an exhibit - this os proper See FRE 803(18). |
| PL COUNTER | DeFord, John 08/15/2019 | 109:02-109:21 | Overrule | Object to the introduction of the article on the grounds that it is hearsay. Bard's designations at 86:01-90:06 do not address the content of the article (and it was not marked as an exhibit), but instead the circumstances surrounding it and Bard's interaction with the FDA. | Defendants discussed the Nicholson article at length on direct see 86:01-90:06 - Plaintiff's are cross exmining on the same article. Plaintiff is not seeking to introduce the article as an exhibit - this os proper See FRE 803(18). |
| PL COUNTER | DeFord, John 08/15/2019 | 109:23 | Overrule | Object to the introduction of the article on the grounds that it is hearsay. Bard's designations at 86:01-90:06 do not address the content of the article (and it was not marked as an exhibit), but instead the circumstances surrounding it and Bard's interaction with the FDA. | Defendants discussed the Nicholson article at length on direct see 86:01-90:06 - Plaintiff's are cross exmining on the same article. Plaintiff is not seeking to introduce the article as an exhibit - this os proper See FRE 803(18). |
| PL COUNTER | DeFord, John 08/15/2019 | 110:04-110:13 | Overrule | Object to the introduction of the article on the grounds that it is hearsay. Bard's designations at 86:01-90:06 do not address the content of the article (and it was not marked as an exhibit), but instead the circumstances surrounding it and Bard's interaction with the FDA. | Defendants discussed Dr. Trerotola's participation in a FDA conference with Dr. Nicholson about his article at length on direct see 86:01-90:06 - Plaintiff's are cross examining on the same issue and referencing a learned treatise by Dr. Trerotola which cites the Nicholson article. Plaintiff is not seeking to introduce the article as an exhibit - this is proper See FRE 803(18). |
| PL COUNTER | DeFord, John 08/15/2019 | 110:15 "Yes" | Overrule | The following testimony is designated by Defendants as necessary: 110:15-110:16 | The testimony requested is not needed to complete the response . It is unsolicited and unsubstantiated hearsay. |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 110:15-110:16 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 110:21-111:25 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 112:08-115:21 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 116:13-117:19 stopping at "correctly" | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 127:02-128:03 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| PL COUNTER | DeFord, John 08/15/2019 | 128:09-129:01 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The following testimony is designated by Defendants as necessary: 129:02 - 129:07. | |

DeFord 8.15.19

73

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | DeFord, John 08/15/2019 | 129:11-130:21 "yes" | Sustained as to 130:08-24 | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The following testimony is designated by Defendants as necessary: 130:21 - 130:24. | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 130:21-130:24 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 132:20-132:23 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 133:23-134:10 | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 135:10-135:12 | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 135:14-135:15 | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 138:09-139:04 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 139:06-139:17 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness has never seen the document before. See 205:14-25. | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 140:10-140:15 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 141:06-141:12 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 152:04-152:15 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 155:12-155:16 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | DeFord, John 08/15/2019 | 156:04-156:16 Redacted 153:09-153:10 Start at "and ten". End at "that's fair" | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The following testimony is designated by Defendants as necessary: 156:16 - 156:20. Referring to the total adverse events does not open the door to Recovery migration deaths. | The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance and probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was admitted with redactions in Jones and Hyde. Adding 156:16-156:20 after requiring Plaintiff to remove the testimony as to known deaths would open the door to the death references. |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 156:16-156:20 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 157:24-158:03 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony relates to irrelevant and prejudicial evidence regarding the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403. The following testimony is designated by Defendants as necessary: 158:4 - 158:13. | The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance and probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). Adding 158:04-158:13 after requiring Plaintiff to remove the testimony as to known deaths would open the door to the death references. |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 158:04-158:13 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 158:10 "Nothing in this document" | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403. The following testimony is designated by Defendants as necessary: 158:4 - 158:13. | The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance and probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). Adding 158:04-158:13 after requiring Plaintiff to remove the testimony as to known deaths would open the door to the death references. |
| PL COUNTER | DeFord, John 08/15/2019 | 160:07-160:08 Stopping at "G2" | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 160:17-161:01 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 162:17-162:19 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 163:04-163:07 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 164:07-164:09 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 167:07-167:10 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 167:19-168:04 | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 168 08 "Stopping at "correctly" 168:08-168:10 | | The following testimony is designated by Defendants as necessary: 168:8 - 168:10. | |
| PL COUNTER | DeFord, John 08/15/2019 | 168:13-168:17 Starting at "he" | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 168:19-168:25 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | DeFord, John 08/15/2019 | 169:02-169:04 | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 174:06-174:11 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 178:22-179:11 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | |
| PL COUNTER | DeFord, John 08/15/2019 | 180:15-180:18 | | The following testimony is designated by Defendants as necessary: 180:19 - 181:01. | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 180:19-181:01 | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 182:02-182:06 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 183:04-183:12 Start at "There were" | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 182:02 - 182:6. The following testimony is designated by Defendants as necessary: 182:02 - 182:06. | |
| PL COUNTER | DeFord, John 08/15/2019 | 183:16-183:17 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 183:19-183:20 | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 201:23-202:18 | | | |
| PL COUNTER | DeFord, John 08/15/2019 | 202:19-203:15 | | The following testimony is designated by Defendants as necessary: 201:23 - 202:18. 203:25 - 204.04. | |
| PL COUNTER | DeFord, John 08/15/2019 | 203:17-203:25 | | The following testimony is designated by Defendants as necessary: 201:23 - 202:18. 203:25 - 204.04. 203:24 - 204:1. | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 203:25-204:05 | | | |
| DEF COUNTER TO COUNTER | DeFord, John 08/15/2019 | 208:22-208:23 | | | |

76

DeFord 8.15.19

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL BLANKET RESPONSE TO OBJECTIONS | | | | | Running Response to objections based on FRE 601, 602 & 612 related to lack of personal knowledge. The Plaintiff incorporates his Response to the Defendants Omnibus Motion in Limine # 7 and asserts the arguments made in opposition herein. The Federal Rules of Evidence do not prohibit a party from questioning witnesses about admissible documents the witness does not recall having seen before. "What if you had known" questions are acceptable. Id . at 459. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 7:11-7:14 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 7:18-7:20 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 13:07-14:04 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 14:14-14:17 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 14:16-15:18 Starting with "I think" | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 15:23-16:18 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 17:05-17:11 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 17:18-18:02 Starting with "What were" | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 18:16-18:19 Starting with "in that" | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 18:24-19:03 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 19:05-19:11 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 20:09-21:06 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 23:12-24:02 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 24:03-24:08 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 25:02-25:06 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 25:09-25:20 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 26:16-28:09 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 28:13-28:15 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 28:16-28:18 | | Please refer to the objections to 28:22-28:22 below. | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 28:21-29:01 | Sustain in part. Redact "like all trials." | FRE 401,402,403, 602, 701, 702 & 802 - 28:22-28:22 - "Like all trials" - his statement lacks a proper foundation and is speculation by the witness. He has not established his knowledge of all trials and the question was specific to Bard's own EVEREST trial. The assertion "like all trials" is hearsay. The testimony is not reliable, it is unfairly prejudicial, confusing and misleading. | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 44:12-44:21 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 44:22-45: 03 | Overrule | FRE 403, 602, 701 & 702 - 44:22-45:03 - The question is compound and there fore confusion and the witness misstates what a predicate device is. His statement lacks a proper foundation as he admits he does not know what the basis for being a predicate device is in the next question and answer - 45:4-45:14. The testimony is not reliable, it is unfairly prejudicial, confusing and misleading. FRCP 32(6) - if this testimony is admitted the Plaintiff contends that in fairness 45:4-45:10 and 45:13-45:14 should be presented at the same time to complete the testimony and avoid confusion or misleading the jury. | |

Edwards, Bill 4.11.17 PL

77

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Bill 04/11/2017 | 46:05-46:09 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked what Bard told him. That does not call for speculation. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 46:12-46:22 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked what Bard told him. That does not call for speculation. |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 48:03-48:06 | Sustain | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 48:22-48:23 | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness is asked about a document he specifically testifies that he has never seen before 48:3-6. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters, and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked what Bard told him. The question relates to a Bard document in which the company described and compare the Eclipse to the G2, products the witness was responsible for selling and it the questioning relates to the products. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 49:07-49:09 | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness is asked about a document that he has never seen before 48:3-6. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters, and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked what Bard told him. The question relates to a Bard document in which the company described the Eclipse and compared it design to the G2, products the witness was responsible for selling and the question relates to his knowledge regarding the products. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Bill 04/11/2017 | 49:21-50:15 | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness is asked about a document he specifically testifies that he has never seen before 48:3-6. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters, and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked what Bard told him. The question relates to a Bard document in which the company described the Eclipse filter and compare its design to the G2, products the witness was responsible for selling and the question relates to his knowledge regarding the products. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 50:18-51:19 | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness is asked about a document he specifically testifies that he has never seen before 48:3-6. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters, and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked what Bard told him and what Bard's policies were re: what was told to the direct sales personnel about the products the witness was responsible for selling and it the question relates to his knowledge regarding the products and Bard's conduct. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 52:21-53:02 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 53:06-53:24 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 54:03-55:03 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 55:06-55:17 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 55:20-55:22 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 56:07-56:13 | Sustain in part as to completeness. | FRCP 32(6) - If this testimony is admitted the Plaintiff contends that in fairness 56:21-56:24 should be presented at the same time to complete the testimony and avoid confusion or misleading the jury. | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 56:16-56:20 | Sustain in part as to completeness. | FRCP 32(6) - If this testimony is admitted the Plaintiff contends that in fairness 56:21-56:24 should be presented at the same time to complete the testimony and avoid confusion or misleading the jury. | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 57:01-57:15 | Sustain in part as to completeness. | FRCP 32(6) - If this testimony is admitted the Plaintiff contends that in fairness 57:16-58:1 should be presented at the same time to complete the testimony and avoid confusion or misleading the jury. | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 58:24-59:06 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 59:10-60:10 | Sustain | FRE 403 - The answer is nonresponsive, self serving and is unfairly prejudicial. | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Bill 04/11/2017 | 60:15-61:01 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 61:04-61:12 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 62:03-62:08 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |

81

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Bill 04/11/2017 | 62:11-63:10 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters  complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body, he testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 63:13-63:24 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters  complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 64:09-64:18 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters  complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 64:21-65:07 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 65:19-65:24 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 72:18-73:10 | Sustain | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. | This question is relevant to the witness' experience, his level of performance as a sales consultant for Bard, his potential bias and his credibility. It is not unfairly prejudicial. The testimony assists in explaining his credentials and relates to his familiarity with Bard's IVC Filter and the success of his interactions with the physicians in his territory. |

Edwards, Bill 4.11.17 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Edwards, Bill 04/11/2017 | 76:16-77:03 | | Please refer to the objections to 77:10-77:21, below. | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 77:06-77:21 | Overrule | FRE 403, 602, 701, 702 & 802 – 77:10-77:21 - Starting with "like all filters" and ending at "sources" is not responsive. The question is specific to the higher rate of failures for the Recovery filter as compared to other filters and his statements about the MAUDE data base lack a proper foundation and is speculation by this witness. His comments about the MAUDE data base are hearsay. The testimony is not reliable, it is unfairly prejudicial, confusing and misleading. | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 78:04-78:16 | Sustain | This designation violates the Court's ruling the MIL regarding Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter and/or death. This testimony is irrelevant and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant to the issue of negligence without regard to the existence of any punitive damage claim. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 78:19-79:02 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter and/or death. This testimony is irrelevant and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant to the issue of negligence without regard to the existence of any punitive damage claim. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 79:16-80:11 | Overrule | Rule 602 – witness does not have personal knowledge of this document. See, 79:15. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter and/or death. This testimony is irrelevant and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant to the issue of negligence without regard to the existence of any punitive damage claim. |

Edwards, Bill 4.11.17 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL AFFIRM** | Edwards, Bill 04/11/2017 | 80:14-81:02 | Overrule | Rule 602 - witness does not have personal knowledge of this document. See, 79:15. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter and/or death. This testimony is irrelevant and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |
| **PL AFFIRM** | Edwards, Bill 04/11/2017 | 81:05-82:01 | Overrule | Rule 602 - witness does not have personal knowledge of this document. See, 79:15. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter and/or death. This testimony is irrelevant and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |
| **DEF COUNTER** | Edwards, Bill 04/11/2017 | 83:01-83:06 | Sustain | FRE 403 - The proposed testimony is taken out of context and improperly edits the question asked. The proposed testimony changes the testimony by altering the context and meaning of the response. The proposed testimony improperly edits the question asked and changes the meaning and context of the response. As designated the testimony is unfairly prejudicial, misleading and likely to confuse the jury. FRCP 32(6) - If this testimony is admitted the Plaintiff contends that in fairness the entire question needs to be included beginning at 82:11-83:6 and the follow- up question and answer at 83:19-84:9 & 84:12-84:14 should be presented at the same time to complete the testimony and avoid confusion or misleading the jury. | |
| **DEF COUNTER** | Edwards, Bill 04/11/2017 | 83:10-83:18 | Sustain | FRE 403 - The proposed testimony is taken out of context and improperly edits the question asked. The proposed testimony changes the testimony by altering the context and meaning the response. As designated the testimony is unfairly prejudicial, misleading and likely to confuse the jury. FRCP 32(6) - If this testimony is admitted the Plaintiff contends that in fairness the entire question needs to be included beginning at 82:11-83:6 and the follow- up question and answer at 83:19-84:9 & 84:12-84:14 should be presented at the same time to complete the testimony and avoid confusion or misleading the jury. | |

Edwards, Bill 4.11.17 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Bill 04/11/2017 | 84:15-85:12 | Overrule | This designation violates the Court's ruling on the MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim. This case does not involve the Recovery filter and/or death. This testimony is irrelevant and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Rule 611 compound question. Rule 611 assumes facts not in evidence. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819). All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 85:17-86:03 Redact the word "death" at line 6. | Overrule | This designation and the exhibit violate the Court's ruling on the MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter and/or death. This testimony is irrelevant and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This questions asks the witness if he has training in statistics. IT does not reference any document of call for speculation. The inquiry is a follow-up to the previous comment regarding migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. [MDL Doc. 10819). The 12/17/2004 HHE was admitted with redactions in Jones and Hyde. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 86:11-86:22 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter and/or death. This testimony is irrelevant and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819). All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 87:03-87:10 | Overrule | This designation and the exhibit violate the Court's ruling on the MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter and/or death. This testimony is irrelevant and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Plaintiff incorporates his running response to objections from above as though fully stated herein. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery, G2, and G2X filters as predicate devices. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery, G2, and G2X filters' complications, testing and design is relevant and is not outweighed by any unfair prejudice. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819). All failures experienced by the predicate filters are relevant to the assessment of the defects in the design of the filter and warnings given about the filter and whether Bard acted with reasonable care. Mr. Peterson experienced migration, perforation embedment and fracture. A strut from the filter remains embedded in his L3 vertebral body. The testimony as to how Bard responded to the complications experienced in the predicate devices is directly relevant to whether the company acted with reasonable care as the Eclipse filter was the result of those decisions and the Defendants' conduct in response to those issues. The evidence is relevant the issue of negligence without regard to the existence of any punitive damage claim. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Edwards, Bill 04/11/2017 | 102:04-102:22 | Sustain | FRE 403 -The proposed testimony is taken out of context and improperly edits the question asked. The proposed testimony changes the testimony by altering the context and meaning the response. As designated the testimony is unfairly prejudicial, misleading and likely to confuse the jury. FRCP 32(6) - if this testimony is admitted the Plaintiff contends that in fairness the entire question needs to be included from the beginning at 101:15-102:07 to complete the testimony and avoid confusion or misleading the jury. | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 102:24-103:03 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness was shown a document that he specifically testified he's never seen before and plaintiff has designated portions of his testimony about that. See 99:20-99:24. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters, what Bard told him about the IVC falters and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked whether he told physicians the G2 had more complications that the Simon Nitinol Filter. That does not call for speculation. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 103:06-103:20 | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness was shown a document that he specifically testified he's never seen before and plaintiff has designated portions of his testimony about that. See 99:20-99:24. Additionally, lines 103:23-24 are a portion of a question and the testimony is nonsensical as designated. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters, what Bard told him about the IVC falters and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked whether he discussed with physicians that the G2 had more complications that the Simon Nitinol Filter. That does not call for speculation. |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 103:12-103:18 | Sustain | FRE 403 -Plaintiff objects to all cumulative testimony which repeats testimony designated and offered by Plaintiff during his direct examination. The probative value of such a duplicate presentation of testimony, if any, is substantially outweighed by undue delay, wasting of time and/or needlessly presenting cumulative evidence. The Plaintiff has introduced this question and the answer in his direct. With this designation the Defendant attempts to "borrow" the question from page 103 and graft it to a separate question and answer given on page 105. The result is the answer to 103:13-103:18 is not included and the Defense seeks to create new testimony which was not obtained during the deposition and was not subject to any possible objection or cross examination. As designated the testimony is unfairly prejudicial, misleading and likely to confuse the jury. | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 104:08-105:09 | Overrule | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 105:10-106:03 | Overrule | FRE 403 - The answer to 105:21-106:11 is nonresponsive, self serving and is unfairly prejudicial. The question specific as to whether the sales representative discussed complication rates other G2 or Recovery filter with implanting physician and does not ask about "the class of filters". | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 106:06-106:11 | Overrule | FRE 403 - The answer to 105:21-106:11 is nonresponsive, self serving and is unfairly prejudicial. The question specific as to whether the sales representative discussed complication rates other G2 or Recovery filter with implanting physician and does not ask about "the class of filters". | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 107:10-107:14 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 107:17-107:22 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 108:01-108:07 | | | |

Edwards, Bill 04/11/2017 IPI

86

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Bill 04/11/2017 | 108:08-108:15 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 109:02-109:15 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 109:22-110:03 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 110:13-110:16 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness is being asked to provide testimony regarding a document he specifically testifies that he has never seen before [111:2-3]. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This question and answer do not relate to any document and just asks the witness if he knows who another Bard employee is. It does not lack a proper foundation or call for speculation. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 110:21-111:10 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness is being asked to provide testimony regarding a document he specifically testifies that he has never seen before [111:2-3]. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters, what Bard told him about the IVC falters and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked what Bard told him. That does not call for speculation. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 111:24-112:18 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness is being asked to provide testimony regarding a document he specifically testifies that he has never seen before [111:2-3]. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters, what Bard told him about the IVC falters and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked what Bard told him. That does not call for speculation. |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 112:21-113:03 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness is being asked to provide testimony regarding a document he specifically testifies that he has never seen before [111:2-3]. | Plaintiff incorporates his running response to objections from above as though fully stated herein. This witness was a territory manager who was later promoted to field manager for Bard. As a territory manager and field manager he had responsibility for the direct sales of Bard's IVC filters to implanting physicians including Dr. Goodman, the physician who placed Mr. Peterson's filter. As a Field Manager he had the added responsibility of training other territory managers who sold Bard products including the IVC filters. As a sales representative directly responsible for selling the IVC filters to doctors and as a filed manager responsible for training other sales representative, what the witness knew about the IVC filters, what Bard told him about the IVC falters and what Bard did not tell him about the IVC filters is relevant to Bard's obligation to exercise reasonable care and whether Bard provided proper warnings regarding the IVC filters. The witness was asked what Bard told him. That does not call for speculation. |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 125:10-125:19 | Sustain | FRE 401,402,403, 602, 701, 702, 802 & 805 - 125:10-126:14 - The witness' testimony lacks a proper foundation and is speculation by the witness. He does not know if doctors or hospitals access the MAUDE data base, he doe snot know what conversations they have with colleagues of what representative so "different companies" tell them. The witness admits he "cannot speak to" their decision making process. The assertions "about conversations physicians or hospital staff may have with other is hearsay and hearsay within hearsay. The testimony is not reliable, it is unfairly prejudicial, confusing and misleading. | |

Edwards, Bill 4.11.17 PL

Edwards, Bill 4.11.17 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Edwards, Bill 04/11/2017 | 125:22-126:14 | Sustain | FRE 401,402,403, 602, 701, 702, 802 & 805- 125:10-126:14 - The witness' testimony lacks a proper foundation and is speculation by the witness. He does not know if doctors or hospitals access the MAUDE data base, he doe snot know what conversations they have with colleagues of what representative so "different companies" tell them. The witness admits he "cannot speak to' their decision making process. The assertions "about conversations physicians or hospital staff may have with other is hearsay and hearsay within hearsay. The testimony is not reliable, it is unfairly prejudicial, confusing and misleading. | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 126:15-127:10 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 127:13-128:09 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 128:12-128:14 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 140:18-140:24 Starting with "Would you" | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 141:03-141:07 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 141:08-141:13 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 141:16-141:20 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 145:11-147:03 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 147:06-147:09 | | | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 172:17-173:01 | Overrule | FRE 403 - The answer to the question at 172:17-173:01 is nonresponsive, self serving and is unfairly prejudicial. The question was specific as to what conversations the witness had with implanting physician or staff at the facility where the fitter was placed not for an explanation what he viewed his job responsibilities to be or how he believes doctors derive their decisions. FRE 401,402,403, 602, 701, 702, 802 & 805- 125:10-126:14 - The witness' testimony lacks a proper foundation and is speculation by the witness. He does not know "what doctors pick-up' etc., The witness previously testified he "cannot speak to" their decision making process. The testimony contains hearsay and hearsay within hearsay, it is unfairly prejudicial, confusing and misleading. | |
| DEF COUNTER | Edwards, Bill 04/11/2017 | 173:04-173:12 | Overrule | FRE 403 - The answer to the question at 172:17-173:01 is nonresponsive, self serving and is unfairly prejudicial. The question was specific as to what conversations the witness had with implanting physician or staff at the facility where the fitter was placed not for an explanation what he viewed his job responsibilities to be or how he believes doctors derive their decisions. FRE 401,402,403, 602, 701, 702, 802 & 805- 125:10-126:14 - The witness' testimony lacks a proper foundation and is speculation by the witness. He does not know "what doctors pick-up' etc., The witness previously testified he "cannot speak to" their decision making process. The testimony contains hearsay and hearsay within hearsay, it is unfairly prejudicial, confusing and misleading. | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 173:17-174:02 | | | |
| PL AFFIRM | Edwards, Bill 04/11/2017 | 174:05-174:06 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 7:18-7:20 | | | |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 20:01-21:12 | | | |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 21:24-22:13 | | | |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 23:12-23:18 | | | |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 37:19-38:02 | Overrule | Relevance questions/testimony relating to FDA 510k approval are not relevant as 510k clearance is not a determination of safety or effectiveness. Further, evidence or reference to 510k approval could mislead and confuse the jury. Plaintiff incorporates his Motion in Limine on the issue. | Defendant incorporates its Response to Plaintiff's Motion in Limine. |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 38:05-38:16 | Overrule | Relevance questions/testimony relating to FDA 510k approval are not relevant as 510k clearance is not a determination of safety or effectiveness. Further, evidence or reference to 510k approval could mislead and confuse the jury. Plaintiff incorporates his Motion in Limine on the issue. | Defendant incorporates its Response to Plaintiff's Motion in Limine. |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 38:19-39:05 | Overrule | Relevance questions/testimony relating to FDA 510k approval are not relevant as 510k clearance is not a determination of safety or effectiveness. Further, evidence or reference to 510k approval could mislead and confuse the jury. Plaintiff incorporates his Motion in Limine on the issue. | Defendant incorporates its Response to Plaintiff's Motion in Limine. |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 104:08-105:20 | | | |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 106:19-107:01 | | | |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 107:04-107:09 | | | |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 107:18-107:22 | | | |
| DEF AFFIRM | Edwards, Bill 04/11/2017 | 108:01-108:21 | | | |

Edwards, Bill 4.11.17 DEF

88

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **DEF BLANKET OBJECTION** | | | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 7:03-7:05 | | Bard objects to this testimony in its entirety. Ms. Edwards left 7 years before the Eclipse filter at issue in this case was implanted and her testimony relates to regulatory submissions regarding the Recovery filter. | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 22:11-22:14 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 23:03-23:04 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 23:07 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 26:17-26:19 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 32:08-32:22 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 34:12-34:20 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 35:09-35:14 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 35:20 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 36:10-36:14 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 38:04-38:21 | Overrule | Rules 401, 402, 403. Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct and efforts in development of the Recovery Filter (which is not at issue); Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. see 38:22-39:2. This testimony relates to a witness that left Bard 7 years before the plaintiff's filter was implanted and a regulatory submission related to the Recovery filter, which is not at issue in this case. This testimony has no relevance to the facts of this case, particularly given that plaintiff's punitive damages claim has been dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially the Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| **DEF COUNTER** | Edwards, Mary 01/20/2014 | 38:22-39:02 subject to objection | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 46:13-46:18 | | | |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 58:03-58:08 Redact "causing death" (58 5) | Sustain | Even with death redacted this testimony is not relevant to the issue or filter in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| **DEF COUNTER** | Edwards, Mary 01/20/2014 | 58:11-58:13 subject to objection Delete "another death from" on lines 11 and 12. On line 13 stop after clot | | | |
| **DEF COUNTER** | Edwards, Mary 01/20/2014 | 58:17-58:24 subject to objection | | | |

Edwards, Mary 1.20.14

89

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Mary 01/20/2014 | 59:24-60:06 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 60:07-60:17 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 69:09-69:15 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 69:17 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 69:19-69:23 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 69:24-70:06 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 70:07-71:03 | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 71:21-71:25 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 72:15-73:13 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 73:14-73:23 | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 74:02-74:08 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 74:09-74:12 | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 74:13-74:14 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 77:09-77:19 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 77:20-77:23 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 77:9-16. The witness is being asked about facts and circumstances about which she has no personal knowledge. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 77:24-78:11 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 78:12-79:04 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 77:9-78:2. The witness is being asked about facts and circumstances about which she has no personal knowledge. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 80:04-80:08 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 80:09-80:19 subject to objection | | | |

Edwards, Mary 1/20/2014

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Mary 01/20/2014 | 80:20-80:22 | Sustain | Improper designation. Plaintiff has designated an answer but not a question. | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 98:24-99:03 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 99:04-99:15 | Sustain | 99:12-15 non-responsive | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 99:17-100:01 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 100:02-100:06 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 118:15-118:23 | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 119:04-119:06 | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 156:16-156:21 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony relates to Bard's financial information, which is irrelevant, particularly with Plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 156:24 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony relates to Bard's financial information, which is irrelevant, particularly with Plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 157:01-157:07 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony relates to Bard's financial information, which is irrelevant, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 157:09-157:11 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony relates to Bard's financial information, which is irrelevant, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 187:22-188:03 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 188:04-188:08 subject to objection | Overrule | Rule 602 - calls for speculation | |

Edwards, Mary 1.20.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Mary 01/20/2014 | 193:08-193:13 | Overrule | This testimony relates to cephlad migration of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudical, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 197:20-198:01 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudical, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 199:13-200:01 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 200:02-200:07 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See page 199 and prior pages. The witness has repeatedly indicated she's not familiar with the document at issue. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudical, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 203:13-204:12 Redact "it also is a migration associated with a death," (203:19-20) & "this reported death in" (203:24-25) & "because now we have a death," (204:8) | Sustain | This designation is nonsensicle as edited and does not relate to issues in this case. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudical, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 204:18-204:25 Subject to objection Redact "deaths and" on line 22 | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 206:07-206:19 | Overrule | The document discussed violates the Court's Ruling on the MIl regarding Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudical, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 206:20-207:24 subject to objection | | | |

Edwards, Mary 1.20.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Edwards, Mary 01/20/2014 | 209:15-209:22 subject to objection delete "and deaths" on 209:17 | Sustain | 209:21-22 non-responsive | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 209:25-210:10 subject to objection | Sustain | 209:21-22 non-responsive | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 210:14-210:15 subject to objection | Sustain | 209:21-22 non-responsive | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 210:02-210:07 | Overrule | This testimony relates to cephalad migrations of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Plaintiff's counsel's questions related to migration and death, which are not at issue in this case, are overly prejudicial and not relevant, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 214:14-214:16 Starting at "How about" | Overrule | This testimony relates to cephalad migrations of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Plaintiff's counsel's questions related to migration and death, which are not at issue in this case, are overly prejudicial and not relevant, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 214:19-214:25 Redact "and an infinite number more deaths" (214:24) | Overrule | This testimony relates to cephalad migrations of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Plaintiff's counsel's questions related to migration and death, which are not at issue in this case, are overly prejudicial and not relevant, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 215:03-215:11 | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 215:12-216:04 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 216:05-216:09 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Plaintiff's counsel's questions related to migration and death, which are not at issue in this case, are overly prejudicial and not relevant, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 224:08-225:04 subject to objection | | | |

94

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Mary 01/20/2014 | 225:05-225:10 Redact "and deaths" (225:6) | Overrule | This testimony relates to cephalad migrations of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. Plaintiff's counsel's questions related to migration and death, which are not at issue in this case, are overly prejudicial and not relevant, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 230:07-230:11 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The witness is being asked about an email to which the witness was not a party and has no personal knowledge. The author of the email in question has been deposed and, if the Court allows testimony related to the Recovery filter and migration related fatalities, the email's author is the appropriate witness to testify regarding its contents. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 233:22-234:03 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 238:09-238:24 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 238:25-239:04 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 241:15-242:05 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 244:02-244:18 subject to objection | Overrule | 244:6-9 Rule 602 | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 244:19-244:23 subject to objection | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 241:15-242:5, 244:10-244:18. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 245:20-246:06 | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |

Edwards, Mary 1 20 14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 255:08-256:24 | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 241:15-24:25, 244:10-244:18. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue: Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 257:03-257:08 | Sustain | Rules 601/602 & 612 Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 241:15-24:25, 244:10-244:18. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue: Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 315:01-315:25 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue: Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 316:15-316:20 | Overrule | This testimony relates to cephalad migrations of the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue: Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| **PL AFFIRM** | Edwards, Mary 01/20/2014 | 322:01-322:20 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue: Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |

Edwards, Mary 1.20.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Mary 01/20/2014 | 323:20-323:25 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 331:13-331:24 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 332:01-332:04 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 332:05-334:06 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 334:24-335:04 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 335:14-335:18 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 335:18-335:21 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 336:18-337:03 subject to objection | Sustain | 336:21-337:2 – non-responsive | |

96

Edwards, Mary 1/20/14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Mary 01/20/2014 | 337:04-337:15 | Overrule | Argumentative and harassing. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. Further, the witness has established her knowledge of the subject matter of the question through her own testimony. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 337:19-337:20 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. Further, the witness has established her knowledge of the subject matter of the question through her own testimony. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 346:16-346:19 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 346:21-347:22 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 347:24-348:09 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 348:10-348:16 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. Further, the witness has established her knowledge of the subject matter of the question through her own testimony. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 349:02-349:21 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 349:23-350:01 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 350:02-350 07 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. Further, the witness has established her knowledge of the subject matter of the question through her own testimony. |

Edwards, Mary 1.20.14

98

Edwards, Mary 1.20.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Mary 01/20/2014 | 350:14-350:17 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. Further, the witness has established her knowledge of the subject matter of the question through her own testimony. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 350:18-350:22 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 350:23-350:25 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 353:07-353:12 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 353:14 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 353:15-353:22 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 353:25-354:01 subject to objection | | | |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 358:01-358:14 subject to objection | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Edwards, Mary 01/20/2014 | 358:15-358:25 Redact "deaths" (358:17) | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 365:20-365:17 subject to objection | | | |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 366:22-367:05 | Overrule | Rules 601/602 & 612 Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. She no longer worked at Bard when it was written. See, 366:5-7. The witness is asked about a document that post-dates her employment at Bard and about which she has no personal knowledge. See 366:1-7. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. Further, the witness has established her knowledge of the subject matter of the question though her own testimony. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 382:07-382:11 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. Further, the witness has established her knowledge of the subject matter of the question though her own testimony. |
| PL AFFIRM | Edwards, Mary 01/20/2014 | 382:13-382:18 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. The Recovery filter is not at issue in this case. This testimony is irrelevant, confusing, and overly prejudicial, particularly with plaintiff's punitive damages claim dismissed. | Fracture, migration, perforation and death are risks involved in the use of the Recovery and Eclipse filters and are relevant to whether there is a design defect. Fracture, migration, perforation and death are also dangers of the Eclipse filter that were known to Bard, and the risk of fracture, migration and death associated with the filters rendered the Eclipse and are relevant to each of Plaintiff's claim. The Eclipse is essentially a Eclipse design. Bard's entire case rests upon the idea that the filter was cleared by the FDA. The only Bard filter that was cleared, went through the 510(k) process that was pushed through by Susan Alpert, whom Bard hired after she left the FDA having been in charge of the medical device section. Everything that happened to the filter from the recovery to the Eclipse is relevant in this case because each filter is essentially the same with minor modifications. Further, the witness has established her knowledge of the subject matter of the question though her own testimony. |
| DEF COUNTER | Edwards, Mary 01/20/2014 | 382:19-382:21 subject to objection | | | |

100

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | | | | * Plaintiffs maintain that evidence of the 510(k) clearance process should be excluded in its entirety, as will be addressed in Plaintiffs' motion in limine. This designation is made conditionally and will be withdrawn if the Court grants Plaintiffs' motion to exclude such evidence. | |
| DEF BLANKET OBJECTION | | | | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery filter and actions taken regarding that filter. Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2. The testimony is largely focused on alleged "bad acts" relating to the Recovery filter. | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 6:24-7:02 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 7:08-7:10 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 14:13-14:23 beginning "You were..." | | | |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 14:18-15:08 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 36:15-37:02 | Sustain | Rules 401, 402, 403-there is no failure to recall claim. Testimony does not relate to filter at issue or time period when the filter at issue was on the market. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard's design and warning failures. |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 45:12-46:05 | Overrule | Rules 401, 402 and 403. There is no allegation in this case that the Eclipse filter was adulterated. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard's design and warning failures. |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 46:11-46:12 | Overrule | Rules 401, 402 and 403. There is no allegation in this case that the Eclipse filter was adulterated. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard's design and warning failures. |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 46:16-46:21 | Overrule | Rules 401, 402 and 403. There is no allegation in this case that the Eclipse filter was adulterated. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard's design and warning failures. |

Ganser 10.11.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 49:06-49:08 | Overrule | Rules 401, 402 and 403. There is no allegation in this case that the Eclipse filter was adulterated. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 49:15-49:21 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 50:11-50:24 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. [MDL Doc. 10819]. |
| Def. COUNTER | Ganser, Chris 10/11/2016 | 51:01-51:09 | Overrule | FRE 402/403: testimony regarding the FDA clearance process is irrelevant, and more prejudicial and potentially confusing than probative, for the reasons discussed in Plaintiff s motion in limine to exclude reference to the FDA clearance process. | |
| Def. COUNTER | Ganser, Chris 10/11/2016 | 52:02-53:07 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 53:08-54:01 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 54:15-54:24 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| Def. COUNTER | Ganser, Chris 10/11/2016 | 55:01-55:10 subject to objection | | | |

Ganser 10.11.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Ganser, Chris 10/11/2016 | 55:14-55:21 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 57:19-57:23* | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 58:10-58:14 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 58:17 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 71:05-71:18 beginning "I'm going..." | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 73:11-73:18 beginning "Avoid..." | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 74:12-74:19 beginning "You know..." | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 81:17-82:01 | Sustain | Rule 401, 502 and 403-the duty to warn in Oregon goes to the physician no the patient- this implies that Bard had a duty to the plaintiff | no such implication in the question. |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 83:04-83:09 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 83:21-84:05 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 94:21-95:09 Redact "about a death" | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 108:13-108:19 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 121:12-122:02 | | | |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 122:04-124:01 | Overrule | (122:04-14) Objection to designation of answer without a question. | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 123:19-124:10 | | | |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 125:12-125:18 | | | |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 126:02-126:10 | | | |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 128:02-128:15 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 133:09-133:23 Redact "and to potentially cause death" (133:12) | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 152:08-152:15 | Overrule | FRE 602/702: Witness lacks personal knowledge to answer and is not qualified as an expert to give this testimony. FRE 402/403: testimony that filters stop clots is inadmissible for the reasons discussed in Plaintiffs' omnibus motion in limine. | |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 156:24-157:07 subject to objections | Overrule | FRE 602/702: Witness lacks personal knowledge to answer and is not qualified as an expert to give this testimony. FRE 402/403: testimony that filters stop clots is inadmissible for the reasons discussed in Plaintiffs' omnibus motion in limine. | |

Ganser 10.11.16

102

Ganser 10.11.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL AFFIRM** | Ganser, Chris 10/11/2016 | 157:19-158:20 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| **PL AFFIRM** | Ganser, Chris 10/11/2016 | 170:13-170:22 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| **PL AFFIRM** | Ganser, Chris 10/11/2016 | 173:19-174:01 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| **PL AFFIRM** | Ganser, Chris 10/11/2016 | 174:15-174:22 beginning ("do you recognize") | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| **PL AFFIRM** | Ganser, Chris 10/11/2016 | 182:02-182:19 Redact 182:5-182:8 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. There is no allegation of internal bleeding in this case and witness is discussing the Recovery filter. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. Perforation by definition includes internal bleeding. It is a matter of degree only. The reference is not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The 12/17/2004 HHE was admitted with redactions in Jones and Hyde. |

103

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Ganser, Chris 10/11/2016 | 195:06-195:10 subject to objections | | | |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 195:12-195:16 subject to objections | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 199:08-199:17 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. There is no allegation of internal bleeding in this case and witness is discussing the Recovery filter. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard's design and warning failures. Mr. Peterson suffered serious life threatening gastrointestinal bleed from the filter perforating his duodenum. |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 208:23-209:07 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 209:22-210:02 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 211:20-212:13 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 212:16-212:20 | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 214:17-214:23 Starting with "So now" | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard's design and warning failures. |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 215:23-216:07 Redact "including one death" (216:1) | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard's design and warning failures. |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 217:02-217:07 subject to objections | | | |
| PL AFFIRM | Ganser, Chris 10/11/2016 | 237:18-238:02 Redact "and death" (237:23) & "or death" (238:2) | Overrule | Improper question–implies witness is not under oath. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Also, implies that duty to warn is to the patient. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard's design and warning failures. |

Ganser 10.11.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 238:04-238:05 | Overrule | Improper question–implies witness is not under oath. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Also, implies that duty to warn is to the patient. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 253:20-254:01 subject to objections | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 254:02-254:08 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture and embedment. This testimony goes directly to the issues of Bard s design and warning failures. |
| DEF COUNTER | Ganser, Chris 10/11/2016 | 254:09-254:16 subject to objections | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 291:14-292:03 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 293:05-293:12 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 295:15-296:01 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 296:08-296:16 Redact "or death" (296:14) | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 296:22-297:10 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 298:03-298:06 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 299:01-299:06 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 300:11-301:03 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 301:05-301:13 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 301:15-301:21 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 302:14-302:21 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 324:21-324:23 | | | |
| Pl. AFFIRM | Ganser, Chris 10/11/2016 | 326:23-327:09 | Sustain | Rules 401, 402 and 403 | The witness's hours of preparation with Bard lawyers goes to his credibility. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Garcia, David 6/18/2020 | 11:12-11:17 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 14:21-14:23 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 15:15-15:16 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 15:24-16:05 beginning with "And your" | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 16:14-16:21 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 16:22-17:01 beginning with "And where" | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 18:20-19:03 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 19:18-20:07 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 20:09-21:01 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 21:05-21:13 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 21:20-21:23 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 22:02-23:07 beginning with "Just Briefly" | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 23:08-23:16 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 23:17-24:07 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 24:21-25:14 beginning with "Just did" | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 25:24-26:18 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 26:22-29:01 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 29:07-29:12 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 29:21-30:17 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 31:01-32:23 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 33:22-34:02 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 34:06-34:15 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 35:24-37:11 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 38:20-39:14 | Overrule | Rule 611(c). Leading question of witness on direct. | |
| PL AFFIRM | Garcia, David 6/18/2020 | 39:18 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 39:20-40:07 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 40:09-40:22 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 41:03-41:06 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 42:04-42:08 | Overrule | Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 42:13-42:16 | Overrule | Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 42:21-50:15 | Overrule | (42:21-46:11) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Garcia, David 6/18/2020 | 51:03-57:25 | Overrule | (51:18-57:25) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 58:03-59:01 beginning with "Is a" | Overrule | Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 60:18-61:21 | Overrule | (60:18-61:21) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 62:14-65:03 | Overrule | (63:21-65:03) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 66:05-66:24 | Overrule | (66:29-66:24) Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 68:25-69:20 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 70:07-70:12 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 70:20-72:11 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |

Garcia 6.18.20

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Garcia, David 6/18/2020 | 72:23-73:25 | Overrule | (73:21-25) Rule 611(c) Leading question of witness on direct. Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 74:06-75:03 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. (74:6-10, 74:25-3) Rule 611(c ) Leading question of witness on direct | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 75:08-77:01 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. (75:8-10) Rule 611(c ) Leading question of witness on direct. (76:18-77:1) Leading question of witness is offering opinion on ultimate issue in the case. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 77:04-78:20 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. Rule 611(c ) Leading question of witness on direct, compound question, counsel is testifying. Rule 704 Witness is offering opinion on ultimate issue in the case. (78:05-78:24 (ending with "what")) Object to undisclosed expert opinion; Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402-403—testimony does not involve the filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting out the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery Filter is the initial predicate product for the G2 line of filters which includes the Eclipse. 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks-- as it is all risks upon which the doctors base their decision to implant. 4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |

Garcia 6.18.20

108

Garcia 6.18.20

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Garcia, David 6/18/2020 | 79:14-80:14 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. Rule 611(c) Leading question of witness on direct, compound question, counsel is testifying. Rule 704 Witness is offering opinion on ultimate issue in the case. (80:15-81:19) Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. (85:14-21) Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 81:24-85:21 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. Rule 611(c) Leading question of witness on direct, compound question, counsel is testifying. Rule 704 Witness is offering opinion on ultimate issue in the case. (85:14-21) Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 85:24-89:06 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. Rule 611(c) Leading question of witness on direct. Rules 401, 402, 403. Irrelevant and unfairly prejudicial. (88:20-89:06) Counsel is testifying Rule 611, compound question, leading, Rule 704 witness is offering opinion on the ultimate issue in the case. Counsel is making closing argument. Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Garcia, David 6/18/2020 | 89:10-90:06 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. Rule 611(c) Leading question of witness on direct. Rule 401, 402, 403. Irrelevant and unfairly prejudicial. Counsel is testifying Rule 611, compound question, leading. Rule 704 witness is offering opinion on the ultimate issue in the case. (89:10-23) Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 90:08-92:17 | Overrule | [90:08-91:17] Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 92:20-93:04 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 93:22-94:01 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Eclipse. 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been any since that time and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is to all risks-- as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 94:11-94:22 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 95:02-95:07 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 95:11-95:14 | Overrule | Rule 611(c ) Leading question of witness on direct. Question is compound, vague, and non-sensical. Answer is cut off and unclear. | This is a non leading question and the answer is relevant. The witness testifies that an RCT could have been performed on the Eclipse. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Garcia, David 6/18/2020 | 95:21-98:02 | Overrule | [96:10-98:2] Defendants object on the basis of Rules 401, 402, and 403, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 98:15-102:03 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands [98:15-100:18] Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. [101:21-102:3] Leading, compound question. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 102:09-103:03 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. (102:9) Leading, compound question. 102:20-103:17] Rule 704 Witness is offering opinion on the ultimate issue in the case. [103:18-104:21] Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |
| PL AFFIRM | Garcia, David 6/18/2020 | 103:07-103:14 | Overrule | Defendants object on the basis of Rules 401, 402, and 403. Medical literature from 2017, 2018, etc., has no relevance on Plaintiff's claims in this case, which are limited to negligent design and failure to warn claims. Any purported relevance, which is denied, is outweighed by the prejudice and confusion caused by introduction of this literature, as the body of medical literature is constantly evolving and growing, and there are many articles on both sides of this "efficacy" debate. Injection of these articles significantly expands the scope of evidence at this trial, while obfuscating the facts that are actually relevant to Plaintiff's claims, i.e., that Bard was negligent in the design or warning of the filter in 2010, which is when it was implanted in Plaintiff. Particularly given that plaintiff's punitive damages claim has been dismissed, any relevance, which is denied, is outweighed by prejudice and confusion. (102:20-103:17] Rule 704 Witness is offering opinion on the ultimate issue in the case. [103:18-104:21] Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. 2. Of course medical literature regarding efficacy of filters is relevant to whether or not filters are efficacious. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **Pl. AFFIRM** | Garcia, David 6/18/2020 | 112:03-112:17 | Sustain | Rules 401, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter, nor does it involve morbidly obese patients." | 1. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy, Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 2. This goes to the risk of the filter involved whether specific to this patient's obesity. |
| **Pl. AFFIRM** | Garcia, David 6/18/2020 | 113:08-113:19 | Sustain | [113:15-113:19) Rules 401, 402, 403 Irrelevant and unfairly prejudicial. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter, nor does it involve morbidly obese patients." | 1. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy, Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 2. This goes to the risk of the filter involved whether specific to this patient's obesity. |
| **Pl. AFFIRM** | Garcia, David 6/18/2020 | 113:23-114:02 | Sustain | (113:23-114:2) Rules 401, 402, 403 Irrelevant and unfairly prejudicial. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter, nor does it involve morbidly obese patients." | 1. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy, Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 2. This goes to the risk of the filter involved whether specific to this patient's obesity. |
| **Pl. AFFIRM** | Garcia, David 6/18/2020 | 114:05-114:09 | Sustain | Rules 401, 402, 403 Irrelevant and unfairly prejudicial. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter, nor does it involve morbidly obese patients." | 1. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy, Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 2. This goes to the risk of the filter involved whether specific to this patient's obesity. |
| **Pl. AFFIRM** | Garcia, David 6/18/2020 | 114:11-114:22 | Sustain | These opinions and subject matter was not properly and timely disclosed by the witness in his MDL report and, pursuant to the procedure and rules employed by Judge Campbell, should not be admissible. (114:18-114:22) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter, nor does it involve morbidly obese patients." | 1. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy, Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 2. This goes to the risk of the filter involved whether specific to this patient's obesity. |
| **Pl. AFFIRM** | Garcia, David 6/18/2020 | 114:25-116:05 | Overrule | These opinions and subject matter was not properly and timely disclosed by the witness in his MDL report and, pursuant to the procedure and rules employed by Judge Campbell, should not be admissible. (115:16-116:5) Leading. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia is expert report in the MDL. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter, nor does it involve morbidly obese patients." | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Eclipse. 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy, Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks– as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Garcia, David 6/18/2020 | 116:08-116:25 Redact "of deaths" (116:23) | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve morbidly obese patients." | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Eclipse. 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is to as all risks– as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 117:03-117:21 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Defendants also object because this testimony violates a protective order on the Lehmann Report. Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. 117:10-117:21-this testimony violates Judge Campbell's ruling the consultant's report is protected work product. See, MDL docket 699. It would be highly prejudicial for this expert to testify about the consultant's report when Bard has no way to respond without waiving the work product privilege. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Eclipse. 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is to as all risks– as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. 5. Judge Campbell ruled that the document discussed (December 2004 HHE) was admissible and it came into evidence in all three trials. Bard repeatedly attempts to keep this document out. The document Judge Campbell kept out was the actual Lehman report but ruled the parties could discuss the findings of the report. This has been ruled in plaintiff's favor ad nauseam. |
| PL AFFIRM | Garcia, David 6/18/2020 | 119:15-120:06 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Defendants also object because this testimony violates a protective order on the Lehmann Report. The language "which summarizes the finding of the outside scientist" must be removed in accordance with the protective order. Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Eclipse. 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is to as all risks– as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot fomation report was timely as well. All were provided well before this preservation deposition. |

Garcia 6.18.20

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl. AFFIRM | Garcia, David 6/18/2020 | 120:08-120:13 | Overrule | Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Eclipse 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy, Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is to as all risks-- as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| Pl. AFFIRM | Garcia, David 6/18/2020 | 120:20-122:03 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Eclipse 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy, Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is to as all risks-- as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| Pl. AFFIRM | Garcia, David 6/18/2020 | 122:06-124:09 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Object to undisclosed expert opinion. (124:4-124:9) Leading, assumes facts not in evidence. Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Eclipse 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy, Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is to as all risks-- as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Garcia, David 6/18/2020 | 124:13-126:17 Redact "and death" (126:10) | Sustain | (124:13-124:16) Leading, assumes facts not in evidence. (126:16-127:4) Leading. Counsel is testifying. Rules 401, 420, 403. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. (124:13-20; 125:2-127:23) Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | 1. Whether the product is efficacious (whether it works/saves lives) is relevant to the case and the evaluation of risk/benefit. There is no evidence that the filter is efficacious and this world renowned researcher is setting our the basis for those opinions. This goes to liability for actual damages not punitive damages. The Recovery filter is the initial predicate product for the G2 line of filters which includes the Eclipse 2. The Recovery filter's efficacy or lack thereof is relevant to this Eclipse filter because it was during the Recovery evaluation that Bard conducted an analysis as to whether any filter had proven efficacy. Dr. Garcia's testimony is that there has not been since the Recovery and other filter efficacy was studied internally and by its consultants at that time, there have been no randomized controlled trials and therefore no high quality evidence of efficacy in this filter either based on the facts starting with the Recovery. 3. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks-- as it is all risks upon which the doctors base their decision to implant.4. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 140:14-142:05 | Overrule | Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. (141:17-142:5) Leading. Rules 401, 402, 403-- Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. "This case does not involve the Recovery Filter." | This area of testimony is related to the filter at issue and it gives background and the basis for the witness's testimony as to efficacy.Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 142:08-142:13 | Overrule | Leading, cumulative. Rule 704 the witness is offering opinion on the ultimate issue in the case. Rules 401, 402, 403-- Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. "This case does not involve the Recovery Filter." | It is a nonleading question. The doctor is testifying as to efficacy. It is completely appropriate and exactly what the witness was designated to testify about. It has nothing to do with punitive damages. It is an efficacy question. |
| PL AFFIRM | Garcia, David 6/18/2020 | 142:19-143:09 | Overrule | (143:15-17) Leading. | These are all non leading questions. |
| PL AFFIRM | Garcia, David 6/18/2020 | 144:02-144:11 | Overrule | Leading, (144:2-11) Rule 601/502 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia s expert report in the MDL. | Nonleading. He is an expert and has knowledge of this subject matter. He is an expert and doesn t need personal knowledge of facts in literature. These opinions were disclosed. |
| PL AFFIRM | Garcia, David 6/18/2020 | 144:14-147:14 | Overrule | Leading, Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Non-disclosure, (144:14-147:01) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia s expert report in the MDL | Nonleading. He is an expert and has knowledge of this subject matter. He is an expert and doesn t need personal knowledge of facts in literature. These opinions were disclosed. |
| PL AFFIRM | Garcia, David 6/18/2020 | 147:17 | Overrule | Leading. | this is an answer. |
| PL AFFIRM | Garcia, David 6/18/2020 | 147:19-148:10 | Overrule | Compound question. (148:8-10) Leading. | Neither compound nor leading. |
| PL AFFIRM | Garcia, David 6/18/2020 | 148:13-149:06 | Overrule | (149:1-6) Leading. | This is a full section of many questions and answers. None are leading but if any were the defense would need to point out which one or ones were. |
| PL AFFIRM | Garcia, David 6/18/2020 | 149:10-149:13 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 151:10-151:20 | | | |
| PL AFFIRM | Garcia, David 6/18/2020 | 155:04-155:13 | Overrule | Rules 401, 402, and 403. Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403-- Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. "This case does not involve the Recovery Filter." | Bard claims its Recovery is substantially equivalent to the G2 and therefore the Eclipse which is essentially the same filter. The question is answered that the Recovery and therefore the Eclipse can form clots and overwhelm filters. Dr. Garcia goes into detail about the product's value outweighing its risks, and training in hematology to explain how a filter creates clots and can overwhelm filters. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks-- as it is all risks upon which the doctors base their decision to implant. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| DEF COUNTER | Garcia, David 6/18/2020 | 155:14-155:20 | Overrule | Speculation | |

Garcia 6.18.20

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Garcia, David 6/18/2020 | 155:21-156:11 | Overrule | Rules 401, 402, and 403. Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." (156:8-11) Leading. | Bard claims its Recovery is substantially equivalent to the G2 and therefore the Eclipse which is essentially the same filter. The question is answered that the Recovery and therefore the Eclipse can form clots and overwhelm filters. Dr. Garcia goes into detail using Bard's own documents and his scientific training and training in hematology to explain how a filter creates clotes and can overwhelm filters. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks – as it is all risks upon which the doctors base their decision to implant. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 156:24-158:14 | Overrule | Rules 401, 402, and 403. Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Leading. (157:13-17) Violates MDL protective order regarding the Lehmann Report. (158:8-14) Leading. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | As to the Lehman issue Bard is dead wrong. The Recovery HHE was allowed in in every MDL trial. Bard claims its Recovery is substantially equivalent to the G2 and therefore the Eclipse which is essentially the same filter. The question is answered that the Recovery and therefore the Eclipse can form clots and overwhelm filters. Dr. Garcia goes into detail using Bard's own documents and his scientific training and training in hematology to explain how a filter creates clotes and can overwhelm filters. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks – as it is all risks upon which the doctors base their decision to implant. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 158:17-159:08 | Overrule | Rules 401, 402, and 403. Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Leading. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | Bard claims its Recovery is substantially equivalent to the G2 and therefore the Eclipse which is essentially the same filter. The question is answered that the Recovery and therefore the Eclipse can form clots and overwhelm filters. Dr. Garcia goes into detail using Bard's own documents and his scientific training and training in hematology to explain how a filter creates clotes and can overwhelm filters. All failure modes are at issue because the jury will be deciding the risk/benefit and that is as to all risks – as it is all risks upon which the doctors base their decision to implant. Witness fully disclosed his opinions timely and updated his opinions in accordance with the MDL orders on new data such as new studies. Several courts have ruled that the clot formation report was timely as well. All were provided well before this preservation deposition. |
| PL AFFIRM | Garcia, David 6/18/2020 | 159:11 | Overrule | Rules 401, 402, and 403. Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Leading. Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. | Witness is answering a relevant question. These opinions were disclosed. |
| PL AFFIRM | Garcia, David 6/18/2020 | 159:13-161:01 | Overrule | (160:2-161:1) Rules 401, 402, and 403. Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. (160:2-161:01) Object to undisclosed expert opinion: Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | Witness is answering a relevant question. These opinions were disclosed. |
| PL AFFIRM | Garcia, David 6/18/2020 | 161:04-161:08 | Overrule | Leading. Object to undisclosed expert opinion. Defendants object because the opinions in this testimony were not disclosed in Dr. Garcia's expert report in the MDL. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | Witness is answering a relevant question. |
| PL AFFIRM | Garcia, David 6/18/2020 | 166:04-166:11 | Overrule | From page 162 line 15 through page 165 line 25 defense counsel goes into a strange set of questions about COVID and the scheduling of this deposition apparently intended to harass the witness. None of it is relevant. Objection relevance. | |
| DEF COUNTER | Garcia, David 6/18/2020 | 166:14-166:19 | Overrule | From page 162 line 15 through page 165 line 25 defense counsel goes into a strange set of questions about COVID and the scheduling of his deposition apparently intended to harass the witness. None is relevant. Objection relevance. | |
| DEF COUNTER | Garcia, David 6/18/2020 | 167:17-167:20 | Overrule | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 168:08-171:03 | Overrule | Objection as to the Cook questioning page 170:22-171.03 Relevance. | Goes to bias, and Court denied the MIL on this issue. |

Garcia 6.18.20

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Garcia, David 6/18/2020 | 171:07-171:21 | Overrule | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 171:24 | Overrule | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 172:02-172:06 | Overrule | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 172:08-172:13 | Overrule | Objection as to the Cook questioning. Relevance. Objection as to the lawyers who are questioning being the same. Relevance. | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 173:03-173:14 | Overrule | Objection as to the Cook questioning. Relevance. Objection as to the lawyers who are questioning being the same. Relevance. | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 173:17-174:02 | Overrule | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 174:04-174:08 | Overrule | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 174:15-174:17 | Overrule | Objection as to the Cook questioning. Relevance. | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 174:20-175:03 | Overrule | Relevance | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 175:05-175:10 | Overrule | Relevance | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 175:14-175:21 | Overrule | Relevance | Goes to bias |
| DEF COUNTER | Garcia, David 6/18/2020 | 175:24-176:13 | Overrule | 178:20-179:4: Objection Cook testimony not relevant. | Goes to bias, and Court denied the MIL on this issue. |
| PL AFFIRM | Garcia, David 6/18/2020 | 176:14 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 177:08-178:22 | Overrule | Cook testimony not relevant. | Goes to bias, and Court denied the MIL on this issue. |
| DEF COUNTER | Garcia, David 6/18/2020 | 178:25-179:20 | Overrule | 180:14-22--Objection. Surgeon general questions and testimony not relevant and the prejudice outweighs any relevance. hearsay | Goes to knowledge in the medical community and an expert can be impacted with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 179:23-180:22 | Overrule | Objection as to Surgeon General Call to action relevance and prejudice outweighs relevance. | Goes to knowledge and an expert can be impeached with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 181:02-181:16 | Overrule | Objection as to Surgeon General Call to action relevance and prejudice outweighs relevance. | Goes to knowledge and an expert can be impeached with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 181:19-182:16 | Overrule | Objection as to Surgeon General Call to action relevance and prejudice outweighs relevance. | Goes to knowledge and an expert can be impeached with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 182:18-183:17 | Overrule | Objection as to Surgeon General Call to action relevance and prejudice outweighs relevance. | Goes to knowledge and an expert can be impeached with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 183:19-184:02 | Overrule | Objection as to Surgeon General Call to action relevance and prejudice outweighs relevance. | Goes to knowledge and an expert can be impeached with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 184:04-184:13 | Overrule | Objection as to Surgeon General Call to action relevance and prejudice outweighs relevance. Objection as to anticoagulation evidence. Not relevant. | Goes to knowledge and an expert can be impeached with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 184:17-184:19 | Overrule | Objection as to Surgeon General Call to action relevance and prejudice outweighs relevance. Objection as to anticoagulation evidence. Not relevant. | Goes to knowledge and an expert can be impeached with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 184:21-184:23 | Overrule | Objection as to Surgeon General Call to action relevance and prejudice outweighs relevance. Objection as to anticoagulation evidence. Not relevant. | Goes to knowledge and an expert can be impeached with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 185:07-186:11 | Overrule | Objection as to Surgeon General Call to action relevance and prejudice outweighs relevance. Objection as to anticoagulation evidence. Not relevant. | Goes to knowledge and an expert can be impeached with hearsay. |
| DEF COUNTER | Garcia, David 6/18/2020 | 186:14-190:03 | Overrule | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant as an issue in this case is Mr. Peterson's use of anticoagulants and the amount in his system when the he was hospitalized - the incident Plaintiff claims was cause by his Eclipse filter. |
| PL AFFIRM | Garcia, David 6/18/2020 | 187:25 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 190:05-194:05 | Overrule | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant as an issue in this case is Mr. Peterson's use of anticoagulants and the amount in his system when the he was hospitalized - the incident Plaintiff claims was cause by his Eclipse filter. |
| DEF COUNTER | Garcia, David 6/18/2020 | 194:07-194:12 | Overrule | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant as an issue in this case is Mr. Peterson's use of anticoagulants and the amount in his system when the he was hospitalized - the incident Plaintiff claims was cause by his Eclipse filter. |
| DEF COUNTER | Garcia, David 6/18/2020 | 194:14-195:16 | Overrule | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant as an issue in this case is Mr. Peterson's use of anticoagulants and the amount in his system when the he was hospitalized - the incident Plaintiff claims was cause by his Eclipse filter. |
| DEF COUNTER | Garcia, David 6/18/2020 | 195:18-197:10 | Overrule | 197:1-25; Obj relevance as to anticoagulation. Obj 198:11-199:19 Obj as to relevance anticoagulation. | Directly relevant as an issue in this case is Mr. Peterson's use of anticoagulants and the amount in his system when the he was hospitalized - the incident Plaintiff claims was cause by his Eclipse filter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Garcia, David 6/18/2020 | 197:12-199:19 | Overrule | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant as an issue in this case is Mr. Peterson's use of anticoagulants and the amount in his system when the he was hospitalized – the incident Plaintiff claims was cause by his Eclipse filter |
| DEF COUNTER | Garcia, David 6/18/2020 | 199:24-203:13 | Overrule | Objection as to relevance. Anticoagulation is not relevant as this filter was not to be placed if a patient could be anticoagulated. | Directly relevant as an issue in this case is Mr. Peterson's use of anticoagulants and the amount in his system when the he was hospitalized – the incident Plaintiff claims was cause by his Eclipse filter |
| DEF COUNTER | Garcia, David 6/18/2020 | 203:15-203:25 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 204:24-207 06 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 207:08-209 05 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 209:07-209:17 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 209:19-210:17 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 210:19-213 05 | Overrule | Obj 212 line 23-213:08 Dr Streiff is not relevant and the Court granted Plaintiff's MIL 6 as to experts not called to testify, Transcript PTC 4/20/21 at 609. | |
| DEF COUNTER | Garcia, David 6/18/2020 | 213:07-214:22 Bard designates this only if the witness is allowed to testify about literature that postdates the implant during direct. | Overrule | Obj 212 line 23-213:08 Dr Streiff is not relevant and the Court granted Plaintiff's MIL 6 as to experts not called to testify, Transcript PTC 4/20/21 at 609. | |
| DEF COUNTER | Garcia, David 6/18/2020 | 214:24-216:19 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 216:22-218:10 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 218:22-223:05, Bard designates this only if the witness is allowed to testify about literature that postdates the implant during direct. | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 223:10-227:07, Bard designates this only if the witness is allowed to testify about literature that postdates the implant during direct. | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 228:07-236:19 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 236:21-242:06 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 242:09-253:09 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 253:11-255:04 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 255:10-256:14 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 256:16-259:09 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 259:11-260:03 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 260:05-260:11 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 260:13-262:03 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 265:04-265:15 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 271:11-271:16 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 271:25-272:18 | | | |
| DEF COUNTER | Garcia, David 6/18/2020 | 281:13-281:21 | | | |

Garcia 6.18.20

118

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Garcia, David 6/18/2020 | 283:03-283:13 | | | |

Garcia 6.18.20

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL RUNNING RESPONSE TO OBJECTIONS | | | | | Running Response to objections based on leading: The essential test of a leading question is whether it so suggests to the witness the specific tenor of the reply desired by counsel that such a reply is likely to be given irrespective of an actual memory. The evil to be avoided is that of supplying a false memory for the witness. 3 Wigmore, Evidence § 769 (3d ed. 1940). "A question is not leading simply because it requires a 'yes' or 'no' answer." McKeoWn v Harvey, 40 Mich 226, 228 (1879); accord, Deneweller v. Swarthout, 2014 U.S. Dist. LEXIS 113300 (eD cv13-0151-DMG, CD CA February 18, 2014) at *82. T The language of Rule 611(c) is permissive, vesting, 'broad discretion in trial courts.'" Miller v. Fairchild Industries, Inc., 885 F.2d 498, 514 (9th Cir. 1989). Under Fed. R. Evid. 611(c), leading questions on direct examination were not improper where unavailable witness' testimony was presented by deposition, and leading questions could not simply be rephrased as they would be during live testimony. Bartlett v. Mut. Pharm. Co., DNH 4, 759 F.Supp. 2d 171, 84 Fed. R. Evid. Serv. (CBC) 490, U.S. Dist. LEXIS 93929 (D.N.H.), sub. op., op. withdrawn, 760 F. Supp. 2d 220, 2011 U.S. Dist. LEXIS 1376 (D.N.H. 2011). |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 8:12-8:15 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 12:19-14:11 Starting with "let's start" | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 14:15-14:22 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 17:03-17:09 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 20:17-21:06 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 34:08-34:14 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 34:22-35:04 Strating with "Can you" | | | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 35:05-35:16 | Overrule | FRE 401, 402, 403, 701, 702 & 802 - 35:9-35:10 starting with "which is". This testimony is the subject of Plaintiff's MIL # 20(2). The witness does not have personal knowledge as to whether PE is a top ten cause of death and introducing unsubstantiated hearsay. The testimony is not a product of reliable principles or methods, it is unfairly prejudicial, confusing and misleading. | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 35:17-36:03 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 36:06-36:07 | Sustain | Rule 611(c) Leading question of witness on direct. | Plaintiff's running response to leading objections is incorporated herein. 36:01-36:07 - The questions are not leading as the witness was capable of agreeing, denying or expounding upon his response. in addition, Dr. Goodman is a treating physician and the amount to time available to conduct his deposition was limited, the question was necessary to develop the witness' testimony. |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 36:17-36:19 Starting with "you hope" | Sustain | Rule 611(c) Leading question of witness on direct. | Plaintiff's running response to leading objections is incorporated herein. 36:17-36:22 - The questions are not leading as the witness was capable of agreeing, denying or expounding upon his response. In addition, Dr. Goodman is a treating physician and the amount to time available to conduct his deposition was limited, the question was necessary to develop the witness' testimony. |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 36:22-36:22 | Sustain | Rule 611(c) Leading question of witness on direct. | Plaintiff's running response to leading objections is incorporated herein. 36:17-36:22 - The questions are not leading as the witness was capable of agreeing, denying or expounding upon his response. In addition, Dr. Goodman is a treating physician and the amount to time available to conduct his deposition was limited, the question was necessary to develop the witness' testimony. |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 36:24-37:05 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 37:07-37:14 Starting with "Clearly you" | Sustain | Rule 611(c) Leading question of witness on direct. | Plaintiff's running response to leading objections is incorporated herein. 37:07-37:17 - The questions are not leading as the witness was capable of agreeing, denying or expounding upon his response. in addition, Dr. Goodman is a treating physician and the amount to time available to conduct his deposition was limited, the question was necessary to develop the witness' testimony. |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 37:17-37:17 | Sustain | Rule 611(c) Leading question of witness on direct. | Plaintiff's running response to leading objections is incorporated herein. 37:07-37:17 - The questions are not leading as the witness was capable of agreeing, denying or expounding upon his response. In addition, Dr. Goodman is a treating physician and the amount to time available to conduct his deposition was limited, the question was necessary to develop the witness' testimony. |

Goodman 3.23.17 PI

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 37:19-37:25 | Overrule | FRE 401, 402, 403, & 702 - 37:24 -37:24 starting at "But I". His statement as to his personal preference regarding IVC filters is not relevant. The probative value of his statement, if any, is substantially outweighed by unfair prejudice, undue delay and wasting of time. | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 38:01-38:11 Starting with "If a company" | | | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 38:21-38:23 | | | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 39:01-39 03 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 39:20-39:22 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 39:25-39:25 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 40:02-40:05 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 40:08-40:11 Starting with "Would you" | | | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 40:12-40:19 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 40:20-41:05 | Overrule | Rule 611(c) Leading question of witness on direct (41:3-5). Rule 611 assumes facts not in evidence. | Plaintiff's running response to leading objections is incorporated herein. 40 02-41:09 - The question is not leading and the "facts" will be established by the documents and testimony of other witness including, for example, Natalie Wong at 154 8-154:18; 154:25-156:14, and 156:20-156:25 |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 41:08-41:09 | Overrule | Rule 611(c) Leading question of witness on direct. Rule 611 assumes facts not in evidence. | Plaintiff's running response to leading objections is incorporated herein. 40 02-41:09 - The question is not leading and the "facts" will be established by the documents and testimony of other witness including, for example, Natalie Wong at 154 8-154:18; 154:25-156:14, and 156:20-156:25 |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 41:11-41:17 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 41:18-41:20 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 41:23-41:24 | Overrule | Rule 611(c) Leading question of witness on direct. Rule 611 assumes facts not in evidence. | Plaintiff's running response to leading objections is incorporated herein. 41:18-41:20 - The question is not leading and the "facts" will be established by the documents and testimony of other witness including, for example, PX 330 at p.6. |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 42:01-42:06 | Sustain | Rule 611(c) Leading question of witness on direct. Rule 611 assumes facts not in evidence. | Plaintiff's running response to leading objections is incorporated herein. 42 01-42:06 - The question is not leading and does not introduce any the "facts" that are not in evidence |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 42:10-42:21 | | | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 43:04-43:18 | | | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 43:21-43:24 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 45:09-45:20 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 45:24-46:09 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 46:12-46:12 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 46:14-46:19 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 47:03-47:10 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 49:10-49:13 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 52:15-52:17 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 53:03-55:13 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 55:16-56:17 Starting with "But there" | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 57:05-57:21 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 58:17-59:12 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 60:11-60:11 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 60:15-60:20 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 62:17-62:19 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 63:09-63:16 Starting with "and this" | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 64:06-65:05 | | | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 65:06-65:15 | Overrule | FRE 401, 402, 403 & 702 - 65:06-65:15- This testimony is the subject of Plaintiff's MIL # 20(1). The witness does not have personal knowledge as to whether filters actually save lives and the published medical literature does not support the claim. The testimony is not a product of reliable principles or methods, it is unfairly prejudicial, confusing and misleading. | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 65:16-65:22 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 65:25-66:06 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 72:12-73:10 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 74:10-74:12 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 91:17-91:24 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 94:12-95:05 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 96:05-96:12 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 96:15-96:23 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 104:17-104:23 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 106:20-108:17 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 133:14-133:22 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 133:25-133:25 | | | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 134:02-134:16 | | | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 134:17-134:19 | | | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 134:22-135:10 | Overrule | FRE 401, 402, 403 & 702 - 135 01-135:16- This testimony is the subject of Plaintiff's MIL # 19. The testimony is not a product of reliable principles or methods, it is unfairly prejudicial, confusing and misleading. | |
| DEF COUNTER | Goodman, Jay, MD 3/23/2017 | 135:13-135:16 | Overrule | FRE 401, 402, 403 & 702 - 135 01-135:16- This testimony is the subject of Plaintiff's MIL # 19. The testimony is not a product of reliable principles or methods, it is unfairly prejudicial, confusing and misleading. | |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 136:22-137:08 Starting with "if you" | Sustain | Rule 611(c) Leading question of witness on direct (137:5-8). Rule 611 assumes facts not in evidence. | Plaintiff's running response to leading objections is incorporated herein. 136:22-137:11 - The question is not leading as asks about the own conduct and practices and the witness was capable of agreeing, denying or expounding upon his response. In addition, Dr. Goodman is a treating physician and the amount to time available to conduct his deposition was limited, the question was necessary to develop the witness' testimony. |
| PL AFFIRM | Goodman, Jay, MD 3/23/2017 | 137:11-137:11 | Sustain | Rule 611(c) Leading question of witness on direct. Rule 611 assumes facts not in evidence. | Plaintiff's running response to leading objections is incorporated herein. 136:22-137:11 - The question is not leading as asks about the own conduct and practices and the witness was capable of agreeing, denying or expounding upon his response. In addition, Dr. Goodman is a treating physician and the amount to time available to conduct his deposition was limited, the question was necessary to develop the witness' testimony. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL BLANKET OBJECTION** | | | | FRE 403 -Plaintiff objects to all cumulative testimony which repeats testimony designated and offered by Plaintiff during his direct examination. The probative value of such a duplicate presentation of testimony, if any, is substantially outweighed by undue delay, wasting of time and/or needlessly presenting cumulative evidence. The Bard defendants have argued that deposition evidence should be presented in one presentation with no separation of Plaintiff's proposed direct examination from the cross examination chosen by the Defendants. Plaintiff's counsel objects to that practice and one that was asserted in opposition was the concern that Defendants would offer large portions of the deposition testimony as a way to dilute or alter the impact of the witness's testimony as proposed by Plaintiff's counsel and prolong the Plaintiff's case in chief. In this deposition Plaintiff has offered 547 lines of testimony which constitutes approximately 44 minutes of testimony as his direct examination. The Bard defendants have designated 1,792 lines of testimony. When you deduct the 297 lines of common testimony designated by both parties, Bard is increasing the deposition time by 1.9 hours to a total presentation of 2.7 hours. Defendants have now added an additional 36 lines of testimony. Plaintiff should not have to absorb that much additional testimony into their presentation of their case in chief. The additional time takes away from the Plaintiff's ability to present his case as it is now part of his case in chief and the jury should not be left with the impression that the Plaintiff is responsible for the delay caused by the prolonged deposition presentation | The Court has ruled that the depositions will be played one time and in the order taken. All of the testimony is relevant to the claims in this case. If Plaintiff objects Bard's designations, Bard will recall the witness in its case. |
| **PL BLANKET OBJECTION** | | | | Plaintiff reasserts and incorporates herein all previous objections and counter designations included in Dkt Nos. 132 & 132-1 - Plaintiff's Objections to the Defendants' Affirmative Deposition Designations and Counter Designations filed on April 12, 2021. | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 8:12-8:15 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 12:19-15:21 (starting at "Let's start") | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 18:08-21:10 | Overrule | FRE 401, 402 & 403- 18:08-19:02 – By the time Dr. Goodman's deposition testimony is played the jury will have had the anatomy of the Vena cava explained, the purpose of an IVC filter and description of what an OVC filter looks like. the probative value of such duplicative testimony from this witness, if any, is substantially outweighed by undue delay, wasting of time needlessly presenting cumulative evidence | Defendants do not believe that Dr. Goodman's description of his practice is irrelevant or overly prejudicial, as his description of IVC filters and discussion of how many and what types of filters he has implanted, retrieved, etc. However, Defendants will agree to withdraw 17:16 - 18:7. Defendants do not agree to withdraw the remainder of this designation. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 21:15-21:16 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 21:19-26:20 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 27:06-27:19 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 28:16-32:05 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 32:21-34:14 (from "do you") | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 35:01-35:16 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 42:10-42:19 (stopping after "Swanson") | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 43:04-43:18 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 43:21-44:05 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 44:08 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 50:05-51:06 | Overrule | FRE 401,402, & 802- 50:17-51:06 - This portion of the answer is nonresponsive and contains hearsay regarding what the Government wants. The First FDA warning letter was not yet issued at the time Mr. Peterson's filter was being placed so Dr. Goodman could not have had that in mind. His statement as to his personal beliefs regarding IVC filters goes beyond his care of Mr. Peterson and is not relevant. To the extent the Defendants' intend to play 68:20-70:11 as part of their offer of testimony from this witness the testimony at 50:17-51:3 duplicates the same testimony. The probative value of his statement , if any, is substantially outweighed by unfair prejudice, undue delay and wasting of time. | Defendants disagree that this non-party fact witness's testimony about how he conducts informed consent, which is at issue in this case, is nonresponsive or irrelevant to the jury. The testimony is not hearsay, as it is not being offered to demonstrate a specific out of court statement, but it is instead being offered to show the doctor's routine practice and procedure with respect to his patients and also to show notice, which is disputed. Furthermore, his statements regarding his experience and belief in IVC filters as a valuable tool to treat patients is specifically relevant, as it is Plaintiff who has placed at issue the question of whether filter provide a benefit to patients. The plaintiff's treating physician's own opinion and experience with IVC filters is directly relevant to issues he himself has placed at issue. |

Goodman 3.23.17 DEF

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 51:16-51:18 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 52:15-52:22 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 53:03-56:10 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 59:13-60:02 (begin at "Was the") (stop after "anticipated") | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 60:22-62:03 | Overrule | FRE 401, 402, & 403; 62:23 -63:09 (Starting with "And") - the testimony is not relevant to any material issue, and the probative value , if any, is substantially outweighed by undue delay and wasting of time. | The testimony is relevant to this non-party fact witness's medical treatment of Plaintiff. The testimony at 65:6 - 65:15 is highly relevant to the witness's medical decisions related to Plaintiff and the risk/benefit analysis the doctor performed. It also explains the doctor's decision-making process in selecting the brand of filter that he selected. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 62:17-65:18 | Overrule | FRE 401, 402, 403 & 702; 62:17-63:05 (Starting with "It,s part") - the testimony is not relevant to that issue, and the probative value, if any, is substantially outweighed by undue delay and wasting of time. The witness' personal preferences are not credible expert opinion and the probative value of his statement, if any, is substantially outweighed by unfair prejudice, undue delay and the wasting of time. | The testimony is relevant to this non-party fact witness's medical treatment of Plaintiff. The testimony at 65:6 - 65:15 is highly relevant to the witness's medical decisions related to Plaintiff and the risk/benefit analysis the doctor performed. It also explains the doctor's decision-making process in selecting the brand of filter that he selected. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 66:25-72:11 | Overrule | FRE 401, 402, 403, 802; 68:16-68:17 This portion of the answer is nonresponsive and contains hearsay regarding what the Government wants. The First FDA warning letter was not yet issued at the time Mr. Peterson's filter was being placed so Dr. Goodman could not have had that in mind or he would have been speculating about government intent. His statement as to his personal beliefs regarding IVC filters goes beyond his care of Mr. Peterson and is not relevant. The probative value of his statements , if any, is substantially outweighed by unfair prejudice, undue delay and wasting of time. | The testimony identified by Plaintiff is relevant and explains the doctor's actions and decision-making. It is not hearsay, as it is being offered to explain the doctor's treatment decisions for Plaintiff, as well as the risk/benefit analysis the doctor performed. Additionally, the fact that the Eclipse filter was an optional filter with an unlimited indwell time is a major benefit of the filter, and this testimony is relevant to how that benefit is perceived and acted upon by a physician. The doctor is also explaining his informed consent process, which is relevant to Plaintiff's theories of recovery in this case. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 73:11-73:22 (from "Is it") | Overrule | FRE 401, 402, 403 - His statement at 73:16-73:16 as to his personal preference regarding IVC filters goes beyond his care of Mr. Peterson and is not relevant. To the extent the Court has permitted this testimony in any to the prior statements designate by Bard, the testimony duplicates the same testimony. The probative value of his statement, if any, is substantially outweighed by unfair prejudice, undue delay and wasting of time. | The doctor's statements regarding the experience and practice using filters is relevant and responsive to allegations made by Plaintiff in this case. If the doctor had testified that he preferred another brand of filter over Bard filters, surely Plaintiff would not object to that testimony as irrelevant. The doctor is explaining his treatment decisions and risk/benefit analysis, which are relevant to the claims in this case. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 77:01-93:08 | Overrule | FRE 401, 402, 403 and 802 - 76:15-76:25 statements by counsel are hearsay and do not constitute admissible evidence. 77:10-79:9 & 80:20-80:23- Dr. Goodman's use of CT scan images and his detailed description are with regard to the PE that Mr. Peterson has sustained a year before the filter was placed and he was not longer suffering from that condition. His history of having had a PE in the past is relevant to the decision to place the filter, but the detailed description of the PE and demonstration of his year old CT images are not relevant and are unfairly prejudicial. The testimony is likely to confuse the issues and be misleading to the jury. FRE 401, 402, 602 & 702 - At 80:24-81:09 the witness is speculating as what injuries the Plaintiff suffered from a PE that occurred one year before the filter was placed could have caused, but did not. The testimony is not a product of reliable principles or methods, it is not relevant to a material issue in the case, it is unfairly prejudicial, confusing and misleading. 81:10-83:19 - FRE 403: To the extent the Defendants intend to play 81:10-81:19 that testimony duplicates the same testimony included at 20:01-20:05 and 35:06-35:16 and the probative value, if any, is substantially outweighed by the unfair prejudice, undue delay, wasting of time and/or needlessly presenting cumulative evidence. FRE 401, 401, 602 & 702 - At 82:10-83 83 the witness is not responsive, is giving irrelevant testimony as to conditions Mr. Peterson did not have and is speculating as to what could occur from a PE. The testimony is not a product of reliable principles or methods, it is not relevant to a material issue in the case, it is unfairly prejudicial, confusing, misleading causing undue delay and wasting of time. | All of the testimony Plaintiff objects to is relevant and explains the doctor's treatment decisions and risk/benefit analysis with respect to Mr. Peterson. He is speaking from his own knowledge and is not speculating. This non-party fact witness's testimony regarding the magnitude of the risk of PE is relevant to his decisions to use filters even knowing that filters have risks, including risks of serious complication. Plaintiff wants to present a large volume of evidence about other filters and other complications not experienced by Plaintiff, as well as very serious adverse events, including death, yet Plaintiff wants to preclude this non-party fact witness from speaking from his own experience of the significant risks to patients and give context to the perceived need and utility of filters. This is not prejudice to Plaintiff. Defendants do not believe the jury will be confused by a thorough discussion of Plaintiff's relevant medical history. Testimony regarding the risk of fatality by a pulmonary embolism is also not duplicative or cumulative. In this case, Plaintiff has made much of what doctors did or did not know, what they were or were not told by Bard. Defendants are entitled to present evidence of what this doctor knew of the risks of pulmonary embolism, as it goes to the risk/utility analysis, risk/benefit analysis, and other issues Plaintiff has injected in the case. |

Goodman 3.23.17 DEF

**Goodman 3-23-17 DEF**

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | | Sustain as to 86 07-24 | RE 401, 402, 602 & 702 - At 84 06-84:13 the witness is again asked about what injuries the Plaintiff suffered from a PE that occurred one year before the filter was placed. The testimony is not a product of reliable principles or methods, it is not relevant to a material issue in the case, it is unfairly prejudicial, confusing, misleading and unnecessarily cumulative. RE 401, 402, 602 & 702 - At 86:7-24 - The witness is questioned about Coumadin/Warfarin use and he admits that has to speculate to respond as he does not prescribe the medication. The testimony is not a product of reliable principles or methods, it is not relevant to a material issue in the case, it is unfairly prejudicial, confusing, misleading and unnecessarily cumulative 403: To the extent the Defendants' intend to play 88:01-90:20 & 91:25-93:08 that testimony duplicates the same testimony included at 52:18-56:05 and 68:18-68:25 and the probative value, if any, is substantially outweighed by the unfair prejudice, undue delay, wasting of time and/or needlessly presenting cumulative evidence | All of the testimony Plaintiff objects to is relevant and explains the doctor's treatment decisions and risk/benefit analysis with respect to Mr. Peterson. He is speaking from his own knowledge and experience. This non-party fact witness's testimony regarding the magnitude of the risk of PE is relevant to his decisions to use filters even knowing that filters have risks, including risks of serious complication. Plaintiff wants to present a large volume of evidence about other filters and other complications not experienced by Plaintiff, as well as very serious adverse events, including death, yet Plaintiff wants to preclude this non-party fact witness from speaking from his own experience of the significant risks to patients and give context to the perceived need and utility of filters. This is not prejudice to Plaintiff. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 93.25-96.12 | Sustain | FRE 401, 402, 602 & 701: 93.25-95:23 - After "That [sic] is." The remainder of the response is non-responsive and is not relevant. The witness admits he has never tried to remove a permanent only filter so he lacks personal knowledge and his personal experience with other filters is not relevant. The testimony is not a product of reliable principles or methods, it is not relevant to a material issue in the case, it is unfairly prejudicial, confusing and misleading. | The testimony Plaintiff objects to is relevant and explains the doctor's treatment decisions and risk/benefit analysis with respect to Mr. Peterson, including why the doctor opted to place an optional filter rather than one that could only be used permanent. This goes to the doctor's risk/benefit analysis and the utility of the Eclipse filter placed in Plaintiff. Plaintiff intends to present other evidence comparing rates of complications between Bard retrievable filters and other permanent filters. Doctors' perceived risks associated with permanent filters is relevant to issues Plaintiff has injected into the case. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 96.15-99.03 | Overrule | See objection to 95.11-95:23 above which incorporated herein. FRE 401, 402, 403 and 802 - 95:25-96:08 ending with "perforation". Statements by counsel are hearsay and do not constitute admissible evidence. FRE 602 - Calls for speculation as to Mr. Peterson's state of mind. The witness cannot know what Mr. Peterson "accepted". | Defendants incorporate by reference their response to Plaintiff's objections at 95:11- 95:23. Defendants do not understand Plaintiff's reference to 95:25 - 96:08, as that does not relate to perforation. Defendants have not designated statements by counsel that could be hearsay. The witness's testimony regarding the discussion of risks and benefits of filters and his impression of how those risks were perceived by Plaintiff is relevant to many issues Plaintiff has injected into the case. Plaintiff was entitled to cross-examine this witness on his impressions, and Plaintiff can present evidence from Plaintiff at trial that refutes this. A treating physician's understanding of his patient's acknowledgement of known risks is not speculation. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 99.10-100.11 | Overrule | FRE 602: The witness does not recall the specific conversation of 'consenting' process and does not recognize the signature - the testimony is speculative and lacks a proper foundation. | The witness has explained his typical informed consent process, and that is highly relevant and germane to issues Plaintiff has presented. The doctor cannot be expected to have a specific memory of a conversation with every patient he treats; testimony regarding his customary practice and habit are not prohibited. Plaintiff was entitled to cross-examine this doctor on this testimony, and Plaintiff can present evidence from Plaintiff at trial that refutes this, and it will be for the jury to decide which is more credible. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 100.15-101.15 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 102.09-102.19 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 102.22 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 102.24-103.06 | Sustain in part as to completeness | FRCP 32(a)(6) and FRE 403 - The witness clarified his response to this question at 103:12-103:24 The witness's response is not included in the response the testimony is confusing and misleading. | |
| PL COUNTER | Goodman, Jay, MD 3/23/2017 | * if the court does not grant Plaintiff's optional completeness request the would offer: 103.12-103.24 | | | |
| PL COUNTER | Goodman, Jay, MD 3/23/2017 | * if the court does not grant Plaintiff's optional completeness request the would offer: 103.15-103.24 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 104:17-105:02 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 105:09-108:25 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 109:10-114:24 | Overrule | FRCP 26(a)(2)(C), FRE 403 and 602 - 109:09-114:24 - The questions start by revisiting his credentials which were testified to at 12:19-15:21 and then asks about when retrievable filters first came to the market and the witness states I don't recall. The witness admits he lacks personal knowledge. FRCP 26(a)(2)(C), FRE 401, 402, 403, 602 and 702. The witness is asked questions regarding the design characteristic of various retrievable IVC filters and the witness lacks the proper education, training and qualifications to respond. The witness admits he cannot answer the question. The witness' personal preference is not relevant to a material issue. The testimony is not a product of reliable principles or methods, it is not relevant to a material issue in the case, it is unfairly prejudicial, confusing, misleading and unnecessarily cumulative. | Testimony regarding the doctor's education, experience with IVC filters, and related background is relevant. Among other things, the testimony provides context for the doctor's risk/benefit analysis and treatment decisions of Plaintiff. Because he does not recall a specific date decades ago does not mean that he lacks personal knowledge of the evolution of IVC filters and have relevant opinions regarding how that evolution impacted his treatment of patients, because the doctor's personal preference is relevant to issues injected by Plaintiff, because the testimony explains why the doctor chose to use the Eclipse filter over other filters available on the market, which Plaintiff has put at issue. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 116:25-117:24 | Overrule | FRCP 26(a)(2)(C), FRE 401, 402, 403, 602 and 702- 116:24-117:20 - The questions ask the witness questions regarding the design characteristic of various retrievable IVC filters and the witness lacks the proper education, training and qualifications to respond. The witness admits he cannot answer the question the questions. The witness' personal preferences are not relevant to a material issue. The testimony is not a product of reliable principles or methods, it is not relevant to a material issue in the case, it is unfairly prejudicial, confusing, misleading and unnecessarily cumulative. FRE 802: 117:11-117:17 ending at "it does". Hearsay. | Testimony regarding the doctor's education, experience with IVC filters, and related background is relevant. Among other things, the testimony provides context for the doctor's risk/benefit analysis and treatment decisions of Plaintiff. Because he does not recall a specific date decades ago does not mean that he lacks personal knowledge of the evolution of IVC filters and have relevant opinions regarding how that evolution impacted his treatment of patients. The doctor's personal preference is relevant to issues injected by Plaintiff, because the testimony explains why the doctor chose to use the Eclipse filter over other filters available on the market, which Plaintiff has put at issue. The testimony is not hearsay because the testimony regarding the doctor's conversations with peers are not being offered for the truth of those statements, it is being offered to show how doctor's get information and make treatment decisions for their patients that rely in part on that information. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 119:10-120:19 | | | |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 124:24-125:13 (from "did you") | Overrule | FRE 410, 402, 403: The witness' testimony that all procedures has potentials risks and what he thinks of this consenting process with other patients is not relevant, it is unfairly prejudicial, confusing, misleading. | The testimony is responsive to questioning presented by Plaintiff's counsel and is relevant to the risk/benefit analysis, and informed consent process. The testimony is relevant to a number of issues injected by Plaintiff and Defendants are entitled to respond. |
| DEF AFFIRM | Goodman, Jay, MD 3/23/2017 | 126:02-126:07 | Overrule | FRE 410, 402, 403: The witness' testimony as to what he would tell other patients as part of a consenting process is not relevant, it is unfairly prejudicial, confusing, misleading. | The testimony is responsive to questioning presented by Plaintiff's counsel and is relevant to the risk/benefit analysis, and informed consent process. The testimony is relevant to a number of issues injected by Plaintiff and Defendants are entitled to respond. The doctor cannot be expected to remember each conversation with patients years or decades ago, and his typical practice and habit is relevant and not improper. Defendants do not believe the jury will be confused by this testimony. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Graves, Micky 02/27/2014 | 6:03-6:04 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 6:13-6:22 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 7:24-10:04 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 12:02-12:12 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 13:02-13:25 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 16:14-17:14 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 20:09-22:05 | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 22:25-23:05 | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 24:06-24:15 | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 25:23-26:06 | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 28:09-28:12 | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 30:14-30:18 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 35:23-37:08 | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 37:09-37:21 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 37:22-37:23 | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 44:01-44:05 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 44:06-44:12 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 44:25-45:04 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 45:07 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 45:09-45:11 | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 47:25-48:09 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Design flaws in the Recovery filter, upon which the Eclipse and G2 filter family was based, are relevant to the existence of warning and design defect, to if Bard acted as a reasonable medical device manufacturer, and to design and testing of the Eclipse filter |
| PL AFFIRM | Graves, Micky 02/27/2014 | 59:15-59:25 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402,& 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | FRE 402/403/404: Design flaws in the Recovery filter, upon which the G2 and Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, in particular, whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the Eclipse filter line, is relevant to whether Bard's design and warnings were adequate. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in |
| DEF COUNTER | Graves, Micky 02/27/2014 | 60:01-60:10 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 63:16-63:22 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 65:01-65:11 | Sustain | FRE 602/611: The question is asked by the witness and the answering attorney is not under oath. FRE 402/403: the colloquy between the witness and questioning lawyer is not relevant. The witness's statement at lines 9-11 is inadmissible because it is not made in response to any pending question. | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 69:21-70:01 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 71:05-71:09 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Graves, Micky 02/27/2014 | 73:14-74:05 | Overrule | FRE 106: optional completeness - as designated, the question beginning at line 14, following the designation at 71:5-9, creates confusion regarding what filter is being discussed ("it failed, the test..."). The beginning of the exchange at lines 70:12-71:1 should be included so that it is apparent what the witness is talking about | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 75:05-75:14 (start at "isn't") | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 75:15-75:22 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | FRE 402/403/404: Design flaws in the Recovery Filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |
| DEF COUNTER | Graves, Micky 02/27/2014 | 75:23-75:25 | | | |
| DEF COUNTER | Graves, Micky 02/27/2014 | 76:02-76:06 | | | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 77:15-78:03 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | FRE 402/403/404: Design flaws in the Recovery Filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |
| DEF COUNTER | Graves, Micky 02/27/2014 | 78:12-78:25 | Sustain | FRE 402/403: Testimony beginning regarding the FDA 510(k) clearance process ought to be excluded as discussed in Plaintiff's Motion in Limine on this topic. FRE 602/702: The witness has not been designated as an expert and is not qualified to offer testimony regarding the requirements of, or the meaning of, the FDA 510K process. | |
| PL AFFIRM | Graves, Micky 02/27/2014 | 87:18-87:19 | Sustain | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | FRE 402/403/404: Design flaws in the Recovery Filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |

Graves 2.27.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Graves, Micky 02/27/2014 | 87:23-87:23 | Sustain | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | FRE 402/403/404. Design flaws in the Recovery filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |
| PL AFFIRM | Graves, Micky 02/27/2014 | 126:16-126:23 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. Rule 403. Punitive damages are not at issue in this case. | FRE 402/403/404. Design flaws in the Recovery filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |
| PL AFFIRM | Graves, Micky 02/27/2014 | 127:01-127:03 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. Rule 403. Punitive damages are not at issue in this case. | FRE 402/403/404. Design flaws in the Recovery filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |
| PL AFFIRM | Graves, Micky 02/27/2014 | 127:06-127:13 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. Rule 403. Punitive damages are not at issue in this case. | FRE 402/403/404. Design flaws in the Recovery filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter line and warn about the dangers of the filter, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |

Graves 2.27.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Graves, Micky 02/27/2014 | 127:15-127:20 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. Rule 403. Punitive damages are not at issue in this case. | FRE 402/403/404: Design flaws in the Recovery filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter family, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |
| PL AFFIRM | Graves, Micky 02/27/2014 | 127:22-128:02 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. Rule 403. Punitive damages are not at issue in this case. | FRE 402/403/404: Design flaws in the Recovery filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter family, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |
| PL AFFIRM | Graves, Micky 02/27/2014 | 128:12-129:09 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony implies that Bard had a duty to conduct additional testing or studies when no such duty exists. Rule 611 compound question. Rule 611 assumes facts not in evidence. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. Counsel is making closing argument. Rule 403. Punitive damages are not at issue in this case. | FRE 402/403/404: Design flaws in the Recovery filter, upon which the Eclipse filter family was based, are relevant to the existence of design defect, to if Bard acted as a reasonable medical device manufacturer, and to the design and testing and warnings of the Eclipse filter. The record demonstrates that in attempting to correct failures with the Recovery Filter, Bard failed to test the redesigned filter adequately to identify the existence of a separate problem with the Eclipse, which led to migration as well as fracture and perforation in patients including Peterson. Whether Bard knew it failed to catch a major design flaw in the Recovery filter as a result of inadequate testing, but then failed to conduct such testing in connection with the G2 filter family, is relevant to all of Plaintiff's claims. FRE 601/602: As a senior engineer involved in the development of the G2 filter family (see, e.g., 24:6-15), the witness has ample personal knowledge from which to answer the questions asked. FRE 612: No document was used to refresh the witness's recollection in connection with the testimony |
| DEF COUNTER | Graves, Micky 02/27/2014 | 160:24-161:22 | Overrule | (161:19-22): FRE 402/403. Testimony regarding whether Bard warned is not relevant to any matter at issue, and the witness's personal belief that Bard warned of the complications in question is immaterial to any matter at issue; FRE 602/702: The witness is not qualified or designated to offer opinion testimony regarding the adequacy of Bard's warnings. | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | Greer, Jason 08/11/2014 | | | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery filter and actions taken regarding that filter.  Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2.  The testimony is largely focused on alleged "bad acts" relating to the Recovery filter. | The references are not to cephalad migration death from the Recovery Filter.  Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death.  (MDL Doc. 10619) |
| PL AFFIRM | Greer, Jason 08/11/2014 | 5:16-5:18 | | | |
| PL AFFIRM | Greer, Jason 08/11/2014 | 5:21-5:22 | | | |
| PL AFFIRM | Greer, Jason 08/11/2014 | 22:06-22:11 | | | |
| PL AFFIRM | Greer, Jason 08/11/2014 | 23:07-23:13 | | | |
| PL AFFIRM | Greer, Jason 08/11/2014 | 25:16-25:25 | | | |
| PL AFFIRM | Greer, Jason 08/11/2014 | 27:05-27:10 | | | |
| PL AFFIRM | Greer, Jason 08/11/2014 | 60:06-60:09 "Starting at When" | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter. This witness left Bard's employment years before the Eclipse filter was available in the marketplace or implanted in Plaintiff. This witness/testimony has no bearing on the facts of this case and is injected merely for inflammatory purposes. Particularly given that plaintiff's claim for punitive damages has been dismissed, the testimony of this witness should be excluded in its entirety. | Bard's knowledge regarding the Recovery filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 60:11-60:13 | | | |
| PL AFFIRM | Greer, Jason 08/11/2014 | 145:15 | Sustain | This exhibit is an email was excluded by the Court's ruling on Bard's MIL on Recovery marketing and other bad acts. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter. This witness left Bard's employment years before the Eclipse filter was available in the marketplace or implanted in Plaintiff. This witness/testimony has no bearing on the facts of this case and is injected merely for inflammatory purposes. Particularly given that plaintiff's claim for punitive damages has been dismissed, the testimony of this witness should be excluded in its entirety. | Bard's knowledge regarding the Recovery filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 146:05-146:07 | Sustain | This exhibit is an email was excluded by the Court's ruling on Bard's MIL on Recovery marketing and other bad acts. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter. This witness left Bard's employment years before the Eclipse filter was available in the marketplace or implanted in Plaintiff. This witness/testimony has no bearing on the facts of this case and is injected merely for inflammatory purposes. Particularly given that plaintiff's claim for punitive damages has been dismissed, the testimony of this witness should be excluded in its entirety. | Bard's knowledge regarding the Recovery filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 146:10 | Sustain | This exhibit is an email was excluded by the Court's ruling on Bard's MIL on Recovery marketing and other bad acts. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter. This witness left Bard's employment years before the Eclipse filter was available in the marketplace or implanted in Plaintiff. This witness/testimony has no bearing on the facts of this case and is injected merely for inflammatory purposes. Particularly given that plaintiff's claim for punitive damages has been dismissed, the testimony of this witness should be excluded in its entirety. | Bard's knowledge regarding the Recovery filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |

Greer 8.11.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Greer, Jason 08/11/2014 | 146:14-146:25 | Sustain | This exhibit is an email was excluded by the Court's ruling on Bard's MIL on Recovery marketing and other bad acts. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter. This witness left Bard's employment years before the Eclipse filter was available in the marketplace or implanted in Plaintiff. This witness/testimony has no bearing on the facts of this case and is injected merely for inflammatory purposes. Particularly given that plaintiff's claim for punitive damages has been dismissed, the testimony of this witness should be excluded in its entirety. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 147:04-147:09 Starting with "it" | Sustain | This exhibit is an email was excluded by the Court's ruling on Bard's MIL on Recovery marketing and other bad acts. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter. This witness left Bard's employment years before the Eclipse filter was available in the marketplace or implanted in Plaintiff. This witness/testimony has no bearing on the facts of this case and is injected merely for inflammatory purposes. Particularly given that plaintiff's claim for punitive damages has been dismissed, the testimony of this witness should be excluded in its entirety. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 148:18-148:22 Starting with "in" | Sustain | This exhibit is an email was excluded by the Court's ruling on Bard's MIL on Recovery marketing and other bad acts. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter. This witness left Bard's employment years before the Eclipse filter was available in the marketplace or implanted in Plaintiff. This witness/testimony has no bearing on the facts of this case and is injected merely for inflammatory purposes. Particularly given that plaintiff's claim for punitive damages has been dismissed, the testimony of this witness should be excluded in its entirety. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 170:03-170:06 | Overrule | This exhibit is an email was excluded by the Court's ruling on Bard's MIL on Recovery marketing and other bad acts. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Eclipse filter or filter fracture. This witness left Bard's employment years before the Eclipse filter was available in Plaintiff. This witness/testimony has no bearing on the facts of this case and is injected merely for inflammatory purposes. Particularly given that plaintiff's claim for punitive damages has been dismissed, the testimony of this witness should be excluded in its entirety. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 173 07 ending with "No. 12." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 174:10-174:13 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |

Greer 8.11.14

132

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Greer, Jason 08/11/2014 | 174:16-175:09 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| DEF COUNTER | Greer, Jason 08/11/2014 | 174:10-175:11 | | | |
| DEF COUNTER | Greer, Jason 08/11/2014 | 175:13-175:20 | | | |
| DEF COUNTER | Greer, Jason 08/11/2014 | 175:22-176:05 | | | |
| PL AFFIRM | Greer, Jason 08/11/2014 | 176:10-176:11 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This testimony does not involve the Recovery filter, Simon Nitinol filter, or any permanent filter at all. In fact, the implanting physician in this case specifically wanted to use a retrievable filter, so the Simon Nitinol filter has no bearing whatsoever on this case. This evidence has no probative value and is injected into the case merely in an attempt to inflame the jury. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 176:16-176:19 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This testimony does not involve the Recovery filter, Simon Nitinol filter, or any permanent filter at all. In fact, the implanting physician in this case specifically wanted to use a retrievable filter, so the Simon Nitinol filter has no bearing whatsoever on this case. This evidence has no probative value and is injected into the case merely in an attempt to inflame the jury. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 176:24-176:25 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This testimony does not involve the Recovery filter, Simon Nitinol filter, or any permanent filter at all. In fact, the implanting physician in this case specifically wanted to use a retrievable filter, so the Simon Nitinol filter has no bearing whatsoever on this case. This evidence has no probative value and is injected into the case merely in an attempt to inflame the jury. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |
| PL AFFIRM | Greer, Jason 08/11/2014 | 177:03-177:04 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This testimony does not involve the Recovery filter, Simon Nitinol filter, or any permanent filter at all. In fact, the implanting physician in this case specifically wanted to use a retrievable filter, so the Simon Nitinol filter has no bearing whatsoever on this case. This evidence has no probative value and is injected into the case merely in an attempt to inflame the jury. | Bard's knowledge regarding the Recovery Filter's risks, and Bard's intent in ultimately redesigning its retrievable filters to create the G2 family (including the filter at issue) in response to the risks of the Recovery Filter, is relevant to, among other things, Bard's warnings were adequate and its knowledge based upon the failure of its testing and design of the G2X and eclipse. Further, issues with the Recovery Filter are relevant to if Bard acted as a reasonable medical device manufacturer in connection with the filter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | Hudnall, Janet 11/03/2010 | | | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery filter and actions taken regarding that filter. Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2. The testimony is largely focused on alleged "bad acts" relating to the Recovery filter. | The references are not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10619) |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 5:01-5:02 | | | |
| DEF COUNTER | Hudnall, Janet 11/03/2010 | 6:08-6:21 | | | |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 6:22-7:01 | | | |
| DEF COUNTER | Hudnall, Janet 11/03/2010 | 7:02-7:09 | | | |
| DEF COUNTER | Hudnall, Janet 11/03/2010 | 7:19-7:24 | | | |
| DEF COUNTER | Hudnall, Janet 11/03/2010 | 9:12-10:04 | | | |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 16:25-17:08 | | | |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 36:07-36:13 | | | |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 36:15-36:25 | | | |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 37:11-37:23 | | | |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 39:18-41:01 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery or G2 filters." | Testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter, which is essentially an Eclipse design and the predicate device for the G2X. (40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters She was the leader/quarterback for the filter franchise. (37:11-37:23). Testimony regarding her background and responsibilities provides necessary for the jury to judge her knowledge and credibility. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/03/2010 | 40:11-40:21 | | | |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 52:10-53:02 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter, which is essentially an Eclipse design and the predicate device for the G2X. (40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters She was the leader/quarterback for the filter franchise. (37:11-37:23). Testimony regarding her background and responsibilities provides necessary for the jury to judge her knowledge and credibility. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/03/2010 | 53:24-54:12 | Overrule | FRE 602, lack of foundation | |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 77:19-78:15 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery filter." | Testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter, which is essentially an Eclipse design and the predicate device for the G2X. (40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters She was the leader/quarterback for the filter franchise. (37:11-37:23). Testimony regarding her background and responsibilities provides necessary for the jury to judge her knowledge and credibility. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/03/2010 | 78:16-79:01 end at "retrieved" | Sustain | FRE 602, lack of foundation; calls for speculation | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 79:18-79:22 | Overrule | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony purports to address Bard's state of mind. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery filter." | Testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter, which is essentially an Eclipse design and the predicate device for the G2X. (40:11 - 41 01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters She was the leader/quarterback for the filter franchise. (37:11-37:23). Testimony regarding her background and responsibilities provides necessary for the jury to judge her knowledge and credibility. The testimony is relevant to the warning and design defect claims. This also goes to Bard's intent that the Retrievable and later models such as the Eclipse were, according to Bard, permanent. |
| PL AFFIRM | Hudnall, Janet 11/03/2010 | 88:20-89:11 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 –Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery filter or filter fracture." | Testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter, which is essentially an Eclipse design and the predicate device for the G2X. (40:11 - 41 01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters She was the leader/quarterback for the filter franchise. (37:11-37:23). Testimony regarding her background and responsibilities provides necessary for the jury to judge he knowledge and credibility. The testimony is relevant to the warning and design defect claims. This also goes to Bard's intent that the Retrievable and later models such as the Eclipse were, according to Bard, permanent. Bard knew it and didn't warn about it. |

Hudnall 11.3.10

135

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | Hudnall, Janet 11/01/2013 | | | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery filter and actions taken regarding that filter. Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2. The testimony is largely focused on alleged "bad acts" relating to the Recovery filter. | The references are not as to cephalad migration death from the Recovery Filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819) |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 5:20-5:22 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 31:01-32:06 Starting with "What was" | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 33:08-33:11 | | | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 35:20-35:21 | | | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 35:23-35:25 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 36:04-36:11 | Sustain | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403-irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 44:14-44:24 | Overrule | FRE 401, 402: relevance; FRE 602 (lack of personal knowledge); FRE 701 (opinion by lay witness based on scientific, technical or other specialized knowledge). | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 45:24-46:11 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 46:12-46:25 | Sustain | Rules 401, 402, 403: Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter of Simon Nitinol Filter." | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 53:12-53:20 beginning with "And as..." | Overrule | Rules 401, 402, 403: Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403-irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 54:20-55:08 | Overrule | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403-irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |

137

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 55:16-56:08 | Overrule | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 56:15-57:12 | Overrule | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter or Simon Nitinol Filter." | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 57:14-57:16 | Overrule | Rules 401, 402, 403. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. "This case does not involve the Recovery Filter." | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 67:09-67:13 | | | |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 91:02-91:04 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 91:06-91:08 beginning with "Exhibit 20…" | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |

Hudnall 11.1.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 92:24-93:10 | Overrule | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 95:20-95:24 | Sustain | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 99:01-100:05 | Overrule | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 100:06-101:03 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 101:04-101:09 | Sustain | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 101:10-102:02 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 102:03-102:08 | Sustain | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |

Hudnall 11.1.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 102:10-102:20 | Sustain | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 108:02-108:08 | | | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 108:10-108:11 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 108:13-108:17 beginning with "If there was..." | Overrule | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 108:19-108:22 | Overrule | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 109:16-109:25 | Sustain | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2014 | 115:04-115:09 beginning with "So you..." | Overrule | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 115:17-116:09 beginning with "were you there..." | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 136:13-136:25 | | | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 138:13-139:02 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 140:07-140:11 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 141:25-142:07 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 142:13-142:20 | | | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 142:21-143:15 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 147:01-147:10 | Sustain | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery Filter. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 147:11-148:11 | | | |

Hudnall 11.1.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 148:12-148:19 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. [2010.11.03 Hudnall · 40:11 - 41:01]. The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. [2010.11.03 Hudnall · 37:11 -37:23]. Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 148:20-148:25 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 150:15-150:21 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 150:24-151:17 beginning with "The representation..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. [2010.11.03 Hudnall · 40:11 - 41:01]. The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. [2010.11.03 Hudnall · 37:11 -37:23]. Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 155:03-155:19 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. [2010.11.03 Hudnall · 40:11 - 41:01]. The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. [2010.11.03 Hudnall · 37:11 -37:23]. Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 155:21-156:01 beginning with "It's an improvement..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. [2010.11.03 Hudnall · 40:11 - 41:01]. The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. [2010.11.03 Hudnall · 37:11 -37:23]. Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 156:03-156:05 beginning with "Because..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. [2010.11.03 Hudnall · 40:11 - 41:01]. The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. [2010.11.03 Hudnall · 37:11 -37:23]. Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 157:01-158:03 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 158:20-159:04 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 163:07-163:21 | | | |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 166:06-166:11 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 167:07-168:04 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **Pl. AFFIRM** | Hudnall, Janet 11/01/2013 | 168:18-169:02 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |

Hudnall 11.1.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 169:18-170:18 Starting with "this is" | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 170:20-170:25 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 171:02-171:19 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 172:16-172:20 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 172:21-173:05 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages | The testimony of the witness establishes her knowledge of the subject matter of the question. See above for responses to FRE 402,403. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 173:24-174:05 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages | The testimony of the witness establishes her knowledge of the subject matter of the question. See above for responses to FRE 402,403. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 174:08-174:11 beginning with "Okay," | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages | The testimony of the witness establishes her knowledge of the subject matter of the question. See above for responses to FRE 402,403. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 174:13-174:19 beginning with "I mean..." | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony of the witness establishes her knowledge of the subject matter of the question. See above for responses to FRE 402,403. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 174:23-175:18 | Sustain | 175:16-18: non-responsive. Witness did not answer the question asked and instead offered an unsolicited opinion that is outside of her area of expertise and knowledge and is based on speculation; FRE 602 (lack of personal knowledge); FRE 701 (opinion by lay witness based on scientific, technical or other specialized knowledge). Witness then disclaimed knowledge of the subject matter: 176:8-9; | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 178:09-178:19 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 179:02-180:12 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 181:01-181:23 begin at "I showed" 184:02-184:17 beginning with "you're..." | Overrule | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 185:10-186:03 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 186:04-186:11 | Overrule | FRE 403: Misleading and confusing; optional completeness: delete 186:4-5 or add 185:25-186:3 so the context of 186:4-5 is clear. | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 186:13-186:17 | Overrule | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 186:18-187:02 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 187:10-187:14 begin at "No one" | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 187:15-187:18 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2X filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 188:06-188:09 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2X filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 188:11-188:12 | Overrule | FRE 403: Misleading and confusing. "I'm sorry" is not a question. This is not proper testimony. | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 188:18-189:03 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 192:24-193:05 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2X filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 193:06-193:12 | | | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 194:20-194:25 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2X filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 195:10-196:06 | | | |

146

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL AFFIRM** | Hudnall, Janet 11/01/2013 | 196:07-196:13 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **PL AFFIRM** | Hudnall, Janet 11/01/2013 | 196:15-196:18 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **PL AFFIRM** | Hudnall, Janet 11/01/2013 | 205:24-206:03 beginning with "This is an..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **PL AFFIRM** | Hudnall, Janet 11/01/2013 | 206:05-206:15 beginning with "Have you ever..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |
| **PL AFFIRM** | Hudnall, Janet 11/01/2013 | 206:20-207:01 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 209:06-209:16 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Witness does not have personal knowledge of document, Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2X filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 - 37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 210:15-210:23 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Witness does not have personal knowledge of document, Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | |
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 211:04-211:10 beginning with "This leads..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Witness does not have personal knowledge of document, Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | |
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 211:21-212:08 beginning with "That the blood..." Ending with "filter" redacted "and send it crashing into someone's heart and kill them" | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Witness does not have personal knowledge of document, Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2X filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 - 37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 212:12-212:21 beginning with "Was it..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Witness does not have personal knowledge of document, Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2X filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 - 37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |

Hudnall 11.1.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl. AFFIRM | Hudnall, Janet 11/01/2013 | 213:21-213:25 beginning with ""This is a simple..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |
| Pl. AFFIRM | Hudnall, Janet 11/01/2013 | 214:24-215:08 beginning with "Okay." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |
| Pl. AFFIRM | Hudnall, Janet 11/01/2013 | 217:02-217:09 beginning with "When..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |
| Pl. AFFIRM | Hudnall, Janet 11/01/2013 | 217:11-217:20 beginning with "and... | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 218:24-219:17 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 220:08-221:11 beginning with "Now..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 - 37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 221:19-221:22 beginning with "I mean..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 - 37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 222:05-222:14 beginning with "Migration..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 - 37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 222:17-222:19 beginning with "In larger..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | |

Hudnall 11.1.13

Hudnall 11_13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 225:14-225:18 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition the witness testified to being a recipient of the document and her testimony establishes her knowledge of the subject matter. |
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 226:15-226:21 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 227:01-227:12 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 227:16-227:25 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. See 204:10-204:12. The witness has never seen the document before and has no personal knowledge of it. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL.AFFIRM | Hudnall, Janet 11/01/2013 | 273:01-274:04 beginning with "Is this your..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 279:13-279:24 beginning with "And then the..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 280:25-281:03 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 281:25-282:10 redacted "ten death, I mean" | Sustain | This testimony violates the Court's ruling on Recovery migration deaths. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. With the redactions, the references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 282:12-282:15 beginning with "It was..." Redacted lines 282:16-283 01 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 296:09-296:19 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 296:21-297:07 beginning with "That was..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 297:09-297:18 beginning with "Effectiveness..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 316:03-316:17 beginning with "If you..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 316:19-317:09 beginning with "Do you..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 317:11-317:13 beginning with "Looking at..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 –Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 318:02-318:06 | Overrule | FRE 602 (lack of personal knowledge); FRE 701 (opinion by lay witness based on scientific, technical or other specialized knowledge); FRE 802: Hearsay. | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 340:03-340:08 beginning with "Do you..." | Sustain | Judge Campbell sustained Defendants' objection in the MDL bellwether trials. This testimony was not allowed, and Judge Campbell ruled: "The question is not evidence." Rules 401, 402, 403 –Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. This designation was excluded in the MDL. | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 340:11 beginning with "I have..." | Sustain | Judge Campbell sustained Defendants' objection in the MDL bellwether trials. This testimony was not allowed, and Judge Campbell ruled: "The question is not evidence." Rules 401, 402, 403 –Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. This designation was excluded in the MDL. | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 342:23-343:14 beginning with "You telling..." Redact "including death" at line 10. | Overrule with redaction | This designation violates the Court's ruling on Recovery migration deaths. Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes the knowledge of the subject matter. With the redactions, the references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references so cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 344:11-344:18 beginning with "I am..." | Overrule | Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 344:20-344:21 beginning with "Yes or..." | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 348:10-348:13 | Sustain | FRE 403: Misleading and confusing; optional completeness. The question is out of context, there is no way for the jury to determine what is being referred to by the question "Is that okay with you ...". The context from the preceding pages is that there would be additional deaths if the Recovery was not taken off the market. Additional testimony should be designated to provide context, or the testimony should be stricken. FRE 401, 402: Relevance: Plaintiff did not designate the testimony that this concerns. Beyond the scope of direct. | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 348:15-348:18 | Sustain | FRE 403: Misleading and confusing; optional completeness. The question is out of context, there is no way for the jury to determine what is being referred to by the question "Is that okay with you ...". The context from the preceding pages is that there would be additional deaths if the Recovery was not taken off the market. Additional testimony should be designated to provide context, or the testimony should be stricken. FRE 401, 402: Relevance: Plaintiff did not designate the testimony that this concerns. Beyond the scope of direct. | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 348:19-348:23 beginning with "Why weren't..." | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 348:25-349:02 beginning with "Well..." | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 349:04-349:19 | Overrule | Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony improperly suggests that Bard had a financial motive for actions when no such evidence exists. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 349:22-350:02 | Overrule | FRE 401, 402, 403: Statement of attorney is followed by a statement from the witness, but no question was asked. Not proper testimony/evidence. FRE 701 (opinion by lay witness based on scientific, technical or other specialized knowledge) | |
| DEF COUNTER | Hudnall, Janet 11/01/2013 | 350:04-350:05 | Overrule | FRE 401, 402, 403: Statement of attorney is followed by a statement from the witness, but no question was asked. Not proper testimony/evidence. FRE 701 (opinion by lay witness based on scientific, technical or other specialized knowledge) | |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 358:05-358:15 beginning with "You were..." | Overrule | Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 358:24-359:04 beginning with "Then when..." | Sustain | Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 - Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 359:06-359:13 beginning with "Okay." | Overrule | Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 - Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall - 37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 359:16-359:18 beginning with "Isn't that..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41 01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 359:20-360:08 beginning with "When it..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41 01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 360:10-360:12 beginning with "Yes." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41 01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 360:14 beginning with "Okay." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41 01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |
| PL AFFIRM | Hudnall, Janet 11/01/2013 | 370:16-370:22 beginning with "Would it..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41 01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL AFFIRM** | Hudnall, Janet 11/01/2013 | 370:24-370:25 beginning with "I can't..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The testimony describes her job responsibilities at BPV as a Senior Product Manager a position which was directly involved with the G2 filter the predicate device for the G2X, both of which are essentially the same design as the Eclipse and predicated upon the Recovery. (2010.11.03 Hudnall - 40:11 - 41:01). The testimony from the witness establishes that she was in contact with a number departments and kept advised of the adverse events, complaints and training occurring with the Recovery and G2/G2X filters. She was the leader/quarterback for the filter franchise. (2010.11.03 Hudnall -37:11 -37:23). Testimony regarding her background and responsibilities provides necessary foundation for the jury to judge her knowledge and credibility, as well as Bard's knowledge and action/inaction based thereon. The testimony is relevant to the warning and design defect claims. In addition her testimony establishes her knowledge of the subject matter. |

157

Hudnall 11.1.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 10:04-10:15 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 24:01-26:24 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. (as to question at 26:22-24 (witness did not "design" study). Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. (as to answer at 27:5-9 (witness did not "design" study). | basic information concerning background of the study which he knows all about as he was a medical monitor of and for the study. See p. 24. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 27:04-30:23 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. (as to question at 26:22-24 (witness did not "design" study). Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. (as to answer at 27:5-9 (witness did not "design" study). | basic information concerning background of the study which he knows all about as he was a medical monitor of and for the study. See p. 24. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 32:12-32:15 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 32:21-33:10 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 33:12-33:16 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 34:11-34:16 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect | he is the medical monitor and this is basic background on what he did. It is relevant information. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 35:06-35:13 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect | he is the medical monitor and this is basic background on what he did. It is relevant information. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 52:05-53:02 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 53:09-56:10 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 56:13-56:17 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 56:19-57:01 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 57:03 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 57:05-58:01 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 58:03 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 58:05-59:01 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 60:04-60:07 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 60:09-60:20 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by a lay witness. (as to 60:4-16; MDL court sustained objection. 9.12.18 order Dkt. No. 12590). | he has personal knowledge as the medical monitor. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 60:22-61:20 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. (as to 61:15-20; witness testifies he is assuming at 61:20) | he has personal knowledge as the medical monitor. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 62:22-63:04 | Overrule | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony purports to address Bard's state of mind. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 63:1-4 and 63:6-10; MDL court sustained objection in 9.12.18 order (Dkt. No. 12590)) | This is relevant as Bard sponsored a study of its G2 (essentially the same design as the Eclipse and G2X) and had control over the parameters of the study. It did not look at safety or efficacy, nor did it seek to confirm or refute the significant problems with the G2 filter designs. Bard later relied upon the study in determining the nature and extent of its product warnings. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 63:06-63:24 | Overrule | Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Testimony purports to address Bard's state of mind. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 63:1-4 and 63:6-10; MDL court sustained objection in 9.12.18 order (Dkt. No. 12590)) | This is relevant as Bard sponsored a study of its G2 (essentially the same design as the Eclipse and G2X) and had control over the parameters of the study. It did not look at safety or efficacy, nor did it seek to confirm or refute the significant problems with the G2 filter designs. Bard later relied upon the study in determining the nature and extent of its product warnings. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 67:17-67:21 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 67:24-68:03 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 68:20-69:16 | | | |

Kandarpa 7.19.18

158

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 71:18-74:03 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 -- testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Again, the Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledg of teh subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 74:06-74:14 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 -- testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 601/602 & 612. Lacks foundation, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 74:10-14; MDL court sustained objection in 9.12.18 order (Dkt. No. 12590)) | Again, the Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledg of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 74:17-75:06 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 -- testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Testimony is improper opinion testimony by a lay witness. (as to 74:17-75:2; MDL court sustained objection in 9.12.18 order (Dkt. No. 12590)) Rule 701. Testimony is improper opinion testimony by a lay witness (as to 74:4-6) | The Eclipse was nearly identicle in design to the filter being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledg of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 75:08-75:14 | Overrule | Rule 701. Testimony is improper opinion testimony by a lay witness. | He is not stating an opinion. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 76:19-80:24 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 81:02-81:19 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 81:21-81:24 | Overrule | This exhibit should not be marked or shown to the jury. All testimony regarding it was excluded by agreement of counsel (Dkt. 81, Para. 6, page 7) and the Court's ruling on Bard's MIL. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness is being ask to lay foundation for document not created by him). | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledg of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 92:20-93:24 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness (as to 93:18-24; witness is being asked to interpret document the did not prepare) | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledg of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 94:02-96:22 | Sustain as to 94:11-94:22 | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. (as to 94:2-21; witness is being asked to interpret document the did not prepare; witness answer is speculation ("I suspect")) | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledg of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 96:24-97:12 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 97:14-98:23 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 99:01-100:06 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 100:08-101:02 | Sustain | Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 100:8-22; MDL court sustained objection in 9.12.18 order (Dkt. No. 12590)) As to 100:8-22, testimony is improper narrative with no question pending (MDL sustained objection on this ground as well as Rule 701). | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 101:04-101:21 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 101:23-103:06 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 103:08-104:11 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 104:13-105:01 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 105:03-106:17 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 106:19-107:19 | | | |

159

Kandarpa 7.19.18

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 107:21-108:01 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 108:10-108:12 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 109:04-109:05 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 109:15-109:16 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 109:24-110:22 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 110:24-113:04 | Override | Rule 701. Testimony is improper opinion testimony by a lay witness. (as to question at 113:3-4, question is not in relation to Dr. Kandarpa's role as medical monitor) | The witness is stating facts within his knowledge as the medical monter. No opinion testimony is solicited. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 113:06-114:06 | Override | Rule 701. Testimony is improper opinion testimony by a lay witness. (as to answer at 113:6-14, question and answer is not in relation to Dr. Kandarpa's role as medical monitor) | The witness is stating facts within his knowledge as the medical monter. No opinion testimony is solicited. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 114:08-115:10 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 115:13-116:04 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 116:06-117:23 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 118:01-119:03 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 119:05-119:15 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 119:17-119:21 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 120:12-120:17 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 120:21-123:04 | Override | Rule 611(c) Leading question on direct. (as to question at 123:3-4) | question to deveepe testimony |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 123:06-123:12 | Override | Rule 611(c) Leading question of witness on direct. (all questions are leading) | same |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 123:14-124:01 | Override | Rule 611(c) Leading question of witness on direct. (all questions are leading) | same |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 124:04-124:07 | Override | Rule 611(c) Leading question of witness on direct. | same |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 124:09-124:14 | Override | Rule 611(c) Leading question of witness on direct. (as to answer at 124:9) Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 124:16-125:04 | Sustain as to 126:2-126:4 | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to question at 126:2-4, goes beyond scope of doctor's role as medical monitor for study) | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 125:07-125:18 | Override | Rule 701. Testimony is improper opinion testimony by a lay witness. (as to answer at 126:7-13, goes beyond scope of doctor's role as medical monitor for study) Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 125:20-126:04 | Override | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to question at 126:1-4; 9 MDL court sustained objection in 9.12.18 order (Dkt. No. 12590)) Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 126:06-126:20 | Sustain as to 126:7-126:13 | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to answer at 126:6-15, MDL court sustained objection in 9.12.18 order (Dkt. No. 12590)) Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |

Kandarpa 7.19.18

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 126:22-127:04 | Sustain | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 127:06-128:05 | Sustain | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 128:1-5.) MDL court sustained objection in 9.12.18 order [Dkt. No. 12590]) Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 128:07-128:12 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 611(c) Leading question of witness on direct. Rule 701. Testimony is improper opinion testimony by a lay witness. (MDL court sustained objection in 9.12.18 order [Dkt. No. 12590]) Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 128:15-129:15 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rule 701. Testimony is improper opinion testimony by a lay witness. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 129:17-130:09 | Sustain | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rule 701. Testimony is improper opinion testimony by a lay witness. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 130:11-130:19 | Sustain | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rule 701. Testimony is improper opinion testimony by a lay witness. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 131:13-131:18 | Sustain | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case. Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rule 701. Testimony is improper opinion testimony by a lay witness. Rules 401, 402 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 131:11-18; MDL court sustained objection in 9.12.18 order [Dkt. No. 12590]) | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 131:20-132:01 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (MDL court sustained objection in 9.12.18 order [Dkt. No. 12590]) Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403. Testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 132:03-132:17 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 132:3-10; MDL court sustained objection in 9.12.18 order [Dkt. No. 12590]). Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 132:11-17; outside scope of role as medical monitor) Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 132:19-133:06 | Sustain | Rule 701. Testimony is improper opinion testimony by a lay witness. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 611(c) Leading question of witness on direct. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 133:3-6; MDL court sustained objection in 9.12.18 order [Dkt. No. 12590]). | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 133:08-133:21 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. Rule 611(c) Leading question of witness on direct. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. (as to question at 133:8-15. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 133:23-134:09 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 134:11-135:10 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 135:12-136:11 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. (question and answer at 136:4-11 and 136:13-18 ask witness to speculate) | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 136:13-137:15 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. (question and answer at 136:4-11 and 136:13-18 ask witness to speculate). Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. (as to 136:20-137:15. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 137:17-137:23 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 138 02 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The Failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledg of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 138:04-138:09 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The Failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledg of the subject matter. |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 141:08-141:13 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 141:18-141:21 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 142:06-142:18 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 143:05-143:20 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 144:01-144:03 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 144:06-144:12 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 144:18-144:23 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 145:07-145:14 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 146:01-146:17 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 149:02-149:08 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 149:19-150:02 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 150:06-152:01 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 152:08-152:14 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 153:03-153:04 | Overrule | FRE 402 | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 153:08-153:10 | Overrule | FRE 402 | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 153:19-153:23 | Overrule | FRE 402 | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 161:20-161:23 ending with "Probably not." | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 162 02 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 162:04-162:06 ending with "No., I did not." | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 162:07-162:18 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 162:22-163:02 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 163:04-163:09 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 163:12-163:17 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 163:22-164:06 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 164:20-164:21 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 165:05-165:07 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 165:16-165:19 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 166:04-166:11 | Overrule | assumes facts not in evidence; calls for speculation | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 166:13-167:18 | Overrule | Assumes facts not in evidence; calls for speculation | |

Kandarpa 7.19.18

163

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 169:19 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 169:21-169:22 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 170:02-170:06 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 170:12 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 170:17-170:22 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 171:03-171:06 | Sustain | Assumes facts not in evidence; calls for speculation | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 171:09 | Sustain | Assumes facts not in evidence; calls for speculation | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 171:12 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 171:15 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 171:18-171:19 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 172:01 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 172:07-172:12 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 172:13-172:15 starting with "--reported filter" | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 172:17 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 172:19 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 172:24-173:05 | Overrule | Assumes facts not in evidence; calls for speculation | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 173:14-173:19 | Overrule | Assumes facts not in evidence; calls for speculation | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 174:09-174:14 starting with "Exhibit 13" | Overrule | Assume facts not in evidence; calls for speculation | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 174:18-174:22 | Overrule | Assumes facts not in evidence; calls for speculation;FRE 402, 403 | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 176:14-176:19 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 177:18-177:20 | Sustain | misstated the answer of the witness | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 177:23-178:01 ending with "report of it." | Sustain | asked and answered | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 178:07-178:19 | Overrule | FRE 402 | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 179:18-180:06 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 181:06-181:07 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 181:09-181:14 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 181:18-181:20 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 182:17 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 182:22-183:09 | Sustain | hearsay; calls for speculation | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 183:12-183:14 | Overrule | hearsay; calls for speculation | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 183:16 | Overrule | FRE 602 | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 186:06-186:10 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 187:07-187:19 ending with "No I don t." | Overrule | misstated the answer of the witness | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 187:23-188:03 ending with "...if it did." | Overrule | FRE 402, 403, 602 | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 188.08 "I don't know" | Overrule | FRE 602, calls for hearsay | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 188:10-188:12 | Overrule | fre 602; calls for hearsay | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 191:09-191:12 | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 191:24-192:08 ending with "No. I don t." | | | |
| DEF COUNTER | Kandarpa, Krishna 07/19/2018 | 193:16-194:04 ending with "Yeah." | Sustain | FRE 402, 403 | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 201:05-201:10 | Overrule | Rule 611(c) Leading question of witness on direct. Rule 701. Testimony is improper opinion testimony by a lay witness. | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 201:12-202:03 | Overrule | Rule 611(c) Leading question of witness on direct. Rule 701. Testimony is improper opinion testimony by a lay witness. | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 205:20-207:13 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 208:02-208:24 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 209:03-211:07 | | | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 211:09-212:18 | Overrule | Rules 106, 403. Plaintiffs counsel / questioner used improper/incomplete exhibit. (as to 211:9-211:08) | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 219:13-221:13 | Sustain | Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. (as to questions and answers at 219:13-14). Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 219:16-220:2). Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 221:9-13) | |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 221:15-223:13 | Overrule as to 223:7-223:18 | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 221:15-222:13 and 223:2-13; doctor is being asked about internal Bard document that he has not seen before and is outside scope of his role as medical monitor). Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. (as to 224:2-11) | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 223:15-226:19 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rule 701. Testimony is improper opinion testimony by a lay witness. (as to 221:15-222:13 and 223:2-13; doctor is being asked about internal Bard document that he has not seen before and is outside scope of his role as medical monitor). Rules 401, 402 & 403. Irrelevant and Unfairly Prejudicial. Testimony does not address injury or failure mode at issue. (as to 224:2-11) | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 226:22-227:03 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by witness. Rule 611 assumes facts not in evidence. | The Eclipse was nearly identicle in design to the filters being discussed by the witness. The failures of the filter line and Bard's knowledge of and reaction to such failures of all G2 devices is relevant to the design defects and defective warnings. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 231:03-231:10 | Sustain as to 231:8-231:10 | Rule 611(c) Leading question of witness on direct. (as to question at 231:8-10) | Used to develop testimony and foundation |
| PL AFFIRM | Kandarpa, Krishna 07/19/2018 | 232:10-232:14 | | | |

Kandarpa 7.19.18

165

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Little, William 07/27/2016 | 9:22-9:23 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 10:07-10:12 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 10:07-10:09 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 10:12 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 10:16-10:18 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 10:22-11:04 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 11:01-11:06 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 17:13-18:02 (beginning "So you left..." | | | |
| PL AFFIRM | Little, William 07/27/2016 | 20:07-20:20 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 22:13-22:23 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 24:04-24:19 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 24:22-24:25 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 35:01-35:10 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 39:20-40:05 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 40:10-40:20 (beginning "And tell...") | | | |
| PL AFFIRM | Little, William 07/27/2016 | 41:14-41:22 (beginning "And I...") | | | |
| PL AFFIRM | Little, William 07/27/2016 | 42:16-42:25 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 43:05-43:19 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 50:03-50:07 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 55:09-57:25 | Overrule | (1) FRE 402, 403: The testimony regarding Bard's obligation in general and/or under FDA requirements to disclose information to physicians should be excluded because it is irrelevant to any matter at issue; further, any nominal probative value of the testimony is outweighed by the dangers of time-wasting and confusion of the issues, because, among other things, failure to warn is not at issue. (2) the witness's opinion about Bard "trying to do the right thing" in its sales efforts is inadmissible character evidence and ought to be excluded under FRE 404(a) | |
| PL AFFIRM | Little, William 07/27/2016 | 65:05-65:08 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 65:08-65:12 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 96:14-96:18 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 98:04-98:13 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 98:13-98:22 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 106:12-106:16 (beginning "Was there." | | | |
| DEF COUNTER | Little, William 07/27/2016 | 106:18-106:19 | Overrule | (1) FRE 402/403: Objection to testimony concerning 510k process for reasons stated in Plaintiffs' motion in limine; (2) FRE 402/403: objection to including two extended colloquies between counsel, which are not evidence | |
| DEF COUNTER | Little, William 07/27/2016 | 107:13-107:24 | Overrule | (1) FRE 402/403: Objection to testimony concerning 510k process for reasons stated in Plaintiffs' motion in limine; (2) FRE 402/403: objection to including two extended colloquies between counsel, which are not evidence | |
| PL AFFIRM | Little, William 07/27/2016 | 157:22-158:23 | | | |

Little 7.27.16 PL

166

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Little, William 07/27/2016 | 172:20-173:05 | Sustain | Rules 601/602 & 612. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. |
| PL AFFIRM | Little, William 07/27/2016 | 173:24-174:01 | Sustain | Rules 601/602 & 612. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. |
| PL AFFIRM | Little, William 07/27/2016 | 174:15-175:02 | Overrule | Rules 601/602 & 612. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. |
| PL AFFIRM | Little, William 07/27/2016 | 175:10-176:19 | Sustain | Rules 601/602 & 612. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403. Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. Further, whether and to what extent the filter had a risk of migration is a matter the jury may consider in deciding whether the filter as designed met consumer expectations and warnings. |
| PL AFFIRM | Little, William 07/27/2016 | 177:03-177:14 ending "...factors, yes." | Sustain | Rules 601/602 & 612. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403. Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. Further, whether and to what extent the filter had a risk of migration is a matter the jury may consider in deciding whether the filter as designed met consumer expectations and warnings. |
| PL AFFIRM | Little, William 07/27/2016 | 177:23-178:16 | Sustain | Rules 601/602 & 612. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403. Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. Further, whether and to what extent the filter had a risk of migration is a matter the jury may consider in deciding whether the filter as designed met consumer expectations and warnings. |
| PL AFFIRM | Little, William 07/27/2016 | 179:02-180:02 | Sustain as to 179:17-179:22 | Rules 601/602 & 612. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. |
| DEF COUNTER | Little, William 07/27/2016 | 180:03-181:23 redact "and a death" line 180:19 end at "contamination" | Overrule | FRE 402/403: Objection to including colloquies between counsel and discussion with videographer. | |
| DEF COUNTER | Little, William 07/27/2016 | 181:25-182:02 | Overrule | FRE 402/403: Objection to including colloquies between counsel and discussion with videographer. | |
| PL AFFIRM | Little, William 07/27/2016 | 187:03-187:24 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 188:12-188:15 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 188:16-188:25 | Overrule | FRE 402/403: Objection to including colloquies between counsel and discussion with videographer. | |
| PL AFFIRM | Little, William 07/27/2016 | 189:01-190:11 | | | |

Little 7.27.16 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Little, William 07/27/2016 | 191:11-192:25 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 193:01-193:10 | Overrule | FRE 402/403: Objection to including colloquies between counsel and discussion with videographer. | |
| PL AFFIRM | Little, William 07/27/2016 | 193:24-194:14 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 194:15-195:18 | Overrule | FRE 402/403: Objection to including colloquies between counsel and discussion with videographer. | |
| PL AFFIRM | Little, William 07/27/2016 | 199:23-200:03 end "yeah" | | | |
| DEF COUNTER | Little, William 07/27/2016 | 200:03-200:04 | Overrule | FRE 402/403: Objection to including colloquies between counsel and discussion with videographer. | |
| PL AFFIRM | Little, William 07/27/2016 | 200:17-200:23 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 201:17-202:05 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 203:09-204:05 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 204:08-204:09 end "yeah" | | | |
| DEF COUNTER | Little, William 07/27/2016 | 204:08-204:24 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 205:02-205:15 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 205:16-209:02 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 210:04-210:06 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 246:14-246:17 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 246:19-247:15 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 272:11-272:15 end "right" | | | |
| PL AFFIRM | Little, William 07/27/2016 | 300:08-300:15 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 329:07-329:08 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 329:11-329:21 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 331:03-331:15 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 359:01-359:02 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 359:06-359:13 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 363:04-364:04 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 364:05-364:13 | Sustain | 364:8-11 non-responsive | |
| PL AFFIRM | Little, William 07/27/2016 | 364:14-364:18 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 364:19-364:25 | Overrule | non-responsive after "no" | |
| PL AFFIRM | Little, William 07/27/2016 | 374:05-374:06 | Overrule | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. see 364 9-11 and 15-19 and 380:22:24 | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. |
| PL AFFIRM | Little, William 07/27/2016 | 374:12-374:14 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Little, William 07/27/2016 | 374:20-375:20 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiff's Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403: Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. |
| PL AFFIRM | Little, William 07/27/2016 | 376:02-376:05 ending "Yeeah." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiff's Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403: Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. |
| DEF COUNTER | Little, William 07/27/2016 | 376:05-376:25 subject to objection | | | |
| PL AFFIRM | Little, William 07/27/2016 | 377:05-377:10 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiff's Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403: Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. Further, whether and to what extent the filter had a risk of migration is a matter the jury may consider in deciding whether the filter as designed met consumer expectations. |
| PL AFFIRM | Little, William 07/27/2016 | 377:14-377:21 beginning "Is that what..." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiff's Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403: Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. Further, whether and to what extent the filter had a risk of migration is a matter the jury may consider in deciding whether the filter as designed met consumer expectations. |
| PL AFFIRM | Little, William 07/27/2016 | 377:25-378:06 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiff's Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403: Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. |

Little 7.27.16 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Little, William 07/27/2016 | 378:10-380:03 ending "...it does." | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Also incomplete deisngation. The complete answer is 380:3-8 | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403: Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. |
| DEF COUNTER | Little, William 07/27/2016 | 380:03-380:08 subject to objection | | | |
| DEF COUNTER | Little, William 07/27/2016 | 380:22-380:24 subject to objection | | | |
| PL AFFIRM | Little, William 07/27/2016 | 384:20-384:25 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. No answer was designated. Just a statement by counsel | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403: Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. |
| PL AFFIRM | Little, William 07/27/2016 | 386:20-387:02 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. 386:20 is an answer to no question. 387:3-4 is an incomplete answer. 387:3-4 is necessary to complete the answer. | FRE 601/602/612: The witness has personal knowledge of the subject matter discussed in this otherwise-admissible document, based on his role at Bard. The testimony is proper as discussed at more length in Plaintiffs' Response to Defendants' Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh recollection, the document is attached as an exhibit. FRE 401/402/403: Bard's knowledge and intent in redesigning its retrievable filters to create the G2 family (including the filter at issue), including its knowledge of the risks of the G2's predicate filter, the Recovery Filter, is relevant to, among other things, whether Bard acted as a reasonably prudent manufacturer in its testing and design of the Eclipse. |
| DEF COUNTER | Little, William 07/27/2016 | 387:03-387:04 subject to objection | | | |
| DEF COUNTER | Little, William 07/27/2016 | 390:14 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 390:19-391:11 | Overrule | [390:19-391:11] The witness's testimony regarding the SIR guidelines should be excluded under FRE 402 & 403 for the reasons discussed in Plaintiffs' Omnibus Motion in Limine to exclude recommendations of professional advocacy organizations | The MIL was denied. |
| PL AFFIRM | Little, William 07/27/2016 | 391:12-391:22 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 392:01-392:10 | Overrule | [392:04-392:10] (1) The witness's testimony regarding the SIR guidelines should be excluded under FRE 402 & 403 for the reasons discussed in Plaintiffs' Omnibus Motion in Limine to exclude recommendations of professional advocacy organizations; (2) the testimony should be excluded under FRE 701 & 702 because this witness is not a radiologist or healthcare provider and is not qualified as an expert to offer opinion testimony interpreting "what the | The MIL was denied. |
| PL AFFIRM | Little, William 07/27/2016 | 447:01-447:03 | | | |
| PL AFFIRM | Little, William 07/27/2016 | 447:06-447:09 | | | |
| DEF COUNTER | Little, William 07/27/2016 | 463:08-463:24 | Sustain | [463:08-463:24] The witness's testimony concerning the "Filter Facts" website should be excluded under FRE 402 & 403 because it has no probative value and/or any nominal probative value is outweighed by the dangers of confusion and time-wasting. Further, the witness's testimony at 463:21-24, concerning Bard's "intention" in designing the Filter Facts website should be excluded as non-responsive. Finally the witness's testimony at lines 22-24 regarding the "fear mongering website...we were dealing with" (a reference to lawyer advertising) is outweighed by the danger of undue prejudice, as discussed in Plaintiffs' Omnibus Motion in Limine. | To the extent Plaintiff's argue that the Eclipse name was created to "break with the baggage, this testimony is relevant to why and how Bard was treating the market place and information at the time that the Eclipse filter was being sold. |
| PL AFFIRM | Little, William 07/27/2016 | 486:05-486:10 | | | |

Little 7.27.16 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Little, William 07/27/2016 | 488.10-488.16 | | | |

Little 7.27.16 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Little, William 07/27/2016 | 10:07-10:09 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 10:12 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 10:16-10:18 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 10:22-11:06 | | | |
| DEF COUNTER TO COUNTER | Little, William 07/27/2016 | 12:12-14:03 | | | |
| DEF COUNTER TO COUNTER | Little, William 07/27/2016 | 14:14-15:12 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 19:22-20:04 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 20:21-21:14 | | | |
| DEF COUNTER TO COUNTER | Little, William 07/27/2016 | 23:02-23:09 | | | |
| PL COUNTER | Little, William 07/27/2016 | 24:04-24:25 | | | |
| PL COUNTER | Little, William 07/27/2016 | 42:16 | Sustain | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | |
| PL COUNTER | Little, William 07/27/2016 | 42:22-42:25 | Sustain | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | |
| DEF AFFIRM | Little, William 07/27/2016 | 55:09-56:05 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 57:04-57:25 | | | |
| PL COUNTER | Little, William 07/27/2016 | 67:13-67:17 | | | |
| PL COUNTER | Little, William 07/27/2016 | 69:11-69:19 | | | |
| DEF COUNTER TO COUNTER | Little, William 07/27/2016 | 94:21-95:13 | | | |
| PL COUNTER | Little, William 07/27/2016 | 96:14-96:18 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 117:03-119:24 start at And if | | | |
| DEF COUNTER TO COUNTER | Little, William 07/27/2016 | 117:03-118:17 | | | |
| DEF COUNTER TO COUNTER | Little, William 07/27/2016 | 119:14-119:24 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 146:01-146:14 | Overrule | FRE 402/403 | Directly relevant to negligent desing claim and "standard of care" alleged by Plaintiff |
| DEF AFFIRM | Little, William 07/27/2016 | 187:03-189:20 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 199:19-204:05 | Overrule | FRE 402/403 | Relevant to feasible alternative designs. |
| DEF AFFIRM | Little, William 07/27/2016 | 204:08-205:15 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 208:16-209:14 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 218:21-219:11 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 244:12-245:15 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 245:18-246:17 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 246:19-248:23 | | | |
| PL COUNTER | Little, William 07/27/2016 | 300:04-300:19 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 390:14 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 390:19-391:11 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 392:01-392:10 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 432:05-432:22 | | | |

Little 7.27.16 DEF

172

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER TO COUNTER | Little, William 07/27/2016 | 436:01-436:20 | | | |
| DEF AFFIRM | Little, William 07/27/2016 | 441:05-441:24 | Overrule | (441:05-441:24) this witness's opinion that Bard was concerned about "long term doing the right thing" is inadmissible character evidence under FRE 404(a)(1). | The witness has a significant amount of experience in the medical device industry and is speaking from his personal knowledge. |
| DEF AFFIRM | Little, William 07/27/2016 | 442:10-442:13 | Overrule | (442:10-443:02) The testimony regarding the witness's general observations of actions by Bard employees in response to adverse events is inadmissible under FRE 404(b)(1) as evidence of "other acts" offered here to prove Bard's/Bard employees' character to prove that Bard and/or its employees acted in conformity therewith; further the witness s opinion that Bard employees were "good people...trying to do the right thing" is inadmissible as character evidence under FRE 404(a)(1). | The witness has a significant amount of experience in the medical device industry and is speaking from his personal knowledge. |
| DEF AFFIRM | Little, William 07/27/2016 | 442:18-443:02 | Overrule | (overlaps with above) | The witness has a significant amount of experience in the medical device industry and is speaking from his personal knowledge. |
| DEF AFFIRM | Little, William 07/27/2016 | 463:08-463:24 | Sustain | (463:08-463:24) The witness's testimony concerning the "Filter Facts" website should be excluded under FRE 402 & 403 because it has no probative value and/or any nominal probative value is outweighed by the dangers of confusion and timewasting. Further, the witness's testimony at 463:21-24, concerning Bard's "intention" in designing the Filter Facts website should be excluded as nonresponsive. Finally the witness's testimony at lines 22-24 regarding the "fear monitoring website...we were dealing with" (a reference to lawyer advertising) is outweighed by the danger of undue prejudice, as discussed in Plaintiff s Omnibus Motion in Limine. | The witness has a significant amount of experience in the medical device industry and is speaking from his personal knowledge. If Plaintiff introduces evidence that opens the door to the Filter Facts website and the reasons it was created, Defendants are entitled to present evidence to explain explain. |
| PL COUNTER | Little, William 07/27/2016 | 488:10-488:16 | | | |
| PL COUNTER | Little, William 07/27/2016 | 488:23-488:25 | Overrule | Rule 407 – Subsequent remedial measures are not admissible. | |
| PL COUNTER | Little, William 07/27/2016 | 489:01-489:05 | | | |
| PL COUNTER | Little, William 07/27/2016 | 489:14-489:23 | | | |
| DEF COUNTER TO COUNTER | Little, William 07/27/2016 | 490:03-490:06 | | | |
| PL COUNTER | Little, William 07/27/2016 | 490:12-490:21 | Overrule | Rule 407 – Subsequent remedial measures are not admissible. | |
| PL COUNTER | Little, William 07/27/2016 | 500:02-500:04 | Overrule | Rule 407 – Subsequent remedial measures are not admissible. | |
| PL COUNTER | Little, William 07/27/2016 | 500:11-500:14 | Overrule | Rule 407 – Subsequent remedial measures are not admissible. | |

Little 7.27.16 DEF

173

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | | | | Mr. McDermott's testimony is not relevant to the issues in this case. He left BPV in 2007 before the Plaintiff's filter was manufactured and his testimony relates to the Recovery filter which is irrelevant under Rules 401, 402, and 403. This testimony is Recovery "bad acts" as addressed by the Court in Bard's MIL. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse filter, trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing, warnings and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, tilt, and fracture. He is at risk for fracture and death or serious injury in the future from the fractured strut from his filter that is still embedded in his L3 vertebral body. |
| PL AFFIRM | McDermott, John 02/05/2014 | 09:12-09:17 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 22:24-23:10 beginning with "while you were..." | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 24:02-24:05 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 24:07 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 24:09-24:14 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 27:14-27:18 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 27:21-27:23 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 28:10-28:13 | | | |
| DEF COUNTER | McDermott, John 02/05/2014 | 65:12-65:17 | | | |
| DEF COUNTER | McDermott, John 02/05/2014 | 65:19 ("anybody?") | | | |
| DEF COUNTER | McDermott, John 02/05/2014 | 65:21-66:03 (ends at "other") | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 66:03-66:05 beginning with "did you ever..." | | | |
| DEF COUNTER | McDermott, John 02/05/2014 | 66:07 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 66:09-66:10 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 66:15-66:19 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 66:21 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 66:23-67:05 | Overrule | Rules 401, 402, 403 - Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| DEF COUNTER | McDermott, John 02/05/2014 | 67:06-67:07 | | | |
| DEF COUNTER | McDermott, John 02/05/2014 | 67:09 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 69:14-69:15 | Overrule | Rules 401, 402, 403 - Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Also, incomplete answer. The answer continues on lines 15,16, 19 and 21-22. | See Plaintiff's response to Bard's general objection above. |
| DEF COUNTER | McDermott, John 02/05/2014 | 69:15-69:16 ("They're") | Overrule | Non-responsive. Objection located at 69:23. | |
| DEF COUNTER | McDermott, John 02/05/2014 | 69:19 | Overrule | Non-responsive. Objection located at 69:23. | |
| DEF COUNTER | McDermott, John 02/05/2014 | 69:21-69:22 | Overrule | Non-responsive. Objection located at 69:23. | |

McDermott 2

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | McDermott, John 02/05/2014 | 78:15-78:21 subject to objection | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 78:22-79:04 beginning with "But did Redact the word "Death" from line 24 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 83:05-83:06 beginning with "Exhibit 2..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 83:09-84:03 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| DEF COUNTER | McDermott, John 02/05/2014 | 84:04-84:09 subject to objection | Overrule | Plaintiff objects under rules 401, 402 and 403. Who exactly reviewed or contributed to the document is irrelevant to the issues at hand. | |
| DEF COUNTER | McDermott, John 02/05/2014 | 84:14-84:16 subject to objection | Overrule | Plaintiff objects under rules 401, 402 and 403. Who exactly reviewed or contributed to the document is irrelevant to the issues at hand. | |
| DEF COUNTER | McDermott, John 02/05/2014 | 84:21-84:23 subject to objection | Overrule | Plaintiff objects under rules 401, 402 and 403. Who exactly reviewed or contributed to the document is irrelevant to the issues at hand. | |
| PL AFFIRM | McDermott, John 02/05/2014 | 87:03-87:05 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 91:01-91:08 beginning with "this is page..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 91:14-91:22 | Overrule | Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 92:03-92:18 | Overrule | Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 93:18 | Overrule | Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 93:25-94:01 beginning with "So we're on..." | Overrule | Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 94:17-94:18 beginning with "It's Rates No..." | Overrule | Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 94:20-95:03 | Overrule | Rules 401, 402 & 403 (sustained by Judge Campbell). Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| DEF COUNTER | McDermott, John 02/05/2014 | 95:10-95:17 | Overrule | Plaintiff objects under rules 401, 402 and 403. Who exactly reviewed or contributed to the document is irrelevant to the issues at hand. | |
| PL AFFIRM | McDermott, John 02/05/2014 | 98:06-98:10 | Sustain | Rules 401, 402 & 403. (sustained by Judge Campbell). | |
| PL AFFIRM | McDermott, John 02/05/2014 | 98:14-98:20 beginning with "Isn't that..." | Sustain | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | |
| PL AFFIRM | McDermott, John 02/05/2014 | 101:10-101:14 | Sustain | Rules 401, 402 & 403. (sustained by Judge Campbell). | |

McDermott 2.5.14

175

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | McDermott, John 02/05/2014 | 105:16-105:22 (end at "but") | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 105:22-106:01 beginning with "this was..." ending with "Yeah," | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| DEF COUNTER | McDermott, John 02/05/2014 | 106:01-106:07 ("The...") | | | |
| DEF COUNTER | McDermott, John 02/05/2014 | 107:10-107:14 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 107:15-108:14 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 108:23-109:05 beginning with "is there any..." | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 111:16-111:20 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 111:23 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 112:01-112:02 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This objection was sustained by Judge Campbell. MDL Dkt. 10438, page 10. | See Plaintiff's response to Bard's general objection above. |
| DEF COUNTER | McDermott, John 02/05/2014 | 112:05-112:08 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 112:12-112:18 Redact Lines 14 to 15 from "I showed" to "second death" | Overrule | This testimony relates to Recovery cephalad migration. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This objection was sustained by Judge Campbell. MDL Dkt. 10438, page 10. | See Plaintiff's response to Bard's general objection above. |
| PL AFFIRM | McDermott, John 02/05/2014 | 112:20-112:22 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This objection was sustained by Judge Campbell. MDL Dkt. 10438, page 10. | See Plaintiff's response to Bard's general objection above. |
| DEF COUNTER | McDermott, John 02/05/2014 | 127:10-127:15 | Overrule | vague | |
| DEF COUNTER | McDermott, John 02/05/2014 | 127:17 | Overrule | vague | |
| DEF COUNTER | McDermott, John 02/05/2014 | 128:02-128:07 | Overrule | vague | |
| DEF COUNTER | McDermott, John 02/05/2014 | 137:16-137:20 | | | |
| DEF COUNTER | McDermott, John 02/05/2014 | 137:22-137:23 | Sustain | non-responsive. | |
| PL AFFIRM | McDermott, John 02/05/2014 | 190:11-190:16 beginning with "I marked..." | Sustain | Rules 601 & 602. The witness testified he was not involved in the creation of this document and has no personal knowledge about it. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |
| DEF COUNTER | McDermott, John 02/05/2014 | 190:17-190:23 subject to objection | Overrule | FRE 602 | |
| PL AFFIRM | McDermott, John 02/05/2014 | 192:12-192:14 | Sustain | Rules 601 & 602. The witness testified he was not involved in the creation of this document and has no personal knowledge about it. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |
| DEF COUNTER | McDermott, John 02/05/2014 | 192:17-193:05 subject to objection | Overrule | leading; answer non-responsive; calls for speculation | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | McDermott, John 02/05/2014 | 194:17-195:03 | Sustain | Rules 601, 602 & 612. Document is after witness left the company. He has no personal knowledge. (see 284:5) (Objection sustained by Judge Campbell). Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | see Plaintiff's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |
| DEF COUNTER | McDermott, John 02/05/2014 | 195:10-195:13 subject to objection | Overrule | non-responsive | |
| DEF COUNTER | McDermott, John 02/05/2014 | 195:23-196:11 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 196:12-197:07 | Sustain | Rules 601, 602 & 612. Document is after witness left the company. He has no personal knowledge. (see 284:5) (Objection sustained by Judge Campbell). Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |
| PL AFFIRM | McDermott, John 02/05/2014 | 199:14-199:23 | Sustain | Rules 601, 602 & 612. Document is after witness left the company. He has no personal knowledge. (see 199;24-25) (Objection sustained by Judge Campbell). Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| DEF COUNTER | McDermott, John 02/05/2014 | 199:24-199:25 subject to objection | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 204:15 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 204:17-204:18 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 204:21-205:15 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 207:16-207:18 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 228:17-228:23 | Overrule | Rules 410, 402 and 403-implies Bard has a duty to patients when the law in Oregon is that the duty to warn is to the physician. | No such implication. |
| DEF COUNTER | McDermott, John 02/05/2014 | 229 01 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 230 08 | Overrule | Rules 410, 402 and 403-implies Bard has a duty to patients when the law in Oregon is that the duty to warn is to the physician. | No such implication. |
| PL AFFIRM | McDermott, John 02/05/2014 | 284:02-284:15 beginning with "Exhibit 15." | Sustain | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |
| PL AFFIRM | McDermott, John 02/05/2014 | 285:01-285:10 beginning with "And if you...." | Sustain | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |
| PL AFFIRM | McDermott, John 02/05/2014 | 285:12 | Sustain | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |
| PL AFFIRM | McDermott, John 02/05/2014 | 285:14-285:21 | Sustain | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |
| PL AFFIRM | McDermott, John 02/05/2014 | 285:24-285:25 | Sustain | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |
| PL AFFIRM | McDermott, John 02/05/2014 | 286:02-286:04 | Sustain | Rules 601, 602 and 612. Witness has no personal knowledge of the document that was written 4 years after he left the company, and counsel is reading the document into evidence. | see Plaintiff's response to Bard's general objection above. Further, the testimony of the witness established his knowledge of the subject matter and he is also charged with such knowledge by virtue of his position at Bard. |

McDermott 2.5.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | McDermott, John 02/05/2014 | 288:13-289:03 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 289:05-289:07 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 296:17-296:22 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 296:24 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 297:01-297:24 beginning with "Now, one..." | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 303:13-303:23 beginning with "in some..." | Overrule | This relates soley to the Recovery filter and actions taken about that filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 307:01-307:15 | Overrule | This relates soley to the Recovery filter and actions taken about that filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 307:19-307:20 | Overrule | This relates soley to the Recovery filter and actions taken about that filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 307:22-307:23 | Overrule | This relates soley to the Recovery filter and actions taken about that filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 308:04-308:08 | Overrule | This relates soley to the Recovery filter and actions taken about that filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 308:10 | Overrule | This relates soley to the Recovery filter and actions taken about that filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 311:12-312:08 | Overrule | This exhibit being discussed violates the Court's ruling on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 317:15-317:21 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | See Plaintiff's response above to Bard's general FRE 402 and 403 objections. |
| PL AFFIRM | McDermott, John 02/05/2014 | 320:21-320:24 beginning with "The comparison..." | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 321 01 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 349:17-349:21 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 349:25 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 350:02-350:03 | | | |
| PL AFFIRM | McDermott, John 02/05/2014 | 350 06 | | | |

McDermott 2.5.14

178

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Modra, Chad 06/06/2014 | 5:23-5:24 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 7:07-7:25 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 12:23-13:01 | Overrule | Rules 401, 402 and 403. Exhibits not marked. | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 16:13-16:23 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 19:05-19:10 | | | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 19:11-19:20 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 19:21-20:01 | | | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 20:02-20:09 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 20:20-21:19 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 22:02-22:22 | | | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 22:23-22:25 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 23:02-23:10 | | | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 23:11-23:12 | | | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 23:15-23:16 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 26:05-26:08 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 26:11-26:20 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 26:23-27:02 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 30:10-30:14 (beginning "Did Bard make...") | | | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 30:15-30:18 | Sustain | FRE 602/702: Witness is not qualified or designated to offer testimony as an expert in marketing practices across the industry, and the testimony given is beyond the scope of his personal knowledge. | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 30:22-30:25 | Sustain | FRE 602/702: Witness is not qualified or designated to offer testimony as an expert in marketing practices across the industry, and the testimony given is beyond the scope of his personal knowledge. | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 31:06-31:09 | | | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 31:11-31:23 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 49:11-49:15 (beginning "And now...) | | | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 77:07-77:08 subject to objection | Sustain | FRE 602/702: Witness lacks personal knowledge of this matter and the testimony given is speculative lay opinion; witness is neither qualified nor designated as an expert to testify on this matter. | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 77:11-77:12 subject to objection | Sustain | FRE 602/702: Witness lacks personal knowledge of this matter and the testimony given is speculative lay opinion; witness is neither qualified nor designated as an expert to testify on this matter. | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 77:23-77:25 subject to objection | Sustain | FRE 602/702: Witness lacks personal knowledge of this matter and the testimony given is speculative lay opinion; witness is neither qualified nor designated as an expert to testify on this matter. | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 78:01-78:11 subject to objection | Sustain | FRE 602/702: Witness lacks personal knowledge of this matter and the testimony given is speculative lay opinion; witness is neither qualified nor designated as an expert to testify on this matter. | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 84:20-84:23 (beginning "have you ever...) | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Goes to foundation |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl. AFFIRM | Modra, Chad 06/06/2014 | 85:06-85:17 (beginning "so this document) | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | 85:6-9 goes to foundation. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard's design and warning failures. |
| Pl. AFFIRM | Modra, Chad 06/06/2014 | 87:05-87:07 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| Pl. AFFIRM | Modra, Chad 06/06/2014 | 87:10-87:15 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| Pl. AFFIRM | Modra, Chad 06/06/2014 | 87:19-87:25 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard's design and warning failures. |
| Pl. AFFIRM | Modra, Chad 06/06/2014 | 88:24-89:02 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | foundation |
| Pl. AFFIRM | Modra, Chad 06/06/2014 | 89:14-89:17 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | foundation |
| Pl. AFFIRM | Modra, Chad 06/06/2014 | 90:06-90:08 (beginning ("The Eclipse) | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rule 407. Subsequent remedial measures are not admissible. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Counsel is reading from the document. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard's design and warning failures. |

Modra 6.6.14

180

181

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Modra, Chad 06/06/2014 | 90:10-90:14 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Counsel is reading from the document. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard s design and warning failures. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 90:20-91:03 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Counsel is reading from the document. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard s design and warning failures. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 91:05-91:06 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Counsel is reading from the document. | 85.6-9 goes to foundation. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard s design and warning failures. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 91:08-91:09 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Counsel is reading from the document. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard s design and warning failures. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 91:11-91:18 Ending at "market" | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Counsel is reading from the document. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard s design and warning failures. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Modra, Chad 06/06/2014 | 91:23-91:24 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Counsel is reading from the document. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard s design and warning failures. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 93:17-93:18 (beginning "Bard was aware...") | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Counsel is reading from the document. | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 93:21-94:05 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard s design and warning failures. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 94:07-94:09 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | 85:6-9 goes to foundation. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard s design and warning failures. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 100:06-100:15 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 100:23-101:02 (beginning "And this...?") | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter s complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard s design and warning failures. |

Modra 6.6.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL AFFIRM** | Modra, Chad 06/06/2014 | 101:05-101:08 (beginning "And so...") | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | 85.6-9 goes to foundation. Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard's design and warning failures. |
| **PL AFFIRM** | Modra, Chad 06/06/2014 | 102:05-102:08 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| **PL AFFIRM** | Modra, Chad 06/06/2014 | 102:10 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard's design and warning failures. |
| **PL AFFIRM** | Modra, Chad 06/06/2014 | 112:12-112:19 (Start at 112:12 with "and so") | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard's design and warning failures. |
| **PL AFFIRM** | Modra, Chad 06/06/2014 | 102:23-103:05 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard's design and warning failures. |

Modra 6.6.14

Modra 6.6.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Modra, Chad 06/06/2014 | 103:08-103:15 | Sustain | Rules 601/602 & 612. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Bard chose to market the Eclipse filter using the 510(k) process which relied upon the Recovery filter as the predicate. All G2 filter platform filters, including the Eclipse trace their design history to the Recovery filter and the defects in the Eclipse design only can be understood only in the context of the entire filter-line development. Testimony regarding the Recovery filter's complications, testing and design is relevant and is not outweighed by any prejudicial effect. Judge Campbell agreed with this position in Jones v. Bard. [MDL Order No. 10819]. The failure modes are relevant to the assessment of the defects in the design of the filter whether a particular failure mode has occurred; however, Mr. Peterson has experienced perforation, migration, fracture, tilt, and embedment. His filter is still implanted and he is at risk for fracture in the future. This testimony goes directly to the issues of Bard's design and warning failures. The testimony of the witness establishes his knowledge of the subject matter. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 104:03-104:08 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 107:17-107:18 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it on these topics. (see 107:18-20). Also, incomplete question and answer 107:18-20 are necessary) | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 107:17-107:20 | | | |
| PL AFFIRM | Modra, Chad 06/06/2014 | 107:23-108:11 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: Witness has personal knowledge of the dates when Bards' filters were developed and went on and off the market and is testifying here as a corporate representative of Bard on these topics; see further, Plaintiff's Response to Defendant's Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh the witness's recollection, the document is available to Bard as a deposition exhibit. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 108:14-109:10 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: Witness has personal knowledge of the dates when Bards' filters were developed and went on and off the market and is testifying here as a corporate representative of Bard on these topics; see further, Plaintiff's Response to Defendant's Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh the witness's recollection, the document is available to Bard as a deposition exhibit. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 109:13-109:21 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: Witness has personal knowledge of the dates when Bards' filters were developed and went on and off the market and is testifying here as a corporate representative of Bard on these topics; see further, Plaintiff's Response to Defendant's Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh the witness's recollection, the document is available to Bard as a deposition exhibit. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 110:10-110:20 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: Witness has personal knowledge of the dates when Bards' filters were developed and went on and off the market and is testifying here as a corporate representative of Bard on these topics; see further, Plaintiff's Response to Defendant's Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh the witness's recollection, the document is available to Bard as a deposition exhibit. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 110:22-112:23 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document. Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. | FRE 601/602/612: Witness has personal knowledge of the dates when Bards' filters were developed and went on and off the market and is testifying here as a corporate representative of Bard on these topics; see further, Plaintiff's Response to Defendant's Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh the witness's recollection, the document is available to Bard as a deposition exhibit. |
| DEF COUNTER | Modra, Chad 06/06/2014 | 110:25-111:04 subject to objection | | | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 111:07-111:11 subject to objection | | | |

Modra 6.6.14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Modra, Chad 06/06/2014 | 112:12-112:19 (Start at 112:12 with "and so") | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Also incomplete answer. 112:6-10 is the full answer | FRE 601/602/612: Witness has personal knowledge of the dates when Bards' filters were developed and went on and off the market and is testifying here as a corporate representative of Bard on these topics; see further, Plaintiff's Response to Defendant's Motion in Limine concerning personal knowledge. To the extent the testimony involves a document used to refresh the witness's recollection, the document is available to Bard as a deposition exhibit. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 112:21-113:05 | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 601/602/612: question is about a matter within the witness's personal knowledge and one for which he is offered to testify as Bard's corporate representative. To the extent testimony was refreshed, the relevant documents were attached as deposition exhibits and thus are available to Bard. FRE 401/402/403: Testimony is relevant to establishing Bard's internal knowledge and Bard's admissions in internal corporate documents. |
| PL AFFIRM | Modra, Chad 06/06/2014 | 113:09-113:13 (beginning "And so...") | Sustain | Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | FRE 601/602/612: question is about a matter within the witness's personal knowledge and one for which he is offered to testify as Bard's corporate representative. To the extent testimony was refreshed, the relevant documents were attached as deposition exhibits and thus are available to Bard. FRE 401/402/403: Testimony is relevant to establishing Bard's internal knowledge and Bard's admissions in internal corporate documents. |
| DEF COUNTER | Modra, Chad 06/06/2014 | 119:23-120:10 | Overrule | fre 402, 403 - reference to SIR guidelines is irrelevant in this context | |
| DEF COUNTER | Modra, Chad 06/06/2014 | 120:12-120:13 | Overrule | FRE 402, 403 - reference to SIR guidelines is irrelevant in this context | |

| DESIGNEE / DEF BLANKET OBJECTION | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Modra, Chad 12/15/2015 | 10:25-11:02 | | Bard refers to the parties stipulation in Dkt 121, Para. 7. Plaintiff agreed to limit the evidence relating to the Warning Letter to Topic 3 of the letter and not to present this testimony until the parties address it with the Court outside the presence of the jury. The warning letter postdates the implant of the filter in this case and the injuries alleged to have been caused by the Eclipse filter. It is not relevant to Plaintiff's negligence claims. | See Plaintiff's Response to Defendant's Motion in Limine. Plaintiff will approach before offering the testimony from 12/15/2015 transcript. |
| PL AFFIRM | Modra, Chad 12/15/2015 | 11:09-11:16 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 12:01-12:12 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 30:06-30:11 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 30:18-31:04 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 36:21-37:25 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 77:25-78:22 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 82:15-82:20 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 86:07-86:25 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 87:04-87:22 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 88:18-91:19 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 92:18-92:20 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 92:22-92:24 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 93:01-93:04 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 97:13-97:21 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 97:23-98:11 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 98:13-98:15 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 98:17-98:19 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 99:03-99:06 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 100:02-100:13 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 102:23-103:17 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 103:19 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 103:21-104:21 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 104:23-105:17 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 105:19-105:20 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 105:22-109:07 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 109:09-109:10 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 110:11-110:18 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 110:23-111:11 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 111:14-112:16 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 113:02-113:10 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 115:20-116:02 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL. AFFIRM | Modra, Chad 12/15/2015 | 116:04–117:17 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 119:05–121:08 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 121:11–122:10 beginning with "and then · " | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 123:17–125:09 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 125:17–125:25 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 126:08–127:06 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 127:15–127:18 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 128:01–128:16 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 129:03–130:02 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 130:11–131:07 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 144:07–144:20 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 149:04–150:11 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 151:08–151:22 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 152:08–152:16 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 153:23–154:06 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 156:13–157:04 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 158:14–158:16 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 163:09–164:02 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 164:05–164:10 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 164:12 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 176:20–178:09 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 178:11–178:13 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 178:15–178:19 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 179:19–180:04 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 181:03–182:17 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 184:08–184:18 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 185:01–185:12 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 192:15–193:23 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 193:25 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 194 02 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 194:04–194:12 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 194:14 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 194:16–194:18 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 194:20–194:21 | | | |
| PL. AFFIRM | Modra, Chad 12/15/2015 | 195:03–195:05 | | | |

| DESIGNEE | DEPONENT | RULING | DESIGNATIONS | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Modra, Chad 12/15/2015 | | 195:18-195:23 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 195:25-196:02 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 196:04-196:14 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 197:05-197:06 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 197 08 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 197:21-197:25 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 198 02 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 198:15-198:18 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 198.20 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 198:22-199:07 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 199:14-199:18 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 199:22-200:18 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 200:20-200:24 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 201:23-202:04 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 202:14-203:03 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 203:05-203:25 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 206:01-206:08 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 214:22-215:01 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 216:11-218:14 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 219:06-221:05 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 221:07-221:08 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 221:10-221:13 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 258:17-259:24 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 260:12-260:24 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 262:16-263:01 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 263:03-263:04 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 263:06-263:10 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 263:12-263:13 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 263:15-263:25 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 264:05-264:11 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 264:15-264:24 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 265:01-265:02 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 265:18-265:24 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 271:25-272:05 | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | | 272:07-272:08 | | |

Modra 12.15.15

188

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Modra, Chad 12/15/2015 | 272:10-273:02 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 273:23-274:02 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 274:17-275:10 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 276:05-276:22 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 279:10-279:14 | | | |
| PL AFFIRM | Modra, Chad 12/15/2015 | 280:20-280:22 | | | |

Modra 12.15.15

190

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 7:22-8:01 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 10:05-10:08 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 19:15-19:18 | Sustain | This testimony is not longer accurate-her employer has changed | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 29:03-29:06 | Overrule | Rules 401, 402 and 403-implies that Bard has a duty to warn patients. Under Oregon law that duty is to physicians. | It is relevant as to what information Bard made public. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 38:21-39:02 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 39:17-39:19 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 39:21 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 42:23-42:25 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 43:06-43:17 Starting a "They" Ending at "Yes". | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 43:17-43:21 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 61:20-61:22 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 66:04-66:08 Ending with "No." | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 68:16-68:21 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 79:11-79:15 Ending with "sale" | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 82:03-82:05 Starting with "When the" | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 82:10-82:12 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 86:23-87:01 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 87:08-87:09 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 91:03-91:07 | Sustain | Rules 401, 402 and 403-there is no allegation that the filter in this case was mislabeled or adulterated. | Evidence will be presented that Bard distributed false information |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 91:09-91:13 | Sustain | Rules 401, 402 and 403-there is no allegation that the filter in this case was mislabeled or adulterated. | Evidence will be presented that Bard distributed false information |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 107:09-107:13 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 107:17-107:19 Ending with "Yes". | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 111:06-111:10 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 111:12 "Yes" | Sustain | incomplete answer. Complete answer is lines 12-16 and 19 | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 134:11-134:12 Ending at "filter" | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 134:12 "When Cleared" | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 134:13-134:17 Starting at "cleared" | Overrule | incomplete answer. Complete answer is on lines 18-21 | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 151:34-151:19 Ending at "Them" | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 173:21-174:03 Starting at "Did" | Overrule | Rules601/602 and 612-The witness was not at Bard when this document was created and counsel is reading it into the record. | This is information that the witness should have been aware of. The $10K was something that she should have been exposed to during her time at Bard. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 184:07 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 184:21-184:25 | Overrule | Rules601/602 and 612-The witness was not at Bard when this document was created and counsel is reading it into the record. | This is information that the witness should have been aware of. The $10K was something that she should have been exposed to during her time at Bard. |

OQuinn 10.9.13 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 186:11-186:17 | Overrule | Rules601/602 and 612-The witness should have been aware of; The $10K was created and counsel is reading it into the record. | This is information that the witness should have been aware of. The $10K was something that she should have been exposed to during her time at Bard. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 191:10 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 191:17-191:21 Starting at "Traditional" | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 192:03-192:09 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 192:25-193:05 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 196:24-197:09 | Overrule | Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 223:11-223:15 | Overrule | Rules 401, 402 and 403 | Bard having the ability to recall its products is relevant to the case at hand. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 230:02-230:06 | Overrule | Rules 401, 402 and 403 -there is no allegation that the filter in this case was mislabeled or adulterated. | Evidence will be presented about Bard distributed false information |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 231:19-231:22 | Overrule | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 231:24 "It may, yes" | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See, 241:3-4. Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The witness has testified the her knowledge of the Bard line of filters and her fole in the product of Bard filters. Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not (...) |
| DEF COUNTER | O'Quinn, Shari Allen 10/09/2013 | 232:01-232:02 | | | |
| DEF COUNTER | O'Quinn, Shari Allen 10/09/2013 | 232 04 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 240:14 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See, 241:3-4. Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The witness has testified the her knowledge of the Bard line of filters and her fole in the product of Bard filters. Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 249:03-249:12 | Sustain | Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 249:24-250:04 | Overrule | Rules 401, 402, 403 - Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 250:07-250:08 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 271:15 | The witness involves the Recovery, which is the predicate filter to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 271 03 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 271:15 | The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar to this subject matter. The witness does have to see a document to be familiare with is contents. This is information that the witness should have known. |
| DEF COUNTER | O'Quinn, Shari Allen 10/09/2013 | 271:15 | Overrule | improper designation. And answer without a question. Nonresponsive. | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 272:22-272:25 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 271:15 | The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 276:03-276:10 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 271:15 | The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 276:13 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 271:15 | The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 276:15-276:16 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 277:20-278:06 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 290 03 | | | |
| DEF COUNTER | O'Quinn, Shari Allen 10/09/2013 | 290:13-290:14 | Overrule | Improper designation. And answer without a question. Nonresponsive. | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 290:16-291:04 Ending at "Bard" | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 291:09-291:10 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 292:05-292:17 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 294:06-294:07 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 294:13-294:14 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 297:08-297:16 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Incomplete answer. Answer in on lines 21 and 24. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 297:22-298:02 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 298:13-298:18 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 298:20 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 300:13-300:18 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 300:21 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 300:25 Begining with "It" | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 301:02-301:05 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 303:18-303:23 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 304:01-304:02 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 304:15-305:07 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 305:10-305:15 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 305:19-306:02 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 306:09-306:13 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 307:06-307:07 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 306.09 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 307:18-308:04 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2a, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 308:06-308:13 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 308:20-309:03 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 309:21-309:23 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2a, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. The witness does have to see a document to be familiar with its contents. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 310:08-310:09 | Sustain | No exhibit marked and counsel is reading from a document not in evidence. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Counsel is not reading from a document. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 310:12-310:22 | Sustain | No exhibit marked and counsel is reading from a document not in evidence. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Counsel is not reading from a document. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 310:24 | Sustain | No exhibit marked and counsel is reading from a document not in evidence. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Counsel is not reading from a document. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 320:11-320:21 | Sustain | No exhibit marked and counsel is reading from a document not in evidence. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Counsel is not reading from a document. This information we be pre-admitted into evidence. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 320:23 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Counsel is not reading from a document. This information we be pre-admitted into evidence. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 321:17-322:01 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Incomplete answer. | Counsel is not reading from a document. This information we be pre-admitted into evidence. |

OQuinn 10.9.13 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 322:07 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Counsel is not reading from a document. This information we be pre-admitted into evidence. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 332:12-332:18 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Counsel is not reading from a document. This information we be pre-admitted into evidence. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 332:24-332:25 ending at "are" | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 333:17-333:21 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 333:23-333:24 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 337:23-338:06 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 338:08-338:09 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 338:11 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 338:13-338:18 Starting with "I'm sure" | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. This is information that the witness should have known. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 341:08-341:17 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2x/Eclipse. Any prejudice is not unfair. The witness has established her ability to testify to this subject matter. This is information that the witness should have known. |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 341:19-341:20 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 341:23 | | | |
| PL AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 341:25 | | | |

OQuinn 10.9.13 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL BLANKET OBJECTION | O'Quinn, Shari Allen 10/09/2013 | | | Plaintiff objects to all of the testimony of Ms. O'Quinn regarding 510(k) process/application, FDA regulations/communication, and SIR guidelines. Testimony regarding the 510(k), FDA regulations, and SIR are not relevant and Plaintiff incorporates his arguments. In addition to the Motion in Limine/Motion to Exclude, Plaintiff makes the following specific objections and designations. | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 7:22-7:24 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 17:25-18:08 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 21:22-22:16 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 24:01-24:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 24:16-24:20 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 26:13-26:19 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 27:01-27:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 27:15-27:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 29:03-29:21 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/09/2013 | 43:06-43:10 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 46:03-47:02 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 51:15-51:22 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 55:03-55:14 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/09/2013 | 66:04-66:14 | Sustain | Incomplete answer. The answer contines through line 11. Without the complete answer the response implies that Bard did not do what the FDA required. | |
| DEF COUNTER TO COUNTER | O'Quinn, Shari Allen 10/09/2013 | 66:04-66:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 80:04-80:08 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 80:10-80:12 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 80:17-81:03 ("if there was") | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 83:02-83:07 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 83:09-83:17 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 83:19-83:25 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 84:06-84:18 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 222:22-222:25 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/09/2013 | 223:02-223:04 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/09/2013 | 290:16-292:16 | Sustain | This is designated as an affirmative and is a duplicate. Bard incorporates its objection to the affirmative designation | |
| PL COUNTER | O'Quinn, Shari Allen 10/09/2013 | 302:17-302:24 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | O'Quinn, Shari Allen 10/09/2013 | 303-01-303-03 | Sustain | Duplicate of affirmative designation and cumulative. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL COUNTER | O'Quinn, Shari Allen 10/09/2013 | 304-16-304-25 | Sustain | Duplicate of affirmative designation and cumulative. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL COUNTER | O'Quinn, Shari Allen 10/09/2013 | 305-01-305-08 | Sustain | Duplicate of affirmative designation and cumulative. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL COUNTER | O'Quinn, Shari Allen 10/09/2013 | 305-10-305-15 | Sustain | Duplicate of affirmative designation and cumulative. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |
| PL COUNTER | O'Quinn, Shari Allen 10/09/2013 | 305-18-305-21 | Sustain | Duplicate of affirmative designation and cumulative. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 290:13-14 | |

OQuinn 10.9.13 DEF

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL BLANKET OBJECTION | O'Quinn, Shari Allen 10/21/2019 | | | Plaintiff objects to all of the testimony of Ms. O'Quinn regarding 510(k) process/application, FDA regulations/communication, and SIR guidelines. Testimony regarding the 510(k), FDA regulations, and SIR are not relevant and Plaintiff incorporates her arguments. In addition to her Motion in Limine/Motion to Exclude, Plaintiff makes the following specific objections and designations. | This issue was addressed by the Court and Plaintiff's motion in limine were denied. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 10:23-13:17 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 14:01-16:06 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 16:10-17:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 17:12-17:14 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 18:01-18:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 18:14-20:04 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 20:07-20:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 20:13-20:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 21:07-21:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 21:12-21:20 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 21:23-22:07 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 22:10-22:14 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 22:16-22:20 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 22:23-23:13 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 23:16-23:20 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 23:22-24:06 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 24:09-25:01 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 25:04-25:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 25:14-25:25 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 26:03-26:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 26:14-26:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 26:23-27:06 | Overrule | Objection Speculation and lack of foundation: The foundation for the witness to testify as to what the FDA was aware has not been established. Accordingly, the answer is speculative as to what the the FDA knew or was aware of. | (27:02 – 27:06) The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA understood based on those documents. The witness is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 27:08-27:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 27:23-28:15 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 28:18-29:07 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 29:10-29:15 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 29:17-30:08 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 30:12-30:16 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 30:18-31:23 | Overrule | Lack of foundation and is speculative. The foundation for this witness to testify to such matter has not been established. There is no evidence the witness has personal knowledge regarding what is common of 510k submissions to the FDA and FDA requirements for clinical testing. Accordingly, the testimony is purely speculative. | [31:20 - 31:23] The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA process is relative to the steps involved in a 510k submission. The witness is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 32:01-32:11 | Overrule | Lack of foundation and is speculative. The foundation for this witness to testify to such matter has not been established. There is no evidence the witness has personal knowledge regarding what is common of 510k submissions to the FDA and FDA requirements for clinical testing. Accordingly, the testimony is purely speculative. | [32:10 - 32:11] The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA process is relative to the steps involved in a 510k submission. The witness is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 32:13-32:19 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 32:21-32:25 | Sustain | Lack of foundation and is speculative. The foundation for this witness to testify to such matter has not been established. There is no evidence the witness has personal knowledge regarding what the FDA's requirements were for 510k submissions in general. Further, the witness speculates as to what the FDA would have done. Accordingly, the testimony is purely speculative. | [32:22 - 32:25] The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein and what the FDA process is relative to the steps involved in a 510k submission. The witness is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 33:02-35:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 35:06-35:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 35:24-36:04 | Overrule | Lack of foundation. The foundation for this witness to testify about the document or the contents has not been established. The witness is not the author of the document and her knowledge of the information contained in the document has not been established. | [36:02 - 36:04] The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein. She is explaining to the jury what the 510k document includes. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 36:07-36:13 | Overrule | Lack of foundation. The foundation for this witness to testify about the document or the contents has not been established. The witness is not the author of the document and her knowledge of the information contained in the document has not been established. | [36:11 - 36:13] The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is familiar with the materials she is being questioned about and has personal knowledge of the matters therein. She is explaining to the jury what the 510k document includes. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 36:16-36:19 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 36:21-37:14 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 37:16-37:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 37:24-38:06 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 38:09-38:17 | Overrule | Lack of foundation. The foundation for this witness to testify to such matter has not been established. | [38:14 - 38:17] The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the Asch study on Recovery filters, a study with which she is familiar and which was included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. The witness is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 38:20-39:01 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Ach study or the results has not been established. | [38:24 - 39:01] The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the Asch study on Recovery filters, a study with which she is familiar and which was included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. The witness is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 39:03-39:06 | | | |

OQuinn 10.21.19

201

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 39:09-40:01 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Asch study or the results has not been established. | (39:24 – 40:01) The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the Asch study on Recovery filters, a study with which she is familiar and which was included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. The witness is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 40:04-40:10 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 40:13-40:18 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 40:20-40:22 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Asch study or the results has not been established. There is no testimony establishing the witness has personal knowledge of the details provided to the FDA regarding the Asch study. | (40:21 - 40:22) The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about the Asch study on Recovery filters, a study with which she is familiar and which was included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. The witness is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 44:09-44:22 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 44:24-45:08 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 45:13-45:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 45:24-46:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 46:05-46:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 46:12-47:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 47:05-48:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 48:14-48:19 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 49:01 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 50:24 (ends at "O'Quinn") | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 50:25-51:08 ("we were looking") | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 51:11-51:19 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 51:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 52:03-52:05 | Overrule | Lack of foundation. The foundation for this witness to testify about the document or the contents has not been established. The witness is not the author of the document and her knowledge of the information contained in the document has not been established. | (52:03 - 52:05) The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about testing on Recovery filters, with which she is familiar and which were included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 52:07-52:10 | Overrule | Lack of foundation. The foundation for this witness to testify about the document or the contents has not been established. The witness is not the author of the document and her knowledge of the information contained in the document has not been established. | (52:08 – 52:10) The witness has training and experience with FDA regulations and processes and while at Bard worked in the regulatory department and as a contact for Bard with the FDA on IVC filter issues. The witness is being asked about testing on Recovery filters, with which she is familiar and which were included with the materials sent to the FDA for the 510k on the Recovery filter. She has personal knowledge of the materials she is being asked to explain. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 52:13-52:15 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 52:17 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 53:15-53:24 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 54:01-54:04 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 54:06-54:24 | | | |

OQuinn 10.21.19

202

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 55:01 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 55:11-55:13 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 55:16-56:06 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 56:08-56:15 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 56:18-57:01 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 57:04-57:12 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 57:14-57:19 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 57:22 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 63:19 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 63:22-64:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 64:15-65:05 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 69:21-70:18 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 70:21-70:23 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 71:02-71:04 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 71:07-71:10 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 71:12-71:19 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 71:22-71:24 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 78:20-78:24 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 79:02-79:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 99:12-99:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 99:24-100:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 100:06-100:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 100:12 (recall) | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 100:15-100:19 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 100:22-101:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 101:20-101:23 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 102:12-102:17 | Overrule | Lack of foundation. The foundation for this witness to testify to such matter has not been established. The witness is not qualified to opine on the therapeutic benefits to a patient. The witness is not qualified to give the opinions offered and is therefore improper expert opinion testimony. | (102:03 – 102:09) The witness is very knowledgeable about the indications for use, the testing and warnings Bard provided for the Recovery filter. She is familiar with Bard records on the performance of the Recovery filter. Her testimony is given based on her own personal knowledge. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 102:19 | Overrule | Lack of foundation. The foundation for this witness to testify to such matter has not been established. The witness is not qualified to opine on the therapeutic benefits to a patient. The witness is not qualified to give the opinions offered and is therefore improper expert opinion testimony. | Plaintiff's objection is non-sensical. Plaintiff is objecting to a one-line answer by the witness "Yes, absolutely." |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 103:04-103:20 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 103:22-104:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 104:14-104:16 | Overrule | Lack of foundation. The foundation for this witness to testify about the document or the contents has not been established. The witness is not the author of the document and her knowledge of the information contained in the document has not been established | There is no basis for the objection - there is no testimony that indicates that the witness lacks personal knowledge. See, 104:20-24 |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 104:19-105:14 | | | |

O'Quinn 10.21.19

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 105:17-106:04 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 106:07-106:10 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 106:13-107:06 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 107:09-107:13 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 107:15-107:24 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 108:02-108:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 108:05-108:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 108:13-109:04 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 109:07-109:10 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 109:13-109:17 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 109:20 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 110:12-110:22 | Overrule | Lack of foundation. The foundation for this witness to testify about the document or the contents has not been established. The witness is not the author of the document and her knowledge of the information contained in the document has not been established | There is no basis for the objection - there is no testimony that indicates that the witness lacks personal knowledge. See, 104:20-24 |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 110:25-111:04 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 111:08-111:25 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 112:03-112:17 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 112:20-113:10 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 113:12-113:25 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 115:01-115:12 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 115:15-115:25 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 116:01-116:20 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 116:23-117:01 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 117:03-118:07 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 118:10-118:15 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 118:18-120:02 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 120:05-120:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 120:11-120:13 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 120:16-120:21 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 120:24-121:01 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 121:03-121:16 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 121:19-122:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 122:05-122:08 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 122:11-123:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 124:21-125:08 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Everest study or the results has not been established. There is no testimony establishing the witness has personal knowledge of the Everest study or of the FDA's requests. | (124:16 – 124:20) The witness is testifying to information from doctors that she was privy to in her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. The testimony is not hearsay |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 125:11-125:15 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Asch study or the results has not been established. There is no testimony establishing the witness has personal knowledge of the Everest study or the FDA's requests. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 125:23-126:04 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Asch study or the results has not been established. There is no testimony establishing the witness has personal knowledge of the Everest study or the FDA's requests. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 126:07-126:13 | Overrule | Lack of foundation. The foundation for this witness to testify regarding FDA device clearance has not been established. There is no testimony establishing the witness has personal knowledge of what is normal in regards to FDA 510k clearance. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 126:16-127:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 127:13-128:09 | Overrule | Lack of foundation. The foundation for this witness to be a custodian of record for Bard or the document at issue has not been established. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is hearsay. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 128:12-128:21 | Sustain | Lack of foundation. The foundation for this witness to testify regarding FDA device clearance has not been established. There is no testimony establishing the witness has personal knowledge of what is normal in regards to FDA 510k clearance. | The witness is testifying from her own personal expience, there is nothing about this testimony that is hearsay. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 128:24-129:07 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 129:10-129:13 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 129:15-129:24 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 130:02-130:13 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Everest study or the results has not been established. There is no testimony establishing the witness has personal knowledge of the Everest study. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. The question is not leading. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 130:17 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 130:19-130:20 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Everest study or the results has not been established. There is no testimony establishing the witness has personal knowledge of the Everest study. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. The question is not leading. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 131:02-131:06 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Everest study or the results has not been established. There is no testimony establishing the witness has personal knowledge of the Everest study or what it was designed to do. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. The question is not leading. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 131:09-131:20 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the Everest study or the results has not been established. There is no testimony establishing the witness has personal knowledge of the Everest study or what it was designed to do. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. The question is not leading. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 131:22-132:05 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the document or the FDA's state of mind has not been established. There is no testimony establishing the witness has personal knowledge of the document and calls for the witness to speculate. | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculative. The question is not leading. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 132:08-132:12 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 132:14-132:17 | Overrule | Lack of Foundation. The foundation for this witness to be a custodian of record for Bard or the document at issue has not been established | The witness is testifying from her own personal experience, is not speculating, and there is nothing about this testimony that is speculation. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 132:19-133:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 133:12-133:16 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 133:19-133:22 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 133:25-134:08 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 134:11-134:17 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 134:20-135:05 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 135:08-135:10 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 135:12-135:18 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 135:21-135:23 | Overrule | Lack of Foundation. The foundation for this witness to testify regarding complications of the recovery filter has not been established. There is no testimony establishing the witness has personal knowledge and calls for the witness to speculate. | (135:22 – 136:08) The witness is testifying to types of complications in Bard IVC filters about which she is knowledgeable because of her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 135:25-136:03 | Overrule | Lack of Foundation. The foundation for this witness to testify regarding complications of the recovery filter has not been established. There is no testimony establishing the witness has personal knowledge and calls for the witness to speculate. The witness has not been established as an expert and the medical opinions given are improper. | (135:22 – 136:08) The witness is testifying to types of complications in Bard IVC filters about which she is knowledgeable because of her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 136:05-136:13 | Overrule | Lack of Foundation. The foundation for this witness to testify regarding complications of the recovery filter has not been established. There is no testimony establishing the witness has personal knowledge and calls for the witness to speculate. The witness has not been established as an expert and the medical opinions given are improper. | (135:22 – 136:08) The witness is testifying to types of complications in Bard IVC filters about which she is knowledgeable because of her role in the regulatory department at Bard. She has personal knowledge of the facts she is testifying about. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 136:16-137:02 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 137:05-137:12 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 137:14-137:17 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 137:20-138:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 138:12-138:19 | Overrule | Asks a hypothetical. The witness's testimony is speculative as to what would have occurred if the document was received. Accordingly, the testimony is not relevant as it lack probative value. | This is an answer, not a question, but the question asks about Bard business practices. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 138:22-139:05 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 139:08-139:17 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 139:20-139:22 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 139:24-140:07 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 140:10-140:23 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 141:01-141:06 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 141:08-141:10 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 141:13-141:23 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 142:01-142:04 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 142:07-143:03 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 143:06-144:08 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 144:11-144:24 | Overrule | Lack of Foundation. The foundation for this witness has not been established. The witness has no personal knowledge of the document or the information contained therein. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. She has not mischaracterized the document |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 145:02-146:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 146:12-146:15 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 146:17-147:05 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 147:08-147:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 147:19-150:08 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 150:11-150:14 | Overrule | Lack of Foundation. The foundation for this witness has not been established. The witness has no personal knowledge of the document or the information contained therein. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 150:16-151:25 | Overrule | Lack of Foundation. The foundation for this witness has not been established. The witness has no personal knowledge of the document or the information contained therein. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 152:03-152:08 | | | |

OQuinn 10.21.19

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 152:11-152:19 | Overrule | Lack of foundation; The foundation for this witness to testify regarding the quantity distributed has not been established. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 152:22-153:04 | Overrule | The foundation for this witness to testify regarding the compliant history of the G2. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 153:07-153:11 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 153:13-154:05 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 154:07-154:09 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 154:11-154:13 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 154:15-154:18 | Overrule | Calls for speculation; The question asks a hypothetical about the mind set of another person. The witness is not qualified to give such testimony as it is simply speculative. Because the testimony is speculative, it has no probative value. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 154:21-155:17 | Overrule | Calls for speculation; The question asks a hypothetical about the mind set of another person. The witness is not qualified to give such testimony as it is simply speculative. Because the testimony is speculative, it has no probative value. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 155:19-156:15 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 156:18-156:24 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the document and the board meeting has not been established. There is no testimony establishing the witness has personal knowledge and therefore calls for the witness to speculate as to what and with whom was discussed. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 157:02-157:21 | Overrule | Lack of foundation. The foundation for this witness to testify regarding all adverse events of the G2. There is no testimony establishing the witness has personal knowledge and therefore calls for the witness to speculate. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 157:24-158:02 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the risk and benefits of the G2 filter. There is no testimony establishing the witness has personal knowledge and therefore calls for the witness to speculate. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 158:04-158:08 | Overrule | Lack of foundation. The foundation for this witness to testify regarding the risk and benefits of the G2 filter. There is no testimony establishing the witness has personal knowledge and therefore calls for the witness to speculate. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 158:10-158:18 | Sustain | Lack of foundation. The foundation for this witness to testify regarding difference in the G2 over the recovery. There is no testimony establishing the witness has personal knowledge and therefore calls for the witness to speculate. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 158:20-158:23 | Overrule | Lack of foundation. The foundation for this witness to testify to such matter has not been established. The witness is not qualified to opine on the therapeutic benefits to a patient. The witness is not qualified to give the opinions offered and is therefore improper expert opinion testimony. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 158:25-159:05 | Overrule | Lack of foundation. The foundation for this witness to testify to such matter has not been established. The witness is not qualified to opine on the therapeutic benefits to a patient. The witness is not qualified to give the opinions offered and is therefore improper expert opinion testimony. | The witness is testifying about facts of which she is knowledgeable due to her experience and role in the regulatory department at Bard. She has personal knowledge of these facts and is not speculating. |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 159:07-159:10 | | | |
| DEF AFFIRM | O'Quinn, Shari Allen 10/21/2019 | 159:12 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 160:02-160:06 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 161:17-161:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 162:01-162:10 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 162:12-162:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 163:01-163:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 164:01-164:08 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 164:10-164:25 | | | |

OQuinn 10.21.19

207

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 165:01-165:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 166:01-166:13 | | | |
| DEF COUNTER TO COUNTER | O'Quinn, Shari Allen 10/21/2019 | 166:14-166:18 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 169:18-169:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 170:01-170:05 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 170:11-170:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 171:01-171:13 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 182:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 183:01-183:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 186:23-186:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 187:01-187:11 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 187:13-187:25 | Sustain | This violates the Court's ruling on Recovery migration deaths. The Miami death is a Recovery migration death. The testimony from 132 - 140 does not open the door to death and the testimony can be offered in context without that testimony. If the testimony is allowed, 187: 16-25 should be redacted. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. | Testimony offered by Bard from 132 08 to 143:02 opens the door to testimony regarding all forms of migration and consequences of migration including cephalad migration and death. The offered testimony from Bard seeks to imply the FDA approved their handling ot the issues which is not an accurate depiction of the events. |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 188:01-188:25 | | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 189:01-189:16 | Sustain | This violates the Court's ruling on Recovery migration deaths. The Miami death is a Recovery migration death.  The testimony from 132 - 140 does not open the door to death and the testimony can be offered in context without that testimony.  If the testimony is allowed,  189:8-16  should be redacted. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. | Testimony offered by Bard from 132 08 to 143:02 opens the door to testimony regarding all forms of migration and consequences of migration including cephalad migration and death. The offered testimony from Bard seeks to imply the FDA approved their handling ot the issues which is not an accurate depiction of the events. |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 190:03-190:25 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any predicate is not unfair. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 191:01-191:25 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 192:01-192:09 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 192:14-192:22 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 193:02-193:14 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 194:16-194:25 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |

O'Quinn 10.21.19

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl COUNTER | O'Quinn, Shari Allen 10/21/2019 | 195:01-195:04 (thru No.) | Sustain | This designations violates the Court's ruling on Recovery migration deaths. If the testimony is allowed, "with the reports of 10 deaths and" at 195:1 should be redacted. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 — Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. | Testimony involves the Recovery, which is the predicate filter to the G2. The G2, the G2x, and the Eclipse are the same filter with the exception of a removal hook on the G2X and electropolishing on the Eclipse. Testimony is relevant to whether the filter filter had a defective design and as to consumer expectation, which are at issue. The G2/G2X/Eclipse and the Recovery filter suffered similar rates of various failures and discussing the failures of the Recovery is directly related to the G2/G2X/Eclipse. Any prejudice is not unfair. |
| Pl COUNTER | O'Quinn, Shari Allen 10/21/2019 | 210:05-210:25 | Sustain | This violates the Court's ruling on Recovery migration deaths. The testimony from 132 - 140 does relate to this document and does not open the door to death and the testimony can be offered in context without that testimony. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 — Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. | Testimony offered by Bard from 132 08 to 143:02 opens the door to testimony regarding all forms of migration including cephalad migration and death. The offered testimony from Bard seeks to imply the FDA approved their handling of the issues which is not an accurate depiction of the events. The testimony was offered by this witness as the former director of regulatory and clinical affairs for Bard from 2003 to 2007 to imply Bard is transparent with the FDA re: the migration issues related to the retrievable filter design. It is highly relevant, and probative of Bard's conduct with regard to the design of thefutre devices e-including the Eclipse and warnings it gave regarding it retrievable filters that Bard did not share information regarding the recovery deaths with the witness. |
| Pl COUNTER | O'Quinn, Shari Allen 10/21/2019 | 211:01-211:11 | Sustain | This violates the Court's ruling on Recovery migration deaths. The testimony from 132 - 140 does relate to this document and does not open the door to death and the testimony can be offered in context without that testimony. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 — Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 outweighed by prejudicial effect. Rules 702/703. Opinion is in admissible because there is no proper foundation. | Testimony offered by Bard from 132 08 to 143:02 opens the door to testimony regarding all forms of migration including cephalad migration and death. The offered testimony from Bard seeks to imply the FDA approved their handling of the issues which is not an accurate depiction of the events. The testimony was offered by this witness as the former director of regulatory and clinical affairs for Bard from 2003 to 2007 to imply Bard is transparent with the FDA re: the migration issues related to the retrievable filter design. It is highly relevant, and probative of Bard's conduct with regard to the design of thefutre devices e-including the Eclipse and warnings it gave regarding it retrievable filters that Bard did not share information regarding the recovery deaths with the witness. |
| Pl COUNTER | O'Quinn, Shari Allen 10/21/2019 | 211:13-211:17 | Sustain | This violates the Court's ruling on Recovery migration deaths. The testimony from 132 - 140 does relate to this document and does not open the door to death and the testimony can be offered in context without that testimony. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 — Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 702/703. Opinion is in admissible because there is no proper foundation. | Testimony offered by Bard from 132 08 to 143:02 opens the door to testimony regarding all forms of migration including cephalad migration and death. The offered testimony from Bard seeks to imply the FDA approved their handling of the issues which is not an accurate depiction of the events. The testimony was offered by this witness as the former director of regulatory and clinical affairs for Bard from 2003 to 2007 to imply Bard is transparent with the FDA re: the migration issues related to the retrievable filter design. It is highly relevant, and probative of Bard's conduct with regard to the design of thefutre devices e-including the Eclipse and warnings it gave regarding it retrievable filters that Bard did not share information regarding the recovery deaths with the witness. |

OQuinn 10.21.19

210

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 211:19-211:20 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Opinion is in admissible because there is no proper foundation. | Testimony offered by Bard from 132 08 to 143:02 opens the door to testimony regarding all forms of migration and consequences of migration including cephlad migration and death. The offered testimony from Bard seeks to imply the FDA approved their handling ot the issues which is not an accurate depiction of the events. The testimony was offered by this witness as the former director of regulatory and clinical affairs for Bard from 2003 to 2007 to imply Bard is transparent with the FDA re: the migration issues related to the retrievable filter design. It is highly relevant, and probative of Bard's conduct with regard to the design of thefurte devices  including the Eclipse and warnings it gave regarding it retrievable filters that  Bard did not share information regarding the recovery deaths with the witness. |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 211:22-211:25 | Sustain | This violates the Court's ruling on Recovery migration deaths. The testimony from 132 - 140 does relate to this document and does not open the door to death and the testimony can be offered in context without that testimony. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony offered by Bard from 132 08 to 143:02 opens the door to testimony regarding all forms of migration and consequences of migration including cephlad migration and death. The offered testimony from Bard seeks to imply the FDA approved their handling ot the issues which is not an accurate depiction of the events. The testimony was offered by this witness as the former director of regulatory and clinical affairs for Bard from 2003 to 2007 to imply Bard is transparent with the FDA re: the migration issues related to the retrievable filter design. It is highly relevant, and probative of Bard's conduct with regard to the design of thefurte devices  including the Eclipse and warnings it gave regarding it retrievable filters that Bard did not share information regarding the recovery deaths with the witness. |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 212:01-212:07 | Sustain | | |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 212:12-212:14 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Opinion is in admissible because there is no proper foundation. | Testimony offered by Bard from 132 08 to 143:02 opens the door to testimony regarding all forms of migration and consequences of migration including cephlad migration and death. The offered testimony from Bard seeks to imply the FDA approved their handling ot the issues which is not an accurate depiction of the events.  The testimony was offered by this witness as the former director of regulatory and clinical affairs for Bard from 2003 to 2007 to imply Bard is transparent with the FDA re: the migration issues related to the retrievable filter design. It is highly relevant, and probative of Bard's conduct with regard to the design of thefurte devices  including the Eclipse and warnings it gave regarding it retrievable filters that Bard did not share information regarding the recovery deaths with the witness.  Bard has offered testimony from the witness regarding its 5PMEA analysis, 136:16-137:20. |
| PL COUNTER | O'Quinn, Shari Allen 10/21/2019 | 213:01-213:08 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 9:07-9:10 | | | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 14:01-14:13 | | | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 18:10-20:08 | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 75:09-77:03 | | | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 77:13-77:14 | | | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 77:15-78:12 | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 78:13-79:05 | | | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 79:06-79:16 | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 79:17-79:24 | | | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 80:02-80:04 | | | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 80:08-80:13 | | | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 89:13-89:15 | Overrule | FRE 602; calls for speculation. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 89:17-89:22 | Overrule | FRE 602; calls for speculation. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 89:24-90:04 | Sustain | Rule 804-hearsay-the question relates to medical article marked as exhibit on page 83. Also 602-witness does not have knowledge. See 89:13-15 and 17-22 | The witness has established the necessary knowledge to discuss this article. |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 98:03-98:08 | | | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 115:01-115:09 | | | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 115:10-115:12 | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 115:13-115:18 | | | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 115:19-116:01 | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 116:02-117:14 | | | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 117:16-117:21 | | | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 117:22-118:05 | Overrule | Non-responsive. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Raji-Kubba, Abithal 07/18/2016 | 122:23-123:04 | Overrule | Rule 401, 402 and 403 and 804- the document discusses a medical artiiclue about another filter. | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 128:08-128:25 | Overrule | FRE 402, 403, 602. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Raji-Kubba, Abithal 07/18/2016 | 129:02-129:03 | Overrule | fre 602; FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |

Raji-Kubba 7 18 16

212

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 129:14-130:07 | Overrule | Rule 401, 402 and 403 and 804- the document discusses a medical articlae about another filter. Further it calls for hearsay because the questioner is reading from a medical article and offering the infroamtion for the truth of the matter asserted. | The testimony of the witness reveals his first-hand knowledge of the subject matter of inquiry. His testimony is relevant to the Eclipse and all prior G2 designs as they are narly identicle in design and failure. |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 131:23-132:11 | | | |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 160:04-160:06 | | | |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 161:22-161:23 | | | |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 162:02-162:11 | | | |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 162:16-163:03 | | | |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 167:11-168:02 | | | |
| DEF COUNTER | Raji-Kubba, Abthal 07/18/2016 | 168:09-168:12 | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Raji-Kubba, Abthal 07/18/2016 | 169:16-170:03 | Overrule | Hearsay; FRE 602. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Raji-Kubba, Abthal 07/18/2016 | 174:16-176:12 | Overrule | Non-responsive. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Raji-Kubba, Abthal 07/18/2016 | 178:02-178:10 | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 204:12-204:21 | | | |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 204:25-205:19 | | | |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 205:21-206:04 | | | |
| PL AFFIRM | Raji-Kubba, Abthal 07/18/2016 | 227:20-227:23 Beginning with "Was" | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Randall, Mike 01/18/2017 | 23:16-23:24 | | | |
| PL AFFIRM | Randall, Mike 01/18/2017 | 24:02-24:05 | | | |
| PL AFFIRM | Randall, Mike 01/18/2017 | 24:08-24:11 | | | |
| PL AFFIRM | Randall, Mike 01/18/2017 | 71:17-71:18 Start at "and it" | Overrule | Vague and ambiguous-testimony is about a subsequent remdial measure . Rule 407 | Testimony helps to establish that the G2, G2X, Eclipse, Meridian are all the same filter with minor changes, Remdial measures are not discussed |
| PL AFFIRM | Randall, Mike 01/18/2017 | 72:03-72:11 | Overrule | Vague and ambiguous-testimony is about a subsequent remdial measure . Rule 407 | Testimony helps to establish that the G2, G2X, Eclipse, Meridian are all the same filter with minor changes, Remdial measures are not discussed |
| PL AFFIRM | Randall, Mike 01/18/2017 | 126:25-127:06 | Overrule | Vague and ambiguous-testimony is about a subsequent remdial measure . Rule 407, Counsel is reading from an exhibit that is not in evidence | Testimony speaks to the limitations of Bard's premarket testing. |
| PL AFFIRM | Randall, Mike 01/18/2017 | 128:14-128:17 | | | |
| PL AFFIRM | Randall, Mike 01/18/2017 | 129:01-129:04 | | | |
| DEF COUNTER | Randall, Mike 01/18/2017 | 129:05-129:08 | | | |
| PL AFFIRM | Randall, Mike 01/18/2017 | 129:05-129:10 | | | |
| DEF COUNTER | Randall, Mike 01/18/2017 | 129:23-130:17 | Sustain | Expert testimony by a lay witness. Mr. Randall admits in the designation that he is not an expert in endurance testing or limits. | |
| | Randall, Mike 01/18/2017 | 130:18-130:24 | | | |
| DEF COUNTER | Randall, Mike 01/18/2017 | 131:05-132:09 | Overrule | Expert testimony by a lay witness. Mr. Randall admits in the designation that he is not an expert in endurance testing or limits | |
| PL AFFIRM | Randall, Mike 01/18/2017 | 145:23-146:06 | | | |
| PL AFFIRM | Randall, Mike 01/18/2017 | 182:20-182:23 | | | |
| PL AFFIRM | Randall, Mike 01/18/2017 | 183:07-183:12 | | | |

Randall 1.18.17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Randall, Mike 02/02/2017 | 07:04-07:08 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 07:12-07:17 | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 7:25-9:25 | Sustain as to 7:25 and 8:1-8:24 | 7:25 - Answer without a question. 8:1-8:24 - relevance. This instruction is not appropriate for trial. | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 10:01-10:13 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 11:04-11:10 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 12:03-12:07 begin at Are there | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 25:03-25:20 | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 25:21-26:08 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 45:11-45:15 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 47:24-48:06 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 48:08-48:10 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 72:21-72:22 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 72:24-73:13 | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 73:14-74:04 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 86:13-86:20 begin at Would you | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 88:06-88:14 begin at would | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 87:01-87:02 | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 87:04-87:06 | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 87:11-88:02 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 88:20-88:24 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 89:01-89:05 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 89:09-89:16 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 93:16-93:19 begin at One of the | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 94:15-94:17 | Sustain | Rule 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. There is no evidence of migration to the heart in this case | Migration is at issue in this case as Mr. Peterson's filter migrated. The line of questions is about all filters that Bard has developed, manufactured and sold. See 92:3-92:8. The references are not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10618) |
| PL AFFIRM | Randall, Mike 02/02/2017 | 94:19-94:25 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 95:20-95:24 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 95:25-96:02 begin at Would you | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 96:04-96:05 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 99:11-99:13 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 99:20-100:06 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 103:01-103:06 | Overrule | Rule 401, 402 and 403. Rules 801/802 hearsay | Plaintiff's Expert has opined that Mr. Peterson's filter had migrated from the 2.2 cm and the testimony is therefore relevant. The document also shows that Bard artificially deflated their complication numbers. The document is a public record 803(8). |

Randall 2.2.17

Randall 2.2.17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Randall, Mike 02/02/2017 | 105:06-105:12 | Overrule | Rule 401, 402 and 403. Rules 801/802 hearsay | Plaintiff's Expert has opined that Mr. Peterson's filter had migrated from the 2.2 cm and the testimony is therefore relevant. The document also shows that Bard artificially deflated their complication numbers. The document is a public record 80318) |
| PL AFFIRM | Randall, Mike 02/02/2017 | 105:14-105:18 | Overrule | Rule 401, 402 and 403. Rules 801/802 hearsay | Plaintiff's Expert has opined that Mr. Peterson's filter had migrated from the 2.2 cm and the testimony is therefore relevant. The document also shows that Bard artificially deflated their complication numbers. The document is a public record 80318) |
| PL AFFIRM | Randall, Mike 02/02/2017 | 112:15-112:19 begin at So the | Overrule | Rule 401, 402 and 403. Rules 801/802 hearsay | Plaintiff's Expert has opined that Mr. Peterson's filter had migrated from the 2.2 cm and the testimony is therefore relevant. The document also shows that Bard artificially deflated their complication numbers. The document is a public record 80318) |
| PL AFFIRM | Randall, Mike 02/02/2017 | 114:23-115:10 | Overrule | Rule 401, 402 and 403. Rules 801/802 hearsay | Plaintiff's Expert has opined that Mr. Peterson's filter had migrated from the 2.2 cm and the testimony is therefore relevant. The document also shows that Bard artificially deflated their complication numbers. The document is a public record 80318) |
| PL AFFIRM | Randall, Mike 02/02/2017 | 115:15-115:22 begin at I've | Overrule | Rule 401, 402 and 403. Rules 801/802 hearsay | Plaintiff's Expert has opined that Mr. Peterson's filter had migrated from the 2.2 cm and the testimony is therefore relevant. The document also shows that Bard artificially deflated their complication numbers. The document is a public record 80318) |
| DEF COUNTER | Randall, Mike 02/02/2017 | 115:24-116:03 Subject to objection | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 116:05-116:20 Subject to objection | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 204:09-204:23 begin at Mr. Randall | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| DEF COUNTER | Randall, Mike 02/02/2017 | 205:02-205:03 Subject to objection | Overrule | Answer without a question | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 205:15-205:25 begin at And what | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 206:13-206:23 begin at This idea | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| DEF COUNTER | Randall, Mike 02/02/2017 | 206:24-207:02 Subject to objection | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 207:07-207:08 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 207:10-207:11 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 207:16-207:24 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 209:17-210:25 begin at the complications | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 211:17-212:07 begin at So you're | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 212:11-212:17 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 215:17-215:24 begin at But my point | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Randall, Mike 02/02/2017 | 216:02-216:04 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 216:06-216:10 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 217:03-217:08 begin at So at the time | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 219:11-219:24 begin at I want to | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 220:18-220:21 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 220:23-220:25 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 221:10-221:12 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| DEF COUNTER | Randall, Mike 02/02/2017 | 225:08-225:11 Subject to objection | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 225:13-225:23 Subject to objection | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 225:24-226:08 begin at But if it's | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| DEF COUNTER | Randall, Mike 02/02/2017 | 226:11-226:14 Subject to objection | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 226:16-226:18 Subject to objection | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 227:17-227:20 begin at and that is | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 227:22-227:24 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 228:07-228:25 begin at The next | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 229:02-229:03 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 230:23-231:15 begin at page | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 232:03-232:10 begin at The next paragraph | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 233:14-234:01 begin at It says | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205; 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |

Randall 2.2.17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Randall, Mike 02/02/2017 | 234:03-234:04 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 235:20-235:23 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 235:25-236:01 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 236:17-236:25 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| PL AFFIRM | Randall, Mike 02/02/2017 | 237:10-237:15 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 240:05-240:14 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25 |
| DEF COUNTER | Randall, Mike 02/02/2017 | 241:15-241:17 Subject to objection | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 241:19-242:05 Subject to objection | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 242:12-242:25 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 243 02 | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 243:19-244:01 Subject to objection | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 244:15-244:25 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 245:15-245:21 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 246:09-246:20 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 247:02-247:05 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 247:17-247:21 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 248:19-248:22 begin at Penetration | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 249:23-251:01 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 251:24-252:03 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 252:05-252:13 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 260:25-261:01 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 261:03-261:10 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 261:12-261:18 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 261:20-261:22 | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 262:02-262:04 Subject to objection | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 262:07-262:17 Subject to objection | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 262:23-263:05 Subject to objection | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 263:07-269:02 begin at the bottom line | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 269:04-269:08 | | | |

Randall 2.2.17

218

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Randall, Mike 02/02/2017 | 269:19-269:23 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 269:25-270:01 | Overrule | Rule 601/602 and 612-there is no indication that the witness has personal knowledge of the document. See 205: 2-3 | The testimony shows that Bard knew ways to improve their filter long before Ms. Peterson was implanted with his Eclipse filter. Also shows that Bard knew there was issue with their current line of filters. The witness explained exactly what this document was at 205:15-205:25. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 275:04-275:09 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 275:15-275:19 | | | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 275:20-275:22 | Sustain | Speculation, lack of foundation, hearsay | |
| DEF COUNTER | Randall, Mike 02/02/2017 | 275:24-276:19 | Sustain | Speculation, lack of foundation, hearsay | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 292:20-292:22 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 293:07-293:12 | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 293:18-293:25 begin at I think | | | |
| PL AFFIRM | Randall, Mike 02/02/2017 | 294:13-295:03 | Sustain | Rule 401, 402 and 403-Bard's revenue are not at issue. There is no claim for punitive damages | Testimony explains why Bard kept a defective product on the market when they knew it was defective and they knew how to address some of the defects. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 296:05-296:17 begin at if Bard did | Sustain | Rule 401, 402 and 403-Bard's revenue are not at issue. There is no claim for punitive damages | Testimony explains why Bard kept a defective product on the market when they knew it was defective and they knew how to address some of the defects. |
| PL AFFIRM | Randall, Mike 02/02/2017 | 297:18-297:24 | Sustain | Rule 401, 402 and 403-Bard's revenue are not at issue. There is no claim for punitive damages | Testimony explains why Bard kept a defective product on the market when they knew it was defective and they knew how to address some of the defects. |

Randall 2.2.17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2716:03-2721:22 | Overrule | 2716:14-2716:118; 403; 2717:13-2717:24 - Relevance; 2719:10-2720:12 - Lack of foundation. The foundation for this witness to testify to such matter has not been established. Mr. Randall is not a bio-medical engineer, he is not a medical doctor, he has offer no testimony regarding training or specialized knowledge in anatomy, physiology, hemodynamic, or fluid dynamics. | This is all information about the witness' work and education history and involvement with IVC filters. The objection was not raised at the time of the testimony. |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2722:22-2723:08 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2723:22-2724:12 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2724:19-2725:19 | Overrule | Lack of foundation. The foundation for this witness to testify to such matter has not been established. Mr. Randall is not a bio-medical engineer, he is not a medical doctor, he has offer no testimony regarding training or specialized knowledge in anatomy, physiology, hemodynamic, or fluid dynamics. Additionally, Mr. Randall has not demonstrated that he is qualified to opine on filters from other manufacturers. Not properly disclosed and Plaintiff did not have proper notice that this witness would discuss filters from other manufacturers. | The witness is explaining a document he used, understood and relied on during his work at Bard on IVC filters. The objection was not made at the time of the testimony. Plaintiff's counsel was present at the time of the testimony and conducted the cross examination. Plaintiff's counsel was present at the time of the testimony and conducted the cross examination. |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2726:13-2726:17 starting at "This is the G2 type and ending at "inverted cone." | Overrule | Mr. Randall has not demonstrated that he is qualified to opine of filter from other manufacturers. Not properly disclosed and Plaintiff did not have proper notice that this witness would discuss filters from other manufacturers. | He is simply explaining the shapes of filters that he has reviewed and examined during his career at Bard. Plaintiff's counsel was present at the time of the testimony and conducted the cross examination. |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2726:20-2727:14 | Overrule | Lack of foundation. The foundation for this witness to testify to such matter has not been established. Mr. Randall is not a bio-medical engineer, he is not a medical doctor, he has offer no testimony regarding training or specialized knowledge in anatomy, physiology, hemodynamic, or fluid dynamics. Additionally, Mr. Randall has not demonstrated that he is qualified to opine on filters from other manufacturers. Not properly disclosed and Plaintiff did not have proper notice that this witness would discuss filters from other manufacturers. | Again, Mr. Randall is explaining information he knows, learned while working on IVC filters and used during the course of his employment. Plaintiff's counsel was present at the time of the testimony and conducted the cross examination. No objection was made at the time of the testimony. |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2727:16-2729:05 | Overrule | Lack of foundation. The foundation for this witness to testify to such matter has not been established. Mr. Randall is not a bio-medical engineer, he is not a medical doctor, he has offer no testimony regarding training or specialized knowledge in anatomy, physiology, hemodynamic, or fluid dynamics. Additionally, Mr. Randall has not demonstrated that he is qualified to opine on filters from other manufacturers. Not properly disclosed and Plaintiff did not have proper notice that this witness would discuss filters from other manufacturers. | Again, Mr. Randall is explaining information he knows, learned while working on IVC filters and used during the course of his employment. Plaintiff's counsel was present at the time of the testimony and conducted the cross examination. No objection was made at the time of the testimony. |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2729:06-2929:19 starting with "could you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2729:20-2730:01 starting with "would you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2730:13-2731:12 starting with "based on the" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2731:15 starting with "can you turn" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2731:18-2732:07 | Overrule | 2731:21-2732:2 - Relevance | This is relevant the balancing test for design defect. |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2732:08-2732:11 starting with "are you aware" | Sustain | FRE 106 - adding "As of today, in October of 2018" | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2732:12-2732:15 starting with "are you aware" | Sustain | FRE 106 - adding "As of today, in October of 2018" | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2732:16-2732:18 starting with "are you aware" | Sustain | FRE 106 - adding "As of October 2018" | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2832:19-2832:21 starting with "are you aware" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2733:05-2733:07 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2733:25-2735:12 | Overrule | 2735:5-2735:12 - Relevance | Relevant to show the nature of the test, that the animals move and are not static. Movement impacts the activit of the inferior vena cava. |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2735:13-2736:02 starting with "would you" | | | |

Randall 10.3.18

220

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2736:13 stopping at "page" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2736:15–2736:17 stopping at "page" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2736:18–2738 69 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2738:10–2738:23 starting with "would" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2739:06 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2739:09–2739:11 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2739:12–2740 01 starting with "can you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2740:02–2741:11 starting with "could you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2741:12–2741:24 starting with "could you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2742:15–2742:17 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2742:23–2743 01 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2743:08–2744:16 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2744:18–2746 06 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2746:14–2747 05 starting with "could you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2747:10–2747:18 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2747:19–2748 01 starting with "would you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2748:13–2753 01 | Overrule | 2748:20-2752: - Relevance. The two products discussed were never put on the market by Bard. | This is relevant to the balancing test for design defect, and the ability to create an alternative design. |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2753:05–2753:06 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2753:07–2753:24 starting with "would you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2754:05 starting with "could you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2754:11–2755:11 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2755:12–2755:23 starting with "can we" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2756:02–2756:11 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2756:13–2757 01 starting with "could you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2757:10–2758:13 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2758:14–2759:05 starting with "Could we" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2759:07–2759:16 starting with "can you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2759:25–2760 02 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2760:03–2760:17 starting with "could you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2760:18–2761 06 starting with "can you" | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2761:14–2762:10 starting with "if we could" | | | |

221

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2762:17-2766:02 | Overrule | 2766:3-3766:12 - Relevance. Testimony about another Plaintiff is confusing. The Meridian 510K submission date is not relevant to this case. 2766:17-2766:24 - Foundation. The foundation for this witness to testify to such matter has not been established. Mr. Randall is not a bio-medical engineer, he is not a medical doctor, he has offer no testimony regarding regarding training or specialized knowledge in anatomy, physiology, hemodynamic, or fluid dynamics. 2766:25-2767:2- Relevance. Defendants are trying to suggest that they are a responsible company by abandoning projects after | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2766:07-2767:02 | Overrule | 2766:3-3766:12 - Relevance. Testimony about another Plaintiff is confusing. The Meridian 510K submission date is not relevant to this case. 2766:17-2766:24 - Foundation. The foundation for this witness to testify to such matter has not been established. Mr. Randall is not a bio-medical engineer, he is not a medical doctor, he has offer no testimony regarding regarding training or specialized knowledge in anatomy, physiology, hemodynamic, or fluid dynamics. 2766:25-2767:2- Relevance. Defendants are trying to suggest that they are a responsible company by abandoning projects after | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2767:19-2768:07 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2768:14-2769:18 Starting at "As you" | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2769:24 Stopping at "2010" | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2770:12-2770:15 Starting at "But as" | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2770:21-2771:01 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2771:06-2771:12 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2771:18-2771:24 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2772:09-2772:11 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2772:21-2773:23 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2774:15-2775:22 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2775:25-2776:03 | | | |
| DEF COUNTER TO COUNTER | Randall, Mike 10/03/2018 | 2776:04-2776:07 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2776:08-2776:11 | | | |
| DEF COUNTER TO COUNTER | Randall, Mike 10/03/2018 | 2779:03-2779:05 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2779:06-2779:16 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2781:06-2781:21 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2781:25-2782:06 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2782:16-2782:21 | Sustain | Starting with an answer to a question that was not designated. | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2783:02-2783:18 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2784:02-2784:08 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2784:15-2784:25 Starting at "We just" | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2785:12-2786:25 | | | |
| DEF COUNTER TO COUNTER | Randall, Mike 10/03/2018 | 2789:02-2789:07 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2789:08-2789:19 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2789:23-2790:17 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2790:23-2791:10 | | | |

Randall 10.3.18

222

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER TO COUNTER | Randall, Mike 10/03/2018 | 2791:11-2791:13 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2792:07-2792:10 | | | |
| PL COUNTER | Randall, Mike 10/03/2018 | 2792:15-2792:19 Starting with "But Bard" | | | |
| DEF COUNTER TO COUNTER | Randall, Mike 10/03/2018 | 2793:07-2973:09 | | | |
| DEF AFFIRM | Randall, Mike 10/03/2018 | 2793:23-2794:05 | | | |
| DEF COUNTER TO COUNTER | Randall, Mike 10/03/2018 | 2797:13-2798:15 | | | |

Randall 10.3.18

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 6:03-6:04 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 46:06-46:09 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 46:23-47:04 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve a situation where a filter was placed as a result of a trauma-related injury. | Foundation testimony |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 60:22-60:25 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 61:08-61:25 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 100:17-101:23 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 101:25 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 102:02-102:07 | | | |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 102:09-102:12 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 106:10-106:14 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Foundation testimony. The witness is designated as a non-retained expert. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 106:18-106:23 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Foundation testimony. The witness is designated as a non-retained expert. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 107:01-107:13 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Foundation testimony. The witness is designated as a non-retained expert. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 108:23-108:25 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 109:05-109:06 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. The witness is designated as a non-retained expert. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 110:04-110:06 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. The witness is designated as a non-retained expert. |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 110:21-110:24 | | | |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 111:01-111:12 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 111:18-112:03 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 112:05-112:07 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 112:12-112:16 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 113:19-114:23 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 114:25-115:01 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 115:03-115:06 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 117:04-118:05 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 118 07 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 118:09-118:12 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 118:14-118:15 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 118:17-118:23 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 118:25-119:05 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 119 07 (ending "Yes.") | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 119:07-119:11 | Overrule | non-responsive after "yes" | |

Rogers 7.18.17

225

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 119-13-119:24 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 120 01 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 120:03-120:07 | | | |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 120:09-120:21 | | | |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 120:23-121:05 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 123:08-123:11 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. Foundation |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 123:14-123:25 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 124 02 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 124:04-124:21 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 801/802. Testimony is hearsay. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 124:22-125:02 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 125:03-125:06 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 125:08-125:18 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 125:19-125:22 | | | |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 125:25-126:04 | | | |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 126:06-126:10 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 126:12 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |

Rogers 7.18.17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 126:14-126:16 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 126:19-126:20 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| PL AFFIRM | Rogers, Frederick 07/18/2017 | 126:22-127:01 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. | Testimony is relevant to the risks and general lack of efficacy of the class of products at issue, including and especially the filter at issue. Defendants open the door to such testimony by presenting argument and evidence regarding the life-saving properties of their filters. Further, evidence is relevant to the jury's assessment of the benefits of the filter at issue. |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 127:03-127:05 | Overrule | Outside the scope of direct | |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 127:07-127:14 | Overrule | Outside the scope of direct | |
| DEF COUNTER | Rogers, Frederick 07/18/2017 | 127:16-128:02 | Overrule | Calls for speculation; outside the scope of direct | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Schulz, Gin 01/30/2014 | 13:17-13:18 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 24:11-24:17 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 26:11-26:13 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 31:05-31:07 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 31:16-47:09 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 49:04-49:07 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 49:08-50:06 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 50:17-50:22 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 51:14-52:01 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 54:01-54:21 | Sustain | [54:19-54:21] Ms. Schulz retired from Bard several years ago. | 54:19-54:21 If Defendants assertion is true Plaintiff will withdraw this testimony. |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 56:04-56:07 at ""Do you"" | | FRE 611(b) - beyond the scope of the direct examination. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 56:14-57:04 | Overrule | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 57:24-58:11 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 58:12-58:17 | Overrule | FRE 611(b) - beyond the scope of the direct examination. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 59:01-59:12 | Sustain as to including 58:20-58:24 | FRE 611(b) - beyond the scope of the direct examination; FRE 106 - optional completeness - the witness's clarification and answer at lines 58:20-24 ought to be included. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 59:23-60:03 at ""According"" | Overrule | FRE 611(b) - beyond the scope of the direct examination. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 60:06-60:19 | Overrule | FRE 611(b) - beyond the scope of the direct examination. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 67:22-68:04 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 68:05-68:22 | Overrule | FRE 611(b) - beyond the scope of the direct examination. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 68:23-69:02 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 69:09-69:23 | Sustain | This is an answer without a question. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 69:24-71:12 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 71:16-71:17 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 71:21-71:24 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 -- testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony directly relates to Plaintiff failure to warn claim. This testimony is not what physicians would have wanted to know, instend this testimony is what information Bard elected to disclose and why that decision is made. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 73:03 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402, and 403 -- testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony directly relates to Plaintiff failure to warn claim. This testimony is not what physicians would have wanted to know, instend this testimony is what information Bard elected to disclose and why that decision is made. |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 77:22-78:01 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 85:10-86:04 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 86:23-87:01 | Defendants are mistating the witnesses testimony from 86:23-87:01. This testimony refers to the Simon Nitionol Filter. The witness clearly identifies that she knows what the S10K process is and what substantial equivalence is. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 86:07-86:12 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 86:23-87:01 | Defendants are mistating the witnesses testimony from 86:23-87:01. This testimony refers to the Simon Nitionol Filter. The witness clearly identifies that she knows what the S10K process is and what substantial equivalence is. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 89:01-89:14 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 90:08-90:15 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Schulz, Gin 01/30/2014 | 90:16-90:17 | Overrule | Form: vague question. Assumes facts not in evidence. Bench top studies did not show that the eclipse was more fracture resistent. The studies showed that the wire has less stress applied to it. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 90:20-91:09 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 101:23-102:12 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 101:23-103:03 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 103:06-104:12 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 104:14-104:23 | | | This testimony does not involved any particular filter, bust instead devices in general. Testimony discusses the needs of the device |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 104:14-104:23 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudical effect, particularly with Plaintiff s punitive damages claim dismissed. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 109:13-110:01 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudical effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony involves migration, which is at issue here and the testimony is not device specific. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 110:04-111:19 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudical effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony involves migration, which is at issue here and the testimony is not device specific. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 113:09-113:20 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 113:23-114:11 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 117:12-119:09 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 120:22-121:10 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 121:13-121:15 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 123:13-123:18 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 123:13-123:20 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 125:05-125:16 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 127:08-127:11 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 127:14 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 127:16-128:10 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 129:08-129:13 | Overrule | Rule 401, 402. A questions without an answer is not evidence. | The answer is the following designation 129:16-129:24 |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 129:16-129:24 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 130:02-130:04 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 130:22-131:01 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 131:04-131:07 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 133:02-133:08 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 133:11 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 131:11-133:01 | Sustain in part as to completeness | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 135:01-135:04 | | [133:21:1,133:1] FRE 401/402 (relevance); further, the designated lines are a statement by counsel, not a question, and do not constitute evidence. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 135:07-136:02 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 144:16-144:19 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 145:11-145:20 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 145:23-147:19 | Overrule | (147:20-149:21) - Nonresponsive - objection & motion to strike at 149:2-23. | |

Schulz 1-30-14 PL DESIG

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Schulz, Gin 01/30/2014 | 150:22-151:01 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 151:02-151:07 | Overrule | (1) FRE 402, 403 - objection to evidence of FDA lack of enforcement for the reasons set forth in Plaintiff's Motion in Limine on this topic; (2) FRE 402, 403: objection to evidence of advocacy organization guidelines, for reasons stated in Plaintiff's Omnibus Motion in Limine; (3) FRE 602, 802: speculative & hearsay: witness lacks foundation to testify about FDA's intent/state of mind as to the SIR guidelines or as an expert on the legal requirements established by FDA; to extent witness is reporting that FDA represented or acknowledged in meetings that SIR guidelines or Bard failure rates were acceptable, the testimony is inadmissible hearsay; (4) FRE 402, 403: further, any probative value is outweighed by the danger of undue prejudice and confusion of the issues because (a) SIR has issued multiple guidelines and the testimony does not identify which ones were allegedly "'acknowledged'" or accepted by FDA, and (b) testimony implies that FDA found the failure rates for the Eclipse filter "'to be acceptable,'" suggesting (improperly and without foundation) that FDA evaluated Eclipse filter for compliance with a Federal regulatory standard." | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 154:02-154:09 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 154:13-154:14 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 154:17-154:18 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 154:20-154:24 | Sustain | (1) FRE 402, 403 - objection to evidence of FDA lack of enforcement for the reasons set forth in Plaintiff's Motion in Limine on this topic; (2) FRE 402, 403: objection to evidence of advocacy organization guidelines, for reasons stated in Plaintiff's Omnibus Motion in Limine; (3) FRE 602, 802: speculative & hearsay: witness lacks foundation to testify about FDA's intent/state of mind as to the SIR guidelines or as an expert on the legal requirements established by FDA; to extent witness is reporting that FDA represented or acknowledged in meetings that SIR guidelines or Bard failure rates were acceptable, the testimony is inadmissible hearsay; (4) FRE 402, 403: further, any probative value is outweighed by the danger of undue prejudice and confusion of the issues because (a) SIR has issued multiple guidelines and the testimony does not identify which ones were allegedly "'acknowledged'" or accepted by FDA, and (b) testimony implies that FDA found the failure rates for the Eclipse filter "'to be acceptable,'" suggesting (improperly and without foundation) that FDA evaluated Eclipse filter for compliance with a Federal regulatory standard." | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 155:03-157:13 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 167:13-167:20 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 168:08-168:10 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 168:13-168:16 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 171:20-172:03 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 172:18-172:24 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 173:03 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 173:05-173:11 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 173:14-173:15 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 175:02-175:09 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 177:05-178:01 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 178:04-178:05 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 185:18-185:22 at "'Most'"" | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 186:08-186:12 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Schulz, Gin 01/30/2014 | 191:14-192:02 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | This testimony goes to the ultimate issues in this case. Bard has a history of claiming substantial equivalence between devices which in fact that is a lie. Further, Bard has a dafer alturnative design, the Simon Nitonol Filter, yet opted to push their dangerous "retrievable filters". This testimony goes to design defect and failure to warn. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 192:.05 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | This testimony goes to the ultimate issues in this case. Bard has a history of claiming substantial equivalence between devices which in fact that is a lie. Further, Bard has a dafer alturnative design, the Simon Nitonol Filter, yet opted to push their dangerous "retrievable filters". This testimony goes to design defect and failure to warn. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 198:01-198:06 | Overrule | Rules 601/602 & 612: Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | The witness has established he credentials to give this testimony for almost 200 pages. The fact that she can't think of a reason that a company would keep a dangerous product on the market is not evidence that she does not have personal knowledge. It just means that this is not a legitimate reason for such actions. Testimony goes to Plaintiff's claims. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 198:.09 | Overrule | Rules 601/602 & 612: Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | The witness has established he credentials to give this testimony for almost 200 pages. The fact that she can't think of a reason that a company would keep a dangerous product on the market is not evidence that she does not have personal knowledge. It just means that this is not a legitimate reason for such actions. Testimony goes to Plaintiff's claims. |
| PL AFFIRM | Schulz, Gin 01/28/2014 | 203:08-203:17 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 204:17-204:20 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 206:15-206:22 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 207:24-208:19 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 208:24-209:04 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 209:07-209:10 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 215:14-215:23 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 216:02-216:08 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 216:17-216:21 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 216:24-217:01 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 217:03-217:07 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 217:11-217:20 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 217:21-218:04 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 218:07-218:19 | Sustain | (218:12-17) FRE 602/702: the witness lacks personal knowledge of whether filters "took the recurring PE rate down" and is not qualified to offer evidence on this topic. FRE 402/403: as explained in Plaintiffs' Omnibus Motion in Limine, testimony that filters "prevent PES" ought to be excluded because no such evidence exists for Bard's retrievable filter line. Further the testimony is non- | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 219:01-219:06 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 219:09-219:10 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 219:12-219:13 | | | |

Schulz 1.30.14 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl. AFFIRM | Schulz, Gin 01/30/2014 | 220:21-221:02 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. The testimony concerns what Bard told physicians not what they wanted to know. |
| Pl. AFFIRM | Schulz, Gin 01/30/2014 | 221:05-221:06 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. The testimony concerns what Bard told physicians not what they wanted to know. |
| Pl. AFFIRM | Schulz, Gin 01/30/2014 | 224:01-224:14  Redact the words "and in some cases causing death" at lines 4 &5 | Sustain | This testimony violates the Court's ruling on Bard's MIL on Recovery migration death, Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of the information that Bard was withholding. With the redactions the references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| Pl. AFFIRM | Schulz, Gin 01/30/2014 | 225:02-225:14 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. The testimony concerns the importance of the information that Bard was withholding. |
| Pl. AFFIRM | Schulz, Gin 01/30/2014 | 225:22-226:02 | Overrule | Answer without a question. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. The testimony concerns the importance of the information that Bard was withholding. |
| Pl. AFFIRM | Schulz, Gin 01/30/2014 | 226:04-226:05 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. The testimony concerns the importance of the information that Bard was withholding. |

Schulz 1.30.14 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Schulz, Gin 01/30/2014 | 226:10-226:11 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. The testimony concerns the importance of the information that Bard was withholding. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 226:15-226:16 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about or the circumstances. See testimony at 227:23-228:02. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. The testimony concerns the importance of the information that Bard was withholding. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 227:04-227:13 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about or the circumstances. See testimony at 227:23-228:02. | Testimony shows Bard's history of withholding critical information from physicians, which prevented physicians from making informed decisions about Bard's IVC filters. Goes to failure to warn. The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. The testimony concerns the importance of the information that Bard was withholding. |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 227:23-228:02 | Overrule | FRE 106 – Optional completeness; the remainder of the witness's answer at 228:4-6 ought to be included. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 228:07-228:19 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about or the circumstances. Rules 801/802. Testimony is hearsay. | The witness had direct involvement with the issue being discussed and it was part of her duties at Bard to be aware of the needs of physicians. Mr. Peterson's filter fractured. The Recovery is relevant to the Eclipse as ruled by the MDL Court. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 229:01-229:21 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about or the circumstances. Rules 801/802. Testimony is hearsay. | The witness had direct involvement with the issue being discussed and it was part of her duties at Bard to be aware of the needs of physicians. Mr. Peterson remains at risk for filter fracture. The Recovery is relevant to the Eclipse as ruled by the MDL Court. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 231:05-231:14 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about or the circumstances. Rules 801/802. Testimony is hearsay. | The witness had direct involvement with the issue being discussed and it was part of her duties at Bard to be aware of the needs of physicians. Mr. Peterson's filter fractured. The Recovery is relevant to the Eclipse as ruled by the MDL Court. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 231:16 | | | |

Schulz 1.30.14 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 278:22-278:24 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 801/802. Testimony is hearsay. | The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. Mr. Peterson's filter migrated. |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 279:03-279:10 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 801/802. Testimony is hearsay. | The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. Mr. Peterson's filter migrated. |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 279:14-279:21 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 279:24-280:02 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 282:19-283:05 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The document was created nearly a year before the witness began to work at Bard. | The testimony asks what an internal procedure/document from Bard is and the witness answers with knowledge. The witness does not have to be present at the creation of a document to have knowledge of the document. The witness was aware of this document see 283:19-283:22 |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 284:03-285:01 Redact the word"death" at line 14 and "4.6" from line 17 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. The document was created nearly a year before the witness began to work at Bard. | The Recovery filter is relevant to the Eclipse filter, as ruled by Judge Campbell in the MDL. The testimony asks what an internal procedure/document from Bard is and the witness answers with knowledge. The witness does not have to be present at the creation of a document to have knowledge of the document. The witness was aware of this document see 283:19-283:22 |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 285:02-285:09 at "Given"''' | | | |
| DEF COUNTER | Schulz, Gin 01/28/2014 | 285:13-285:23 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 290:13-290:16 | Sustain | Optional completeness: the complete question, beginning at 290:2, ought to be included, as the omission of the question makes it unclear what the witness is actually being asked. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 290:19-291:06 | Sustain | FRE 402/403: The witness's testimony that she believed the Bard personnel who made decisions were qualified is not relevant to any matter at issue, including, but not limited to, the issue of consumer expectations. | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 301:11-301:15 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 301:19-301:20 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 343:12-343:15 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 343:23-344:15 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 344:24-346:01 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 346:04-346:06 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 346:24-347:16 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 347:19 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 351:19-352:21 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 352:22-353:12 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 353:20 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 357:11-357:12 | | | |
| Pl AFFIRM | Schulz, Gin 01/30/2014 | 357:19-357:22 | | | |

Schulz 1-30-14

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Schulz, Gin 01/30/2014 | 363:07-363:13 Redact the word "death" from line 9 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The Recovery filter, as ruled by Judge Campbell in the MDL, is relevant to the Eclipse filter. In order to prove failure to warn and design defect Plaintiff should be allowed to tell the entire story of Bard' retrievable filters. With the redactions,the reference does not include a cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. into doc 10650 |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 378:05-378:10 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 379:19-380:02 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 385:05-385:22 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 386:01-386:06 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 386:08-386:15 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 388:02-388:16 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 388:19-388:21 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 394:15-394:23 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 394:24-395:07 | Overrule | Lack of foundation. Witness does not know if the "product" was improved with every iteration. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 395:10-395:18 | Overrule | Lack of foundation. Witness does not know if the "product" was improved with every iteration. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 395:19-395:23 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 396:02-396:03 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 399:21-400:09 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 402:22-402:24 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 403:01-403:09 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 406:05-406:16 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 406:17-406:19 | Sustain | Lack of foundation. Witness cannot speak for the entire medical community. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 406:22-407:02 | Sustain | Lack of foundation. Witness cannot speak for the entire medical community. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 409:02-409:06 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 409:09-409:10 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 409:21-409:23 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 410:02-410:03 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 410:05-410:15 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 410:18-410:24 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 411:02-411:05 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 413:13-413:16 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 413:19-413:20 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 413:22-414:01 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 414:09-414:17 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 414:20-414:21 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 414:23-414:24 | Overrule | vague and confusing question. Lack of foundation. Relevant is not clear in the question or based on the answer. | |

Schulz 1.30.14 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Schulz, Gin 01/30/2014 | 415:03-415:09 | Overrule | vague and confusing question. Lack of foundation. Relevant is not clear in the question or based on the answer. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 415:22-416:02 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 416:06-416:07 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 417:09-417:11 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 417:14-417:17 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 417:19-418:03 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 418:06-418:07 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 418:09-418:22 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 419:01 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 419:03-419:08 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 419:11-419:24 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 420:02-420:06 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 420:09-420:11 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 422:18-422:21 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 422:24-423:02 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 428:01-428:05 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 428:08 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 431:14-431:17 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 431:20 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 431:22-432:05 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 432:20-432:22 | Sustain | Speculation. The witness cannot speak for Dr. Ciavarella and what he did and did not understand. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 433:01-433:05 | Sustain | Speculation. The witness cannot speak for Dr. Ciavarella and what he did and did not understand. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 434:19-434:20 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 435:04-436:05 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 436:18-437:05 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 437:06-437:21 | Sustain | Counsel if testifying. The document speaks for itself. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 437:24-438:04 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 438:05-438:11 | Sustain | Counsel if testifying. The document speaks for itself. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 438:12-439:23 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 440:04-440:06 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49:8-51:19).The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 440:07-440:11 | | | |

Schulz 1.30.14 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Schulz, Gin 01/30/2014 | 440:12-440:23 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 441:05-442:02 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 442:06-442:14 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 443:07-443:20 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 444:07-444:15 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 444:16-444:22 | Sustain | Non responsive. The witness did not answer the question. Speculations, the witness cannot speak for what physicians believed to be the tradeoffs of reticulate filters. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 445:01-445:08 | Sustain | Non responsive. The witness did not answer the question. Speculations, the witness cannot speak for what physicians believed to be the tradeoffs of reticulate filters. | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 446:14-447:06 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 447:09-447:11 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and are probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Tilting and penetration are at issues in this case. The witness is allowed to explain her understanding. He references are not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (Ardb Doc. 10859b) |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 447:13-447:19 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 448:09-448:13 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 448:16 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 448:18 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 448:21 | | | |

Schulz 1.30.14 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Schulz, Gin 01/30/2014 | 448:23-449:18 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 449:21-449:23 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 450:09-450:20 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 451:16-452:01 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 452:04-452:13 | Sustain | This is an answer without a question. | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 452:19-452:22 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 453:01-453:03 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 453:07-453:13 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 453:22-454:09 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 454:12-454:14 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 454:16-455:02 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |

Schulz 1.30.14 PL

239

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Schulz, Gin 01/30/2014 | 455:05-455:06 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 455:10-455:11 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 456:01-456:06 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 457:06-457:10 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 458:05-458:09 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 459:20-459:24 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 460:04-460:06 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 460:20-461:06 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49 8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |

Schulz 1.30.14 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Schulz, Gin 01/30/2014 | 461:09 | Overrule | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. | Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49:8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 461:23-462:02 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 801/802. Testimony is hearsay. | Mr. Peterson's filter fractured. The witness said she read the study. The Recovery filter is relevant to this case. The references are not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 462:08-462:11 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Rules 801/802. Testimony is hearsay. | Mr. Peterson's filter fractured. The witness said she read the study. The Recovery filter is relevant to this case. The references are not to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 465:12-465:20 | | | |
| DEF COUNTER | Schulz, Gin 01/30/2014 | 466:06-466:09 | | | |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 467:23-468:15 | Overrule | Rules 801/802 - calls for hearsay. Rules 601/602/612 - the withess does not have personal knowledgedof the study. | The witness states she is sure she would have reviewed the study being discussed (467:23 -468 03). Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49:8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. Proper use of the study under FRE 803(18). |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 468:18-468:22 | Overrule | Rules 801/802 - calls for hearsay. Rules 601/602/612 - the withess does not have personal knowledgedof the study. | The witness states she is sure she would have reviewed the study being discussed (467:23 -468 03). Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49:8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. Proper use of the study under FRE 803(18). |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 468:24-469:17 | Overrule | Rules 801/802 - calls for hearsay. Rules 601/602/612 - the withess does not have personal knowledgedof the study. | The witness states she is sure she would have reviewed the study being discussed (467:23 -468 03). Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49:8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. Proper use of the study under FRE 803(18). |
| PL AFFIRM | Schulz, Gin 01/30/2014 | 469:22-470:01 | Overrule | Rules 801/802 - calls for hearsay. Rules 601/602/612 - the withess does not have personal knowledgedof the study. | The witness states she is sure she would have reviewed the study being discussed (467:23 -468 03). Ms. Schultz has been with Bard since 2005. She was hired as VP of quality assurance and is still in quality assurance with responsibilities and was responsible for implementing Bard's quality systems, including regulatory compliance, complaint handling, corrective actions etc. (49:8-51:19) The use of the Bard corporate documents is foundational to the questions being asked about the performance of the Bard filters and some complaints that were reviewed by Bard. All areas within her knowledge and area of responsibility at Bard. Proper use of the study under FRE 803(18). |

Schulz 1.30.14 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL BLANKET OBJECTION | | | Overrule | Plaintiff objects to all of the testimony of Ms. Schulz regarding 510(k) process/application, FDA regulations/communication, and SIR guidelines. Testimony regarding the 510(k), FDA regulations, and SIR are not relevant and Plaintiff incorporates his arguments, in addition to his Motion in Limine/Motion to Exclude, Plaintiff makes the following specific objections and designations. | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 24:04-24:10 begin at "Can" | | | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 26:11-26:13 | | | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 30:12-30:16 begin at "you" end at through "1990" | | | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 30:21-31:04 begin at "And" | | | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 31:08-31:15 begin at "when" | | | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 49:08-50:24 | | | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 52:22-53:24 begin at "And" | | | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 54:01-55:10 begin at "how" | | | |
| PL COUNTER | Schulz, Gin 01/30/2014 | 109:22-110:01 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This is not within the scope of Defendant's designations; this is not a "counter-designation." | |
| PL COUNTER | Schulz, Gin 01/30/2014 | 110:04-110:14 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This is not within the scope of Defendant's designations; this is not a "counter-designation." | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 123:21-124:03 | | | |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 124:06-124:20 | Overrule | (124:06-20) Non-responsive. (124:18-20): FRE: 602 & 702: Lack of foundation, speculative: witness is not qualified or properly designated to testify as an expert about what "FDA looks at...on the approval of the devices." Also, FRE: 403: any probative value of reference to what FDA considers in "approval of the devices" is outweighed by the danger of undue prejudice and confusion of the issues because the device at issue was never "approved" and the FDA made no risk/benefit analysis of the device at issue although testimony implies that occurred. | The witness is testifying from her extensive personal experience. She was asked extensively about these issues by Plaintiff's counsel who apparently believed she had the pertinent background and experience to testify as to these issues -- otherwise, they wouldn't have asked. Any confusion regarding "approval" or "clearance" can be easily cured by inclusion of 124:22-23. |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 125:11-125:22 begin at "And" | Sustain in part as to giving answer | FRE 602, 702: Lack of foundation: witness has no personal knowledge and is neither qualified nor properly designated as an expert to testify about how an implanting physician makes risk/benefit decisions in using the device at issue. Further, FRE 106: The rule of optional completeness requires the answer (at line 125:16) if this excerpt is permitted because the question is designated without the witness's answer and gives the improper impression that the answer given at lines 126:1 and following is an answer to the designated question, rather than line 16. | The witness is testifying from her extensive personal experience. She was asked extensively about these issues by Plaintiff's counsel who apparently believed she had the pertinent background and experience to testify as to these issues -- otherwise, they wouldn't have asked. Defendants do not object to the inclusion of 125:16. |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 126:01-127:06 | Sustain in part as to giving question | (126:01-06): FRE 106: under the rule of optional completeness the jury should hear the question at lines 125:17-22 ( rather than the question at lines 125:11-15) since that is the actual question this witness is answering in the designated testimony. (Highlighted transcript includes lines 126:7-127:6, to which Plaintiffs have additional objections. Plaintiffs assume that this chart presents the correct intended designations). | Defendants do not object to the 'colusion of 125:17-22. Plaintiffs do not articulate what their "additional objections" are. |

Schulz 1.30.14 DEF

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 147:20-149:21 | Overrule | [147:20-149:21]: Non-responsive. [147:20-150:13]: (1) FRE 402, 403 - objection to evidence of FDA lack of enforcement for the reasons set forth in Plaintiff's Motion in Limine on this topic. (2) FRE 402, 403: objection to evidence of advocacy organization guidelines, for reasons stated in Plaintiff's Omnibus Motion in Limine; otherwise, they wouldn't have asked. It is ironic for Plaintiff to object to this (3) FRE 602, 802: speculative & hearsay; witness lacks foundation to testify about FDA's intent/state of mind as to the SR guidelines or as an expert on the legal requirements established by FDA; to extent witness is reporting that FDA represented or acknowledged in meetings that SR guidelines or Bard failure rates were acceptable, the testimony is inadmissible hearsay. (4) FRE 402, 403: testimony is irrelevant because the witness went to work at Bard in 2005 and did not explain such meetings occurred, thus the testimony is not shown to pertain to the G2X filter or to the time frame at issue (2010). Further, any probative value is outweighed by the danger of undue prejudice and confusion of the issues because (a) SR has issued multiple guidelines and the testimony does not identify which ones were allegedly "acknowledged" or accepted by FDA, and (b) testimony implies that FDA found the failure rates for the G2X filter "to be acceptable," suggesting (improperly and without foundation) that FDA evaluated G2X filter for compliance with a federal regulatory standard. | The witness is testifying from her extensive personal experience. She was asked extensively about these issues by Plaintiff's counsel who apparently believed she had the pertinent background and experience to testify as to these issues -- otherwise, they wouldn't have asked. It is ironic for Plaintiff to object to this testimony on the basis that Ms. Schulz began with Bard in 2005 and the timeframe at issue is 2010 -- Plaintiff has designated a significant amount of testimony from this and other witnesses regarding events and circumstances from the 2003-2005, etc. timeframe. Plaintiff cannot have it both ways. Either the pertinent time period is 2010, or both parties can present evidence from this earlier time period. Defendants incorporate their responses to Plaintiff's motions in limine. |
| DEF AFFIRM | Schulz, Gin 01/30/2014 | 150:02-150:13 | Overrule | See objections to 147:20-149:21, above. | The witness is testifying from her extensive personal experience. She was asked extensively about these issues by Plaintiff's counsel who apparently believed she had the pertinent background and experience to testify as to these issues -- otherwise, they wouldn't have asked. It is ironic for Plaintiff to object to this testimony on the basis that Ms. Schulz began with Bard in 2005 and the timeframe at issue is 2010 -- Plaintiff has designated a significant amount of testimony from this and other witnesses regarding events and circumstances from the 2003-2005, etc. timeframe. Plaintiff cannot have it both ways. Either the pertinent time period is 2010, or both parties can present evidence from this earlier time period. Defendants incorporate their responses to Plaintiff's motions in limine. |
| PL COUNTER | Schulz, Gin 01/30/2014 | 150:22-151:01 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 11:15–11:17 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 12:18 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 13:17–13:20 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 16:07–16:11 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 19:06–19:10 "I transferred" | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 19:23–20:04 "okay" | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 22:05–22:12 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 22:13–22:18 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 22:19–23:02 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 23:03–23:05 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 23:14–24:02 | | Incomplete answer; answer continues through line 5 | 24:2–5 is non-responsive |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 23:20–23:22 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 24:02–24:08 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 25:24–26:02 end "been" | | Incomplete answer; answer continues through line 3 | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 26:02–26:06 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 29:09–29:11 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 42:11–42:15 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 43:09–43:10 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 43:25–44:06 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 44:14 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 44:15–44:18 stopping at function | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 44:19–44:21 starting at "do you agree" | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 44:24–45:03 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 49:05–49:07 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 49:09–49:16 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 56:03–56:05 "you in it" | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 56:06–56:17 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 56:18–56:21 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 56:23–56:25 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 57:16–57:18 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 57:19–57:25 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 58:16–58:25 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 61:09–61:13 "do you think" | Overrule | Rule 611, Vague and ambiguous and assumes facts not in evidence. | Not vague, not ambiguous, does not assume any facts. Witness was asked about his understanding of his industry and how a manufacturer should respond to known device failures. |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 62:03–62:04 | Overrule | Rule 611, Vague and ambiguous and assumes facts not in evidence. | Not vague, not ambiguous, does not assume any facts. Witness was asked about his understanding of his industry and how a manufacturer should respond to known device failures. |

Tessmer 6.12.13

243

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 65:03-65:07 | Sustain | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Implies that duty to warn is to the patient, but uner Oregon law it t the physician. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves migration, which is a failure mode at issue and applies to all Bard's filters |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 65:16-65:18 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 65:19-65:20 ending at "going to migrate." | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rules 401, 402 & 403-Irrelevant and Unfairly Prejudicial. Rule 611(a)(3) questioning is argumentative and subjects witness to harassment. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves migration, which is a failure mode at issue and applies to all Bard's filters |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 66:14-66:20 | Sustain | Implies that the duty to warn is to the patient, but under Oregon law it is to the doctor. | It does not assume direct communication to the patient.  The the patient is ultimately the one who is deciding to have the device implanted and that decision is based on the information made available to his physician.  The conentext of the question is clear when consided with 61:09-61:13 & 62:03-62:04 |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 66:21-67:06 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 78:05-78:08 | Overrule | FRE 401, 402, 403. This is an answer taken completely out of context.  There is no question asked and therefore the statement is not responsive and as it is out context. It is confusing and likely to mislead. | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 78:18-78:19 | Overrule | FRE 401, 402, 403 This is an answer taken completely out of context.  There is no question asked and therefore the statement is not responsive and as it is out context it is confusing and likely to mislead. | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 78:21-78:25 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 79:02-79:03 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 81:07-81:14 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 82:04-82:14 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 83:01-83:14 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 88:25-89:03 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 89:09-89:12 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 102:25-103:16 | Sustain | Rules 401, 402, 403 –Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves migration, which is a failure mode at issue and applies to all Bard's filters |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 104:02-104:06 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves migration, which is a failure mode at issue and applies to all Bard's filters |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 109:09-109:12 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves migration, which is a failure mode at issue and applies to all Bard's filters |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 109:13-109:22 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 112:11-112:17 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 113:04-113:14 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 142:21-142:25 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 143:02-143:21 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 155:01-155:03 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 159:24-160:05 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 160:07-160:09 | | | |

Tessmer 6.12.13

244

Tessmer 6.12.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 164:09-164:12 | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 231:13 | Overrule | [Exhibit 14 and testimony] Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness was not at Bard when document was created. See 232.02-232.05. | Personal knowledge of the subject matter was established through the testimony of the witness |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 232:02-232:05 "this is stated" | | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 232:14 | Overrule | [Exhibit 14 and testimony) Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness was not at Bard when document was created. See 232.02-232.05. | Personal knowledge of the subject matter was established through the testimony of the witness. The document concerns subject matter that is within the area of responsibility he had when he was at Bard. He was member of the Filter Team. |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 232:17-233:12 | Overrule | [Exhibit 14 and testimony) Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness was not at Bard when document was created. See 232.02-232.05. | Personal knowledge of the subject matter was established through the testimony of the witness. The document concerns subject matter that is within the area of responsibility he had when he was at Bard. He was member of the Filter Team. 25:24-26:02 |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 233:22 "I don't know" | Overrule | [Exhibit 14 and testimony) Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness was not at Bard when document was created. See 232.02-232.05. | Personal knowledge of the subject matter was established through the testimony of the witness. The document concerns subject matter that is within the area of responsibility he had when he was at Bard. He was member of the Filter Team. 25:24-26:02 |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 233:24-234:02 | Overrule | [Exhibit 14 and testimony) Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness was not at Bard when document was created. See 232.02-232.05. | Personal knowledge of the subject matter was established through the testimony of the witness. The document concerns subject matter that is within the area of responsibility he had when he was at Bard. He was member of the Filter Team. 25:24-26:02 |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 248:02-248:09 subject to objection | Sustain | FRE 401, 402, 403. This is a portion of answer taken completely out of context. There is no question asked and therefore the statement is not responsive and as it is out context is is confusing and likely to mislead. | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 255:12-255:15 | Sustain | | |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 297:22-297:25 | Sustain | [Exhibit 14 and testimony) Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness was not at Bard when document was created. See 232.02-232.05. | Personal knowledge of the subject matter was established through the testimony of the witness. The document concerns subject matter that is within the area of responsibility he had when he was at Bard. He was a member of the Filter Team. 25:24-26:02 and 29:09-29:11. It is proper to use the Bard comprate document to evaluate what he knew andor information he was not given while working at Bard. |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 298:03-298:04 | Sustain | [Exhibit 14 and testimony) Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness was not at Bard when document was created. See 232.02-232.05. | Personal knowledge of the subject matter was established through the testimony of the witness. The document concerns subject matter that is within the area of responsibility he had when he was at Bard. He was a member of the Filter Team and was at Bard during the development of the G2. 25:24-26:02 and 29:09-29:11. It is proper to use the Bard comprate document to evaluate what he knew andor what information he was not given while working at Bard. |
| PL AFFIRM | Tessmer, Alex 06/12/2013 | 298 07 "I don't recall" | Sustain | [Exhibit 14 and testimony) Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness was not at Bard when document was created. See 232.02-232.05. | Personal knowledge of the subject matter was established through the testimony of the witness. The document concerns subject matter that is within the area of responsibility he had when he was at Bard. He was a member of the Filter Team and was at Bard during the development of the G2. 25:24-26:02 and 29:09-29:11. It is proper to use the Bard comprate document to evaluate what he knew andor what information he was not given while working at Bard. |

Tessmer 6.12.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| Pl AFFIRM | Tessmer, Alex 06/12/2013 | 298:09-298:12 | Sustain | (Exhibit 14 and testimony) Rules 601/602 & 612. Witness does not have personal knowledge of document Witness was shown a document, was not familiar with it and testified that he/she does not have personal knowledge about it or the circumstances. Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Witness was not at Bard when document was created. See 232.02-232.05. | Personal knowledge of the subject matter was established through the testimony of the witness.  The document concerns subject matter that is within the area of responsibility he had when he was at Bard.  He was a member of the Filter Team and was at Bard during the development of the G2.  25:24-26:02 and 29:09-29:11. It is proper to use the Bard corporate document to evaluate what he knew and/or what information he was not given while working at Bard. |
| Pl AFFIRM | Tessmer, Alex 06/12/2013 | 298:14-298:16 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves a failure mode at issue and applies to all Bard's filters. The Eclipse is essentially the Recovery and the G2 with only minor modifications. |
| Pl AFFIRM | Tessmer, Alex 06/12/2013 | 299:23-300:06 Redact the words "and didn't have any patient death as a result of migration of the device" at lines 1-32 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves a failure mode at issue and applies to all Bard's filters. The Eclipse is essentially the Recovery and the G2 with only minor modifications. |
| Pl AFFIRM | Tessmer, Alex 06/12/2013 | 300:08-300:20 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves a failure mode at issue and applies to all Bard's filters. The Eclipse is essentially the Recovery and the G2 with only minor modifications. |
| Pl AFFIRM | Tessmer, Alex 06/12/2013 | 300:22-301:01 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves a failure mode at issue and applies to all Bard's filters. The Eclipse is essentially the Recovery and the G2 with only minor modifications. |
| Pl AFFIRM | Tessmer, Alex 06/12/2013 | 301:03-301:04 end "physicians" | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | Testimony involves the Recovery, which is the predicate of the filter at issue. Testimony is relevant to whether the Recovery and the filters based upon it have a defective design and defective warnings which is at issue. Testimony involves a failure mode at issue and applies to all Bard's filters. The Eclipse is essentially the Recovery and the G2 with only minor modifications. |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 308:09-308:10 | | | |
| DEF COUNTER | Tessmer, Alex 06/12/2013 | 308:12-308:22 | | | |

246

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 7:17-23:25 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 24:03-25:08 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 25:11-34:22 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 34:25-38:16 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 38:18-39:04 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 39:07-39:13 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 39:16-47:09 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 47:11-49:16 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 49:18-50:16 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 50:18-55:02 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 55:04-58:02 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 58:04-60:18 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 60:20-65:18 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 71:04-71:19 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 173:06-173:10 | Overrule | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony about the results of comparative testing is relevant to the question of design defect and reasonable care. |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 173:12 | Overrule | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony about the results of comparative testing is relevant to the question of design defect and reasonable care. |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 179:06-179:09 "Some" | Overrule | improper hypothetical. | not a hypothetical |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 179:11 | Overrule | improper hypothetical. | testimony of the witness establishes his knowledge to answer |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 179:13-179:17 | Sustain | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony about the results of comparative testing is relevant to the question of design defect and reasonable care. |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 179:19-179:20 | Sustain | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony about the results of comparative testing is relevant to the question of design defect and reasonable care. |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 180:01-180:05 | Sustain | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony about the results of comparative testing is relevant to the question of design defect and reasonable care. |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 180:17-181:01 | Overrule | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony about the results of comparative testing is relevant to the question of design defect and reasonable care. |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 181:03-181:04 | Overrule | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony about the results of comparative testing is relevant to the question of design defect and reasonable care. |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 181:08-181:11 | Overrule | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | This testimony is being offered not as evidence of a failure to warm, but goes to the question of design defect, reasonable care  and what Bard did or didn't do in response to internal test results. |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 207:07-207:09 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 211:22-211:25 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | This testimony is relevant. The witness was asked about his role in the development of the G2 filter, which is the predecessor of and nearly identical to the filter at issue. The question concerns testing done in the development process of the G2 |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 212:04-212:25 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 213:06-213:13 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 214:13-214:16 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 215:03-215:05 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 215:10-215:14 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 216:13-217:18 begin at "but you" end "303" | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 217:21-218:08 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | This testimony is relevant. The witness was asked about his role in the development of the G2 filter, which is the predecor of and nearly identical to the filter at issue. The question concerns testing done in the development process of the G2 |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 218:15-218:18 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 220:01-220:02 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | This testimony is relevant. The witness was asked about his role in the development of the G2 filter, which is the predecor of and nearly identical to the filter at issue. The question concerns testing done in the development process of the G2 |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 220:07-220:16 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | This testimony is relevant. The witness was asked about his role in the development of the G2 filter, which is the predecor of and nearly identical to the filter at issue. The question concerns testing done in the development process of the G2 |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 220:19-221:02 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | This testimony is relevant. The witness was asked about his role in the development of the G2 filter, which is the predecor of and nearly identical to the filter at issue. The question concerns testing done in the development process of the G2 |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 221:14-221:20 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 222:24-223:01 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 223:11-223:20 end "GSIA" | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 223:23-223:24 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 224:01-224:23 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 227:12-227:20 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 228:02-228:07 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 228:09-229:13 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 228:15-228:16 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 229:24-229:25 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 230 02 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 230:04-230:15 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 230:19-231:09 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 231:21-231:24 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 232:15-232:24 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 233:02-233:04 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 233:20-234:04 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 234:10-234:14 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 235:09-235:10 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 235:12-235:15 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 235:13-235:20 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 235:25-237:04 | | | |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 237:07-237:10 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 234:10-14 and 235:12-15 and 237: 12-4. Also, no answer designated. Answer is 237:12-14. | This testimony is relevant. The witness was asked about his role in the development of the G2 filter, which is the predecor of and nearly identical to the filter at issue. The question concerns testing done in the development process of the G2 |
| PL AFFIRM | Tessmer, Alex 01/29/2020 | 237:12-237:14 | | | |
| DEF COUNTER | Tessmer, Alex 01/29/2020 | 237:16-237:21 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 234:10-14 and 235:12-15 and 237: 12-4 | testimony of the witness establishes his knowledge to answer |

Tessmer 1 29 20 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL AFFIRM** | Tessmer, Alex 01/29/2020 | 238:01-238:09 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. See 234:10 -14 and 235:12-15 and 237: 12-4 | testimony of the witness establishes his knowledge to answer |
| **PL AFFIRM** | Tessmer, Alex 01/29/2020 | 243:23-244:08 | | | |
| **DEF COUNTER** | Tessmer, Alex 01/29/2020 | 244:18-244:20 | | | |
| **DEF COUNTER** | Tessmer, Alex 01/29/2020 | 244:22-244:24 | | | |

249

Tessmer 1.29.20 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 7:17-23:25 | Overrule | 15:05-22:02 FRE 402 | The witness is an engineer and testifying about the engineering work done at Bard. It is directly relevant to the issues in this case. |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 24:03-25:08 | Overrule | 24:14-25:08 FRE 402; FRE 602 | The witness is explaining what work he did in the testing of the filter. |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 25:11-34:22 | Overrule | 28:05-30:16 FRE 402 | The witness is explaining what work he did in the testing of the filter. |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 34:25-38:11 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 38:18-39:04 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 39:07-39:13 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 39:16-47:09 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 47:11-49:08 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 49:14-49:16 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 49:18-50:12 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 50:16 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 50:18-55:02 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 55:04-58:02 | | | |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 58:04-60:18 | Overrule | 60:16-60:18 leading | The question does not suggest the answer. |
| DEF AFFIRM | Tessmer, Alex 01/29/2020 | 60:20-65:18 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 90:05-90:22 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 90:24-90:25 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 91:22-91:24 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 92:02 through "yeah" | Sustain | Incomplete answer. The complete answer is lines 2-7. | |
| DEF COUNTER TO COUNTER | Tessmer, Alex 01/29/2020 | 92:02-92:07 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 113:06-113:23 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 148:20-148:24 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 149:01-149:03 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 156:16-156:24 | | | |
| DEF COUNTER TO COUNTER | Tessmer, Alex 01/29/2020 | 156:25-157:04 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 158:14-158:18 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 175:15-175:18 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 175:20-175:21 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 236:18-236:25 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 237:01-237:04 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 237:07-237:10 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. There is no allegation of migration in this case | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 237:12-237:14 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 247:11-247:17 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 247:19-247:22 | | | |

Tessmer 1.29.20 DEF

250

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | Tessmer, Alex 01/29/2020 | 247:24-247:25 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 248:01-248:03 | | | |
| DEF COUNTER TO COUNTER | Tessmer, Alex 01/29/2020 | 248:06-248:08 | | | |
| DEF COUNTER TO COUNTER | Tessmer, Alex 01/29/2020 | 248:10-248:13 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 256:25 starting with "you" | Sustain | Takes testimony out of context. The context is 256:7-12 and 256:15-23 | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 257:01-257:03 | | | |
| PL COUNTER | Tessmer, Alex 01/29/2020 | 257:05 | | | |
| DEF COUNTER TO COUNTER | Tessmer, Alex 01/29/2020 | 257:07-257:11 | | | |
| DEF COUNTER TO COUNTER | Tessmer, Alex 01/29/2020 | 257:15-257:21 | | | |
| DEF COUNTER TO COUNTER | Tessmer, Alex 01/29/2020 | 257:24 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Tessmer, Alex 11/17/2020 | 278:09-278:21 | Overrule | FRE 402; Non-responsive after "not at all" | Objection was not made at the time of the testimony and is waived |
| DEF AFFIRM | Tessmer, Alex 11/17/2020 | 278:25-279:10 | Overrule | FRE 402; Non-responsive after "not" | Objection was not made at the time of the testimony and is waived |
| DEF AFFIRM | Tessmer, Alex 11/17/2020 | 280:21-282:02 | | | |
| DEF AFFIRM | Tessmer, Alex 11/17/2020 | 283:14-284:10 | Overrule | FRE 402 | This is redirect of testimony from cross by plaintiff. |
| DEF AFFIRM | Tessmer, Alex 11/17/2020 | 284:18-285:08 begins at "Mr. Tessmer" | Overrule | FRE 602 - calls for speculation 402 | There is no speculation - the witness is explaining the testing that he did. |
| DEF AFFIRM | Tessmer, Alex 11/17/2020 | 285:15-286:07 | Overrule | FRE 802; FRE 602 | The testimony is not hearsay - it is not offered for the truth of the matter asserted  but to explain the witness' actions |
| PL COUNTER | Tessmer, Alex 11/17/2020 | 336:25 | | | |
| PL COUNTER | Tessmer, Alex 11/17/2020 | 337:01-337:10 | | | |
| DEF COUNTER TO COUNTER | Tessmer, Alex 11/17/2020 | 337:23-341:24 | | | |

Tessmer 11.17.20

252

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL BLANKET OBJECTION | | | | Running Objection to Relevance & FRE 701: Plaintiff objects on grounds that this testimony is not relevant to this case, that this witness has no personal knowledge that is relevant to this case, and that this is an attempt to elicit expert opinions from a witness not designated as such in violation of FRE 701. Plaintiff makes his counter-designations in the event the court overrules his objections. | Bard's response to Plaintiff's "Running Objection to Relevance & RE 701": Plaintiff's running objection was over-ruled in the MDL, where the Court stated: "The Court overruled a number of objections to allegedly non-disclosed expert opinions because the questions generally were about the doctor's own practice and personal experience using IVC filters – matters the Court regards as relevant factual evidence rather than expert opinion under Rule 702." Furthermore, Dr. Trerotola was deposed in the MDL because of his work, over many years, with IVC filters and his studies of IVC filters, including Bard filters and because of the work he did directly with Bard as a consultant to it on IVC filters. Dr. Trerotola is the Chief or Interventional radiology at the hospital of the University of Pennsylvania. His testimony is relevant to steps Bard took to obtain medical expert input on the design, use and warnings relating to its filters, as well as to what medical doctors utilizing filters knew at various times about filter indications and contraindications, filter retrieval and other filter-related information. His testimony is based on his own personal knowledge through his experience as a medical doctor as to the indications for, complications associated with, implantation and retrieval of IVC filters. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions rather he is a witness with fact information relevant to these cases. |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 5:24-6:04 | | | |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 6:07-6:16 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 8:03-9:23 | Overrule | This is not a proper counter designation. It is not necessary. Plaintiff should have designated the testimony affirmatively. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination. |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 9:24-10 03 | Overrule | (9:25) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his experience implanting filters is not relevant. (10:01-10:03) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his experience implanting filters is not relevant. | (9:25 – 10 03) The witness is simply introducing himself and describing his background, and completing his answer to questions designated by Plaintiff immediately above. He is not giving expert opinion testimony. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 10:06-11:06 | Overrule | This is not a proper counter designation. It is not necessary. Plaintiff should have designated the testimony affirmatively. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination. See PTC Hearing Transcript 4/20/2021 p. 60. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 12:16-12:19 beginning with "Do"*** | Sustain | Rules 601, 602, lack of foundation. The witness states "I don I think I am qualified to answer that question". 12:21 – 22 | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his knowledge and expose potential bias. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 12:21-12:22 | | Rules 401 and 402 not relevant | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 14:01-14:03 | Overrule | Rules 401 and 402 not relevant | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 16:04-16:07 | Overrule | (16:04-16:07) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance - Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his employment as retained expert or lack thereof in other litigation is not relevant. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 19:07-19:14 | Sustain | (19:07-19:14) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance - Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a retained expert in this case and his opinions as to whether physicians rely upon manufacturers for safety information is not relevant and he is not qualified to give that opinion in this case. | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 19:23-20:05 | | | |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 20:06-20:09 | Overrule | (20:06-20:09) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his experience implanting filters is not relevant. | (20:06 – 20:14) Dr. Trerotola was deposed at the instance of Plaintiff's, in the MDL, because of his work over many years as a consultant to Bard on its IVC filters. This testimony involves his answering Plaintiff's counsel's question about the various IVC filters he has placed. The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 21:17-21:22 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 22:03-22:06 beginning with "'I speak"*** | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 22:24-23:06 | Overrule | FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions as to whether physicians rely upon manufacturers for safety information is not relevant an he is not qualified to give that opinion in this case | (22:24 – 23:06) Dr. Trerotola was deposed at the instance of Plaintiffs, in the MDL, because of his work over many years as a consultant to Bard on its IVC filters. In this testimony, the witness answers a question by Plaintiff's counsel about his experience and expectations relative to the use of IVC filters. The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 23:14-23:22 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 24:14-24:24 | Sustain | (24:14 – 24:19) Rules 601, 602, lack of foundation. | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 25:19-25:21 | Sustain | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 26:01-26:03 | Sustain | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 26:05-26:06 | Sustain | Rules 601, 602, lack of foundation. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 26:13-26:22 | Sustain | (26:19 – 26:21) Rules 601, 602, lack of foundation. Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 27:02-27:04 | Sustain | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 27:14-27:21 | Sustain | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her; irrelevant with Plaintiff's failure to warn claim dismissed. Not a counter to testimony designated | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 28:10-28:19 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 29:23-30:03 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; Irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |

Trerotola 1.20.17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 31:17-31:24 | Overrule | [31:17-31:24] FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions as to whether he relies upon manufacturers for safety information is not relevant and he is not qualified to give that opinion in this case. Testimony regarding the 510(k), FDA regulations, and SIR are not relevant and Plaintiff incorporates his arguments from the MILs on these subjects. | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 35:13-35:19 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 36:04-37:04 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 37:09-38:10 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 40:16-41:11 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 41:24-42:05 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 42:19-43:08 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 45:12-45:22 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 46:09-46:11 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 48:14-48:23 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 49:20-50:03 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 52:07-52:11 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or cause of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 52:21-53:01 | | | |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 53:23-54:12 | Overrule | [54:06-54:12] FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions as to what the term "optional filter" is not relevant and he is not qualified to give that opinion in this case. | [54:06 - 54:12] The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 55:22-55:24 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 57:06-57:14 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 58:10-58:17 | Overrule | Rules 401, 402 and 403 not relevant and not a counter for prior testimony | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 59:09-59:17 | Overrule | Rules 401, 402 and 403 not relevant and not a counter to prior testimony | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 63:18-63:24 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 74:24-76:05 | | | |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 77:11-77:16 | Overrule | [77:11-77:16] FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions as to the significance of the ease of retrievability is not relevant and he is not qualified to give that opinion in this case. | The Plaintiff's object was over-ruled in the MDL. The testimony was allowed. [77:11 - 77:23] The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 78 08-80:10 | Overrule | (80:02-80:10) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions as to what risks are related to IVC filters and the effect of complications on retrieval is not relevant and he is not qualified to give that opinion in this case. | (78:08 - 78:20) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 79:10-79:17 | | | |
| DEF COUNTER TO COUNTER | Trerotola, Scott 01/20/2017 | 79:18-80:01 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 80:11-80:22 | | | |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 83:16-83:18 | Overrule | (83:16-83:18) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance - Dr. Trerotola is not designated as a retained expert in this case and his use of 62 filters is not relevant. | (83:06 - 83:18) The testimony is relevant to his credibility as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 84:21-85:19 | Overrule | Rules 401 & 402 -- Irrelevant. Testimony does not involve filter/product at issue. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 86:09-86:24 | Overrule | Rules 401 & 402 -- Irrelevant. Testimony does not involve filter/product at issue. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 87:04-87:06 | Overrule | Rules 401 & 402 -- Irrelevant. Testimony does not involve filter/product at issue. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 87:14-88:06 | Overrule | Rules 401 & 402 -- Irrelevant. Testimony does not involve filter/product at issue. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 92:01-92:12 | Overrule | Rules 401 & 402 -- Irrelevant. Testimony does not involve filter/product at issue. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 92:17-93:03 | Overrule | Rules 401 & 402 -- Irrelevant. Testimony does not involve filter/product at issue. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |

Trerotola 1.20.17

Trerotola 1.20.17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | Trerotola, Scott 01/20/2017 | 93:08-93:11 | Overrule | Rules 401 & 402 -- Irrelevant. Testimony does not involve filter/product at issue. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 94:23-95:07 | Overrule | FRE 401, 402, 701, FRCP 26(a)(2)(C) - Relevance - Dr. Trerotola is not designated as a retained expert in this case and his use of G2 filters is not relevant. FRE 802 - the question calls for a hearsay response. | The Plaintiff's objection was over-ruled in the MDL. The testimony was allowed. (94:23 - 94:24) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff s counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 98:16-99:07 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 99:15-99:21 | | | |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 102:12-102:18 | Overrule | FRE 401, 402, 701, FRCP 26(a)(2)(C) - FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinion as to the effect of caudal migration is not relevant and he is not qualified to give that opinion in this case. | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 103:18-104:03 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 105:12-105:17 | | | |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 107:02-107:08 | Overrule | FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions as to the effect of penetration and tilt on retrieval are not relevant and he is not qualified to give those opinions in this case. | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 107:13-108:02 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 108:10-108:12 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 108:18-108:23 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 121:20-122:04 | Overrule | Rules 601, 602, lack of foundation. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 123:18-123:21 beginning with "You"*** | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 124:07-124:17 | Overrule | Rules 401, 402 and 403. Not relevant | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 125:16-125:22 | Overrule | (125:16-125:22) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions regarding testing by Bard are not relevant and he is not qualified to give opinions in this case. | (125:01 – 125:07) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise in the use of IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 125:24-126:05 | Overrule | (125:24-126:05) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions regarding testing by Bard are not relevant and he is not qualified to give opinions in this case. | (125:16 – 125:24) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise in the use of IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 126:07-126:15 | Overrule | (126:01-126:15) FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions regarding testing by Bard are not relevant and he is not qualified to give opinions in this case. | (126:01 – 126:15) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff's counsel, necessarily provides information based on his expertise in the use of IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |
| DEF COUNTER TO COUNTER | Trerotola, Scott 01/20/2017 | 132:16-132:22 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 133:05-133:13 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 134:24-135:11 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 137:04-137:11 | Overrule | Rules 401 & 402 – Irrelevant. Testimony does not involve filter/product at issue. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. [MDL Doc. 10819]. |
| DEF COUNTER TO COUNTER | Trerotola, Scott 01/20/2017 | 137:12-137:18 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 138:07-138:10 | Overrule | Rules 401, 402, 403. Testimony regarding Sales/Marketing does not relate to the claims or causes of action at issue in the case; irrelevant and any probative value outweighed by prejudicial effect. Not a counter to testimony designated. | Dr. Trerotola is being called as a lay witness for the defense.  This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias.  The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product.  The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design.  The references do not include cephalad migration death from the Recovery filter.  Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. [MDL Doc. 10819]. |
| DEF COUNTER TO COUNTER | Trerotola, Scott 01/20/2017 | 138:11-138:17 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | Trerotola, Scott 01/20/2017 | 141:20-142:22 | Overrule | Rules 401, 402, 403, testimony does not relate to the filter at issue, probative value outweighed by prejudicial effect. | Dr. Trerotola is being called as a lay witness for the defense. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician who not receive. The question s directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 145:09-145:12 | Overrule | Rules 601, 602, lack of foundation. | There is not lack of foundation it is an email he sent to Janet Hudnall a Bard Senior Product Manager who was involved in the development of the G2 filter. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician who not receive. The question s directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 145:15-145:17 | Overrule | Rules 601, 602, lack of foundation. | There is no lack of foundation it is an email he sent to Janet Hudnall a Bard Senior Product Manager who was involved in the development of the G2 filter. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician who no receive. The question s directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 145:19-145:24 | Overrule | Rules 601, 602, lack of foundation. | There is no lack of foundation it is an email he sent to Janet Hudnall a Bard Senior Product Manager who was involved in the development of the G2 filter. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician who no receive. The question s directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 147:14-148:06 | Overrule | Rules 401, 402, 403, testimony does not relate to the filter at issue, probative value outweighed by prejudicial effect. Subject to objection, Bard counters 148: 14 – 19 | There is no lack of foundation it is an email he sent to Janet Hudnall a Bard Senior Product Manager who was involved in the development of the G2 filter. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician who no receive. The question s directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| DEF COUNTER TO COUNTER | Trerotola, Scott 01/20/2017 | 148:14-148:19 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 153:17-155:03 | Overrule | Rules 401, 402, 403, testimony does not relate to the filter at issue, probative value outweighed by prejudicial effect. Subject to objection, Bard counters 155:4 – 9, and 167: 15 – 22, 168: 1 – 16. | There is no lack of foundation it is an email he sent to Janet Hudnall a Bard Senior Product Manager who was involved in the development of the G2 filter. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician who no receive. The question s directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| DEF COUNTER TO COUNTER | Trerotola, Scott 01/20/2017 | 155:04-155:09 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 157:09-157:21 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 160:09-161:05 | | | |

Trerotola 1-20-17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL COUNTER** | Trerotola, Scott 01/20/2017 | 165:07-167:14 Redact 165:15-165:21 | Sustain | [165:17 – 165:20] Attorney colloquy should be withdrawn. | Agreed redaction resolves the objection. |
| **DEF COUNTER TO COUNTER** | Trerotola, Scott 01/20/2017 | 167:15-167:22 | | | |
| **DEF COUNTER TO COUNTER** | Trerotola, Scott 01/20/2017 | 168:01-168:16 | | | |
| **PL COUNTER** | Trerotola, Scott 01/20/2017 | 173:21-174:11 | Overrule | Rules 401, 402, the document shown to the witness relates to a filter and complication mode not at issues in this case, probative value is outweighed by prejudicial effect. Rules 601, 602, lack of foundation. The witness is shown a document he has never seen, he did not author, he does not know the author or recipient of the document and it asked to interpret what the author meant by the document. | There is no lack of foundation Dr. Trerotola testified he is a consultant to Bard and in that role takes he has trained physicians to use Bard's IVC filters and takes calls for filter complaints from physicians round the world. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician would no receive and points out that as Bard's consultant he does no consider the Bard filters to be permanent devices. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| **PL COUNTER** | Trerotola, Scott 01/20/2017 | 174:13-174:17 | Overrule | Rules 401, 402, the document shown to the witness relates to a filter and complication mode not at issues in this case, probative value is outweighed by prejudicial effect. Rules 601, 602, lack of foundation. The witness is shown a document he has never seen, he did not author, he does not know the author or recipient of the document and it asked to interpret what the author meant by the document. | There is no lack of foundation Dr. Trerotola testified he is a consultant to Bard and in that role takes he has trained physicians to use Bard's IVC filters and takes calls for filter complaints from physicians round the world. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician would no receive and points out that as Bard's consultant he does no consider the Bard filters to be permanent devices. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| **PL COUNTER** | Trerotola, Scott 01/20/2017 | 174:19-174:21 | Overrule | Rules 401, 402, the document shown to the witness relates to a filter and complication mode not at issues in this case, probative value is outweighed by prejudicial effect. Rules 601, 602, lack of foundation. The witness is shown a document he has never seen, he did not author, he does not know the author or recipient of the document and it asked to interpret what the author meant by the document. | There is no lack of foundation Dr. Trerotola testified he is a consultant to Bard and in that role takes he has trained physicians to use Bard's IVC filters and takes calls for filter complaints from physicians round the world. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician would no receive and points out that as Bard's consultant he does no consider the Bard filters to be permanent devices. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| **PL COUNTER** | Trerotola, Scott 01/20/2017 | 175:02-175:13 | Overrule | Rules 401, 402, the document shown to the witness relates to a filter and complication mode not at issues in this case, probative value is outweighed by prejudicial effect. Rules 601, 602, lack of foundation. The witness is shown a document he has never seen, he did not author, he does not know the author or recipient of the document and it asked to interpret what the author meant by the document. | There is no lack of foundation Dr. Trerotola testified he is a consultant to Bard and in that role takes he has trained physicians to use Bard's IVC filters and takes calls for filter complaints from physicians round the world. This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias. The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product. It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician would no receive and points out that as Bard's consultant he does no consider the Bard filters to be permanent devices. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |

Trerotola 1.20.17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | Trerotola, Scott 01/20/2017 | 175:15-175:24 | Overrule | Rules 401, 402, the document shown to the witness relates to a filter and complication mode not at issues in this case, probative value is outweighed by prejudicial effect. Rules 601, 602, lack of foundation. The witness is shown a document he has never seen, he did not author, he does not know the author or is recipient of the document and it asked to interpret what the author meant by the document. | There is no lack of foundation Dr. Trerotola testified he is a consultant to Bard and in that role takes he has trained physicians to use Bard's IVC filters and takes calls for filter complaints from physicians round the world.  This is proper cross examination to determine the depth of his knowledge, challenge his credibility and expose potential bias.  The questioning also reflects whether Dr. Trerotola represents the average physician or is present only to defend Bard's product.  It demonstrates the closeness of his relationship with the defendants and the fact he was made privy to information the average physician would no receive and points out that as Bard's consultant he does no consider the Bard filters to be permanent devices. The question is directly relevant the reasonableness of Bard's conduct with regard to the its warnings and filter design. |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 177:05-177:23 | Overrule | [177:05-177:23] FRE 401, 402 701, FRCP 26(a)(2)(C) - Relevance- Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his erroneous opinions regarding FDA "approval" of the filter or Bard's intention in representing the G2 to be a permanent filter testing by Bard are not relevant and he is not qualified to give opinions in this case. Rule 802 - Dr. Trerotola's testimony as to what the FDA did is hearsay. Testimony regarding the 510(k), FDA regulations, and SIR are not relevant and Plaintiff incorporates his arguments from the MILs on these subjects. | The Plaintiff's object was over-ruled in the MDL. The testimony was allowed. (177:05 - 177:23) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff s counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |
| DEF AFFIRM | Trerotola, Scott 01/20/2017 | 178:20-179 03 | Overrule | [178:20-178:24] Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions regarding "frightened" are not relevant and he is not qualified to give opinions in this case. (179:01-179 03)Dr. Trerotola is not designated as a retained expert in this case and he is not a treating physician. Therefore he is a lay witness and his opinions regarding "frightened" are not relevant and he is not qualified to give opinions in this case. | The Plaintiff's object was over-ruled in the MDL. The testimony was allowed. (178:20 - 178:24) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff s counsel, necessarily provides information based on his expertise with IVC filters but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. (179:01 - 179:03) The testimony is relevant to his experience as a medical doctor in the use of IVC filters, and goes to his credibility as a witness. His testimony, elicited principally through questions by plaintiff s counsel, necessarily provides information based on his expertise but he is not a lay witness improperly offering expert opinions. The testimony is based on his own personal knowledge. |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 203:24-204:04 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 204:06-204:14 | | | |
| PL COUNTER | Trerotola, Scott 01/20/2017 | 204:16-204:17 | | | |

Trerotola 1.20.17

261

262

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | | | | This entire deposition relates to the Bard Recovery filter and actions taken in response to adverse events - cephalad migration and deaths - regarding that filter. Under Rule 401, 402 and 403 - it has no relevance to the issues in this case and serves no purpose except to prejudice the jury. Mr. Uelman was not at Bard when the filter at issue was developed or implanted. There is no testimony designated relating to the G2 or later generation filters. | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 10:15-10:17 | | | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 10:21 | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 19:16-19:18 | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 26:04-26:08 | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 37:23-38:01 | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 38:02-38:10 | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 38:14-40:04 | | | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 39:05-39:12 | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 58:07-58:13 | Sustain | FRE 701 (opinion by lay witness based on scientific, technical or other specialized knowledge); FRE 403 the response is confusing and likely to mislead the jury. | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 58:18-58:21 | Sustain | FRE 701 (opinion by lay witness based on scientific, technical or other specialized knowledge); FRE 403 the response is confusing and likely to mislead the jury. | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 59:15-59:22 | Sustain | Lack of foundation. Calls for a legal conclusion | The witness was Vice President of Quality Assurance for Bard who in the course of his career had responsibility for an number of medical devices including the Simon Nitinol Filter and Recovery filter (23:03 - 25:20 & 50:22 - 51:08). As VP of Quality Assurance he had responsibility for design development being in compliance. (27:19 - 28:15). The question is clearly within his scope of responsibility and knowledge and does not seek a legal) conclusion. |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 59:15-59:22 subject to objection | | | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 60:01 | | | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 69:01-69:12* | | | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 70:02-70:08 | Sustain | Lack of foundation. Calls for a legal conclusion | Plaintiffs adopt and incorporate by reference the response to the objections stated at Row 5. |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 70:16-70:18 | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 70:19-71:04 subject to objection | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 71:06-71:18 subject to objection | Sustain | non-responsive | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 328:13-328:17 Subject to objection | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 328:20-329:04 Subject to objection | | | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 330:24-331:02 Subject to objection | Sustain | lack of foundation | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 331 05 | Sustain | lack of foundation | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 331 05 Subject to objection | Sustain | lack of foundation | |
| DEF COUNTER | Uelmen, Douglas 10/04/2013 | 331:08-331:18 Subject to objection | | | |

Uelmen 10.4.13

Uelmen 10.4.13

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 326:02-326:17 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The Recovery is the predicate design upon which the Eclipse G2 and G2X platform of filters were based. The Recovery filter is the direct predicate for the G2 and the testimony is clear that the G2X filter is identical to the G2 except it has a retrieval hook on the cap. The eclipse is the same with electropolishing. (2013.11.05 Carr 23:13 -23:17). The testimony relates to Bard's internal policies and procedures. As VP of Quality Assurance compliance with such policies is within the witness' knowledge. Evidence as to whether Bard complied with its own policies when designing, testing and selling the Recovery filter a predicate device for the G2/GFX filters, is relevant to the claims of product/warning defect and is more probative than prejudicial. The Eclipse, GS, G2x and Recovery are essentially the same flawed design. |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 326:19-326:19 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The Recovery is the predicate design upon which the Eclipse G2 and G2X platform of filters were based. The Recovery filter is the direct predicate for the G2 and the testimony is clear that the G2X filter is identical to the G2 except it has a retrieval hook on the cap. The eclipse is the same with electropolishing. (2013.11.05 Carr 23:13 -23:17). The testimony relates to Bard's internal policies and procedures. As VP of Quality Assurance compliance with such policies is within the witness' knowledge. Evidence as to whether Bard complied with its own policies when designing, testing and selling the Recovery filter a predicate device for the G2/GFX filters, is relevant to the claims of product/warning defect and is more probative than prejudicial. The Eclipse, GS, G2x and Recovery are essentially the same flawed design. |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 326:23-326:24 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The Recovery is the predicate design upon which the Eclipse G2 and G2X platform of filters were based. The Recovery filter is the direct predicate for the G2 and the testimony is clear that the G2X filter is identical to the G2 except it has a retrieval hook on the cap. The eclipse is the same with electropolishing. (2013.11.05 Carr 23:13 -23:17). The testimony relates to Bard's internal policies and procedures. As VP of Quality Assurance compliance with such policies is within the witness' knowledge. Evidence as to whether Bard complied with its own policies when designing, testing and selling the Recovery filter a predicate device for the G2/GFX filters, is relevant to the claims of product/warning defect and is more probative than prejudicial. The Eclipse, GS, G2x and Recovery are essentially the same flawed design. |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 327:02-327:03 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The Recovery is the predicate design upon which the Eclipse G2 and G2X platform of filters were based. The Recovery filter is the direct predicate for the G2 and the testimony is clear that the G2X filter is identical to the G2 except it has a retrieval hook on the cap. The eclipse is the same with electropolishing. (2013.11.05 Carr 23:13 -23:17). The testimony relates to Bard's internal policies and procedures. As VP of Quality Assurance compliance with such policies is within the witness' knowledge. Evidence as to whether Bard complied with its own policies when designing, testing and selling the Recovery filter a predicate device for the G2/GFX filters, is relevant to the claims of product/warning defect and is more probative than prejudicial. The Eclipse, GS, G2x and Recovery are essentially the same flawed design. |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 327:18-327:24 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The Recovery is the predicate design upon which the G2 and G2X platform of filters were based. The Recovery filter is the direct predicate for the G2 and the testimony is clear that the G2X filter is identical to the G2 except it has a retrieval hook on the cap. (2013.11.05 Carr 23:13 - 23:17). The testimony relates to Bard's internal policies and procedures. As VP of Quality Assurance compliance with such policies is within the witness' knowledge. Evidence as to whether Bard complied with its own policies when designing, testing and selling the Recovery filter a predicate device for the G2/GFX filters, is relevant to the claims of product defect and is more probative than prejudicial. The Eclipse, GS, G2x and Recovery are essentially the same flawed design |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 328:02-328:09 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | The Recovery is the predicate design upon which the Eclipse G2 and G2X platform of filters were based. The Recovery filter is the direct predicate for the G2 and the testimony is clear that the G2X filter is identical to the G2 except it has a retrieval hook on the cap. The eclipse is the same with electropolishing. (2013.11.05 Carr 23:13 -23:17). The testimony relates to Bard's internal policies and procedures. As VP of Quality Assurance compliance with such policies is within the witness' knowledge. Evidence as to whether Bard complied with its own policies when designing, testing and selling the Recovery filter a predicate device for the G2/GFX filters, is relevant to the claims of product/warning defect and is more probative than prejudicial. The Eclipse, GS, G2x and Recovery are essentially the same flawed design. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 332:01-332:06 | | | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 332:09-332:13 | | | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 332:16-332:21 | Overrule | Rules 401, 402, and 403 – testimony concerns what physician would have wanted to know / would expect a manufacturer to tell him/her. | The Recovery is the predicate design upon which the G2 and G2X platform of filters were based. The Recovery filter is the direct predicate for the G2 and the testimony is clear that the G2X filter is identical to the G2 except it has a retrieval hook on the cap. (2013.11.05 Carr 23:13 -23:17). The testimony relates to Bard's internal policies and procedures. As VP of Quality Assurance compliance with such policies is within the witness' knowledge. Evidence as to whether Bard complied with its own policies when designing, testing and selling the Recovery filter a predicate device for the G2/GFX filters, is relevant to the claims of product/warning defect and is more probative than prejudical. The Eclipse, G5, G2x and Recovery are essentially the same flawed design |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 332:24 | | | |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 333:01-333:04 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudical evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudical effect, particularly with Plaintiff s punitive damages claim dismissed. | The Recovery is the predicate design upon which the Eclipse G2 and G2X platform of filters were based. The Recovery filter is the direct predicate for the G2 and the testimony is clear that the G2X filter is identical to the G2 except it has a retrieval hook on the cap. The eclipse is the same with electrophoresing. (2013.11.05 Carr 23:13 -23:17). The testimony relates to Bard's internal policies and procedures. As VP of Quality Assurance compliance with such policies is within the witness' knowledge. Evidence as to whether Bard complied with its own policies when designing, testing and selling the Recovery filter a predicate device for the G2/GFX filters, is relevant to the claims of product/warning defect and is more probative than prejudical. The Eclipse, G5, G2x and Recovery are essentially the same flawed design. |
| PL AFFIRM | Uelmen, Douglas 10/04/2013 | 333:06-333:10 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudical evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudical effect, particularly with Plaintiff s punitive damages claim dismissed. | The Recovery is the predicate design upon which the G2 and G2X platform of filters were based. The Recovery filter is the direct predicate for the G2 and the testimony is clear that the G2X filter is identical to the G2 except it has a retrieval hook on the cap. (2013.11.05 Carr 23:13 -23:17). The testimony relates to Bard's internal policies and procedures. As VP of Quality Assurance compliance with such policies is within the witness' knowledge. Evidence as to whether Bard complied with its own policies when designing, testing and selling the Recovery filter a predicate device for the G2/GFX filters, is relevant to the claims of product/warning defect and is more probative than prejudical. The Eclipse, G5, G2x and Recovery are essentially the same flawed design |

Uelmen 10.4.13

264

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | | | Overrule | Bard object to this entire deposition under Rules 401, 402 and 403. The testimony relates solely to the Bard Recovery filter and regulatory submissions relating to that filter. Ms. Vierling was not at Bard when the Eclipse filter was submitted to the FDA for clearance. | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 08:19-08:20 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 8:19-8:20 will be withdrawn if played by Plaintiff | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 09:24-10:11 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 9:24-10:07 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 10:17-10:23 [10:18-10:23 will be withdrawn if played by Plaintiff] | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 10:18-11:02 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 14:21-16:01 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 16:10-16:12 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 21:09-21:16 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 24:15-24:20 begin at "so when" | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 26:06-26:07 | Overrule | Rules 106, 403. Misleading about Vierling's level of involvement. Should include lines 26:6 through 26:17 | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 26:13-26:17 begin at "I remember" | Overrule | Rules 106, 403. Misleading about Vierling's level of involvement. Should include lines 26:6 through 26:17 | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 26:15-26:17 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This witness left Bard before the G2 filter was on the market | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse) and failed to report it. |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 27:15-27:20 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 28:04-28:09 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 28:23-29:02 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 29:03-29:09 (ending with the 510(k)) | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 30:10-30:17 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 31:23-32:03 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 33:03-33:07 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 33:11-33:21 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 33:13-33:15 | Sustain as to including 33:13-33:21 | Rules 106, 403. Misleading as to FDA's customary practice re: testing. Should include 33:13-33:21 | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 36:17-36:19 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 36:23-36:24 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 37:02-37:05 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. This case does not involve the Recovery filter. | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse) and failed to report it. Testimony shows critical gatekeeping role assumed by Bard in 510(k) process and its duty to plac the Bard retrievable IVC filter, including the Eclipse, obtained FDA |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Verling, Carol 05/11/2016 | 37:09 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse) and failed to report it. Testimony shows critical gatekeeping role assumed by Bard in 510(k) process and its duty to gEactfilethatisdisdosed... |
| DEF COUNTER | Verling, Carol 05/11/2016 | 38:05-38:24 | | | |
| PL AFFIRM | Verling, Carol 05/11/2016 | 39:15-39:23 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter. | using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse) and failed to report it. Testimony shows critical gatekeeping role assumed by Bard in 510(k) process and its duty to |
| PL AFFIRM | Verling, Carol 05/11/2016 | 42:16-42:21 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter or cephalad migration. | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse) and failed to report it. Testimony shows critical gatekeeping role assumed by Bard in 510(k) process and its duty to |
| PL AFFIRM | Verling, Carol 05/11/2016 | 44:19-45:10 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. This case does not involve the Recovery filter or cephalad migration. | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse) and failed to report it. Testimony shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to disclose all material data. |
| PL AFFIRM | Verling, Carol 05/11/2016 | 49:13-49:16 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse) and failed to report it. Testimony shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to disclose all material data. |
| PL AFFIRM | Verling, Carol 05/11/2016 | 49:19-50:02 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | |
| PL AFFIRM | Verling, Carol 05/11/2016 | 51:06-51:20 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard s conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse) and failed to report it. Testimony shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to disclose all material data. |
| DEF COUNTER | Verling, Carol 05/11/2016 | 51:21-51:22 | | | |
| DEF COUNTER | Verling, Carol 05/11/2016 | 52:01-52:05 | | | |
| DEF COUNTER | Verling, Carol 05/11/2016 | 77:08-77:21 | Overrule | Rules 106, 403. Misleading. Should also include lines 77:22-77:23. | |
| DEF COUNTER | Verling, Carol 05/11/2016 | 77:24-78:01 | | | |

Vierling 5.11.16 PL

266

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Vierling, Carol 05/11/2016 | 78:02-78:13 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study did not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 78:23-79:03 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 79:07-79:08 | Overrule | Rules 106, 403. Misleading. Should also include lines 78:2-13. | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 84:02-84:04 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 84:17-84:21 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 87:19-88:01 | Sustain | This designation violates the Court's ruling on the MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study did not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 88:02-88:08 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 88:09-88:12 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain root causes of complications prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 88:20-88:23 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain root causes of complications prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 89:04-89:07 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain root causes of complications prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 98:05-98:18 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain whether complications were outliers or trends prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 98:21-99:07 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain whether complications were outliers or trends prior to submission. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Vierling, Carol 05/11/2016 | 99:12-99:14 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain whether complications were outliers or trends prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 99:19-99:20 | Sustain | Defendants' objection was sustained by Judge Campbell in the MDL. This testimony was not permitted in the bellwether trials. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 100:02-100:09 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain whether complications were outliers or trends prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 100:12-100:18 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain whether complications were outliers or trends prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 101:01-101:04 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 101:08-101:09 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain whether complications were outliers or trends prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 102:01-102:06 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain whether complications were outliers or trends prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 105:07-105:13 | Sustain | Defendants' objection was sustained by Judge Campbell in the MDL. This testimony was not permitted in the bellwether trials. The Court stated, 'The question is not evidence. (105:07-105:10) Rules 401, 402. The attorney statement is not evidence.' | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 106:04-106:07 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain whether complications were outliers or trends prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 108:03-108:07 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard failed to fully account for and disclose information on comparative complication rates in its FDA 510(k) submission (which likely would have affected FDA clearance). The comparative complication rates pertain to complications shared by subsequent generations of Bard IVC filters, including the Eclipse. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 108:14-108:20 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |

269

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Vierling, Carol 05/11/2016 | 109:17-110:07 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard failed to fully account for and disclose information on comparative complication rates in its FDA 510(k) submission (which likely would have affected FDA clearance). The comparative complication rates pertain to complications shared by subsequent generations of Bard IVC filters, including the Eclipse. |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 110:08-110:21 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 112:02-112:04 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard failed to fully investigate in its sole clinical study certain comparative complication rates. The lack of investigation can be linked to those complications experienced by subsequent generations of Bard IVC filters, including the Eclipse. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 112:08-112:14 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard failed to fully investigate in its sole clinical study comparative complication rates. The lack of investigation can be linked to those complications experienced by subsequent generations of Bard IVC filters, including the Eclipse. |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 124:15-124:16 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 125:01-125:13 | Sustain as to including 125:14-125:24 | Rule 106, 403. Misleading. Should also include 125:14-24. | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 126:01-126:03 | Sustain | Rule 106, 403. Incomplete and Confuses the Jury. Should also include 126:4-5. | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 126:06-126:09 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 128:21-128:24 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 130:04-130:14 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 139:09-139:14 | Sustain | Rule 701. Testimony is improper opinion testimony by a lay witness. Lay witness testifying with opinions on corporate ethics. | This is "helpful to understanding" Vierling's testimony about the level of analysis and testing required and expected by her in her role as Bard's Director of Regulatory Affairs. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 139:17 | Sustain | Rule 701. Testimony is improper opinion testimony by a lay witness. Lay witness testifying with opinions on corporate ethics. | This is "helpful to understanding" Vierling's testimony about the level of analysis and testing required and expected by her in her role as Bard's Director of Regulatory Affairs. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 141:04-141:13 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse), and failed to report it. Testimony shows critical gatekeeping role assumed by Bard in 510(k) process and its duty to |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 141:16-142:06 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Each Bard retrievable IVC filter, including the Eclipse, obtained FDA clearance using a prior-generation filter as its predicate; the first predicate device was the Recovery. Dr. Asch was hired by Bard to lead a clinical study on the Recovery, which Vierling relied on when overseeing the Recovery's submission to the FDA. Testimony is relevant and probative because it shows that Bard knew or should have known of adverse data associated with the Recovery (which relate to complications shared by the Eclipse), and failed to report it. Testimony shows critical gatekeeping role assumed by Bard in 510(k) process and its duty to |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 142:10-142:13 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain root causes of complications prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 142:16 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 143:20-144:12 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies, and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data |

Vierling 5.11.16 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Vierling, Carol 05/11/2016 | 144:19-145:07 | Sustain as to 145:5-145:10 | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 145:10 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 147:14-147:18 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 154:17-154:18 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 155:09-155:22 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 156:01-156:06 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data in the rush to obtain 510(k) clearance. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 158:02-158:03 | | | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data in the rush to obtain 510(k) clearance. |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 158:11-158:16 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 159:03-160:09 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data in the rush to obtain 510(k) clearance. |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 159:15-159:24 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 160:01-160:05 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 160 09 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 160:12-160:24 | Sustain | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 160:13-160:20 | | | |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 162:12-162:20 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony is relevant and probative because it shows that Bard knew or should have known that Dr. Asch's study should not have been used as basis for FDA 510(k) submission since it did not sufficiently screen for all potential complications (including complications associated with Mr. Peterson's Eclipse), but rather looked only at filter retrieval. Testimony also shows critical gatekeeping role assumed by Bard in 510(k) process and its duty (and failure) to ascertain root causes of complications prior to submission. |
| PL AFFIRM | Vierling, Carol 05/11/2016 | 162:23-162:24 | Overrule | Rules 401, 402, 403 – Testimony relates to irrelevant and prejudicial evidence regarding Bard's conduct related to the Recovery Filter. Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff s punitive damages claim dismissed. | Testimony establishes Bard's regulatory director's understanding of proper conduct in face of filter design failures and deficiencies and shows Bard's conduct or lack thereof was not a one-off but consistent pattern of ignoring unfavorable data |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 163:23-164:06 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 164:12-164:17 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 165:07-165:16 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 168:04-168:10 | Overrule | Rule 106, 403. Misleading. Should go from 167:17-168:10 | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 173:04-173:12 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 173:17-174:07 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 174:12-175:16 | | | |

Vierling 5.11.16 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF COUNTER | Vierling, Carol 05/11/2016 | 175:22-177:01 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 177:20-178:01 | Overrule | Rule 106. Incomplete. Should include lines 177:2-7. | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 179:01-179:03 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 179 09 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 181:07-181:11 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 181:14-181:20 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 182:09-182:10 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 182:19-182:24 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 183:02-183:18 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 183:20 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 184:03-184:08 through "510k submission" | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 184:20-184:23 through "FDA regulation" | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 185:01-185:08 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 186:04-186:16 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 187:15-187:24 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 193:22-194:05 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 197:09-197:16 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 198:11-198:12 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 198:15-198:21 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 199:12-200:05 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 200:12-200:14 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 200:18-200:22 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 207:05-207:07 through "document" | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 207:21-208:06 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 208:12-208:14 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 208:21-209:04 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 209:05-209:06 begin at "let" end at "3" | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 209:12-209:21 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 210:12-210:21 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 211:15-212:07 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 212:13-212:15 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 212:18-213:15 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 213:20-214:12 | | | |
| DEF COUNTER | Vierling, Carol 05/11/2016 | 214:22-214:24 | | | |

Vierling 5.11.16 PL

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Defendants designate Ms. Vierling's testimony for use in the event the Court allows the introduction of evidence related to Kay Fuller and allegations regarding the submission of the Recovery Filter 510(k) to FDA. Defendants specifically object to the introduction of such evidence as irrelevant and overly prejudicial pursuant to Rules 401, 402, and 403. | | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 8:19-8:20 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 9:24-10:07 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 10:17-10:23 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 16:10-16:12 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 21:09-21:16 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 24:15-24:20 begin at "so when" | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 26:06-26:07 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 26:13-26:14 begin at "I remember" | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 27:15-27:20 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 28:04-28:09 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 28:23-29:02 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 29:03-29:09 (ending with "the 510(k)") | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 30:10-30:17 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 31:23-32:03 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 33:03-33:07 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 33:11-33:21 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 36:17-36:19 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 36:23-36:24 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 37:02-37:05 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 37:09 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 38:05-38:24 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 45:03-45:10 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 49:13-49:16 | Override | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 49:19-50:02 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 51:06-51:20 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 77:08-77:18 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 77:24-78:01 | Sustain | (77:08-77:16) FRE 602 & lack of foundation; (see 77:17-23); hearsay; FRE 801 & 802 | (77:08 – 77:16) The witness is asked if Dr. Asch, with whom she testified she had contact, had told her certain information. The witness is testifying from personal knowledge in answering in the negative. |
| PL COUNTER | Vierling, Carol 05/11/2016 | 78:02-78:13 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 87:19-88:01 | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | Viering, Carol 05/11/2016 | 88:09-88:12 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 88:20-88:23 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 89:04-89:07 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 98:05-98:18 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 98:21-99:07 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 99:12-99:14 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 99:19-99:20 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 100:02-100:09 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 100:12-100:18 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 101:01-101:04 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 101:08-101:12 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 102:01-102:06 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 105:07-105:13 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 106:04-106:07 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 108:03-108:07 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 108:14-108:20 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 109:17-110:07 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 112:02-112:04 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 112:08-112:14 | | | |
| DEF AFFIRM | Viering, Carol 05/11/2016 | 125:01-125:13 | | | |
| DEF AFFIRM | Viering, Carol 05/11/2016 | 126:01-126:03 | Overrule | (125:01-125:13) FRE 401, 402 and 403: not relevant | (126:01 - 126:09) Witness has substantial experience and knowledge about FDA regulations and processes and was responsible for drafting the 501k documents for the Bard Recovery filter. This testimony demonstrates her personal knowledge of work done by co-worker Kay Fuller. |
| DEF AFFIRM | Viering, Carol 05/11/2016 | 126:06-126:09 | Overrule | (126:01-126:09) FRE 401, 402 and 403: not relevant | (126:01 - 126:09) Witness has substantial experience and knowledge about FDA regulations and processes and was responsible for drafting the 501k documents for the Bard Recovery filter. This testimony demonstrates her personal knowledge of work done by co-worker Kay Fuller. |
| DEF AFFIRM | Viering, Carol 05/11/2016 | 128:21-128:24 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 139:01-139:02 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 139:06-139:07 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 139:09-139:12 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 140:20-141:08 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 141:09-141:13 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 141:16-142:06 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 142:10-142:13 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 142:16 | | | |
| PL COUNTER | Viering, Carol 05/11/2016 | 143:20-144:12 | | | |

Vierling 5.11.16 DEF

273

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL COUNTER | Vierling, Carol 05/11/2016 | 144:19-145:07 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 145:10 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 147:14-147:18 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 155:19-155:22 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 156:01-156:06 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 158:11-158:16 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 159:06-159:14 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 159:15-159:24 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 160:01-160:05 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 160:09 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 160:13-160:20 | Overrule | (160:19-160:20) Object to the answer other than "that's right" on these grounds: FRE 701; lack of foundation and FRE 602 | (160:19 - 160:20) Witness has substantial experience and knowledge about FDA regulations and processes and was responsible for drafting the 501k documents for the Bard Recovery filter. The witness was the author of, and has personal knowledge of, the email she is discussing |
| PL COUNTER | Vierling, Carol 05/11/2016 | 162:12-162:20 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 162:23-162:24 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 164:18-164:20 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 166:01-167:01 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 167:06-167:10 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 167:17-168:03 | | | |
| PL COUNTER | Vierling, Carol 05/11/2016 | 169:13-169:21 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 179:09 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 181:07-181:11 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 181:14-181:20 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 182:09-182:10 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 182:19-182:24 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 183:02-183:18 | Overrule | (183:15-183:18) FRE 801 & 802: hearsay; FRE 602; lack of foundation | (183:15 - 183:20) The witness has personal knowledge relating to the study performed by Dr. Asch, with whom she testified she had contact. See 25:2 – 12, 26: 15– 17, 27:15 – 20. Her testimony is based on her personal knowledge |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 183:20 | Overrule | (183:20) FRE 801 & 802: hearsay; FRE 602; lack of foundation | (183:15 - 183:20) The witness has personal knowledge relating to the study performed by Dr. Asch, with whom she testified she had contact. See 25:2 – 12, 26: 15– 17, 27:15 – 20. Her testimony is based on her personal knowledge |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 184:03-184:08 through "510k submission" | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 184:20-184:23 through "FDA regulation" | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 185:01-185:08 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 186:04-186:16 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 187:15-187:24 | Overrule | (187:15-187:24) FRE 701; FRE 602; lack of foundation; object 187:24 based on FRE 403: confusing and misleading; misstates standard used by FDA | (187:15 - 187:23) Witness has substantial experience and knowledge about FDA regulations and processes and was responsible for drafting the 501k documents for the Bard Recovery filter. This testimony demonstrates her personal knowledge and it is relevant to her credibility as a witness. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 193:22-194:05 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 198:11-198:12 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 198:15-198:21 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 199:12-200:05 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 200:12-200:14 | | | |
| DEF AFFIRM | Vierling, Carol 05/11/2016 | 200:18-200:22 | | | |

Vierling 5.11.16 DEF

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 8:15-8:20 Starting with "Could you" | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 9:19-10:24 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 12:07-12:13 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 12:19-12:23 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 14:06-14:10 | | | |
| DEF COUNTER | Wiest, MD, John 04/5/2017 | 14:11-14:13 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 14:14-14:16 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. This doctor did not implant plaintiff's filter. What filters his hospital uses is not relevant and any relevance is outweighed by prejudice and risk of confusion. | The testimony is relevant as to Dr. Wiest's knowledge of the filters produced by Bard. It is not unfairly prejudicial as Bard has designed two physicians to testify as to there experience with the Bard filter who are not treating physicians and made similar inquiries of Dr. Goodman. The testimony is reasonable to counter the impression made by Bard that all physicians had a favorable opinion of Bard's IVC filters. |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 14:18-14:19 | Overrule | Rules 401, 402 & 403. Irrelevant and Unfairly prejudicial. What filters his hospital uses is not relevant and any relevance is outweighed by prejudice and risk of confusion. | The testimony is relevant as to Dr. Wiest's knowledge of the filters produced by Bard. It is not unfairly prejudicial as Bard has designed two physicians to testify as to there experience with the Bard filter who are not treating physicians and made similar inquiries of Dr. Goodman. The testimony is reasonable to counter the impression made by Bard that all physicians had a favorable opinion of Bard's IVC filters. |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 20:20-20:22 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 21:07-21:18 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 21:20-22:18 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 23:02-23:04 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 23:07-23:21 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 23:23-23:23 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 24:02-24:07 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 25:02-25:07 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 25:09-25:17 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 26:02-26:15 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 27:02-27:02 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 27:04-27:04 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 27:08-27:11 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 27:13-28:06 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 28:09-28:09 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 29:08-29:33 Starting with "Under the" | | | |
| DEF COUNTER | Wiest, MD, John 04/5/2017 | 29:24-30:04 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 30:05-30:06 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 30:08-30:16 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 31:23-32:01 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 32:04-32:05 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 32:07-32:08 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 32:17-32:20 | | | |

Wiest 4.5.17

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 32:22-32:22 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 32:24-33:05 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 33:07-33:08 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 33:10-33:15 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 33:17-33:18 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 33:20-34:01 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 34:03-34:07 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 34:11-34:17 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 35:21-35:23 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 36:03-36:13 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 36:15-36:17 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 36:24-37:20 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 37:24-38:01 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 38:03-38:03 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 38:05-38:07 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 38:09-38:15 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 38:18-38:18 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 38:20-39:05 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 39:07-39:08 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 39:11-40:02 | Overrule | (39:20 - 40:02) Opinion testimony that goes beyond the scope of the treating physician's care of the plaintiff is subject to the requirements of Rule 26(a)(2)(B). This witness confirms at 64:6 - 64:14 that he did not learn of plaintiff's hernia or hernia surgery through the scope of his care of plaintiff. | The testimony is clearly within the knowledge of the witness as a treating physician, he has the training, qualifications and experience to discuss the subject and it is relevant. The testimony is declared in Plaintiff's description of the witness' testimony. [Dkt. No. 118)]. |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 40:04-40:04 | Overrule | Opinion testimony that goes beyond the scope of the treating physician's care of the plaintiff is subject to the requirements of Rule 26(a)(2)(B). This witness confirms at 64:6 - 64:14 that he did not learn of plaintiff's hernia or hernia surgery through the scope of his care of plaintiff. | The testimony is clearly within the knowledge of the witness as a treating physician, he has the training, qualifications and experience to discuss the subject and it is relevant. The testimony is declared in Plaintiff's description of the witness' testimony. [Dkt. No. 118]. |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 41:18-42:03 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 48:22-49:08 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 49:24-50:04 | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 54:08-54:14 | Overrule | Opinion testimony that goes beyond the scope of the treating physician's care of the plaintiff is subject to the requirements of Rule 26(a)(2)(B). This witness was not involved in the treatment decisions surrounding placement of plaintiff's filter. | Dr. Wiest is the vascular surgeon who removed the filter from Mr. Peterson and who was well acquainted with his medical history and reasons why the filter was placed. Defendants have retained an expert to testify that the filter was not necessary. Dr. Wiest's testimony is within the witness' knowledge, training and experience and based upon information gathered while he was treating the Plaintiff. It is relevant and admissible. The testimony is declared in Plaintiff's description of the witness' testimony. [Dkt. No. 118]. |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 60:04-60:06 | | | |
| | Wiest, MD, John 04/5/2017 | 60:09-61:15 Starting through "you wrote" | | | |
| PL AFFIRM | Wiest, MD, John 04/5/2017 | 63:01-63:09 | | | |

278

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF AFFIRM | West, John 04/05/2017 | 42:12-42:16 | | | |
| DEF AFFIRM | West, John 04/05/2017 | 42:20-43:04 | | | |
| DEF AFFIRM | West, John 04/05/2017 | 43:07-43:16 | Overrule | *FRCP 33(a)(6) - Optional completeness- if the Defendants offer 43:10-43:16, then 44:01-44:5 should be played next to place the testimony in it proper context. | Defendants do not agree to the inclusion of 44:01 - 44:05, however, to the extent Plaintiff suggests that a portion of the deposition be played out of order, Defendant disagree. |
| PL COUNTER | West, John 04/05/2017 | If the Defendants offer 43:10-43:16, and the court denies Plaintiffs request under FRCP 33(a)(6) then Plaintiff will offer: 43:17-44:05 | | | |
| DEF AFFIRM | West, John 04/05/2017 | 47:17-49:19 | Sustain | FRE 403: Plaintiff has designated 48:22-49:8. To the extent the Defendants' intend to replay that testimony the probative value of such a duplicate presentation of testimony, if any, is substantially outweighed by undue delay, wasting of time and/or needlessly presenting cumulative evidence. | Defendants do not believe that the replaying of testimony is efficient or prudent. Defendants believe that all testimony designated should be played sequentially as it is set forth in the deposition. Under this procedure, no testimony would be played more than once. |
| DEF AFFIRM | West, John 04/05/2017 | 49:21-51:13 | | | |
| DEF AFFIRM | West, John 04/05/2017 | 51:15-51:20 | Sustain | FRE 403: To the extent the Defendants' intend to play 52:11-51:19 as part of their offer of testimony from this witness that testimony, 51:15-51:20 duplicates the same testimony and the probative value , if any, is substantially outweighed by undue delay, wasting of time and/or needlessly presenting cumulative evidence | Defendants do not intend to play duplicative or cumulative testimony. |
| DEF AFFIRM | West, John 04/05/2017 | 52:04-53:17 | Sustain | FRE 403: To the extent the Defendants' intend to play 51:15-51:30 as part of their offer of testimony from this witness that testimony, 52:15-52:19 duplicates the same testimony and the probative value , if any, is substantially outweighed by undue delay, wasting of time and/or needlessly presenting cumulative evidence | Defendants do not intend to play duplicative or cumulative testimony. |
| DEF AFFIRM | West, John 04/05/2017 | 53:19-54:14 | Sustain | FRE 403: Plaintiff has designated 54:8-54:14. To the extent the Defendants' intend to replay that testimony the probative value of such a duplicate presentation of testimony, if any, is substantially outweighed by undue delay, wasting of time and/or needlessly presenting cumulative evidence. | Defendants do not believe that the replaying of testimony is efficient or prudent. Defendants believe that all testimony designated should be played sequentially as it is set forth in the deposition. Under this procedure, no testimony would be played more than once. |
| DEF AFFIRM | West, John 04/05/2017 | 59:23-62:12 | Sustain | FRE 403: Plaintiff has designated 60:4-60:6, 60:9-61:5. To the extent the Defendants' intend to replay that testimony the probative value of such a duplicate presentation of testimony, if any, is substantially outweighed by undue delay, wasting of time and/or needlessly presenting cumulative evidence. | Defendants do not believe that the replaying of testimony is efficient or prudent. Defendants believe that all testimony designated should be played sequentially as it is set forth in the deposition. Under this procedure, no testimony would be played more than once. |
| DEF AFFIRM | West, John 04/05/2017 | 64:16-65:21 | Overrule | FRE 602, 611 (c): 65:17-65:21, 65:23-65:24 & 66:01-66:06- the questions are leading and seeks to introduce facts not in evidence as there is no evidence Mr. Peterson was lifting in excess of 15 to 20 lbs. between his initial surgery and the first incisional hernia surgery. FRE 403: the probative value of the questions is out weight is unfair prejudice, confusing of issue and potential to mislead the jury. | The questions are not leading, there was no leading objection or objection to the form of the question lodged at the time, and, most importantly, the Plaintiff took the testimony of the witness on direct, Defendants had him on cross, and Defendants were allowed to lead. Additionally, Defendants believe the evidence to be presented at trial will render this relevant. |
| DEF AFFIRM | West, John 04/05/2017 | 65:23-66:06 | | | |

Wiest 4.5.17 DEF

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| DEF BLANKET OBJECTION | Wong, Natalie 10/18/2016 | | | The testimony in this deposition relates entirely, or in significant part, to the design of the Recovery filter and actions taken regarding that filter. Bard objects to the testimony under Rules 401, 402 and 403 and for the reasons set forth in its MIL #2. The testimony is largely focused on alleged "bad acts" relating to the Recovery filter. | The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10619) |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 08:10-08:12 beginning with "Will you..." | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 10:03-10:06 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 13:06-13:08 | | | |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 13:09-13:24 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 17:10-17:12 | | | |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 18:01-18:03 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 29:13-29:16 beginning with "what's the goal..." | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 30:10-30:19 beginning with "Is..." | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 31:04-31:11 | | | |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 31:12-31:15 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 31:16-31:22 beginning with "when would you..." | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 32:13-32:19 beginning with "why does Bard..." | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 32:23-33:04 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 33:07-33:20 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 40:07-40:13 | | | |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 40:14-40:16 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 43:14-44:01 beginning with "why is it..." | | | |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 44:01-44:13 For Completeness | Sustain as to 44 02-44 04 | 44:02-44:04 - Defendants are attempting to designate a partial question that was clearly struck by the offering attorney and a self-depricating sidebar that has no relation to this case. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 44:05-44:25 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 47:06-47:23 beginning with "when Bard's..." | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 50:01-50:23 beginning with "that data..." | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 52:10-52:18 beginning with "the adverse event..." | | | |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| **PL AFFIRM** | Wong, Natalie 10/18/2016 | 58:11-58:14 | | | |
| **DEF COUNTER** | Wong, Natalie 10/18/2016 | 58:15-59:01 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demostrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| **PL AFFIRM** | Wong, Natalie 10/18/2016 | 59:10-59:25 | | | |
| **PL AFFIRM** | Wong, Natalie 10/18/2016 | 62:25-63:04 | Sustain | The exhibit violates the Court's ruling on Bard's MIL on Recovery migration deaths. See, 64:18. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| **PL AFFIRM** | Wong, Natalie 10/18/2016 | 63:19-63:24 | Sustain | The exhibit violates the Court's ruling on Bard's MIL on Recovery migration deaths. See, 64:18. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| **PL AFFIRM** | Wong, Natalie 10/18/2016 | 67:24-68:01 beginning with "There's an email..." | Sustain | The exhibit violates the Court's ruling on Bard's MIL on Recovery migration deaths. See, 64:18. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| **PL AFFIRM** | Wong, Natalie 10/18/2016 | 68:11-68:14 | Sustain | The exhibit violates the Court's ruling on Bard's MIL on Recovery migration deaths. See, 64:18. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| **PL AFFIRM** | Wong, Natalie 10/18/2016 | 68:25-69:01 | Sustain | The exhibit violates the Court's ruling on Bard's MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| **PL AFFIRM** | Wong, Natalie 10/18/2016 | 69:22-70:06 Start at "And your" | Sustain | The exhibit violates the Court's ruling on Bard's MIL on Recovery migration deaths. See, 64:18. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| **PL AFFIRM** | Wong, Natalie 10/18/2016 | 71:08-72:01 beginning with "you say..." Redact "of death" at 71:14 | Sustain | The exhibit violates the Court's ruling on Bard's MIL on Recovery migration deaths. See, 64:18. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Relates to migration deaths. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Migration is at issue in this trial. With the redaction, the references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only cases of death. (MDL Doc. 10819). |

Wong 10.18.16

Wong 10.18.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Wong, Natalie 10/18/2016 | 76:25-77:02 beginning with "Would you..." Redact "of death" at 77:01 | Sustain | This designation violates the Court's ruling on Bard's MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. With the redaction, the references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819)... |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 77:05 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 77:07-77:08 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the deployment of products at Bard. An essential function of her job is to know what the customers (physicians) want or need. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 77:11-77:12 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the deployment of products at Bard. An essential function of her job is to know what the customers (physicians) want or need. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 84:23-84:25 | Sustain | The exhibit violates the Court's ruling on Bard's MIL on Recovery migration deaths. See, 85:1. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). Judge Campbell admitted the HHE from 12/17/2004 with redactions in the... |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 85:02-85:15 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 86:02-86:13 beginning with "It states..." | Sustain | This testimony violates the Court's ruling on Bard's MIL on Recovery migration deaths. See, 86:3. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). Judge Campbell admitted the HHE from 12/17/2004 with redactions in the... |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 86:15-86:17 | Sustain | This testimony violates the Court's ruling on Bard's MIL on recovery migration deaths. See, 86:20. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). Judge Campbell admitted the HHE from 12/17/2004 with redactions in the... |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 86:19-86:23 | Sustain | This testimony violates the Court's ruling on Bard's MIL on recovery migration deaths. See, 86:20. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). Judge Campbell admitted the HHE from 12/17/2004 with redactions in the... |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 87:10-87:15 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 87:22-87:23 beginning with "do you think..." | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 87:25 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |

Wong 10.18.16

282

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 99:21-99:22 | Sustain | The exhibit being discussed violates the Court's ruling on Bard's MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The references do not include cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). Judge Campbell admitted the HHE from 12/17/2004 with redactions in the Jones and Hyde cases. This particular question and answer is math question. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 100:05-100:06 | Sustain | Rules 601/602 & 612. Lacks foundation, witness does not have personal knowledge of subject matter, calls for speculation by the witness. Judge Campbell sustained. Witness lacks knowledge. Doc 10403 p. 2A 23 | Ms. Wong testified that she has been involved with putting together remedial action plan and doing the analysis. This is information was or should have been availbe to Ms. Wong and Ms. Wong should have known this information if she did not |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 100:10-100:24 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 102:10-103:03 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 103:09-103:19 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. Also, this violates the MDL Court's ruling on a motion for protective order finding that the hiring of the consultant and his report are protected work product. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. That is not what Judge Campbell's ruling said. Judge Campbell's ruling excluded very specific information and did not exclude the reference to Bard hiring consultants by name or otherwise. The order also did not exclude the information contained in the report because it can be found elsewhere such as the Dec 2004 HHE. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 104:19-105:24 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 109:24-110:09 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 110:14-110:20 beginning with "It says..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 112:13-112:22 | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 114:10-114:13 beginning with "is it consistent...." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 116:02-116:11 beginning with "this is being..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 118:20-118:23 | Sustain | This designation violates the Court's ruling on Recovery migration deaths. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. This is not a reference to cephalad migration death from the Recovery filter. This is a references to a particular severity level used by Bard to rate potential injuries as part of the DFMEA process. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 120:04-120:10 beginning with "was it ever..." | Overrule | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delopement of products at Bard. An essential function of her job is to know what the customers (physicians) want or need |
| PL.AFFIRM | Wong, Natalie 10/18/2016 | 121:12-121:13 | Sustain | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delopement of products at Bard. An essential function of her job is to know what the customers (physicians) want or need |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Wong, Natalie 10/18/2016 | 121:15-121:16 | Sustain | Rules 401, 402, 403: Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delopement of products at Bard. An essential function of her job is know what the customers (physicians) want or need. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 121:18-121:24 | Sustain | Rules 401, 402, 403: Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delopement of products at Bard. An essential function of her job is know what the customers (physicians) want or need. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 122:09-122:22 | Overrule | Rules 401, 402, 403: Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 123:01-123:12 | Overrule | Rules 401, 402, 403: Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 125:17-125:24 | Overrule | Rules 401, 402, 403: Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 126:03-126:24 | Overrule | Rules 401, 402, 403: Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the delopement of products at Bard. An essential function of her job is know what the customers (physicians) want or need. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 130:09-130:12 | Overrule | Rules 401, 402, 403: Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 130:17-130:18 | Overrule | Rules 401, 402, 403: Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 131:19-131:22 beginning with "Based on this..." | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue. Judge Campbell sustained this objection in the MDL. Dkt. 12590, page 4 | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Bard has materially misrepresented the MDL Court's Order. The ruling on Ms. Wong's testimony is on page 6 of the Order and the MDL Court did not rule on testimony from page 131. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 132:14-132:18 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 132:20 | Sustain | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 141:17-142:09 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 142:17-143:12 | | | |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 143:17-143:22 For Completeness | Overrule | FRE 106 only requires completeness that "in fairness ought to be considered at the same time" Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 145:19-146:04 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 146:08-146:20 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 146:22-146:23 | | | |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 147:05-147:09 For completeness subject to objection | Sustain | Non-responsive answer. The answer was unrelated to the question asked. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 148:06-148:10 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 148:12 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 150:11-150:24 | | | |

Wong 10.18.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Wong, Natalie 10/18/2016 | 151:19-152:17 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 152:19-153:02 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 153:10-153:17 begin with "And" | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 154:08-154:18 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 154:25-155:14 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 155:20-155:25 | Override | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. There is no claim of migration in this case. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. There is a claim of migration in this case. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 157:06-157:15 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 157:22-159:04 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 170:06-170:23 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 171:07-171:22 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 172:06-172:21 | | | |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 173:01-173:07 For Completeness | Sustain | Non-responsive answer. The answer was unrelated to the question asked. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 175:15-175:25 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 176:20-177:14 begin with "10.1" | Sustain | 177:10-14 the question is not evidence and the answer is ambiguous. This objection was sustained by Judge Campbell. MDL Dkt. 10403, page 9, #33. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Counsel is allowed to offer context for questions. Ms. Wong would have been allowed to read the question on the record. The document will be in evidence. |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 177:15-177:16 For Completeness | Override | Non-responsive answer. The answer was unrelated to the question asked. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| DEF COUNTER | Wong, Natalie 10/18/2016 | 177:18-177:19 For Completeness | Override | Non-responsive answer. The answer was unrelated to the question asked. FRE 106 only requires completeness that "in fairness ought to be considered at the same time". Defendants have not demonstrated why this testimony, in the name of fairness, must be considered at the same time as Plaintiff's designation. | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 178:10-178:20 | Sustain | The lawyer is simply reading the document to the witness. The question is not evidence. This objection was sustained by Judge Campbell. MDL Dkt. 10403, page 9, #34. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Counsel is allowed to offer context for questions. Ms. Wong would have been allowed to read the question on the record. The document will be in evidence. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 182:18-183:14 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 187:20-188:04 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 213:13-214:10 | | | |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 265:09-265:21 | Override | Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. The question at 265:9-14 is answered at 265:15. The question at 265:16-20 is answered at 265:21. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 273:20 | Override | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 273:24-274:01 beginning with "It's a memorandum..." | Override | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; Irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. |

Wong 10.18.16

Wong 10.18.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Wong, Natalie 10/18/2016 | 274-20-274.23 | Overrule | This relates solely to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. This testimony relates to the investigations of fractures in the Recovery and caudal migrations of the G2 filters. (274:10-274:19). Mr. Peterson's filter migrated, perforated, embedded and fractured. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 276:23-277:01 | Overrule | Testimony relates solely to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 277:04-277:16 | Overrule | This relates solely to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 278:18-278.23 beginning with "And then..." | Overrule | This relates solely to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the development of products at Bard. An essential function of her job is know what the customers (physicians) want or need. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 278.25 | Overrule | This relates solely to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the development of products at Bard. An essential function of her job is know what the customers (physicians) want or need. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 279:03-279:22 | Sustain as to 279:15-279:24 | This relates solely to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 279:24 | Sustain | This relates solely to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Ms. Wong's job is the development of products at Bard. An essential function of her job is know what the customers (physicians) want or need. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 283.12 | Overrule | This exhibit relates solely to the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Wong, Natalie 10/18/2016 | 283:19-283:22 | Overrule | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 284:06-284:12 | Overrule | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 284:18-285:08 | Overrule | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 285:13-286:03 | Overrule | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 286:12-286:23 | Overrule | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 287:20-288:01 | Overrule | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 288:09-288:12 | Overrule | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403. Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect, particularly with Plaintiff's punitive damages claim dismissed. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 288:15-288:24 beginning with "are you the." | Overrule | This relates soley to actions taken for the Recovery filter. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure modes at issue; irrelevant and any probative value outweighed by prejudicial effect. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |

286

Wong 10.18.16

| DESIGNEE | DEPONENT | DESIGNATIONS | RULING | OBJECTION | RESPONSES TO OBJECTIONS |
|---|---|---|---|---|---|
| PL AFFIRM | Wong, Natalie 10/18/2016 | 289:21-289:23 | Overrule | Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; irrelevant and any probative value outweighed by prejudicial effect. Rule 611, cumulative testimony, cumulative. Doc 10403, p.4 A.55-56. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Defendants have not identified to what testimony this designation is cumulative. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 290:20-290:23 | Sustain | This designation violates the Court's ruling on Bard's MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rule 611, cumulative testimony. Judge Campbell sustained cumulative. Doc 10403, p.4 A.55-56. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Defendants have not identified to what testimony this designation is cumulative. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 290:25-291:04 beginning with "As of..." | Sustain | This designation violates the Court's ruling on Bard's MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rule 611, cumulative testimony. Judge Campbell sustained cumulative. Doc 10403, p.4 A.55-56. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Defendants have not identified to what testimony this designation is cumulative. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 291.06 | Sustain | This designation violates the Court's ruling on Bard's MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rule 611, cumulative testimony. Judge Campbell sustained cumulative. Doc 10403, p.4 A.55-56. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Defendants have not identified to what testimony this designation is cumulative. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 291:08-291:10 | Sustain | This designation violates the Court's ruling on Bard's MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rule 611, cumulative testimony. Judge Campbell sustained cumulative. Doc 10403, p.4 A.55-56. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Defendants have not identified to what testimony this designation is cumulative. This is not a reference to cephalad migration death from the Recovery filter. Is not a reference to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |
| PL AFFIRM | Wong, Natalie 10/18/2016 | 291.12 | Sustain | This designation violates the Court's ruling on Bard's MIL on Recovery migration deaths. Rules 401, 402, 403 – Testimony does not involve filter at issue and/or failure mode at issue; Irrelevant and any probative value outweighed by prejudicial effect. Rule 611, cumulative testimony. Judge Campbell sustained cumulative. Doc 10403, p.4 A.55-56. | All Bard filters are relevant to show the design defect of the Eclipse and Bard's failure to warn the medical community of the dangers of their filters. Defendants have not identified to what testimony this designation is cumulative. This is not a reference to cephalad migration death from the Recovery filter. Judge Campbell recognized the relevance probative value of such testimony regarding the design process from the Recovery filter to the Eclipse and did not exclude all references to cephalad migration only the cases of death. (MDL Doc. 10819). The testimony is relevant to the issue as to whether Bard acted reasonably given the complications is was seeing with its retrievable filters. |

Wong 10.18.16