IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JUSTIN PETERSON,** | |
| Plaintiff, | No. 3:19-cv-01701-MO |
| v. | |
| **C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.** | OPINION AND ORDER |
| Defendant. | |

**MOSMAN, J.,**

On June 3, 2021, Plaintiff Justin Peterson filed a Bill of Costs [ECF 207] pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54-1. Mr. Peterson seeks $91,322.76 in costs. Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. object [ECF 211]. For the following reasons, I GRANT in part and DENY in part Mr. Peterson's bill and approve a total of $13,801.25 in costs to be paid by C.R. Bard, Inc. and Bard Peripheral Vascular, Inc..

**DISCUSSION**

Mr. Peterson submitted a bill of costs pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54-1. Mr. Peterson seeks a total of $91,322.76 for the following: $400 for fees of the clerk, $12,343.34 for printed or electronically recorded transcripts necessarily obtained for use in the case, $35,766.62 for fees and disbursements for printing, $6,528.57 for witness fees, and

1 – OPINION AND ORDER

$36,284.23 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Pl.'s Bill of Costs [ECF 207] at 1. C.R. Bard and Bard Peripheral Vascular (jointly "C.R. Bard") object in whole or in part to each of Mr. Peterson's costs with the exception of the fees for the clerk. Def.'s Obj. [ECF 211]. Below, I address each of Mr. Peterson's requests and C.R. Bard's objections in turn.

### I. Fees of the Clerk

Mr. Peterson is entitled to $400 for Fees of the Clerk. C.R. Bard raises no objection.

### II. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained

Mr. Peterson seeks $12,343.34 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Pl.'s Bill of Costs [ECF 207] at 1. Citing *Mendoza v. Lithia Motors, Inc.*, No. 6:16-CV-01264-AA, 2021 WL 354108, at *3 (D. Or. Feb. 2, 2021), C.R. Bard objects to the $445 of costs associated with the video testimony of Justin and Lisa Peterson. Def.'s Obj. [ECF 211] at 2. In *Mendoza*, the Court did not allow a party to pass on the cost of a videotaped deposition that was not a perpetuation deposition. 2021 WL 354108, at *3. Mr. Peterson cannot recover the $445 in costs because neither deposition was a perpetuation deposition. Therefore, I approve $11,898.34 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

### III. Fees for Disbursement and Printing

Mr. Peterson seeks $35,766.62 in fees for disbursements for printing. Pl.'s Bill of Costs [ECF 207] Ex. C at 2–3. Exhibit C contains only two invoices. Mr. Peterson's Memorandum in Support of Bill of Costs does not provide any further explanation for why these fees were necessary beyond stating they were necessary. Pl.'s Mem. in Supp. [ECF 208] at 3. C.R. Bard objects to Mr. Peterson's request because he only provided a lump sum cost bill without

explaining why the costs were necessary therefore making it impossible to tell which copying costs were necessary (and taxable) or unnecessary (and not taxable). Def.'s Obj. [ECF 211] at 3. I agree with C.R. Bard.

Generally, copying and printing costs are taxable where they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). If a party submits a lump sum cost bill and the court cannot determine what costs were necessary and what costs were merely for the party's convenience, the request can be denied. *Simons v. Costco Wholesale Corp.*, No. 3:18-cv-00755-SB, 2021 WL 1244309, at *5 (D. Or. Feb. 22, 2021). Here, Mr. Peterson provides only a lump sum cost bill and fails to describe what portion of the requested fee is necessary. Therefore, Mr. Peterson is not entitled to any fees for disbursement and printing.

## IV.     Fees for Witnesses

Mr. Peterson seeks $6,528.57 in fees for witnesses. Pl.'s Bill of Costs [ECF 207] at 1. C.R. Bard objects to portions of the fees sought for witnesses. Def.'s Obj. [ECF 211] at 4–7. Ultimately, Mr. Peterson is entitled to $1,502.91 in fees for witnesses. I break down the fee discussion by witness below.

The fees disputed in this section are those that are in excess of the U.S. General Services Administration maximum daily per diems. As of May 2021, the maximum per diem in the relevant area was $152 for a hotel and $66 for meals and expenses, with the first and last day of travel capped at $49.50. FY 2021 Per Diem Rates for Zip 97204, U.S. General Services Administration, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=OR&fiscal_year=2021&zip=97204&city= (last visited Sept. 16, 2021).

A witness is entitled to an attendance fee of $40 per day for each day of attendance. 28 U.S.C. § 1821(b). If a witness travels by common carrier, "a witness shall utilize a common carrier at the most economical rate reasonably available." *Id*. at (c)(1).

    a. *Dr. Darren Hurst*

Mr. Peterson seeks $2,177.16 in taxable costs for Dr. Hurst. Pl.'s Bill of Costs [ECF 207] Ex. E at 2. This is comprised of an $80 witness fee, *id*., as well as an invoice from a hotel for $632.50, [ECF 207] Ex. D at 3, and an invoice for Dr. Hurst's travel expenses for $1,464.66, *id.* at 11.

C.R. Bard contends that only $549 is taxable comprised of the following: $80 witness fee ($40 per day for two days), $304 for a hotel (two nights at $152), and $165 for meals and incidental expenses (first and last day of travel at $49.50 and one day of meals and expenses at $66). Erfle Decl. in Supp. of Def.'s Obj. [ECF 212] Ex. A at 2.

I agree with C.R. Bard. Mr. Peterson fails to provide any evidence that Dr. Hurst used a common carrier at the most economical rate reasonably available. The cost of airfare should be excluded. The costs for witness fees, hotels, meals, and incidental expenses should be capped at the GSA maximum. Therefore, I award Mr. Peterson $549 in fees for Dr. Hurst.

    b. *Dr. Robert McMeeking*

Mr. Peterson seeks $2,237.99 in taxable costs related to Dr. McMeeking. Pl.'s Bill of Costs [ECF 207] Ex. E at 2. This is comprised of an $80 witness fee, *id*., as well as an invoice from a hotel for $739.28, Pl.'s Bill of Costs [ECF 207] Ex. D at 2, and an invoice for Dr. McMeeking's travel for $1,418.17, *id.* at 12.

C.R. Bard contends that only $624.03 is taxable comprised of the following: $80 witness fee ($40 per day for two days), $304 for a hotel (two nights at $152), $165 for meals and

incidental expenses (first and last day of travel at $49.50 and one day of meals and expenses at $66), and $75.03 for Uber rides to and from the airport. Erfle Decl. in Supp. of Def.'s Obj. [ECF 212] Ex. A at 2.

I agree with C.R. Bard. Mr. Peterson fails to provide any evidence that Dr. McMeeking utilized a common carrier at the most economical rate reasonably available. The cost of airfare should be excluded. Additionally, Mr. Peterson has counted costs for Dr. McMeeking twice. *Compare* Pl.'s Bill of Costs [ECF 207] Ex. D at 2 *with id.* at 12. The costs for witness fees, hotels, meals, and incidental expenses should be capped at the GSA maximum. Therefore, I award Mr. Peterson $624.03 for Dr. McMeeking's expenses.

   c. *Dr. John Weist*

Mr. Peterson seeks $240.92 in taxable costs related to Dr. Wiest. Pl.'s Bill of Costs [ECF 207] Ex. E at 2. This is comprised of a $40 witness fee and $200.92 in travel expenses. *Id*. The travel expenses are for a round-trip to and from Bend, Oregon. Pl.'s Bill of Costs [ECF 207] Ex. D at 6.

C.R. Bard contends that only $40 for one day of witness testimony and $6.72 in mileage fees is allowable because Dr. Wiest treated Mr. Peterson in Portland. Erfle Decl. In Supp. of Def.'s Obj. [ECF 212] Ex. A at 2.

I disagree with C.R. Bard and award Mr. Peterson $240.92 for Dr. Wiest's travel and witness fees. Because Dr. Weist appears to have traveled for trial from Bend, where he has an office, the travel expenses are allowed.

   d.  Dr. Daniel Tseng

Mr. Peterson seeks $1,352.50 in taxable costs related to Dr. Tseng. Pl.'s Bill of Costs [ECF 207] Ex. E at 2. This is comprised of a $40 witness fee and $1,312.50 in travel fees. *Id*. The travel expenses are for "travel & wait times." Pl.'s Bill of Costs [ECF 207] Ex. D at 10.

C.R. Bard argues that, because Dr. Tseng is located in Portland and traveled from Portland, he should only be allowed $2.24 in calculated mileage fees and the $40 witness fee. Erfle Decl. in Supp. of Def.'s Obj. [ECF 212] Ex. A at 2.

I agree with C.R. Bard and award Mr. Peterson $42.24 for Dr. Tseng's costs.

   e.  Dr. Douglas York

Mr. Peterson seeks $520 in taxable costs related to Dr. York. [ECF 207] Ex. E at 2. This is comprised of one daily witness fee for $40 and $480 in travel expense. *Id*. Defendant argues that because Dr. York is located in Portland, and travelled from Portland, that he should only be allowed $6.72 in calculated mileage fees and the $40 witness fee. Erfle Decl. in Supp. of Def.'s Obj. [ECF 212] Ex. A at 2.

I agree with C.R. Bard. Mr. Peterson is only allowed the $40 witness fee and $6.72 in calculated mileage fees for Dr. York. Mr. Peterson provides no explanation for the larger billed travel amount. I award Mr. Peterson $46.72 for Dr. York's costs.

**V.    Fess for Exemplification and the Cost of Making Copies**

Mr. Peterson seeks $36,284.23 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Pl.'s Bill of Costs [ECF 207] at 1. C.R. Bard objects to portions of the total amount. Def.'s Obj. [ECF 211] at 7–9; Erfle Decl. in Supp. of Def.'s Obj. [ECF 212] Ex. A at 3.

Mr. Peterson is not entitled to any fees for exemplification and the cost of making copies because he (1) failed to attach an itemization and documentation for requested costs in all categories as required on the Bill of Costs form and (2) failed to attach an itemization and document for requested costs in his Reply. Bill of Costs [ECF 207] at 1; Pl.'s Reply in Supp. of Bill of Costs [ECF 241].

The Bill of Costs submitted by Mr. Peterson did not have any itemization or documentation for the fees requested and contained a discrepancy in the amount sought for fees for exemplification and making copies—on one page he requested $36,284.23, Pl.'s Bill of Costs [ECF 207] at 1, and on another he appeared to request $7,413.75, Pl.'s Bill of Costs [ECF 207] Ex. E at 2. The Court ordered Mr. Peterson to clarify the amount sought. Order of the Court [ECF 240]. Although in Reply Mr. Peterson clarified that he sought $36,284.23, he again failed to attach an itemization or documentation. Pl.'s Reply in Supp. of Bill of Costs [ECF 241].

Additionally, in its objections, C.R. Bard cites to exhibits that do not exist in the record and do not correspond with the exhibits to Mr. Peterson's Bill of Costs for the requested fees. Def.'s Obj. [ECF 211] at 7–9; Erfle Decl. in Supp. of Def.'s Obj. [ECF 212] Ex. A at 3. Because there is no way for the Court to analyze this request, Mr. Peterson is entitled to no fees for exemplification and the costs of making copies.

## CONCLUSION

For the reasons discussed above, I GRANT in part and DENY in part Mr. Peterson's Bill of Costs [ECF 207] and approve $13,801.25 in costs to be paid by C.R. Bard and Bard Peripheral Vascular, Inc..

7 – OPINION AND ORDER

IT IS SO ORDERED.

DATED this __17__ day of September, 2021.

                                                 *Michael W. Mosman*
                                                 MICHAEL W. MOSMAN
                                                 United States District Judge